IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CONG TAN,
Plaintiff

v.

XIANGHUO
Defendants.

CA: 1:25-cv-05003

Honorable John J. Tharp, Jr.

Magistrate Judge M. David Weisman

## PLAINTIFF'S SUPPORT FOR ASSET RESTRAINT
## IN TEMPORARY RESTRAINING ORDER (DKT. NO. 5)

Plainitff, through counsel Robert M. DeWitty, hereby argues for the restraint of Defendant's assets, requested under the Motion for Temporary Restraining Order ("Motion") (Dkt. No. 5).

A plaintiff may be granted restraint of a defendant's assets when, in addition to or instead of monetary damages, they are requesting equitable relief. *Csc Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *see also, Mercis B.V. v. The Individuals,* 25 C 378 (N.D. Ill. May 19, 2025). In this case, in his complaint, Plaintiff has requested an injunction of Defendant's infringing activities (Dkt. No. 1, pp. 7-8), which is a form of equitable relief. *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 397 (7th Cir. 1984). In addition, further as argued in the Motion, Plaintiff is requesting defendant profits from the infringing sales, which is further evidence of equitable relief (Dkt. No. 6, pp. 19). Plaintiff asserts that, on information and belief, Defendant has sold millions of dollars worth of infringing product, and does not maintain funds in his account sufficient to cover a judgment. Restraining assets will allow the obtaining of defendant's profits possible.

For these reasons at least, asset restraint of defendant's accounts is appropriate and in order.

DATED: July 7, 2025          Counsel for Defendant

         <u>    */RDWy/*              </u>
Robert M. DEWITTY
D&A|RM DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Fl., RM213
Washington, D.C. 20005
1018 W. Madison Street, #5
Chicago, IL 60609
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com