QIANWU YANG
yang@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant*
XIANGHUO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN, <br><br> Plaintiff, <br><br> v. <br><br> XIANGHUO <br><br> Defendant. | Case No. 1:25-cv-05003 <br><br> Judge: Hon. John J. Tharp Jr. <br> Magistrate Judge: David Weisman |

**MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO MOTION TO EXTEND**

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................... 1

II. LEGAL STANDARD ............................................................................................. 1

III. ARGUMENT .......................................................................................................... 2

    A. Plaintiff Is Unlikely to Succeed on the Merits Because There Are Substantial Questions as to the Validity of the Asserted Patent ........................................................... 2

        (1) Legal Standard for Validity Challenges at the TRO Stage ........................... 3

        (2) The Patent-in-Suit is Highly Likely Invalid in Light of Prior Art ............... 3

    B. Plaintiff Is Unlikely to Show Irreparable Harm ............................................ 5

      (1) Plaintiff's Delay Undermines Any Claim of Irreparable Harm ........................... 5

      (2) Legal Remedy is Adequate for Plaintiff's Harm, If Any ..................................... 6

      (3) Xianghuo Is Not Judgment-Proof ........................................................................ 7

    C. The Balance of Hardships Weighs in Favor of Dissolving the TRO ........................... 8

    D. The Public Interest Is Not Served by Stifling Competition ......................................... 9

    E. Plaintiff's Failure to Serve Pursuant to Court Order Further Prejudices Xianghuo ...... 9

    F. Plaintiff Has Not Shown Good Cause to Extend the TRO ......................................... 10

IV. CONCLUSION ................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*,
 2001 WL 527404 (N.D. Ill. May 15, 2001)..................................................................1

*Long v. Bd. of Educ., Dist. 128*,
 167 F. Supp. 2d 988 (N.D. Ill. 2001)..........................................................................1

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*,
 546 U.S. 418 (2006).....................................................................................................1

*Smith v. Foster*,
 2016 WL 2593957 (E.D. Wis. May 5, 2016)..............................................................2

*Cox v. City of Chicago*,
 868 F.2d 217 (7th Cir. 1989)........................................................................................2

*Merritte v. Kessell*,
 2015 WL 1775777 (S.D. Ill. Apr. 16, 2015)................................................................2

*Air Serv Corp. v. Serv. Emps. Int'l Union, Local 1*,
 2016 WL 7034136 (N.D. Ill. Dec. 2, 2016).................................................................2

*Judge v. Quinn*,
612 F.3d 537 (7th Cir. 2010).........................................................................................2

*Winter v. Natural Res. Def. Council, Inc.*,
 555 U.S. 7 (2008)..........................................................................................................2

*Titan Tire Corp. v. Case New Holland, Inc.*,
 566 F.3d 1372 (Fed. Cir. 2009)................................................................................2,3

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
 239 F.3d 1343 (Fed. Cir. 2001)....................................................................................3

*Genentech, Inc. v. Novo Nordisk A/S*,
 108 F.3d 1361 (Fed. Cir. 1997)....................................................................................3

*Snap-On Tools Co. v. C/Net, Inc.*,
 1997 WL 33483145 (N.D. Ill. Oct. 3, 1997)...............................................................5

*Ixmation, Inc. v. Switch Bulb Co., Inc.*,
    2014 WL 5420273 (N.D. Ill. Oct. 23, 2014)..................................................................5

*Dahl v. Swift Distrib., Inc.*,
    2010 WL 1458957 (C.D. Cal. April 1, 2010)..................................................................5

*Johnson Pub. Co. v. Willitts Designs Int'l, Inc.*,
    1998 WL 341618 (N.D. Ill. June 22, 1998)....................................................................5

*Graham v. Medical Mutual of Ohio*,
    130 F.3d 293 (7th Cir. 1997).......................................................................................... 6

*E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*,
    414 F.3d 700 (7th Cir. 2005)......................................................................................... 6

*Mich. v. U.S. Army Corps of Eng'rs*,
    2010 WL 5018559 (N.D. Ill. Dec. 2, 2010)................................................................... 6

*Praefke Auto Elec. & Battery Co. Inc. v. Tecumseh Prods. Co., Inc.*,
    255 F.3d 460 (7th Cir. 2001)......................................................................................... 7

*Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*,
    165 F.3d 1154 (7th Cir. 1999)....................................................................................... 7

*Atari Games Corp. v. Nintendo of America, Inc.*,
    897 F.2d 1572 (Fed. Cir. 1990).......................................................................................7

*Litton Sys., Inc. v. Sundstrand Corp.*,
    750 F.2d 952 (Fed. Cir. 1984)........................................................................................8

*Ill. Tool Works, Inc. v. Grip-Pak, Inc.*,
    906 F.2d 679 (Fed. Cir. 1990).........................................................................................8

Defendant Xianghuo, through its undersigned counsel, hereby file this Motion to Dissolve the Temporary Restraining Order ("the TRO") and Opposition to Motion to Extend.

## I. INTRODUCTION

The Court entered a Temporary Restraining Order against Xianghuo on July 23, 2025. Plaintiff now seeks to extend the TRO (Dkt. 17).

The TRO was improperly issued and should be dissolved because (1) Plaintiff has not demonstrated a sufficient likelihood of success on the merits of its patent infringement claims; (2) Plaintiff has failed to establish that it will suffer imminent and irreparable harm; (3) the balance of harms and public interest weigh heavily in favor of Xinghuo; (4) Plaintiff's failure to serve pursuant to Court Order further prejudices Xianghuo.

In short, the Plaintiff has not met the stringent requirements necessary for the issuance of a TRO. Plaintiff's objective is more about unfairly disrupting the Xianghuo's business operations than preventing irreparable harm, which constitutes an abuse of the ex parte temporary restraining order process. Accordingly, the TRO should be dissolved.

## II. LEGAL STANDARD

In this Circuit, the standard for obtaining a TRO is identical to that for obtaining a preliminary injunction. *See*, e.g., *Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001). A plaintiff seeking preliminary injunctive relief must establish that: "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001).

"[B]urdens at the temporary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). Thus, the movant

"bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet just one of the prerequisites for a temporary injunction, the injunction must be denied." *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir. 1989)). In order to meet its burden, Plaintiff must support their motion "with evidence" to satisfy "each of the [] elements" required to obtain injunctive relief. *Merritte v. Kessell*, 2015 WL 1775777, at *2 (S.D. Ill. Apr. 16, 2015); *see also*, e.g., *Air Serv Corp. v. Serv. Emps. Int'l Union, Local 1*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016) (noting that the moving party "must show that it will suffer irreparable harm").

If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. The more likely the movant is to win, the less heavily the balance of harm needs to weigh in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

### III. ARGUMENT

**A. Plaintiff Is Unlikely to Succeed on the Merits Because There Are Substantial Questions as to the Validity of the Asserted Patent**

To establish a likelihood of success on a patent infringement claim, the patentee "must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372,

2

1376 (Fed. Cir. 2009). If the accused infringer "raises a substantial question concerning either infringement or validity, i.e., asserts an infringement or invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001) (quoting *Genentech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1364 (Fed. Cir. 1997)).

### (1) Legal Standard for Validity Challenges at the TRO Stage

"Vulnerability is the issue at the preliminary injunction stage," not whether the patent is invalid by the clear and convincing evidence standard that will be used at trial. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1359 (Fed. Cir. 2001).

In other words, if there are "substantial questions as to the validity" of the asserted patents, then "the necessary prerequisites for entry of a preliminary injunction" have not been satisfied—even if the patentee has established a likelihood of success on infringement. *Amazon.com*, 239 F.3d at 1359.

"Instead of the alleged infringer having to persuade the trial court that the patent is invalid, at this stage it is the patentee . . . who must persuade the court that, despite the challenge presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1377 (Fed. Cir. 2009).

Here, Xianghuo raises substantial questions regarding validity.

### (2) The Patent-in-Suit is Highly Likely Invalid in Light of Prior Art

Numerous prior art references, including widely available commercial products sold on Amazon, render the Patent-in-Suit invalid as anticipated under 35 U.S.C. § 102. Critically, none of these prior art references were substantively considered during the prosecution the Patent-in-Suit.

Here, numerous prior art references—including the following—individually anticipate

3

the Patent-in-Suit, the priority date of which is March 12, 2024, and the issuance date is December 24, 2024.



Patent-in-Suit – Figure 9

For instance, Chinese Design Patent CN307420904S, published on June 28, 2022, discloses a design and structure that anticipates the Patent-in-Suit. *See* Exhibit 1 and Exhibit 1-1, the corresponding Google-translated version.



CN303947734S - Stereoscopic image 1 and Change state diagram 1

Xianghuo's own product, the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022. *See* Exhibit 2.


3 Tier Stackable Storage Bins with Lids   (ASIN B0B67PCFLQ)

### B. Plaintiff Is Unlikely to Show Irreparable Harm

### (1) Plaintiff's Delay Undermines Any Claim of Irreparable Harm

A party's unexplained delay in seeking injunctive relief can, by itself, be sufficient grounds for denying such relief. *See Snap-On Tools Co. v. C/Net, Inc.*, 1997 WL 33483145, at *11 (N.D. Ill. Oct. 3, 1997) (denying TRO where plaintiff delayed for 2-3 months). *See also Ixmation, Inc. v. Switch Bulb Co., Inc.*, 2014 WL 5420273, at *7 (N.D. Ill. Oct. 23, 2014) (denying TRO where plaintiff delayed nearly four and a half months); *Dahl v. Swift Distrib., Inc.*, 2010 WL 1458957, at *4 (C.D. Cal. April 1, 2010) (finding that an 18-day delay in filing a TRO application "implie[d] a lack of urgency and irreparable harm"); *Johnson Pub. Co. v. Willitts Designs Int'l, Inc.*, 1998 WL 341618, at *8-9 (N.D. Ill. June 22, 1998) (denying preliminary injunction because plaintiff "unduly delayed filing its motion [for

5

four months], undermining its claim that it will be irreparably harmed if an injunction is not issued").

Xiangguo began operating and selling the Accused Products on Amazon since December 2022. *See* Decl. of Lijun Zheng. Thus, Plaintiff should have been aware of the Accused Products at the time the Patent-in-Suit was issued. However, Plaintiff waited until May 6, 2025—more than 5 months after the Patent-in-Suit was issued—to initiate this action. Its extended delay in seeking relief undermines any claim of urgency and confirms the absence of irreparable harm.

This unexplained and prolonged delay strongly suggests a lack of urgency and irreparable harm, and thus, warrants the dissolution of the TRO.

**(2) Legal remedy is Adequate for Plaintiff's Harm, If Any**

Irreparable harm is an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages. *See Graham v. Medical Mutual of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("the injury must be of a particular nature, so that compensation in money cannot atone for it").

Conclusory or speculative contentions are insufficient to demonstrate irreparable harm. *See*, e.g., *E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704-06 (7th Cir. 2005) (stating that "speculative injuries do not justify" granting injunctive relief, and that a moving party "cannot obtain a temporary injunction by speculating about hypothetical future injuries"). Rather, Plaintiff's "evidence must demonstrate that [it] ha[s] carried [its] burden 'that irreparable injury is likely'—not just possible—'in the absence of an injunction.'" *Mich. v. U.S. Army Corps of Eng'rs*, 2010 WL 5018559, at *24 (N.D. Ill. Dec. 2, 2010).

Plaintiff offers no credible evidence that the alleged harm is anything other than speculative, and in any event, such harm—if it exists—can be adequately addressed by monetary damages.

Here, Plaintiff conclusively claimed a loss of market share, but proffered no evidence of specific instances of lost sales that are attributable to Xianghuo.

But even assuming Plaintiff could prove that they were losing sales due to Xianghuo's conduct, the law is well-established that if "losses are purely financial, easily measured, and readily compensated[,] [t]here is . . . no showing of irreparable harm, and on this ground alone the temporary injunction should [be] denied." *Praefke Auto Elec. & Battery Co. Inc. v. Tecumseh Prods. Co., Inc.*, 255 F.3d 460, 463 (7th Cir. 2001) (holding that movant's alleged harm sounded in lost profits, which "ha[d] not fallen to a point that threatens [the movant's] solvency," and thus did not constitute irreparable harm). Thus, if this Court dissolves the TRO and it is later determined that Xianghuo is not permitted to sell the accused products, Plaintiff can still be made whole by recovering any economic loss. *See Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc.*, 165 F.3d 1154, 1157 (7th Cir. 1999) (no irreparable harm if "only money is at issue").

Plaintiff's unsupported irreparable harm arguments do not satisfy its burden to make a clear showing of entitlement to the extraordinary remedy of an injunction. *See Atari Games Corp. v. Nintendo of America, Inc.*, 897 F.2d 1572, 1575 (Fed. Cir. 1990) ("[A] district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff.").

### (3) Xianghuo Is Not Judgment-Proof

Plaintiff's argument for obtaining the TRO is further weakened by the fact that Xianghuo is not judgment-proof. Plaintiff beasr the burden of presenting competent evidence that

7

monetary relief would be inadequate or impossible to collect. Plaintiff has not made such a showing.

To the contrary, Xianghuo has disclosed substantial sales on Amazon, maintains regular operations, and has appeared and defended this action through counsel. It is an identifiable entity with ongoing commercial activity and traceable business records. Monetary damages, if warranted, would be recoverable.

Moreover, Chinese courts have consistently recognized and enforced U.S. judgments in recent years under the principle of reciprocity. *See* Declaration of Qianwu Yang.

The mere fact that Xianghuo is based in China is not sufficient to render it judgment-proof. Without any evidence of collection difficulties or failed enforcement attempts, Plaintiff cannot claim that monetary relief would be inadequate. Accordingly, the extraordinary remedy of TRO is unwarranted.

## C. The Balance of Hardships Weighs in Favor of Dissolving the TRO

"An injunction should not be granted if its impact on the enjoined party would be more severe than the injury the moving party would suffer if it is not granted." *Litton Sys., Inc. v. Sundstrand Corp.*, 750 F.2d 952, 959 (Fed. Cir. 1984). "[T]he hardship on a preliminarily enjoined manufacturer who must withdraw its product from the market before trial can be devastating." *Ill. Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 683 (Fed. Cir. 1990).

Here, Xianghuo's Amazon storefront has already experienced extensive delistings, including both accused and non-accused products. If the TRO is extended, the resulting disruption would likely force the store to shut down entirely. This would cause immediate and irreparable harm that no monetary remedy could later cure.

The TRO currently in place threatens to destroy the Xianghuo's business, as it has led to a significant loss of revenue, jeopardizing their ability to pay employees, suppliers, and maintain operations.

Plaintiff, by contrast, has not demonstrated that it would suffer any comparable irreparable injury. Plaintiff has not offered any evidence of conducting business or sales in the marketplace. Any loss the Plaintiff suffers, which Plaintiff also has not offerred evidence, is monetary in nature and can be addressed through damages at trial.

The comparative equities are clear: the hardship faced by Xianghuo far outweighs the speculative and compensable harms asserted by Plaintiff. Therefore, the balance of harms weighs in favor of dissolving the TRO.

### D. The Public Interest Is Not Served by Stifling Competition

The purpose of patent law is to drive competition and innovation, not to rob the public of subject matter that already existed in the public domain. An unwarranted TRO against Xianghuo would not only devastate its small business, but also deprive the public of more affordable product options.

Xianghuo offers high-quality products at low prices through a high-volume, low-margin business model. The public benefits from the ability to purchase products that offer choice and innovation, particularly from established, highly ranked sellers like Xianghuo on platforms such as Amazon. This competition enhances the market and provides consumers with better options.

Maintaining fair competition is crucial to the public interest. Given that Plaintiff does not produce or sell any products practicing the Patent-in-Suit, Plaintiff's claims lack urgency and merit. Supporting a competitive marketplace aligns with the public interest, tipping the equities clearly in favor of dissolving the TRO.

### E. Plaintiff's Failure to Serve Pursuant to Court Order Further Prejudices Xianghuo

The TRO clearly directs Plaintiff to serve Xianghuo with the sealed TRO. However, Plaintiff failed to comply—even after Xianghuo expressly requested a copy. Xianghuo did not receive the TRO until July 31, 2025, at 1:59 p.m. CST, after the Court specifically ordered Plaintiff to serve it. *See* Exhibit 3.

As a result, more than three days elapsed between Xianghuo's initial request and Plaintiff's eventual compliance. Plaintiff's willful disregard of the Court's Order is not only unethical but has also unfairly prejudiced Xianghuo by depriving it of a meaningful opportunity to file this Motion in a timely manner.

**F. Plaintiff Has Not Shown Good Cause to Extend the TRO**

For the foregoing reasons, Plaintiff has failed to demonstrate good cause for extending the TRO. As the party initiating this action, Plaintiff had ample time to prepare its case and, accordingly, should have filed a motion for preliminary injunction rather than seeking an extension of the TRO. Therefore, Plaintiff's Motion to Extend the TRO should be denied.

### IV. CONCLUSION

For at least the above reasons, Plaintiff's TRO should be dissolved and Plaintiff's Motion to Extend the TRO should be denied.

Respectfully submitted,

DATED: August 1, 2025

**SHM LAW FIRM**

By: */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant*
XIANGHUO

10

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2025, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: August 1, 2025

/s/*Qianwu Yang*

Qianwu Yang