## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

                     Plaintiff,

                     v.

XIANGHUO

                     Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.
Magistrate Judge: David Weisman

DEMAND FOR JURY TRIAL

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## GENERAL DENIAL

Defendant Xianghuo denies each and every allegation contained in Plaintiff Tan's Complaint, except as expressly admitted herein. In response to the allegations in the Complaint, Xianghuo answers based on its own knowledge as to its own conduct and on information and belief as to all other matters, and alleges as follows:

## ANSWER

### JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

**ANSWER**: To the extent Paragraph 1 asserts legal conclusions, no response is required. To the extent a response is required, Xianghuo does not contest that this Court has subject matter jurisdiction over claims arising under the patent laws of the United States.

2.    The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating (collectively, the "Defendant Internet Stores"). Specifically, Defendant is reaching out to do business with Illinois residents by operating Defendant's Internet Stores, wherein Illinois residents can purchase products featuring Plaintiff's patented design. Defendant has targeted the sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, sold products featuring Plaintiff's patented design to the residents of Illinois. Defendant commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois and the United States.

**ANSWER**: Xianghuo does not contest personal jurisdiction in this District and venue in this Court for purposes of this action, but denies the remaining allegations in Paragraph 2.

## INTRODUCTION

3.      The Plaintiff filed this action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1,054,752 S (**752) entitled "STORAGE BOX" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 2024. Defendant individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products while actually and knowingly marketing, selling, and/or distributing the same knock-off products. Defendant Internet Stores sell the same knock-off products, establishing a logical relationship between them and suggesting that Defendant's operation arises out of the same series of occurrences. Defendant attempts to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant's actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

**ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. D1,054,752 S ("the D'752 Patent") is titled "STORAGE BOX" and states that it was filed on March 12, 2024 and issued on December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A. Xianghuo denies the remaining allegations in Paragraph 3.

## THE BACKGROUND

4.      Plaintiff, Cong Tan, is an individual resident of Zhuzhou, CHINA. Plaintiff is the owner of U.S. Patent US D1,054,752 S (**752) entitled "STORAGE BOX" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 2024.

**ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. D1,054,752 S ("the D'752 Patent") is titled "STORAGE BOX" and states that it was filed on March 12, 2024 and issued on December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A. Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies the same.

5.      Plaintiff is the owner and control person of a highly professional factory and company that is locally well-known for manufacturing various daily-use products. Plaintiff's factory is recognized for its expertise and commitment to quality production, further enhancing the reputation of the patented product at issue in this case.

**ANSWER:** Denied.

6.      The plaintiff and his design team collaboratively created the design for the "STORAGE BOX" and continuously refined it to achieve both aesthetic appeal and functionality.

**ANSWER:** Denied.

7.      Plaintiff is the owner of U.S. Patent US D1,054,752 S (**752), entitled "STORAGE BOX" (attached as Exhibit A), filed on March 12, 2024, issued on December 24,

2024. Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation. An image of the claimed design is shown in the image below:

**ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. D1,054,752 S ("the D'752 Patent") is titled "STORAGE BOX" and states that it was filed on March 12, 2024 and issued on December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A. Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies the same.

8.



FIG. 1

**ANSWER:** Xianghuo admits that Paragraph 8 is an image in the D'752 Patent document.

9.      Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US D1,054,752 S (**752) entitled "STORAGE BOX" (attached as Exhibit A), filed March 12, 2024, issuing December 24, 2024.

**ANSWER:** Xianghuo admits that, on its face, U.S. Patent No. D1,054,752 S ("the D'752 Patent") is titled "STORAGE BOX" and states that it was filed on March 12, 2024 and issued on December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A. Xianghuo denies the remaining allegations in Paragraph 9.

10.      Plaintiff has not granted a license or any other form of permission to Defendant with respect to the patent design.

**ANSWER:** Admitted.

11.      Defendant, upon information and belief, resides in the People's Republic of China or other foreign and domestic jurisdictions. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, by operating the fully interactive, commercial online marketplaces operating under Defendant Internet Stores. Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois. Defendant and their respective knock-off products are shown in Exhibit B and Exhibit C.

**ANSWER**: Xianghuo admits that it resides in the People's Republic of China. Xianghuo admits that it conducts business in the United States exclusively through the Amazon marketplace. Xianghuo denies the remaining allegations in Paragraph 18.

12.     On information and belief, Defendant works in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes the **752 Patent in a series of occurrences. Tactics used by Defendant to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant's true identities and the exact interworking of their network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**ANSWER:** Denied.

13.     Plaintiff has not licensed or authorized Defendant to use the invention claimed in the **752 Patent, and none of the Defendant is authorized retailers of Plaintiff.

**ANSWER:** Admitted.

14.     On information and belief, Defendant regularly creates new online marketplace accounts on various platforms using the identity to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendant to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

**ANSWER:** Denied.

15.     Defendant Internet Store uses the same product images, accepted payment methods, checkout methods, metadata, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

**ANSWER:** Denied.

16.     In addition to operating under multiple fictitious names, Defendant in this case and Defendant in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

**ANSWER:** Denied.

17.     Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating despite Plaintiff's enforcement efforts, such as takedown notices.

**ANSWER:** Denied.

18.     According to the information of the online platform store owner, as shown on the Amazon website, parts of the Defendant can be identified via the Chinese official company registration system. The Defendant is a registered company, and its actual owner is located in China. The Defendant's company only has 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

**ANSWER:** Xianghuo admits that it is a registered Chinese company, and that its actual owner is located in China. Xianghuo denies the remaining allegations in Paragraph 18.

19.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patent US

D1,054,752 S (**752), and continue to do so via the Defendant Internet Stores. The Defendant's Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold knock-off products into the United States, including Illinois.

**ANSWER:** Denied.

20.     Defendant's infringement of the U.S. Patent US D1,054,752 S (**752), in the offering to sell, selling, or importing of the knock-off products was willful.

**ANSWER:** Denied.

21.     Defendant's infringement of the U.S. Patent US D1,054,752 S (**752) in connection with the offering to sell, selling, or importing of the knock-off products, including the offering for sale and sale of knock-off products into Illinois, is irreparably harming Plaintiff.

**ANSWER:** Denied.

## COUNT I

### INFRINGEMENT OF UNITED STATES
### DESIGN PATENT NO. D D1,054,752 S (35 U.S.C. § 171)

22.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Xianghuo incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

23.     Defendant offers for sale, sells, and/or imports into the United States for subsequent resale or uses knock-off products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1,054,752 S (**752).

**ANSWER**: Denied.

24.     Defendant has infringed the D1,054,752 (**752) Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER**: Denied.

25.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the D1,054,752 S (**752) Patent, Plaintiff will be significantly and irreparably harmed.

**ANSWER**: Denied.

26.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**ANSWER**: Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1) That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the Patented Design; and

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors, and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that is adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from the Defendant's unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Defendant, as a result of Defendant's use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

**ANSWER**: Xianghuo denies that Plaintiff is entitled to any of the stated or other relief. Xianghuo denies any other allegations in this paragraph.

## AFFIRMATIVE DEFENSES

In response to Plaintiff's Complaint and without waiving any prior responses, Xianghuo alleges the following affirmative defenses based on information and belief. Xianghuo also reserves the right to assert additional defenses that may arise during discovery or become known through further investigation.

### FIRST DEFENSE – NO PATENT INFRINGEMENT

1.     Xianghuo's Accused Products do not infringe, and have never infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the D'752 Patent. Xianghuo is not liable for any infringement under any theory.

### SECOND DEFENSE – NO WILLFUL PATENT INFRINGEMENT

2.     Xianghuo's Accused Products do not willfully infringe and have never willfully infringed, directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the D'752 Patent.

3.     Xianghuo is not liable for willful infringement of any valid and enforceable claim of the D'752 Patent.

## THIRD DEFENSE – PATENT INVALIDITY

4.     The claims of the D'752 Patent are invalid under 35 U.S.C. § 102 because they lack novelty and are anticipated, taught, or suggested by prior art.

5.     The claims of the D'752 Patent are invalid under 35 U.S.C. § 103 because they would have been obvious in light of the prior art at the time of their effective filing dates.

6.     The claims of the D'752 Patent are invalid for failure to meet the requirements of 35 U.S.C. § 112, including lack of written description, lack of enablement, and indefiniteness.

7.     The claims of the D'752 Patent are unenforceable due to inequitable conduct committed during prosecution before the United States Patent and Trademark Office, including the intentional omission to disclose material prior art and/or the submission of materially misrepresentation with the intent to deceive the Patent Office.

## FOURTH DEFENSE – LIMITATION ON PATENT DAMAGES

8.     Plaintiff's claim for damages, if any, against Xianghuo for the alleged infringement of the D'752 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

9.     With respect to the marking requirement under 35 U.S.C. § 287, Plaintiff failed to properly mark its allegedly patented articles with the relevant patent numbers.

## FIFTH DEFENSE – FAILURE TO STATE A CLAIM

10.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff has not met the pleading standard required by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's allegations lack sufficient factual matter to state a plausible claim for relief, as required under Federal Rule of Civil Procedure 8(a).

## SIXTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

11.     Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the D'752 Patent in a manner that covers any of Xianghuo's Accused Products. This estoppel arises from statements, amendments, and representations made by dbest to the United States Patent and Trademark Office (USPTO) during the prosecution of the applications that led to the issuance of the D'752 Patent.

## SEVENTH DEFENSE – NOT AN EXCEPTIONAL CASE

12.     If Plaintiff is entitled to any remedy, it is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis, and therefore not entitled to an award of attorneys' fees or costs.

## EIGHTH DEFENSE – LACK OF STANDING

13.     Plaintiff lacks standing to assert claims for infringement of the D'752 Patent under Article III and/or 35 U.S.C. § 281 because it does not possess the exclusionary rights necessary to maintain this action.

## RESERVATION OF ADDITIONAL DEFENSES

14.     Xianghuo reserves the right to assert any additional defenses or counterclaims that may become available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS BY DEFENDANT/COUNTERCLAIMANT

Defendant/Counterclaimant Xianghuo incorporates herein by reference the admissions, allegations, denials, and defenses contained in its Answer above as if fully set forth herein. For its Counterclaims against Plaintiff/Counterdefendant Tan, and upon information and belief, Xianghuo alleges as follows:

## NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq. Xianghuo seeks declaratory judgments that U.S. Patent No D1,054,752 S ("the D'752 Patent") ("Patent-in-Suit") are not infringed by Xianghuo's storage bin products ("Non-Infringing Products").

2.     Xianghuo brings this action in view of the actual controversy created by Counterdefendant under the D'752 Patent.

## THE PARTIES

3.     Counterclaimant Xianghuo is a Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China.

4.     Xianghuo is a leader in the storage boxes categories. Since entering into the contract with Amazon and entering the U.S. market in December 2022, Xianghuo has become a top-performing brand in Amazon's "Storage Boxes" category due to its high-quality products offered at competitive prices. Xianghuo's storage boxes have earned the "Amazon's Choice" and "No.1 Best Seller" designations and have accumulated over 5,300 verified customer reviews with average ratings exceeding four stars.

5.      Upon information and belief, Counterdefendant Cong Tan, is an individual resident of Zhuzhou, China.

## JURISDICTION AND VENUE

6.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the Patent Act, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action because Counterdefendant initiated suit for patent infringement.

7.      This Court has specific personal jurisdiction over Counterdefendant. Counterdefendant purposefully directed enforcement activities toward Illinois by initiating a patent infringement lawsuit, targeting Xianghuo's products and causing their removal from the Amazon platform. Counterdefendant's actions were not random or attenuated but were intentionally directed at excluding Xianghuo from the U.S. market, including this District. Under Federal Circuit precedent, these allegations are sufficient to establish specific personal jurisdiction.

8.      In the alternative, if Counterdefendant contends that it is not subject to personal jurisdiction in any individual state and fails to identify an alternative forum where suit could be brought, then jurisdiction is proper under Rule 4(k)(2). Counterdefendant purposefully directed its enforcement conduct at the United States as a whole, and the claims arise from that nationwide conduct. Exercising jurisdiction in this District is consistent with the Constitution and laws of the United States.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and/or 1391(c)(3). A substantial part of the events giving rise to the claims occurred in this District, including the removal of Xianghuo's product listings and the resulting lost sales and

reputational harm. Xianghuo markets and sells products in this District and suffered injury here as a direct result of Counterdefendant's conduct.

FACTUAL BACKGROUND

**A.     The Non-Infringing Products**

10.     On or about July 26, 2025, Xianghuo received notice from Amazon that its products are delisted. The delisted products are identified by ASINs, including B0CHRP96MS ("Accused Products"). See Declaration of Lijun Zheng, ¶ 6.

11.     Xianghuo started selling on Amazon since December 2, 2022. See Declaration of Lijun Zheng, ¶ 8.

12.     Upon information and belief, Counterdefendant did not obtain samples of Xianghuo's Non-Infringing Products prior to filing its Complaint alleging Xianghuo's infringement.

**B.      The Patent-In-Suit - U.S. Patent No. D1,054,752**

13.     The D'752 Patent, entitled "STORAGE BOX," was filed with the USPTO on March 12, 2024, and claims priority to the same date. The D'752 Patent was issued on December 24, 2024, and claims "[t]he ornamental design for a storage box, as shown and described."

14.     The D'752 Patent lists Cong Tan as the Applicant and Inventor.

COUNT I

**Declaratory Judgment of Non-Infringement of U.S. Patent No. D1,054,752 S**

15.     Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

**16.**     Xianghuo's Non-Infringing Products do not infringe the D'752 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into

believing that the Non-Infringing Products are the same as the design claimed in the D'752 Patent.

17.     An actual and justiciable case or controversy therefore exists between Xianghuo and Counterdefendant regarding whether the Non-Infringing Products have infringed the claims of the D'752 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the D'752 Patent. Xianghuo is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the D'752 Patent.

## COUNT II

**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D1,054,752 S**

18.     Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

19.     Numerous prior art references, including widely available commercial products sold on Amazon, render the Patent-in-Suit invalid as anticipated under 35 U.S.C. § 102. Critically, none of these prior art references were substantively considered during the prosecution the Patent-in-Suit.

20.     Here, numerous prior art references—including the following—individually anticipate the Patent-in-Suit, the priority date of which is March 12, 2024, and the issuance date is December 24, 2024.



| Patent-in-Suit – Figure 9 |
| :---: |

21.     For instance, Chinese Design Patent CN307420904S, published on June 28, 2022, discloses a design and structure that anticipates the Patent-in-Suit. *See* Exhibit 1 and Exhibit 1-1, the corresponding Google-translated version.



| CN303947734S - Stereoscopic image 1 and Change state diagram 1 |
| :---: |

22.     Xianghuo's own product, the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022. *See* Exhibit 2.



3 Tier Stackable Storage Bins with Lids    (ASIN B0B67PCFLQ)

23.     These prior art references are substantially identical to the D'752 Patent. Therefore, the D'752 Patent is invalid as anticipated by prior art.

**COUNT III**

**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PATENT NO.**

**D1,054,752 S**

24.     Xianghuo repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

25.     Counterdefendant knew that the Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids" (ASIN B0B67PCFLQ) were material prior art and made a deliberate decision to withhold it from the USPTO.

26.     Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids" (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed reference.

27.     Counterdefendant acted with specific intent to deceive the USPTO during

prosecution of the D'752 Patent, which therefore constitutes inequitable conduct. Therefore, the D'752 Patent is unenforceable.

## COUNT IV

### Tortious Interference

28.     Xianghuo repeats and realleges each of the preceding paragraphs as if they are restated here and incorporate them by reference.

29.     Xianghuo entered into "Amazon Services Business Solutions Agreement" alongwith other agreements with Amazon and conducts business through a storefront on Amazon.com, and thus, Xianghuo enjoyed an economic relationship with Amazon and Xianghuo's existing customers, with probability of future economic benefit to Xianghuo had Xianghuo's Non-Infringing Products not been removed from Amazon marketplace.

30.     Counterdefendant knowingly and intentionally interfered with Xianghuo's valid and existing business relationships and expectancy of sales of its products, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products.

31.     As a direct and proximate result of Counterdefendant's bad-faith tortious interference, Xianghuo has suffered damages, including significant losses in sales of the Non-Infringing Products and other products, resulting in lost revenue and profits directly attributable to those lost sales.

32.     Counterdefendant's actions have significantly harmed Xianghuo's business operations by substantially reducing product rankings on Amazon, which directly impacts Xianghuo's product reviews, ratings, and Amazon ranking, which results in lower product visibility in consumer searches and diminishes market presence.

33.     The reduced rankings and visibility have caused substantial losses in sales

and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover.

34.     These damages extend beyond lost revenue, causing harm to Xianghuo's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Xianghuo prays for the following relief:

A.   A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Xianghuo's Non-Infringing Products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the D'752 Patent;

B.   A judgment declaring that U.S. Patent No. D1,054,752 S is invalid;

C.   A judgment declaring that U.S. Patent No. D1,054,752 S is unenforceable;

D.   A permanent injunction enjoining Plaintiff from asserting the D1,054,752 S Patent against Xianghuo's Non-Infringing Products;

E.   An award of compensatory damages sufficient to make Xianghuo whole for the harm caused by Counterdefendant's conduct;

F.   An award of punitive damages in an amount to be determined at trial;

G.   An award of reasonable attorneys' fees, to the extent authorized by law;

H.   An award of Xianghuo's costs in this action;

I.   All such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Xianghuo demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DATED: August 5, 2025          **SHM LAW FIRM**

By:      */s/Qianwu Yang*
        QIANWU YANG
        yang@shm.law
        3000 El Camino Real
        Building 4, Suite 200
        Palo Alto, CA 94306
        Telephone: (650) 613-9737
        Telephone: +8613925212009

        *Attorney for Defendant and Counterclaimant*
        XIANGHUO

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2025, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: August 5, 2025

*/s/Qianwu Yang*

Qianwu Yang