UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>XIANGHUO<br><br>Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO EXTEND TIME TO ANSWER REQUESTS FOR ADMISSION AND TO WITHDRAW OR AMEND ANY DEEMED ADMISSIONS**

**I. INTRODUCTION**

Plaintiff's motion to extend time to answer requests for admission and to withdraw or amend any deemed admissions ("Plaintiff's Motion") is a belated attempt to escape the consequences of his own discovery failures. Plaintiff ignored the 30-day deadline to respond to Defendant's Requests for Admission, failed to secure any extension from either Defendant or the Court, and only served responses well after the deadline – nine days late, on December 10, 2025. By operation of Rule 36(a)(3), those requests were automatically deemed admitted when the deadline passed. These admissions establish dispositive facts showing that Plaintiff's design patent is invalid and unenforceable.

Plaintiff now asks the Court to excuse his delay and withdraw the admissions. But Plaintiff falls far short of the strict standards for extension under Rule 6(b) and withdrawal under Rule 36(b). Plaintiff's Motion relies on factual misstatements and mischaracterizations of the record, without providing supporting affidavits or declarations. Plaintiff fails to show good cause and excusable neglect for his delay in responding to Defendant's Requests for Admission. Plaintiff fails to demonstrate either that withdrawal would promote the presentation of the merits or that Defendant would not be prejudiced. Indeed, allowing withdrawal would reward Plaintiff's dilatory conduct while unfairly prejudicing Defendant. Prejudice to Defendant is evident because allowing withdrawal forces Defendant to expend more resources and perhaps litigate for many more months on issues that were otherwise settled. Plaintiff's design patent is invalid in light of plaintiff's default admissions to Defendant's Requests for Admission and in light of prior art. The Patent-in-Suit is substantially the same as, if not identical to, Defendant's product and Chinese design patent CN307420904S. Plaintiff is continuing to pursue a frivolous lawsuit.

For these reasons, and as explained below, Plaintiff's Motion should be denied in its entirety.

## II. FACTS

### A. Statement of Facts

On October 31, 2025, Defendant served Plaintiff with Defendant's First Set of Requests for Product, First Set of Interrogatories, and First Set of Requests for Admissions. See Decl. of Qianwu Yang ¶ 2 and Exhibits 1 and 2.

Plaintiff failed to serve any responses to Defendant's first set of discovery requests by December 1, 2025, the 30-day response deadline prescribed by Fed. R. Civ. P. 33(b)(2), 34(b)(2), and 36(a)(3). Plaintiff did not take any action to seek extension during the 30-day period. The parties never stipulated to any extension of time for Plaintiff's responses. See Decl. of Qianwu Yang ¶ 3.

On December 2, 2025, Defendant requested to meet and confer regarding Plaintiff's failure to respond to Defendant's discovery requests. The parties agreed to meet and confer on December 4, 2025 at 4 p.m. PST. See Decl. of Qianwu Yang ¶ 3 and Exhibit 1.

On December 4, 2025 at approximately 8:00 p.m. CST, counsel for the parties met and conferred regarding Plaintiff's failure to respond to Defendant's discovery requests and Plaintiff's intent to depose Defendant's corporate witnesses. Counsel for Defendant stated at the beginning of the meeting that Plaintiff's failure to timely respond rendered Defendant's First Set of Requests for Admission deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). See Decl. of Qianwu Yang ¶ 5.

On December 10, 2025, Plaintiff served Defendant with document productions and responses to Defendant's first set of discovery requests. See Decl. of Qianwu Yang ¶ 9 and Exhibit 1.

### B. Plaintiff's Misstatements of Fact

First, Plaintiff states that "At 4pm on December 4, 2025, however, Defendant's counsel did not join the meet and confer call as previously agreed. Plaintiff had to reschedule

2

the meet and confer call at 6pm on December 4, 2025." Plaintiff's Motion at 2.

The fact is, Plaintiff's counsel did not appear in the Zoom meeting room at 4 p.m. PST on December 4, 2025. Mr. Aoyu Yang waited in the Zoom meeting room from 4 p.m. PST to approximately 4:30 p.m. PST. Plaintiff's counsel joined the meeting room at approximately 4:57 p.m. PST. See Decl. of Aoyu Yang ¶ 3 and Exhibit 3. Defendant had to reschedule the meeting to 6 p.m. PST. See Decl. of Aoyu Yang ¶ 3 and Exhibit 1.

Second, Plaintiff states that "Defendant's counsel stated that no deposition would take place, because Defendant's Rule 30(b)(6) witness would not go to Hong Kong, the only location where, according to Defendant, the deposition could take place." Plaintiff's Motion at 2-3.

The fact is, Defendant's counsel explained to Plaintiff's counsel that it is well-established practice that depositions of witnesses located in mainland China should be conducted in Hong Kong and during Hong Kong business hours. See Decl. of Qianwu Yang ¶ 6.

Third, Plaintiff states that "In response to Plaintiff's inquiry about the upcoming deposition, Defendant for the first time claimed that all outstanding requests for admission had become admitted." Plaintiff's Motion at 3.

Plaintiff's statement clearly makes no sense. The fact is, Defendant's counsel stated at the beginning of the meeting that Plaintiff's failure to timely respond rendered Defendant's First Set of Requests for Admission deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3). See Decl. of Qianwu Yang ¶ 5.

Fourth, Plaintiff states that "Defendant then demanded Plaintiff to dismiss all causes of action and further threatened criminal prosecution against Plaintiff in China." and "Defendant asked Plaintiff to consider dismissing the case or face criminal prosecution in China." Plaintiff's Motion at 3.

3

The fact is, Defendant's counsel explained to Plaintiff's counsel that copying a design, fraudulently obtaining a design patent based on that copied design, and then using that fraudulently obtained patent to file a lawsuit for the purpose of securing unlawful gains constitutes a crime in China. There was no threatening of criminal prosecution against Plaintiff. See Decl. of Qianwu Yang ¶ 7.

Fifth, Plaintiff states that "Plaintiff explained to Defendant that Plaintiff had to engage a translator to finalize his discovery responses, because almost all documents produced were written in English." Plaintiff's Motion at 3.

The fact is, Plaintiff's counsel never mentioned Plaintiff's need for a translator during the meet and confer. See Decl. of Qianwu Yang ¶ 8.

Sixth, Plaintiff states that "Defendant did not disagree about the requested December 5 or 6, 2025 extension." Plaintiff's Motion at 3.

The fact is, Defendant never agreed to extend the deadline for Plaintiff's response to Defendant's Requests for Admission. See Decl. of Qianwu Yang ¶¶ 4-5.

Seventh, Plaintiff states that "On December 9, 2025, as assisted by his translator, Plaintiff provided complete responses to all Defendant's discovery requests." Plaintiff's Motion at 3.

The fact is, Plaintiff served Defendant with document productions and responses to Defendant's first set of discovery requests on December 10. See Decl. of Qianwu Yang ¶ 9 and Exhibit 1. In addition, Defendant does not concede the adequacy of Plaintiff's responses to Defendant's discovery requests.

Eighth, Plaintiff states that on December 10, 2025, Plaintiff served Defendant with its first set of discovery requests and a Rule 68 offer of judgment. Plaintiff's Motion at 3-4.

The fact is, Plaintiff served Defendant with its first set of discovery requests and a Rule 68 offer of judgment in December 11, 2025. See Decl. of Qianwu Yang ¶ 10 and

Exhibit 4.

Ninth, Plaintiff states that on December 11, 2025, "Plaintiff Patent Owner moved to defer briefing on defendant Chinese Reseller's summary judgment." Plaintiff's Motion at 4.

This clearly contradicts the record. Plaintiff's motion to defer briefing was filed on December 12, 2025. See Dkt. 54.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 6(b)(1)(B), "When an act may or must be done within a specified time, the court may, for good cause, extend the time, on motion made after the time has expired if the party failed to act because of excusable neglect."

Under Fed. R. Civ. P. 36(b), regarding requests for admission, "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

### IV. ARGUMENT

**A. Plaintiff Has Not Shown Good Cause or Excusable Neglect for His Request for Extension of Time**

"'[G]ood cause' imposes a more difficult standard than 'excusable neglect' because the former implies justification rather than excuse (negligence can be excused but not justified)." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (citing *CFTC v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404 (7th Cir. 2011)).

The determination of excusable neglect "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In balancing party interests, the Supreme Court uses four factors: (1) whether granting the delay will prejudice the nonmovant; (2) the length of the delay and its impact on efficient court administration; (3) whether the

reason for the delay was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* The reason for the delay is the most important factor. *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015).

It is worth noting that none of the cases cited by Plaintiff in support of its lateness argument (see Plaintiff's Motion at 7–8) are authorities in this District or even within the Seventh Circuit, and all are distinguishable from the present case, in which Plaintiff has failed to demonstrate good cause and excusable neglect.

First, granting the delay will prejudice Defendant, as discussed below in part D. This factor weighs against a finding of excusable neglect.

Second, the 30-day response deadline was December 1, 2025. Plaintiff served Defendant with document productions and responses to Defendant's first set of discovery requests on December 10. See Decl. of Qianwu Yang ¶ 9 and Exhibit 1. Without Defendant's consent or the Court's approval, Plaintiff delayed nine days. "As the advisory committee observed, '[u]nless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of [Rule 36] is defeated.'" *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). This factor weighs against a finding of excusable neglect.

Third, Plaintiff identifies the reason for the delay was that Plaintiff needed a translator. Plaintiff alleges that Plaintiff spent significant time with his translator to understand Defendant's discovery requests. However, a language barrier is not an intervening circumstance but rather a pre-existing condition that parties and their counsel are responsible for addressing throughout the litigation. Moreover, Defendant's Requests for Admission consist of only fifteen requests. Upon information and belief, Plaintiff's counsel of record are both native Mandarin speakers, and it would not have taken more than one hour to translate

6

and explain Defendant's Requests for Admission to Plaintiff. See Decl. of Aoyu Yang ¶ 6. Accordingly, Plaintiff's explanation for the delay is untenable. This factor weighs against a finding of excusable neglect.

Fourth, even assuming arguendo that Plaintiff did have difficulty in complying with the 30-day deadline, Plaintiff did not act in good faith in bringing this motion. Plaintiff took no action to seek relief or leniency from either Defendant or the Court during the 30-day period and instead waited until filing the present motion, which was submitted twelve days after the response deadline had expired. This factor weighs against a finding of excusable neglect.

Therefore, Plaintiff fails to show either good cause or excusable neglect.

**B. Defendant's First Set of Requests for Admission Shall Be Deemed Admitted Due to Plaintiff's Failure to Provide Timely Response**

"Rule 36 is self-executing, meaning that an admission is automatically established by operation of the rule, with no court intervention required." *Creative Trade Grp., Inc. v. Int'l Trade All.*, Inc., No. 08 C 2561, 2009 WL 3713345, at *9 (N.D. Ill. Nov. 4, 2009) (quoting *Matthews v. Homecoming Fin. Network*, 2006 WL 2088194, at *2 (N.D. Ill. July 20, 2006).

On October 31, 2025, Defendant served Plaintiff with Defendant's First Set of Requests for Product, First Set of Interrogatories, and First Set of Requests for Admissions. See Decl. of Qianwu Yang ¶ 3 and Exhibit 1.

Plaintiff failed to serve any responses to Defendant's first set of discovery requests by December 1, 2025, the 30-day response deadline prescribed by Fed. R. Civ. P. 33(b)(2), 34(b)(2), and 36(a)(3). The parties did not stipulate to any extension of time for Plaintiff's responses. See Decl. of Qianwu Yang ¶ 4 and Exhibit 1.

On December 10, 2025, Plaintiff served Defendant with document productions and responses to Defendant's first set of discovery requests. See Decl. of Qianwu Yang ¶ 9 and

7

Exhibit 1.

By virtue of Fed. R. Civ. P. 36(a)(3), Defendant's First Set of Requests for Admission (see Exhibit 2) shall be deemed admitted by Plaintiff.

**C. Plaintiff Fails to Establish That Permitting Withdrawal of His Admissions Promotes the Presentation of the Merits**

Courts would allow withdrawal where it would permit a "fuller presentation of the merits" and the movant has shown some evidentiary support for her position. *See Januszewski v. Village of Oak Lawn*, 2008 WL 4898959, at *2 (N.D. Ill. Nov. 12, 2008).

In the present case, Plaintiff's only argument is a mere assertion that "allowing Plaintiff to present specific facts to counter Defendant's loose assertions would allow a fact finder to better review the merits of this case." Plaintiff's Motion at 9. Plaintiff has failed to provide any evidentiary support, despite the fact that evidence contradicting the admissions is well within Plaintiff's possession, custody, or control.

On the other hand, Plaintiff's admissions cover critical issues such as inventorship, prior art and copying. See Exhibit 2. Notably, Plaintiff admitted that he is not the sole inventor of the Patent-in-Suit and that others contributed to the conception of the design. See Exhibit 2, RFA Nos. 3 and 5. Plaintiff further admitted that before filing his patent, he was aware of substantially similar prior art and even referred to and copied such prior art in his design process. See Exhibit 2, RFA Nos. 4, 6 and 7. Critically, Plaintiff admitted that he referred to, copied, imitated, and emulated Defendant's own product as well as a specific Chinese design patent (CN307420904S) during the design process of his patent. See Exhibit 2, RFA Nos. 8-15. These are not "loose" assertions – they are concrete facts, and Defendant has identified the specific prior art involved.

Moreover, Plaintiff's insinuation that Defendant moved for summary judgment "to avoid responding to Plaintiff's discovery requests" (Plaintiff's Motion at 8) is a red herring

and legally irrelevant to the Rule 36(b) analysis. Defendant's choice to seek summary judgment in light of Plaintiff's admissions was entirely proper.

Therefore, Plaintiff fails to demonstrate that permitting withdrawal of his admissions promotes the presentation of the merits.

### D. Defendant Would Be Prejudiced by Withdrawal of Plaintiff's Admissions

First, Plaintiff argues that Defendant would not be prejudiced because Plaintiff provided complete responses to all Defendant's discovery requests by substantively answering all interrogatories and requests for admission and producing approximately 1,600 pages of documents.

Defendant does not concede that Plaintiff's belated discovery responses are adequate. In fact, they are not produced in good faith and not effective at all. For example, among the approximately 1,600 pages of documents that Plaintiff provided, about 1,500 pages are patent information and prosecution history of the Patent-in-Suit, which are available to the public on USPTO's website.

Second, Defendant has relied on Plaintiff's admissions in shaping its litigation strategy, and permitting withdrawal of those admissions would cause Defendant genuine hardship. Defendant filed a summary judgment motion based on the admissions, sparing the need for protracted factual development on issues that Plaintiff had admitted.

Because Plaintiff admitted lack of sole inventorship and copying of prior art, Defendant justifiably treated them as established. If the admissions are now withdrawn, Defendant will be prejudiced because it will have to undertake additional discovery.

Defendant has, until now, avoided the expense of proving these matters based on its right to rely on Plaintiff's admissions; to allow withdrawal would impose concrete prejudice in the form of additional expenses and effort.

The hardship here is real: Defendant strategically directed its resources in reliance on

9

the admissions; allow withdrawal forces Defendant to expend more resources and perhaps litigate for many more months on issues that were otherwise settled. This is not a mere inconvenience — it is a significant prejudice to Defendant's ability to obtain a prompt and efficient resolution on the merits.

Third, Plaintiff waited until after Defendant filed a summary judgment motion to file the present motion. This sequence suggests a tactical reaction to Defendant's motion rather than a proactive effort to correct an innocent mistake. The prejudice to Defendant also includes the unfairness of having the goalposts moved after Defendant played by the rules and Plaintiff did not.

Therefore, withdrawal of Plaintiff's admissions would prejudice Defendant.

## V. CONCLUSION

For all the reasons above, Defendant respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Respectfully submitted,

DATED: December 23, 2025      **SHM LAW FIRM**

By:   */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant*
XIANGHUO

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.


Dated: December 23, 2025

*/s/Qianwu Yang*

Qianwu Yang
