IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG TAN, <br><br> Plaintiff, <br><br> v. <br><br> XIANGHUO, <br><br> Defendants. | Case No. 1:25-cv-05003 <br><br> Judge: Hon. John J. Tharp Jr. <br><br> Magistrate Judge David Weisman |

**NOTICE OF LODGING OF**
**PERSUASIVE AUTHORITY WIHTIN THIS DISTRICT**

A recent persuasive authority from this District is respectfully lodged with this Court. A true and correct copy of the opinion by Judges: Young B. Kim, United States Magistrate Judge dated May 14, 2025 is lodge as Exhibit A attached to this notice.

This persuasive authority was not available or known to Plaintiff at the when the Motion to Withdraw or Amend any Deemed Admissions (Dkt. 57).

Date: December 24, 2025             Respectfully submitted,

_____/s/_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

1

# **EXHIBIT A**



Neutral
As of: December 24, 2025 8:37 AM Z

# Rowe v. Papa John's Int'l, Inc.

United States District Court for the Northern District of Illinois, Eastern Division

May 14, 2025, Decided; May 14, 2025, Filed

No. 23 CV 2082

**Reporter**
2025 U.S. Dist. LEXIS 91783 *; 2025 LX 56227; 2025 WL 1399143

SHANIQUA ROWE and, TAHESHA STREETER, Plaintiffs, v. PAPA JOHN'S INTERNATIONAL, INC., Defendant.

**Prior History:** *Rowe v. Papa John's Int'l, Inc., 2024 U.S. Dist. LEXIS 151547, 2024 WL 3925411 (N.D. Ill., Aug. 23, 2024)*

## Core Terms

deposition, withdrawal, discovery, motion to withdraw, finger, movant, contradict

**Counsel:** [*1] For Sheniqua Rowe, Tahesha Streeter, Plaintiffs: David Michael Bizar, LEAD ATTORNEY, Djc Law, Pllc, Austin, TX; Samuel Louis Eirinberg, Djc Law, LLC, Chicago, IL; Valbona Doci, Djc Law, Pllc, Chicago, IL.

For Papa John's International, Inc., a Delaware corporation, Defendant: Erin Bolan Hines, LEAD ATTORNEY, Chicago, IL; Brian Andrew Browne, Cozen O'Connor, Washington, DC.

**Judges:** Young B. Kim, United States Magistrate Judge.

**Opinion by:** Young B. Kim

## Opinion

**MEMORANDUM OPINION and ORDER**

Plaintiffs Shaniqua Rowe and Tahesha Streeter bring this diversity action against Defendant Papa John's International, Inc. under the *Illinois Biometric Information Privacy Act ("BIPA")*. Before the court are Defendant's motion to strike Streeter's "corrected response" to its Request for Admission ("RFA") No. 16 ("Motion to Strike") and Streeter's motion to withdraw or modify her original response to RFA No. 16 ("Motion to Withdraw"). For the following reasons, Streeter's Motion to Withdraw is granted, and Defendant's Motion to Strike is denied:

**Background**[1]

Plaintiffs are former employees of one of Defendant's franchisees, Ozark Pizza Company, LLC ("Ozark"). They bring claims against Defendant for unlawfully collecting their biometric finger **[*2]** scan data through FOCUS point-of-sale systems at Ozark's restaurants in violation of BIPA. (See generally R. 16, First Am. Compl.)

Defendant served Streeter its first set of RFAs on February 27, 2025. (R. 95, Ex. A.) Streeter timely served her responses thereto on March 27, 2025. (Id. Ex. B.) At issue here is Defendant's RFA No. 16, in which Defendant asked Streeter to admit that "Ozark had discontinued use of the finger scanner on the FOCUS point-of-sale system when [she was] employed by Ozark in 2019." (Id.) Streeter responded, "Admit." (Id.) Eight days after Streeter served this admission, on April 4, 2025, Defendant deposed her and inquired about her admission to RFA No. 16:

> Q. And [RFA No. 16] states, admit that Ozark had discontinued use of the finger scanner on the focus point of sales system when you were reemployed by Ozark in 2019.
> A. Uh-huh.
> Q. And the answer is admit?
> A. Excuse me.
> Q. The answer is admit. That is your answer.
> A. Discontinue [sic] in 19? I was still there.
> Q. But this is your answer. You said you reviewed this and approved it which was prior to today.
>
> A. I answered — okay. So clearly I must have not went through it all because I'm kind of confused on this. So this **[*3]** is an issue, right, this right here because if I was there at the company I left in twenty and I was told that — no, don't — I did not say I did not use a finger scanner at the second period of employment.
> Q. At any time during that second period of employment was the finger scan discontinued?
> A. Not that I know of. No one told me that and I don't recall neither though.
> Q. When you say no one told you —
> A. Because I know for a fact it was in the back of the office. So I know that's not true.
> Q. Do you know if it was plugged in?
> A. Yeah.
> Q. Do you know if it was still activated?
> A. Yes.
> Q. How about the one that wasn't in the back office?
> A. The front of the house, yes, it still worked.
> Q. And how down [sic] that?
> A. I want to say I still use [sic] it to check the drivers out.
> Q. Did you see anyone else using it?
> A. If I was using it, the hole [sic] store was using it literally drivers and everybody.
> Q. Did you see anybody punching in a code?
> A. Not that I can recall.

---

[1] The court's August 23, 2024 memorandum opinion and order granting in part and denying in part Defendant's motion to dismiss Plaintiffs' first amended complaint includes additional background information. (R. 38.)

(Id. Ex. C at 55:18-57:12.)

Later that same day, immediately after her deposition, Streeter served a "corrected response" to RFA No. 16 on Defendant, which says:

> **CORRECTED ANSWER**: When Plaintiff answered this request on March 27, 2025, her **[*4]** response admitted this request. During Plaintiff's deposition on April 4, 2025, Defendant's counsel asked Plaintiff about this answer, [and] Plaintiff testified to the effect that although she reviewed and approved this answer, she must not have reviewed it very carefully because this answer was not correct. Plaintiff testified during her deposition that the correct answer to this Request for admission is that it is denied. Plaintiff corrects her answer to Request No. 16 accordingly. Answer: denied.

(Id. Ex. D (emphasis in original).) On April 17, 2025, Defendant filed its Motion to Strike Streeter's "corrected response" to RFA No. 16. (R. 87.) Once the motion was referred to this court for resolution, the court ordered Streeter to respond to it by May 1, 2025. (R. 92.) On April 28, 2025, Streeter filed a timely response to the Motion to Strike and her Motion to Withdraw. (R. 93; R. 94.)

**Analysis**

*Federal Rule of Civil Procedure 36(a)(1)(A)* allows a party to serve "on any other party a written request to admit . . . the truth of any matters within the scope of *Rule 26(b)(1)* relating to . . . facts, the application of law to fact, or opinions about either." The responding party can either answer or object to an RFA, and if answering, may: (1) **[*5]** admit the matter; (2) deny the matter; or (3) state "in detail" why he "cannot truthfully admit or deny" it. *Fed. R. Civ. P. 36(a)(4)* & *(a)(5)*. Any denial must "specifically deny" the matter and "fairly respond to [its] substance." *Fed. R. Civ. P. 36(a)(4)*. If a party must "qualify an answer or deny only a part of a matter," the party must "specify the part admitted and qualify or deny the rest." *Id.*

*Rule 36(b)* in turn allows a party who admitted or through inaction was deemed to admit an RFA to seek to amend or withdraw that admission as follows:

> **Effect of an Admission; Withdrawing or Amending It**. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to *Rule 16(e)*, the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

(Emphasis in original.) The movant "bears the burden to show that allowing [her] to withdraw [her] admissions subserves the merits," and the non-movant "bear[s] the burden of showing [it] would be prejudiced by a withdrawal." **Rumick v. Stryker Corp., No. 09 CV 7736, 2010 U.S. Dist. LEXIS 128311, 2010 WL 5060251, at *1 (N.D. Ill. Dec. 3, 2010)** (citing *Banos v. City of Chi., 398 F.3d 889, 892 (7th Cir. 2005)*). As with all discovery matters, **[*6]** the court enjoys significant discretion in ruling on a *Rule 36(b)* motion. *See Simstad v. Scheub, 816 F.3d 893, 899 (7th Cir. 2016)* (applying abuse of discretion standard because *Rule 36(b)* reflects "the language of discretion"). That said, absent a favorable ruling on such a motion, a fact admitted is "conclusively established" for purposes of the litigation. *McCann v. Mangialardi, 337 F.3d 782, 788 (7th Cir. 2003)* (quoting *United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987)*). As Streeter concedes, this court could grant Defendant's Motion to Strike because Streeter failed to file a *Rule 36(b)* motion before serving her "corrected response" to RFA No. 16. (R. 93, Streeter's Resp. at 2.) But Streeter subsequently filed such a

motion to cure the defect, and the court, exercising its discretion, grants Streeter's Motion to Withdraw and denies Defendant's Motion to Strike.

### A. Presentation of the Merits

Defendant says Streeter cannot meet her burden to establish the first prong of the Rule 36(b) analysis—showing that permitting the amended RFA response "would promote the presentation of the merits of the action"—because she has not demonstrated that her "original admission contradicts the weight of the [record] evidence," and her deposition testimony does not "offer a definitive denial." (R. 88, Def.'s Mem. at 4-5.) While the court acknowledges that Defendant points to evidence that runs **[*7]** counter to Streeter's "corrected response" and that Streeter could have testified more directly on the topic, neither fact compels the court to refuse amendment. To be sure, Streeter's deposition makes clear that she did not recall Ozark ceasing use of the finger scanner during her employment. That Defendant did not follow up with a more precise question suggests that it understood the same.

Further, Defendant improperly reads the phrases "definitive denial" and "weight of the evidence" into the cases it cites in its Motion to Strike. A fairer interpretation of Defendant's cited cases supports—and the relevant landscape in general outlines—a far lower burden for Streeter as movant and directs courts to refrain from weighing evidence when ruling on Rule 36(b) motions. For example, Defendant argues that Mansour Merrikhi Nasrabadi v. Kameli, No. 18 CV 8514, 2020 U.S. Dist. LEXIS 130821, 2020 WL 4274002 (N.D. Ill. July 23, 2020), stands for a "contradicts the weight of the evidence" standard for withdrawal of an admission, (R. 88, Def.'s Mem. at 4), but that case suggests only that the movant must have *some* evidence to contradict the original admission to meet its Rule 36(b) burden, see Nasrabadi, 2020 U.S. Dist. LEXIS 130821, 2020 WL 4274002, at *2 (allowing withdrawal if "party who otherwise would be bound has evidence that contradicts the admission"). Other courts are in accord. See, e.g., **[*8]** Januszewski v. Vill. Oak Lawn, No. 05 C 3820, 2008 U.S. Dist. LEXIS 92055, 2008 WL 4898959, at *2 (N.D. Ill. Nov. 12, 2008) (holding amendment would further presentation of merits where movant had "some evidentiary support for her position"); see also Davidson v. Kunes Country Ford of Antioch, Inc., No. 23 C 15661, 2024 U.S. Dist. LEXIS 133303, 2024 WL 3566640, at *3 (N.D. Ill. July 29, 2024) (noting that Rule 36(b) "appears to favor the 'slog' through discovery" to "get at least some . . . salient facts on the merits" even as to "improvident or careless admissions"); Rodgers v. Allen, No. 05 CV 3540, 2009 U.S. Dist. LEXIS 63210, 2009 WL 2192622, at *5 (N.D. Ill. July 21, 2009) (clarifying that in permitting withdrawal of admissions the court was not "accepting [the movant's deposition] testimony to be true," but rather taking the "apparent dispute as a sign that a presentation of the merits of the case would be promoted" by withdrawal). Here, the court is satisfied that Streeter has presented enough evidence to contradict her original admission and, as such, has met her Rule 36(b) burden, permitting amendment of her response to RFA No. 16. See Nasrabadi, 2020 U.S. Dist. LEXIS 130821, 2020 WL 4274002, at *2.

### B. Prejudice

Defendant next argues that allowing Streeter to modify her RFA No. 16 response would prejudice its defense of this case, pointing to the impending fact discovery deadline and again complaining that Streeter's deposition testimony was not unequivocal. (R. 88, Def.'s Mem. at 6; see also R. 103 (setting May 15, 2025, as the fact discovery deadline).) These arguments also fail. Prejudice for Rule 36(b) purposes "is not simply that **[*9]** the party who obtained the admission will now have to convince the factfinder of its truth. Rather,

it relates to the difficulty a party may face in proving its case." *Blow v. Bijora, Inc., 855 F.3d 793, 800 (7th Cir. 2017)* (quoting *Perez v. Miami-Dade Cnty., 297 F.3d 1255, 1266 (11th Cir. 2002)*). The party opposing a Rule 36(b) motion therefore must show a "genuine hardship arising from its reliance on such admissions," *Decor Grates Inc. v. Fararo, No. 92 CV 6395, 1997 U.S. Dist. LEXIS 10212, 1997 WL 399646, at *2 (N.D. Ill. July 11, 1997)*, such as having sacrificed discovery it otherwise would have pursued, or not having deposed key witnesses who are now unavailable, *Nasrabadi, 2020 U.S. Dist. LEXIS 130821, 2020 WL 4274002, at *2* (foregone discovery); *Rodgers, 2009 U.S. Dist. LEXIS 63210, 2009 WL 2192622, at *5* (unavailable witnesses).

This is not the case here. To the extent Defendant was confused by Streeter's deposition testimony on RFA No. 16 or found it "vague," Defendant could have followed up with additional questions. *See Candell v. Shiftgig Bullpen Temp. Emp. Agency, No. 17 CV 3620, 2019 U.S. Dist. LEXIS 6186, 2019 WL 184080, at *3 (N.D. Ill. Jan. 14, 2019)* (finding no prejudice where non-movant "had the opportunity to depose [the movant] to clear up any confusion with regard to any of the requests to admit"). Also, while Defendant says it "relied on [Streeter's] admission [to RFA No. 16] in shaping and executing its discovery strategy," Defendant does not explain how or what it would have done differently if it had known about Streeter's denial sooner. (See R. 88, Def.'s Mem. at 6.) Defendant's reliance argument is also questionable because only a week elapsed between Streeter's **[*10]** initial RFA response and her deposition, Streeter served her "corrected response" on Defendant the same day as her deposition, and Defendant filed the Motion to Strike two weeks afterward. Further, expert discovery, dispositive motions, and trial dates have yet to be firmed up in this matter. *Cf. Rodgers, 2009 U.S. Dist. LEXIS 63210, 2009 WL 2192622, at *6* (noting "a more stringent standard" applies to Rule 36(b) motion once a case "reache[s] the stage of a final pre-trial conference or order").

In sum, any difficulty for Defendant arising from Streeter's "corrected response" to RFA No. 16 sounds in inconvenience rather than prejudice. Because both prongs of the Rule 36(b) analysis favor Streeter, her Motion to Withdraw must be granted. In so doing, however, the court cautions Streeter that if Defendant ultimately proves that Streeter should have admitted RFA No. 16, the court may, on Defendant's motion, order her to pay Defendant's cost of proving up the matter, as well as Defendant's attorney fees, unless certain narrow exceptions apply. *See* Fed. R. Civ. P. 37(c)(2); *see also Braun v. Vill. of Palantine, No. 18 CV 4850, 2020 U.S. Dist. LEXIS 66932, 2020 WL 1888914, at *2 (N.D. Ill. April 16, 2020)* ("If Plaintiff later determines that these facts should have been admitted, he may move for sanctions" under Rule 37(c)(2)).

## Conclusion

For the foregoing reasons, Streeter's Motion to Withdraw her answer to RFA No. 16 is granted **[*11]** and Defendant's Motion to Strike is denied.

**ENTER**:

/s/ Young B. Kim

**Young B. Kim**

**United States Magistrate Judge**

End of Document

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

*/s/ Zheng "Andy" Liu*
Zheng "Andy" Liu
Tel.: (650) 475-6289
