IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONG TAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 5003 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| XIANGHUO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff moves, nunc pro tunc, to extend time to answer requests to admit and to withdraw or amend any deemed admissions. For the reasons stated below, Plaintiff's motion to withdraw admissions [57] is granted. Further, Plaintiff's motion to defer briefing on Defendant's summary judgment motion [54] is denied as moot. Status hearing set for 1/21/26 at 9:15 a.m. and joint status report due by noon on 1/20/26 stand.

A. <u>Plaintiff's Motion to Withdraw Admissions and Allow Amendment</u>

On October 31, 2025, Defendant propounded its First Sets of Requests for Admission. Pursuant to Federal Rule of Civil Procedure 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thus, Plaintiff's timely responses to the requests for admission were due December 1, 2025. Plaintiff did not file his responses until December 10, 2025, (Decl. of Qianwu Yang, Ex. 1, Dkt. # 62-3, ¶ 9.), and now, after the due date has passed, asks the Court to extend the time to answer or withdraw or amend any deemed admissions.

"A court, in its discretion, may permit a party to rescind admissions when doing so better serves the preservation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chi*., 398 F.3d 889, 892 (7th Cir. 2005). "The party opposing withdrawal bears the burden of demonstrating prejudice." *Hong Kong Leyuzhen Tech. Co. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships & Unincorporated Associations Identified in Schedule "A" Hereto*, No. 24 C 01807, 2025 WL 2522625, at *3 (N.D. Ill. Sept. 2, 2025).

Plaintiff states he was working with a translator to better understand the requests for admission, many of which he says were "poorly drafted." According to Plaintiff, "[o]n December 2, 2025, the parties agreed to meet and confer two days later on December 4, 2025 around 4pm

about Plaintiff's outstanding responses to Defendant's discovery requests and Plaintiff's planned deposition of Defendant's Rule 30(b)(6) witness," and "Defendant did not claim that any outstanding requests for admission would be admitted before the meet and confer call." (Pl.'s Mot., Dkt. # 57, at 2). As an initial matter, the date on which the parties agreed to meet and confer on December 4, 2025 (December 2, 2025), was already past the timely response date for the requests for admission. Moreover, Plaintiff does not state that, when setting up the December 4 meeting, he had requested an extension of the response date for the requests for admission. According to Plaintiff, the parties agreed to meet and confer on December 4, 2025 "about Plaintiff's outstanding responses" – but that could mean anything, and the Court cannot assume it was about an anticipated request for extension. Plaintiff further states that he requested an extension during the meet and confer on December 4, 2025, and that there was an exchange, "heated at times," about Plaintiff's request for an extension "so that Plaintiff, as assisted by his translator, would verify the entire discovery responses." (*Id.* at 3.) Plaintiff indicates that Defendant "did not disagree about the requested December 5 or 6, 2025 extension." (*Id.*) Defendant moved for summary judgment on December 11, 2025, according to Plaintiff, "primarily on the allegation that all [D]efendant's requests for admission had been deemed admitted." (*Id.* at 4.)

In its response, Defendant contradicts many of Plaintiff's statements regarding the reasons for Plaintiff's untimely responses and what was said during the parties' meet and confer on December 4, 2025. But, ultimately, Plaintiff's version of the background facts leading to his untimely responses is not determinative of the proper ruling here.

As set forth above, the Court first determines whether rescinding admission and allowing amendment would better serve the presentation of the merits of the case. Both Plaintiff and Defendant acknowledge that the requests for admission directly implicate liability, as evidenced by Defendant's motion for summary judgment, which followed shortly after Plaintiff's untimely responses. *Hong Kong Leyuzhen Tech.,* 2025 WL 2522625, at *3 (in analyzing whether the Court should allow deemed admissions to be withdrawn, stating "Plaintiff has moved for summary judgment against the responding Defendants based solely on the deemed admissions; upholding the admissions would thus 'eliminate any need for a presentation on the merits,'" and finding the first prong of the inquiry satisfied) (citation omitted).[1] The Court finds the first prong satisfied.

Regarding the prejudice prong, Defendant argues that it

> has relied on Plaintiff's admissions in shaping its litigation strategy, and permitting withdrawal of those admissions would cause Defendant genuine hardship. Defendant filed a summary judgment

---

[1] While it is true that Plaintiff does not provide evidentiary support for his contention that allowing withdrawal and amendment would better serve the presentation of the merits of the case, the Court notes that approximately 6 months remain before the fact discovery cutoff. In addition, the Court is willing to presume that by allowing withdrawal of Plaintiff's admissions, which cover, according to Defendant, "critical issues such as inventorship, prior art and copying," (Def.'s Resp., Dkt. # 62, at 8), and proceeding with additional discovery, the presentation of the merits of the case would be better served.

> motion based on the admissions, sparing the need for protracted factual development on issues that Plaintiff had admitted. Because Plaintiff admitted lack of sole inventorship and copying of prior art, Defendant justifiably treated them as established. If the admissions are now withdrawn, Defendant will be prejudiced because it will have to undertake additional discovery.

(*Id*. at 9.)

But, as stated by another court:

> The Plaintiff [argues that he] will lose the benefit of not having to prove his case on the merits, but that is not the type of prejudice that satisfies Rule 36(b). Indeed, inasmuch as allowing a party to withdraw an admission will by its very nature always require the other party to prove something that he otherwise would not have had to prove, that alone cannot be sufficient prejudice to satisfy Rule 36(b). Rather, the Plaintiff must show that he will be prejudiced "in maintaining the action . . . on the merits," not simply that he will now be required to maintain the action on the merits. *See, e.g., Perez v. Miami-Dade County,* 297 F.3d 1255, 1266 (11th Cir. 2002) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.").

*Harmless v. Elec. Control Sec., Inc.*, No. 1:07-CV-146-SEB-WTL, 2008 WL 686999, at *1 (S.D. Ind. Mar. 10, 2008). This is not the type of prejudice Defendant asserts here.

Because Plaintiff's responses were only 9 days late, allowing withdrawal would better serve the presentation of the merits, and Defendant has not demonstrated the relevant type of prejudice contemplated under Rule 36 for not allowing amendment of untimely responses, the Court grants Plaintiff's motion. *See Hong Kong Leyuzhen Tech.,* 2025 WL 2522625, at *3 ("Plaintiff immediately sought entry of summary judgment after the remaining Defendants failed to file timely responses to the requests for admission. Unwinding those admissions would simply allow the case to proceed against the responding Defendants as it otherwise would have."); *Vill. of Rosemont, Ill. v. Priceline.com Inc.*, No. 09 C 4438, 2011 WL 4913262, at *5 n.2 (N.D. Ill. Oct. 14, 2011) ("Though the Court does not condone plaintiff's conduct [in responding to request for admission two weeks late] . . . , the lack of prejudice to defendants makes strict enforcement of Rule 36(a) inappropriate in this case.").

Accordingly, Plaintiff's motion to deem Plaintiff's admissions withdrawn is granted. Plaintiff's responses to Defendant's requests for admission, which were served on December 10, 2026, stand.

B. <u>Plaintiff's Motion to Defer Briefing and Consideration of Summary Judgment Motion</u>

Plaintiff further moves to defer briefing on Defendant's summary judgment motion. In light of Defendant's statement that its summary judgment motion is based on the admissions, which are now withdrawn, the Court presumes that Defendant will not be pursuing summary judgment at this time. Accordingly, the motion [54] is denied as moot.

Status hearing set for 1/21/26 at 9:15 a.m. and joint status report due by noon on 1/20/26 stand.

**Date**: January 14, 2026

*[signature: M. David Weisman]*

**M. David Weisman**
**United States Magistrate Judge**