UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN, | Case No. 1:25-cv-05003 |
| Plaintiff, | Judge: Hon. John J. Tharp Jr. |
| v. | Magistrate Judge David Weisman |
| XIANGHUO, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO COMPEL
(1) PRODUCTION OF DOCUMENTS;
(2) RESPONSES TO INTERROGATORIES; AND
(3) RULE 30(B)(6) DEPOSITION**

Defendant Chinese Reseller's gamesmanship needs to stop, and it should be compelled to (1) produce documents; (2) produce interrogatory responses; and (3) make it witness available for a Rule 30 (b)(6) deposition. So far, Defendant Chinese Reseller has produces *zero document and zero interrogatory response*, in addition to insisting that no deposition could take place before April 20, 2026.

Defendant Chinese Reseller's excuses for not responding to discovery have been ever-changing. Most recently, Defendant Chinese Reseller asserts that because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in the Court's initial scheduling order, Defendant Chinese Reseller is not required to provide any discovery response, period. There exists no known authority remotely supporting

1

Defendant Chinese Reseller broad, absolute assertion of entitlement not to produce any discovery responses.

Defendant Chinese Reseller's Rule 30 (b)(6) witness is also practically never available with the following excuses:

| Witness available per defendant? | Time period | Defendant's excuses |
|---|---|---|
| No. | January 2026 | Witness is pregnant. |
| No. | February 2026 | Witness and defendant's lawyers must celebrate Chinese holidays. |
| No. | March 2026 | Witness may give birth. |
| No. | April 2026 | Witness may be on maternity leave. |
| **Discovery closes in June 2026.** | | |

In sum, stalling discovery for the sole sake of stalling discovery, Defendant should be compelled to (1) produce documents; (2) respond to interrogatories; and (3) make its witness available for Rule 30 (b)(6) deposition in February 2026.

**FACTS**

This is a design patent infringement case. Plaintiff Patent Owner sued Defendant Chinese Reseller to enforce his exclusive right to sell products with his patented design. A cursory Pacer search shows that Defendant Chinese Reseller has been sued for patent infringement several times.

Perhaps knowing that its defense is lacking, Defendant Chinese Reseller has relied heavily on gaming the discovery process[1]. *First*, Defendant Chinese Reseller moved for a summary judgment motion more than six months before the discovery was to close, attempting to steal an undeserved win.

*Second*, Defendant Chinese Reseller refuses to produce—any document whatsoever—responsive to Plaintiff's first set of requests for document production. (**Exhibit A**; Defendant Chinese Reseller's blank response with no document produced.)

*Third*, Defendant Chinese Reseller refuses to respond to any of Plaintiff's first set of amended interrogatories[2]. (**Exhibit B**; Defendant Chinese Reseller's all-objections responses to interrogatories.)

*Fourth*, Defendant Chinese Reseller refuses to arrange a deposition of its Rule 30(b)(6) witness initially until May 20, 2026 (one month before discovery would close) and later April 20, 2026 with varying excuses. See *supra* at 2. Basically, the holidays and purported witness pregnancy render Defendant Chinese Reseller not able to produce any Rule 30(b)(6) witness. (**Exhibit C**; email thread showing that Defendant Chinese Reseller refuses to make its witness available for deposition.)

*Fifth*, Defendant Chinese Reseller insists that in the off chance that its Rule 30(b)(6) witness is available, the deposition must take place in Hong Kong. To give

---

[1] In addition to gaming the discovery process, Defendant Chinese Reseller threatened to have the undersigned criminally prosecuted in China for prosecuting, according to Defendant, this baseless lawsuit. Defendant Chinese Reseller boasted that Plaintiff's previous counsel quit under the same threat of China criminal prosecution.

[2] The interrogatories were amended to correct an informality.

Defendant Chinese Reseller's fewer excuses to delay, Plaintiff has proposed Macau, because courts in this District have long sanctioned Macau as the "lawful[]" place to depose a 30(b)(6) witness who resides in China. See *Inventus Power v. Shenzhen Ace Battery* (N.D.Ill. 2021) 339 F.R.D. 487 (after examining international laws and treaties, the district court concluded that the depositions of defendant China company's 30(b)(6) witness and employee witnesses can all be lawfully deposed in Macau). In fact, even when Plaintiff agreed that a Hong Kong deposition may be arranged, Defendant Chinese Reseller refused to make its witness available until April 20, 2026.

***Sixth***, Defendant Chinese Reseller provided no answer to a large number of Plaintiff's first set of requests for admissions, asserting that the responses were equally known to Plaintiff. The parties are still conducting meet and confer on these issues.

***Seventh***, Defendant Chinese Reseller's asserted reasons for not producing discovery responses are baseless. Initially, Defendant Chinese Reseller asserted that it need not produce discovery responses, because it would prevail on its pending summary judgment motion. Defendant Chinese Reseller's conviction notwithstanding, discovery has not been stayed, nor has Defendant Chinese Reseller even sought a stay; a party's mere belief, sincere or not, that it would prevail in a litigation has never been recognized as granting an automatic stay on discovery.

Eight, the last straw that broke the camel's back, Defendant Chinese Reseller has now blanketly asserted that it need not produce discovery responses, because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in

4

the Court's initial scheduling order, Plaintiff Patent Owner is not entitled to any discovery response in this litigation, period. (**Exhibit D**; Defendant Chinese Reseller insisting that "we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court.") Citing no authority remotely supporting its board assertion of non-discovery-responses, Defendant Chinese Reseller that an order from this Court compelling discovery responses from Defendant is required.

As shown, given Defendant Chinese Reseller's continuous gamesmanship, any further meet and confer would be futile. Defendant Chinese Reseller is exploiting the discovery process to stall and to delay discovery responses it owed to Plaintiff. Defendant Chinese Reseller's gamesmanship in particularly egregious because Defendant Chinese Reseller has routinely accused Plaintiff of various discovery missteps, but never truly disputed the adequacy of Plaintiff's responses.

In sum, Defendant Chinese Reseller has no legitimate reason for not producing any document whatsoever and should be compelled to do so by this Court.

## LOCAL RULE 37.2 MEET AND CONFER CERTIFICATION

On December 18, 2025, the parties met and conferred about two deposition Plaintiff Patent Owner noticed: one 30(b)(6) deposition, and the deposition of a witness who has testified by way of declaration in this case. Defendant Chinese Reseller claimed that Ms. Lijun Zheng would serve as the sole witness for both depositions. First, Defendant Chinese Reseller claimed that Ms. Zheng would not be available until

after March 16, 2026. Then, Defendant Chinese Reseller claimed that Ms. Zheng would not be available until May 20, 2026 (one month before discovery would close). Still later, Defendant Chinese Reseller claimed that Ms. Zheng would not be available until April 20, 2026. See *supra* at 2.

Between January 9, 2025, and January 14, 2025, the parties met and conferred by email about Defendant's deficient discovery responses. After several back-and-forths, Defendant ""maintain[s] that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court."

In sum, Defendant's obstructionist behavior necessitated this motion to compel, because any further meet and confer would be futile.

**SANCTIONS SHOULD BE AWARDED AGAINST DEFENDANT**

Discovery under the Federal Rules of Civil procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery").

Defendant cannot resist discovery after it has asserted various counterclaim against Plaintiff and accused Plaintiff of discovery missteps. "Any individual inserted into the lineup to play offense (for example, through the submission of an affidavit in support of a party's contentions) also must be prepared to play defense (that is, by

submitting to a deposition). Simply put, one cannot have its cake and eat it too."

*Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D.487, 497 (2021).

Indeed, the Rule 37(a)(5) imposes sanctions on the party who obstructs discovery, stating as follows:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Here, Plaintiff has spent a total of 4.7 attorney hours handling Defendant's obstructionist behaviors (1.6 hours conducting meet and confers, and 3.1 hours drafting and filing this motion). Plaintiff counsel's hourly rate for this litigation is $550. Thus, the Court should award Plaintiff $2,585 in sanctions under Rule 37(a)(5).

## CONCLUSION

Given Defendant's obstructionist behaviors—zero document produces, all-objections to interrogatories, no deposition until May 2026—this Court should compel Defendant to (1) produce documents; (2) respond to interrogatories; and (3) make its witness available for Rule 30 (b)(6) deposition in February 2026.

Dated: January 13, 2026

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2026, the foregoing

**PLAINTIFF'S MOTION TO COMPEL
(1) PRODUCTION OF DOCUMENTS;
(2) RESPONSES TO INTERROGATORIES; AND
(3) RULE 30(B)(6) DEPOSITION**

was served upon all counsel of record listed below via email transmission.

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern Service
Industry Cooperation Zone, Nanshan, Shenzhen,
China 518052
Telephone: +86 135 2872 3799

**Attorneys for Defendant and counterclaimant
XIANGHUO**

Dated: January 13, 2026

/s/Oscar Lam
Oscar Lam
*Law Clerk to
Attorneys for Plaintiff*