# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN, | Case No. 1:25-cv-05003 |
| Plaintiff, | Judge: Hon. John J. Tharp Jr. |
| v. | |
| XIANGHUO, | Magistrate Judge David Weisman |
| Defendants. | |

## DECLARATION OF ZHENG LIU IN SUPPORT OF PLAINTIFFS' MOTION TO TO COMPEL (1) PRODUCTION OF DOCUMENTS; (2) RESPONSES TO INTERROGATORIES; AND (3) RULE 30(B)(6) DEPOSITION

Pursuant to 28 U.S.C. § 1746, I, Zheng Liu, submit this Declaration in Support of Plaintiffs' Motion to Defer Briefing and Consideration of Defendants' Motion to compel (1) production of documents; (2) responses to interrogatories; and Rule 30(B)(6) deposition.

1.  I am the counsel of record for Plaintiff Cong Tan in the matter captioned Tan v. Xianghuo, No. 25-cv-05003 (N.D. Ill. filed May 6, 2025). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

1

2. Plaintiff Patent Owner sued Defendant Chinese Reseller to enforce his exclusive right to sell products with his patented design. A cursory Pacer search shows that Defendant Chinese Reseller has been sued for patent infringement several times.

3. Defendant Chinese Reseller moved for a summary judgment motion more than six months before the discovery was to close.

4. Defendant Chinese Reseller refuses to produce—any document whatsoever—responsive to Plaintiff's first set of requests for document production.

5. Defendant Chinese Reseller refuses to respond to any of Plaintiff's first set of amended interrogatories.

6. Defendant Chinese Reseller refuses to arrange a deposition of its Rule 30(b)(6) witness initially until May 20, 2026 (one month before discovery would close) and later April 20, 2026 with varying excuses.

7. Defendant Chinese Reseller insists that in the off chance that its Rule 30(b)(6) witness is available, the deposition must take place in Hong Kong. When Plaintiff agreed that a Hong Kong deposition may be arranged, Defendant Chinese Reseller refused to make its witness available until April 20, 2026.

8. Defendant Chinese Reseller provided no answer to a large number of Plaintiff's first set of requests for admissions, asserting that the responses were equally

known to Plaintiff. The parties are still conducting meet and confer on these issues.

9.  Defendant Chinese Reseller's asserted reasons for not producing discovery responses are baseless. Initially, Defendant Chinese Reseller asserted that it need not produce discovery responses, because it would prevail on its pending summary judgment motion.

10. Defendant Chinese Reseller has now blanketly asserted that it need not produce discovery responses, because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in the Court's initial scheduling order, Plaintiff Patent Owner is not entitled to any discovery response in this litigation, period.

11. On December 18, 2025, the parties met and conferred about two deposition Plaintiff Patent Owner noticed: one 30(b)(6) deposition, and the deposition of a witness who has testified by way of declaration in this case. Defendant Chinese Reseller claimed that Ms. Lijun Zheng would serve as the sole witness for both depositions.

12. First, Defendant Chinese Reseller claimed that Ms. Zheng would not be available until after March 16, 2026. Then, Defendant Chinese Reseller claimed that Ms. Zheng would not be available until May 20, 2026 (one month before discovery would close). Still later, Defendant Chinese Reseller claimed that Ms.

Zheng would not be available until April 20, 2026.

13. Between January 9, 2025, and January 14, 2025, the parties met and conferred by email about Defendant's deficient discovery responses. After several back-and-forths, Defendant ""maintain[s] that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court."

14. Plaintiff has spent a total of 4.7 attorney hours handling Defendant's obstructionist behaviors (1.6 hours conducting meet and confers, and 3.1 hours drafting and filing this motion). Plaintiff counsel's hourly rate for this litigation is $550.

15. **Exhibit A** attached to this declaration is a true and correct copy of Defendant Chinese Reseller's blank response with no document produced.

16. **Exhibit B** attached to this declaration is a true and correct copy of Defendant Chinese Reseller's all-objections responses to interrogatories.

17. **Exhibit C** attached to this declaration is a true and correct copy of the email thread showing that Defendant Chinese Reseller refuses to make its witness available for deposition.

18. **Exhibit D** attached to this declaration is a true and correct copy of emails from Defendant Chinese Reseller insisting that "we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests

without leave of court."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 13, 2026                    Respectfully submitted,


_____/s/ Zheng Liu_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN, | |
| Plaintiff, | Case No. 1:25-cv-05003 |
| v. | |
| | Judge: Hon. John J. Tharp Jr. |
| XIANGHUO | Magistrate Judge: David Weisman |
| Defendant. | |
| XIANGHUO, | |
| Counterclaimant, | |
| v. | |
| CONG TAN | |
| Counterdefendant. | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST**

**SET OF REQUESTS FOR PRODUCTION (Nos. 1-31)**

Pursuant to Rules 26 and 34 of the Fed. R. Civ. P., Defendant Xianghuo ("Defendant" or "Xianghuo"), by and through its undersigned counsel, hereby objects and responds to the First Set of Requests for Production served by Plaintiff Cong Tan ("Plaintiff").

GENERAL OBJECTIONS

Defendant makes the following General Objections, which apply to each individual Request, whether or not specifically restated therein, and shall have the same force and effect as if fully set forth or specifically cited in response to each individual Request.

1. Defendant objects to Plaintiff's First Set of Requests for Production as procedurally improper. Plaintiff served its first set of discovery requests 41 days after the Court-ordered deadline of October 31, 2025 (see Dkt. 50). There is no agreement between the parties to extend the deadline. Defendant hereby contends that Defendant is not required to respond to Plaintiff's untimely served discovery requests without leave of the Court.

2. Defendant objects to each and every Definition, Instruction, and Request to the extent that it attempts to alter the scope of discovery or impose obligations that exceed those required under the Federal Rules of Civil Procedure or any Order entered in this case.

3. Defendant objects to the Requests to the extent they seek documents and information protected by applicable privileges (including, but not limited to, the attorney-client privilege and the joint defense or common interest privilege), protected from discovery under the attorney work product doctrine, or otherwise protected under applicable law. Any disclosure of such protected documents and information in response to these Requests is inadvertent and shall not constitute a waiver of the privilege, doctrine, or other protection.

4. Defendant objects to the Requests to the extent they seek the disclosure of trial preparation or expert documents prior to the dates fixed for such disclosure in this case. Any disclosure of such documents is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other protection.

1

5.  Defendant objects to the Requests to the extent they are vague, overly broad, unduly burdensome, seeking information not relevant to any claims or defenses, duplicative, cumulative, or not proportional to the needs of the case.

6.  Defendant objects to the Requests to the extent they are unbounded in time, which cause the Requests to be overly broad, unduly burdensome, seek information that is not relevant to any claim or defense, duplicative, cumulative, or not proportional to the needs of the case.

7.  Defendant objects to the Requests to the extent they seek documents that are publicly available or otherwise equally available to Plaintiff from other sources.

8.  Defendant objects to the Requests to the extent that they seek documents not in the possession, custody, or control of Defendant. Defendant's responses are limited to Defendant's own knowledge based upon a reasonable investigation.

9.  Defendant objects to these Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "all," "every," "any," "each," "including," "include," and similar words.

10. Defendant objects to the Requests to the extent they are premature, and Defendant's responses to these Requests are without prejudice to this objection.

11. Defendant objects to the Requests to the extent that they call for the production of documents that were created or obtained after the commencement of the suit.

12. Defendant objects to the "Definitions and Instructions" to the extent they purport to change the common meaning of the English language with regard to any word or phrase.

13. Defendant objects to these Requests to the extent that they call for information and/or materials which might be obtained only through an extraordinarily costly and time consuming search of Defendant's business and other records, on the grounds that said

discovery requests are unduly burdensome and oppressive.

14. Defendant objects to the terms "concerning," "regarding," "relating to," and the like as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

15. Defendant objects to the definitions of the terms "Defendant," "You," and "Your" to the extent these terms purport to encompass information, documents, or knowledge from agents, consultants, contractors, attorneys, distributors, licensees, entities, or persons other than Xianghuo. Defendant's responses are limited exclusively to the knowledge, information, and documents within the possession, custody, or control of Xianghuo.

16. Defendant objects to the term "communication" as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

17. Defendant objects to the term "document" as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

18. Defendant objects to the term "thing" as vague, ambiguous, overbroad, unduly

burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

19.    Defendant objects to producing confidential documents prior to entry of a protective order. Unless otherwise stated, all confidential documents produced prior to the entry of a protective order will be produced as "Attorneys' Eyes Only."

20.    Defendant's responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and produced documents and the subject matter thereof as evidence for any purpose in any further proceeding in this action or in any other action; (b) the right to object to the use of any such responses, information, or the subject matter thereof, on any ground in any further proceeding in this action or any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided. Nothing stated herein should be construed as an admission that any document or thing referenced or identified is relevant or admissible in these Proceedings.

21.    The following objections and responses reflect Defendant's present knowledge, information, and belief, may be subject to change or modification, and are given without prejudice to Defendant's right to provide amended responses. Defendant accordingly reserves the right to change or amend its responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications and Things considered, relied upon, cited, or referred to in responding to any Interrogatory, Request for Admission, or other discovery request served in this lawsuit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request as duplicative or cumulative with respect to other Requests.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications and Things showing Your analysis of Prior Art.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications and Things showing Your knowledge of the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody,

or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications and Things showing Your knowledge of the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 3.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications and Things supporting Your allegation that Plaintiff engaged in inequitable conduct before the USPTO.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, Communications and Things supporting Your allegation that Prior Art invalidates the Patents-in-suit under 35 U.S.C. § 102.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications and Things supporting Your allegation that Prior Art invalidates the Patents-in-suit under 35 U.S.C. § 103.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents,

Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications and Things supporting Your allegation that the Patents-in-Suit is invalid under 35 U.S.C. § 112.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in

Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 9:

All Documents, Communications and Things supporting Your allegation that Plaintiff's claim for damages against You is limited by 35 U.S.C. §§ 286, 287, or 288.9.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome

means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, Communications and Things supporting Your allegation that Plaintiff failed to properly mark patented articles with the relevant patent numbers.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available,

already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents, Communications and Things supporting Your allegation that the doctrine of prosecution history estoppel would prevent construing the claims of the Patents-in-Suit in a manner that covers any of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal

conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, Communications and Things supporting Your allegation that Plaintiff is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

The business license of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses

and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 14:**

The shareholder agreements of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 15:**

The articles of incorporation of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 16:**

The bylaws of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information

not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 17:

Your electronic communications with Amazon.com regarding the Patents-in-suit.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "electronic communications" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search.

Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 18:**

Your electronic communications with Amazon.com regarding the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "electronic communications" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 17.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 19:**

Your Amazon.com order history showing the sales of the Accused Products in the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 20:**

Your Amazon.com account balance history relating to sales of the Accused Products in the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 21:

Your Amazon.com shipping history showing shipment of the Accused Products to a location within the United States in the last five years before this lawsuit was filed.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search.

Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 22:**

Your import history showing the importation of the Accused Products into the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents, Communications and Things supporting Your allegation that the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022, as described in paragraph 22 of your

counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents, Communications and Things supporting Your allegation that Chinese Design Patent CN307420904S discloses a design and structure that anticipates the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 25:

All Documents, Communications and Things supporting Your allegation that neither the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) nor the Chinese Design Patent CN307420904S was not substantively considered during the prosecution the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents,

Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is incomprehensible.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents, Communications and Things supporting Your allegation that neither the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) nor the Chinese Design Patent CN307420904S was not substantively considered during the prosecution the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is incomprehensible.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 25.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 27:

All Documents, Communications and Things supporting Your allegation that Plaintiff knew that the Chinese Design Patent CN307420904S before the Patents-in-suit was issued.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome

means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications and Things supporting Your allegation that Plaintiff knew Xianghuo's " 3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) before the Patents-in-suit was issued.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, Communications and Things supporting Your allegation that Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed reference, as described in paragraph 26 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, Communications and Things showing Your "losses in sales of the Non-Infringing Products and other products," as described in paragraph 31 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses

and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications and Things showing Your allegation "that Plaintiff's actions "impact[ed] Xianghuo's product reviews, ratings, and Amazon ranking," as described in paragraph 32 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

DATED: January 9, 2026          **SHM LAW FIRM**

By:     */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
International: +8613925212009

*Attorney for Defendant and Counterclaimant*
Xianghuo

## CERTIFICATE OF SERVICE

I  hereby certify that on this day, I caused the foregoing to be served on the following

named person(s) via email.

Zheng Liu
andy.liu@aptumlaw.us; bjliuzheng@gmail.com
Zhan Jin
tinajin666@gmail.com; tina.jin@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*
CONG TAN


Dated: January 9, 2026


*/s/Qianwu Yang*

Qianwu Yang

# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>   Plaintiff,<br><br>   v.<br><br>XIANGHUO<br><br>   Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |
| XIANGHUO,<br><br>   Counterclaimant,<br><br>   v.<br><br>CONG TAN<br><br>   Counterdefendant. | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST**

**SET OF AMENDED INTERROGATORIES (Nos. 1-25)**

Pursuant to Rules 26 and 33 of the Fed. R. Civ. P., Defendant Xianghuo ("Defendant" or "Xianghuo"), by and through its undersigned counsel, hereby objects and responds to the First Set of Amended Interrogatories served by Plaintiff Cong Tan ("Plaintiff").

<u>GENERAL OBJECTIONS</u>

Defendant makes the following General Objections, which apply to each individual Interrogatory, whether or not specifically restated therein, and shall have the same force and effect as if fully set forth or specifically cited in response to each individual Interrogatory.

1.   Defendant objects to Plaintiff's First Set of Amended Interrogatories as procedurally improper. Plaintiff served its first set of discovery requests 41 days after the Court-ordered deadline of October 31, 2025 (see Dkt. 50). There is no agreement between the parties to extend the deadline. Defendant hereby contends that Defendant is not required to respond to Plaintiff's untimely served discovery requests without leave of the Court.

2.   Any responses provided by Defendant are given without prejudice to Defendant using, or relying on at trial, subsequently discovered information omitted from these responses because of mistake, error, oversight, or inadvertence.

3.   Any response provided by Defendant shall in no way constitute or be construed as a waiver of any objection. For any and all information, documents, or things provided in each response, Defendant reserves all objections or other questions regarding the authenticity, competency, relevance, privilege, or admissibility of such information, document, or thing as evidence in this suit or any other proceeding, action, or trial.

4.   Defendant responds to each Interrogatory based on present knowledge, information, and belief, as Defendant presently understands and interprets them. Defendant objects to each Interrogatory to the extent that a complete answer may be impractical or infeasible. These responses and the objections and limitations contained herein are subject to and without waiver of: (a) the right to make additional or supplemental objections to these or other

Interrogatories; and (b) the right to revise, correct, amend, or modify these responses upon, among other things, the discovery of additional facts and materials, further investigation, and other developments in this proceeding.

5. Defendant objects to these Interrogatories, including the "Definitions" and "Instructions," to the extent they seek to impose requirements or obligations on Defendant in addition to or different from those required under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Northern District of Illinois, and Orders of the Court, or any stipulation or agreement between the parties. Defendant further objects to these "Definitions" and "Instructions" to the extent they purport to alter the plain meaning or scope of any Interrogatory on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, or unduly burdensome.

6. Defendant objects to each Interrogatory to the extent it is compound and consists of several discrete subparts comprising disjunctive and/or conjunctive questions improperly joined together in one interrogatory in an improper attempt to circumvent the requirements of Fed. R. Civ. P. 33.

7. Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of other discovery, including other interrogatories, requests for production, and/or requests for admission.

8. Defendant objects to each Interrogatory to the extent it seeks information, documents, or things that are more properly addressed by other forms of discovery.

9. Defendant objects to each Interrogatory to the extent it seeks expert opinions or testimony. Any disclosure of such information, documents, or things is inadvertent and shall not constitute a waiver of any privilege or immunity.

10. Defendant objects to each Interrogatory to the extent it mischaracterizes facts or documents. Defendant's response to any Interrogatory is not meant to be, and should not be

construed as, an acknowledgment by Defendant that such facts or documents exist or are accurately characterized.

11.   Defendant objects to each Interrogatory, consistent with Fed. R. Civ. P. 33(d), to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

12.   Defendant objects to each Interrogatory to the extent it is premature, and Defendant's response to the Interrogatory is without prejudice to this objection. Defendant reserves the right to amend, and/or supplement each of its responses, including in response to any Court Order or agreement between the parties.

13.   Defendant objects to each Interrogatory to the extent it is unbounded in time. Defendant will respond for the period relevant to the claims and defenses, subject to proportionality and the Court's orders.

14.   Defendant objects to each Interrogatory to the extent it calls for the disclosure of information, documents, or things that were created or obtained after the commencement of the suit.

15.   Defendant objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent they seek information that is not proportional to the needs of the case, when considering at least the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.

16.   Defendant objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent it assumes facts not in evidence and/or requires Defendant to draw legal conclusions and make legal determinations. Defendant's response to any such

Interrogatory shall not be construed as a concession or agreement with any implications or conclusions, factual, legal, or otherwise, that may be drawn from such an Interrogatory.

17. Defendant objects to these Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "all," "every," "any," "each," "including," "include," and similar words.

18. Defendant objects to the terms "Identify" and "Describe" as overly broad and unduly burdensome to the extent it seeks to impose an obligation on Defendant to ascertain or provide information that is not within its possession, custody, or control.

19. Any response provided by Defendant is based on Defendant's present understanding of the Interrogatory. Defendant's response shall in no way constitute or be construed as a waiver of any objection as to undefined terms or phrases, or any other ambiguity, in the language of the Interrogatory.

20. Defendant objects to these Interrogatories to the extent they seek documents and information protected by applicable privileges (including, but not limited to, the attorney-client privilege and the joint defense or common interest privilege), protected from discovery under the attorney work product doctrine, or otherwise protected under applicable law. Any disclosure of such protected documents and information in response to these Requests is inadvertent and shall not constitute a waiver of the privilege, doctrine, or other protection.

21. Defendant objects to these Interrogatories to the extent they are vague, overly broad, unduly burdensome, seeking information not relevant to any claims or defenses, duplicative, cumulative, or not proportional to the needs of the case.

22. Defendant objects to these Interrogatories to the extent they seek information that is publicly available or otherwise equally available to Plaintiff from other sources.

23. Defendant objects to these Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant. Defendant's responses are limited to Defendant's own knowledge based upon a reasonable investigation.

24. Defendant objects to these Interrogatories to the extent that they call for information and/or materials which might be obtained only through an extraordinarily costly and time consuming search of Defendant's business and other records, on the grounds that said discovery requests are unduly burdensome and oppressive.

25. Defendant objects to the terms "concerning," "regarding," "relating to," and the like as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

26. Defendant objects to the definitions of the terms "Defendant," "You," and "Your" to the extent these terms purport to encompass information, documents, or knowledge from agents, consultants, contractors, attorneys, distributors, licensees, entities, or persons other than Xianghuo. Defendant's responses are limited exclusively to the knowledge, information, and documents within the possession, custody, or control of Xianghuo.

27. Defendant objects to producing confidential documents prior to entry of a protective order. Unless otherwise stated, all confidential documents produced prior to the entry of a protective order will be produced as "Attorneys' Eyes Only."

28. Defendant's responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and produced documents and the subject matter thereof as evidence for any purpose in any further proceeding in this action or in any other action; (b) the right to object

to the use of any such responses, information, or the subject matter thereof, on any ground in any further proceeding in this action or any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided. Nothing stated herein should be construed as an admission that any document or thing referenced or identified is relevant or admissible in these Proceedings.

29. The following objections and responses reflect Defendant's present knowledge, information, and belief, may be subject to change or modification, and are given without prejudice to Defendant's right to provide amended responses. Defendant accordingly reserves the right to change or amend its responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

<u>**INTERROGATORY NO. 1:**</u>

Identify all prior art that You allege would invalidate Patents-in-Suit.

<u>**OBJECTION AND RESPONSE:**</u>

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege

and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 2:**

Describe all facts supporting Your contention that the prior art identified INTERROGATORY NO. 1 would invalidate Patents-in-Suit under 35 U.S.C. § 102.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing.

Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 3:**

Describe all facts supporting Your contention that the prior art identified INTERROGATORY NO. 1 would invalidate Patents-in-Suit under 35 U.S.C. § 103.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 4:**

Describe all facts supporting Your contention that the Patents-in-Suit is invalid under

8

35 U.S.C. § 112.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 5:**

Identify all Plaintiff's allegedly inequitable conduct that would invalidate Patents-in-Suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not

proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 6:**

Describe all facts supporting Your allegation that Plaintiff's claim for damages against You is limited by 35 U.S.C. §§ 286, 287, or 288.9.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the

answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant also objects to this Interrogatory as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 7:**

Describe all facts supporting Your allegation that Plaintiff failed to properly mark patented articles with the relevant patent numbers.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 8:**

Identify all Plaintiff's actions and representations before the USPTO that, under the doctrine of prosecution history estoppel, would prevent construing the claims of the Patents-in-Suit in a manner that covers any of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 9:**

Describe all facts supporting Your contention that that Plaintiff is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing.

Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 10:**

Identify the legal name of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 11:**

Identify all persons owning more than 20% ownership interest in the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District,

Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all persons owning more than 20% ownership interest" without reasonable limitations as to time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 12:**

Identify all corporate officers of the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan,

Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all corporate officers" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 13:**

Identify all directors on the board of directors of the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all directors" without reasonable limitations as to time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 14:**

Identify all Third Parties located in the United States through which You advertised

the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 15:**

Identify all Third Parties located in the United States through which You sold the Accused Products within the United States.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without

reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

### INTERROGATORY NO. 16:

Identify all Third Parties located in the United States through which You shipped the Accused Products to locations within the United States.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 17:**

Identify all Third Parties located in the United States through which You shipped the Accused Products to locations within the United States.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production and Interrogatory No. 16, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of

admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 18:**

Identify all Third Parties located in the United States through which You collected revenues from the sales of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections,

Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 19:**

Describe all facts supporting Your contention that Xianghuo's own product, the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022, as described in paragraph 22 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 20:**

Describe all facts supporting Your contention that Chinese Design Patent CN307420904S, published on June 28, 2022, discloses a design and structure that anticipates the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 21:**

Describe all facts supporting Your contention that none of these prior art references were substantively considered during the prosecution the Patent-in-Suit, as described in

paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant further objects to this Interrogatory to the extent it is incomprehensible.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 22:**

Describe all facts supporting Your contention that Plaintiff knew that the Chinese Design Patent CN307420904S and Xianghuo's " 3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) were material prior art and made a deliberate decision to withhold it

from the USPTO, as described in paragraph 25 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to this Interrogatory to the extent it is compound and consists of several discrete subparts comprising disjunctive and/or conjunctive questions improperly joined together in one interrogatory in an improper attempt to circumvent the requirements of Fed. R. Civ. P. 33.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 23:**

Describe all facts supporting Your contention that Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed reference, as described in paragraph 26 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 24:**

Identify all Xianghuo's "losses in sales of the Non-Infringing Products and other

products," as described in paragraph 31 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Xianghuo's losses in sales of the Non-Infringing Products and other products" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 25:**

Describe all facts supporting your contention that Plaintiff's actions "impact[ed] Xianghuo's product reviews, ratings, and Amazon ranking," as described in paragraph 32 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

DATED: January 9, 2026      **SHM LAW FIRM**

By:    */s/Qianwu Yang*
       QIANWU YANG
       yang@shm.law
       3000 El Camino Real
       Building 4, Suite 200
       Palo Alto, CA 94306
       Telephone: (650) 613-9737
       International: +8613925212009

       *Attorney for Defendant and Counterclaimant*
       Xianghuo

## **VERIFICATION**

I, Lijun Zheng, the manager of Xianghuo, a party to this action, am authorized to make this verification on behalf of Xianghuo.

I have read the foregoing document and am informed and believe, and on that ground allege, that the factual matters stated in the responses are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Guangzhou, on January 9, 2025.

*Lijun Zheng*

_____

Lijun Zheng

29

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served on the following

named person(s) via email.

Zheng Liu
andy.liu@aptumlaw.us; bjliuzheng@gmail.com
Zhan Jin
tinajin666@gmail.com; tina.jin@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*
CONG TAN

Dated: January 9, 2026

*/s/Qianwu Yang*

Qianwu Yang

# EXHIBIT C



Andy Liu <bjliuzheng@gmail.com>

---

## Meet and confer re Depositions - Tan v. Xianghuo - Case No. 1:25-cv-05003

**Liu, Zheng** <bjliuzheng@gmail.com>                                    Sat, Jan 10, 2026 at 5:49 AM
To: YANG Qianwu <yang@shm.law>
Cc: 杨傲宇 <yang.aoyu@shm.law>, hkoscarlam <hkoscarlam@gmail.com>, "Andy.Liu" <Andy.Liu@aptumlaw.us>, tinajin666
<tinajin666@gmail.com>, "Tina.Jin" <tina.jin@aptumlaw.us>, ibeauty <ibeauty@shm.law>

Respectfully, you don't know what you are talking about.

Your rhetoric is unhelpful and needs to stop.

Sent from Gmail Mobile

> On Sat, Jan 10, 2026 at 01:15 YANG Qianwu <yang@shm.law> wrote:
> Dear Counsel,
>
> As an officer of the court, you should be mindful of your professional obligations. The inappropriate and unprofessional comments
> you have made are unacceptable and fall well below the standards expected of counsel.
>
> We demand that you conduct yourself accordingly and refrain from further improper communications.
>
> Sincerely,
> Qianwu Yang (杨乾武 律师)
> He/Him/His
> Admitted in California & China Founding Managing Partner
>
> SHM LAW FIRM | Shenzhen & Silicon Valley
>
> China: +86 139 2521 2009 (WeChat / WhatsApp)
> U.S.: +1 650 613 9737
>
>> On Jan 10, 2026, at 13:46, Liu, Zheng <bjliuzheng@gmail.com> wrote:
>>
>>
>> The answer is easy.
>>
>> Your client is not entitled to sue in a US court, assert counterclaims in a US court, make motions before a US court,
>> ask us for discovery during US holidays, but then claim unavailability under non-US recognized holidays.
>>
>> In the same vein, your firm is not entitled to claims to be a US law firm operating in a Palo Alto, California address but
>> then refuses to operate on non-US recognized holidays. Are you a US law firm or not?
>>
>> Further, discovery closes in June, 2026. Your client's 30 b 6 representative claims to be pregnant and due in March,
>> and will be probably claiming some lengthy maternity leave in April and May 2026.
>>
>> Your client and your law firm's refusal to cooperate leaves us no choice. .
>>
>> Macaus is a recognized deposition locaiton in NDIL. We may be able to accommodate your client for Hong Kong
>> locations, if your client works with us on the dates. but If your client refused to work with us on the date, we are not
>> included to move to Hong Kong.
>>
>> Last, you are entitled to believe your SMJ will be granted (as you did in your other denied reliefs). But so far, it has not.
>> Discovery remains open.
>>
>> Absent some firm commitment in February 2023 from your client, we will move to compel next week or so.
>>
>> Please advise.
>>
>>
>> On Fri, Jan 9, 2026 at 9:13 PM YANG Qianwu <yang@shm.law> wrote:

The question should be why you insist on deposing the witness around the Chinese New Year period while she is in the late stages of pregnancy.

Moreover, we believe our motion for summary judgment will be granted. That likelihood further underscores that your insistence on deposing the witness around the Chinese New Year, while she is in the late stages of pregnancy, reflects bad faith.

Separately, the deposition should take place in Hong Kong. This is a well-established practice and is non-negotiable.

Best regards,
Qianwu Yang (杨乾武 律师)
He/Him/His
Admitted in California & China
Founding Managing Partner
SHM Law Firm | Silicon Valley & Shenzhen Offices

NOTICE: This communication may contain privileged or confidential information. If you have received it in error, please immediately notify the sender by return email and then destroy all copies of the transmission. Thank you.

On Jan 10, 2026, at 12:25, Liu, Zheng <bjliuzheng@gmail.com> wrote:

To save the Court's time, please confirm that the Defendant refuses to any deposition earlier than April 20, 2026. There is no possibility for any earlier dates, correct?

On Fri, Jan 9, 2026 at 8:21 PM YANG Qianwu <yang@shm.law> wrote:
Dear Counsel,

We have already proposed the available dates, to which you appear to object. From our perspective, however, those dates or any days thereafter are reasonable and non-negotiable.

If you intend to maintain your position, please seek any appropriate remedy from the Court.

We wish you a pleasant weekend.

Best regards,

Qianwu Yang (杨乾武 律师)
He/Him/His

Admitted in California & China Founding Managing Partner

SHM LAW FIRM | Shenzhen & Silicon Valley

China: +86 139 2521 2009 (WeChat / WhatsApp)
U.S.: +1 650 613 9737

> On Jan 10, 2026, at 12:13, Liu, Zheng
> <bjliuzheng@gmail.com> wrote:
>
>
> Counsel,
>
> Please provide a firm date on which Defendant will be
> available for the notice depositions.
>
> We asked it be in early or mid February.
>
>
>
> Thank you.
>
> Andy Liu
> *Attorney*
> *Aptum Law | 650-475-6289 | Andy.Liu@AptumLaw.us*

On Fri, Dec 26, 2025 at 4:24 PM Liu, Zheng
<bjliuzheng@gmail.com> wrote:

> Counsel,
>
> Thanks for confirming that the witness Ms. Zheng is to be
> Defendant's 30b6 and that the parties are combining the two
> already-noticed depositions into a single full day one.
>
> I understand that the witness is claiming that she's pregnant
> and will be due in middle March, 2026. Please send some
> informal paperwork to show the witness' alleged pregnancy;
> her recent abrupt claim of pregnancy is suspicious.
>
> Next, please confirm that your witness would not be
> available any time before April 20, 2026. We will review
> within and see if we will move to compel an earlier date or
> not. Because your proposed dates are cutting too close to
> the discovery deadline.
>
> Thanks for your time.



Zheng "Andy" Liu
Attorney / **Aptum Law**
**A:** 1660 South Amphlett Blvd., Suite 315, San
Mateo, CA 94402
**P:** (650) 475-6289
**E:** Andy.Liu@aptumlaw.us   **W:** w
ww.aptumlaw.us

On Fri, Dec 26, 2025 at 3:41 PM Liu, Zheng
<bjliuzheng@gmail.com> wrote:
  Counsel,

  Please use this Zoom link for our 4pm meet and confer
  today.

  https://us06web.zoom.us/j/4088655859?pwd=
  eWJzT3lZZ2MzNVlyczk3bytmaytLdz09

On Fri, Dec 12, 2025 at 10:34 AM Liu, Zheng
<bjliuzheng@gmail.com> wrote:
  Let's do December 18 after at p.m. PST.

  On Fri, Dec 12, 2025 at 10:27 AM Liu, Zheng
  <bjliuzheng@gmail.com> wrote:
    We disagree with your points.

    Let's meet and confer next Thursday.

    What time work for you .


    Sent from Gmail Mobile


  On Fri, Dec 12, 2025 at 09:40 杨傲宇
  <yang.aoyu@shm.law> wrote:
    Counsel,

    We write to preliminarily object to your Notice of
    Deposition. We would like to reiterate that the Patent-in-
    Suit is invalid in light of Plaintiff's deemed admissions to
    Defendant's First Set of Requests for Admission, as well as
    in view of the prior art asserted by Defendant. Continuing
    your litigation is frivolous.

With respect to the location, it is well-established practice that depositions of witnesses located in mainland China should be conducted in Hong Kong and during Hong Kong business hours. This arrangement is not negotiable.

Regarding the timing, you, as a Chinese, should know that February 17, 2026 is Chinese New Year, the single most important holiday in China. The scheduling is clearly made in bad faith. We propose rescheduling to a date on or after March 16, 2026, subject to the availability of the witness(es).

Please revise the Notice of Deposition accordingly. If you decline to revise, please let us know your availability to meet and confer before we seek appropriate relief from the Court. We are available on December 16, 17, and 18 after 4 p.m. PST.

Best regards,


Aoyu Yang
He/Him/His
Admitted in California & China
Associate
SHM Law Firm
M: +86 13652448337 | T: +86 755 8326 6693
25F, China Resources Tower
2666 Keyuan South Road, Nanshan District
Shenzhen, China, 518052

NOTICE: The content of this communication, including any attachments, may be privileged and confidential. If you received this message in error, please notify the sender promptly via return email, and then delete this message and its attachments without making copies or revealing its contents to others. We appreciate your cooperation.

hkoscarlam<hkoscarlam@gmail.com> 在 2025年12月 10日 周三 15:33 写道：

Dear Counsel,

Please see the attached notice of Rule 30(b)(6) Deposition of Defendant Xianghuo.

> *DATE OF DEPOSITION: February 17, 2026*
> *TIME OF DEPOSITION: 9 a.m. Central Time Zone*
> *PLACE OF DEPOSITION: by Video Conference using the following link*
> *https://us06web.zoom.us/j/4088655859?pwd=eWJzT3lZZ2MzNVlyczk3bytmaytLdz09*

Thank you,

Oscar Lam
Clerk for Attorney Zheng "Andy" Liu | CA Process Server | *Aptum* **Law**
626.550.7922 | 1660 S. Amphlett Blvd. Ste. 315, San Mateo, California

# EXHIBIT D

                                            **Andy Liu <bjliuzheng@gmail.com>**

---

### Re: Defendant's Objections and Responses to Plaintiff's First Set of Discovery Requests - Tan v. Xianghuo - Case No. 1:25-cv-05003

---

杨傲宇 <yang.aoyu@shm.law>                                         Wed, Jan 14, 2026 at 5:46 AM
To: Zheng Liu <bjliuzheng@gmail.com>
Cc: "Andy.Liu" <andy.liu@aptumlaw.us>, tinajin666 <tinajin666@gmail.com>, "Tina.Jin" <tina.jin@aptumlaw.us>, 杨乾武律师 <yang@shm.law>, ibeauty <ibeauty@shm.law>

Counsel,

As stated in our General Objections, we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court. *See*, e.g., *Aharon v. Babu*, No. 22 CV 4502, 2023 WL 12037915, at *2 n.1 (N.D. Ill. Oct. 27, 2023); *see also Solesby-Funmaker v. Hautamaki*, No. 18-CV-1205-JPS, 2019 WL 3306116, at *1 n.1 (E.D. Wis. July 23, 2019) ("In light of Plaintiff's failure to follow the terms of the scheduling order, Defendants' failure to reply to the requests does not warrant sanctions or an order to compel.")

Regarding the time for meet and confer, please let us know whether you are agreeable to 5 p.m. PST on January 22 or 23, after the court's ruling date on the motion to withdraw admissions.

Best regards,


Aoyu Yang
He/Him/His
Admitted in California & China
Associate
SHM Law Firm
M: +86 13652448337 | T: +86 755 8326 6693
25F, China Resources Tower
2666 Keyuan South Road, Nanshan District
Shenzhen, China, 518052

NOTICE: The content of this communication, including any attachments, may be privileged and confidential. If you received this message in error, please notify the sender promptly via return email, and then delete this message and its attachments without making copies or revealing its contents to others. We appreciate your cooperation.


Zheng Liu<bjliuzheng@gmail.com> 在 2026年1月13日 周二 1:28 写道:

> Please advise when the requested documents will be produced.

If no document is produced, we will have to move to compel.

On Fri, Jan 9, 2026 at 9:57 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
  Please advise when the requested documents will be produced.

  On Fri, Jan 9, 2026 at 8:11 PM Liu, Zheng <bjliuzheng@gmail.com> wrote:
    Counsel,

    When can you meet and confer about Defendant's deficient discovery responses,



    Thank you.

    Andy Liu
    *Attorney*
    *Aptum Law | 650-475-6289 | Andy.Liu@AptumLaw.us*

    On Fri, Jan 9, 2026 at 7:59 PM 杨傲宇 <yang.aoyu@shm.law> wrote:
      Counsel,

      Please find attached Defendant's Objections and Responses to Plaintiff's First Set of Discovery
      Requests (RFPs, ROGs, and RFAs).

      Best regards,



      Aoyu Yang
      He/Him/His
      Admitted in California & China
      Associate
      SHM Law Firm
      M: +86 13652448337 | T: +86 755 8326 6693
      25F, China Resources Tower
      2666 Keyuan South Road, Nanshan District
      Shenzhen, China, 518052

      NOTICE: The content of this communication, including any attachments, may be privileged
      and confidential. If you received this message in error, please notify the sender promptly via
      return email, and then delete this message and its attachments without making copies or
      revealing its contents to others. We appreciate your cooperation.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 13, 2026, the foregoing

**DECLARATION OF ZHENG LIU IN SUPPORT OF**
**PLAINTIFFS' MOTION TO TO COMPEL**
**(1) PRODUCTION OF DOCUMENTS;**
**(2) RESPONSES TO INTERROGATORIES; AND**
**(3) RULE 30(B)(6) DEPOSITION**

was served upon all counsel of record listed below via email transmission.

QIANWU YANG
<u>yang@shm.law</u>
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

Jing Chen
<u>chenjingitc@lantai.cn</u>
LANTAI PARTNERS (QIANHAI) LAW FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern Service
Industry Cooperation Zone, Nanshan, Shenzhen,
China 518052
Telephone: +86 135 2872 3799

**Attorneys for Defendant and counterclaimant**
**XIANGHUO**

Dated: January 13, 2026

<u>/s/Oscar Lam</u>
Oscar Lam
*Law Clerk to*
*Attorneys for Plaintiff*

6