# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

                Plaintiff,

   v.

Dongguan Xianghuo Trading Co., Ltd.

d.b.a. XIANGHUO,

        Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

## STATUS REPORT

Pursuant to Dkt. 69, the parties submit the following status report.

## I. Nature of the Case

### A. Nature of the Claims

Plaintiff alleges design patent infringement against defendant Chinese re-seller Dongguan Xianghuo Trading Co., Ltd. dba Xianghuo.

Defendant Xianghuo in its Counterclaim, requests declaratory judgment of (1) non-infringement; (2) invalidity; and (3) unenforceability; and asserts a state law claim of (4) tortious interference.

### B. Major Issues

(1) Infringement of the Asserted Patent;

(2) Amount of damages Plaintiff suffered as a result of Defendant's infringement;

(3) Validity of the Asserted Patent;

(4) Enforceability of the Asserted Patent;

(5) Whether Plaintiff's conduct constitutes tortious interference;

(6) Amount of damages Xianghuo may recover from Plaintiff's tortious interference.

**C. Reliefs Sought**

Reliefs sought by Plaintiff include compensatory damages, attorney's fees, and costs of suit for patent infringement.

Reliefs sought by Defendant and Counterclaimant Xianghuo include:

(1) A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Xianghuo's Non-Infringing Products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the D1,054,752 S Patent;

(2) A judgment declaring that U.S. Patent No. D1,054,752 S is invalid;

(3) A judgment declaring that U.S. Patent No. D1,054,752 S is unenforceable;

(4) A permanent injunction enjoining Plaintiff from asserting the D1,054,752 S Patent against Xianghuo's Non-Infringing Products;

(5) An award of compensatory damages sufficient to make Xianghuo whole for the harm caused by Counterdefendant's conduct;

(6) An award of punitive damages in an amount to be determined at trial;

(7)   An award of reasonable attorneys' fees, to the extent authorized by law;

(8) An award of Xianghuo's costs in this action;

(9) All such other and further relief as the Court may deem just and proper.

**II. Status Of The Case**

### A. Pending Motions

**Plaintiff's Statement**

There are four pending motions by Plaintiff, (1) a motion to dismiss the counterclaim for failure to state a claim, (2) a motion to strike the insufficiently pled affirmative defenses, (3) a motion to compel discovery responses, and (4) a motion for leave to amend complaint.

*Plaintiff respectfully requests the Court set briefing schedules for these four motions*. The first two motions would trim pleading and streamline discovery. The third motion would clear obstacles Defendant has placed in the discovery process.

Defendant has withdrawn its premature and bad-faith motion for summary judgement.

**Defendant's Statement**

On January 19, 2026, in response to the Minute Entry in Dkt. 71, Defendant filed a Notice Regarding Motion for Summary Judgment, stating that Defendant intends to withdraw its Motion for Summary Judgment (Dkt. 51) without prejudice in light of the Court's Order on Plaintiff's motion to withdraw admissions, and Defendant intends to revise its motion for summary judgment accordingly and file a Renewed Motion for Summary Judgment in due course.

### B. Progress of Discovery

**Plaintiff's Statement**

### A. Plaintiff's Written Discovery Requests

Plaintiff has propounded his first set of interrogatories, requests for admission, and request for document production.

Defendant Chinese Reseller should be compelled to (1) produce documents; (2) produce interrogatory responses; and (3) make it witness available for a Rule 30 (b)(6) deposition. **So far, Defendant Chinese Reseller has produces *zero document and zero interrogatory response*,** in addition to insisting that no deposition could take place before April 20, 2026.

Defendant Chinese Reseller's excuses for not responding to discovery have been ever-changing. Most recently, Defendant Chinese Reseller asserts that because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in the Court's initial scheduling order, Defendant Chinese Reseller is not required to provide any discovery response, period. There exists no known authority remotely supporting Defendant Chinese Reseller broad, absolute assertion of entitlement not to produce any discovery responses.

The two authorities cited by Defendant for not produce any discovery responses are false and unrelated.

*Aharon v. Babu*, No. 22 CV 4502, 2023 WL 12037915, at *2 n.1 (N.D. Ill. Oct. 27, 2023) is about the adequacy of discovery responses. There, the district court

analyzed the responses provided and found them adequate. That case does not authorize not providing responses altogether.

*Solesby-Funmaker v. Hautamaki*, No. 18-CV-1205-JPS, 2019 WL 3306116, at *1 n.1 (E.D. Wis. July 23, 2019) is a civil right case brought by a prisoner, claiming that the warden restricted his mail. The district court dismissed the case for being meritless and denied discovery sanction requests in view of the dismissal.

### B. Deposition of Defendant's witnesses

Defendant Chinese Reseller's Rule 30 (b)(6) witness is also practically never available with the following excuses:

| Witness available per defendant? | Time period | Defendant's excuses |
|---|---|---|
| No. | January 2026 | Witness is pregnant. |
| No. | February 2026 | Witness and defendant's lawyers must celebrate Chinese holidays. |
| No. | March 2026 | Witness may give birth. |
| No. | April 2026 | Witness may be on maternity leave. |
| **Discovery closes in June 2026.** | | |

In sum, stalling discovery for the sole sake of stalling discovery, Defendant should be compelled to (1) produce documents; (2) respond to interrogatories; and (3) make its witness available for Rule 30 (b)(6) deposition in February 2026.

## Defendant's Statement

### 1.    Written Discovery

Plaintiff failed to propound his written discovery requests by October 31, 2025, as required by the Court's Order (ECF No. 50). Pursuant to the Court Order, Plaintiff is required to seek Court approval before issuing untimely discovery requests to Defendants.

On December 11, 2025, Plaintiff served Defendant with Plaintiff's first set of discovery requests.

On January 9, 2026, Defendant served Plaintiff with Defendant's objections and responses to Plaintiff's first set of discovery requests.

"[C]ase management depends on enforceable deadlines.... In managing their caseloads, district courts are entitled to—indeed they must—enforce deadlines." *Wine & Canvas Dev., LLC v. Muylle*, 868 F.3d 534, 539 (7th Cir. 2017) (quoting *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015)).

In Defendant's General Objections and email to Plaintiff, Defendant contends that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court. *See, e.g., Aharon v. Babu*, No. 22 CV 4502, 2023 WL 12037915, at *2 n.1 (N.D. Ill. Oct. 27, 2023); *see also Solesby-Funmaker v. Hautamaki*, No. 18-CV-1205-JPS, 2019 WL 3306116, at *1 n.1 (E.D. Wis. July 23, 2019) ("In light of Plaintiff's failure to follow the terms of the scheduling order, Defendants' failure to reply to the requests does not warrant sanctions or an order to compel.")

Therefore, Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court. Defendant contends that the dignity of the Court's orders must be upheld and that Defendant should not be permitted to repeatedly flout procedural requirements without consequence.

## 2. Deposition

On December 10, 2025, Plaintiff served Defendant with a Rule 30(b)(6) Notice of Deposition. Plaintiff's counsel—himself a Chinese—intentionally scheduled the deposition for 9:00 a.m. CST on February 17, 2026, which falls on Chinese New Year, the single most important holiday in China. This scheduling was made in bad faith and is unduly burdensome to Defendant.

On December 16, 2025, Plaintiff served Defendant with a Notice of Deposition of Ms. Lijun Zheng. Again, Plaintiff's counsel intentionally and in bad faith scheduled the deposition for 9:00 a.m. CST on February 18, 2026, which is during Chinese New Year.

During the parties' Zoom meetings and via email, counsel for Defendant explained that it is a well-established practice for depositions of witnesses located in mainland China to be conducted in Hong Kong and during Hong Kong business hours.

During the parties' meet and confer on December 26, 2025, counsel for Defendant explained to Plaintiff's counsel that its Rule 30(b)(6) witness, Ms. Lijun Zheng, is currently in the late stage of pregnancy and has an expected due date in mid-March 2026. Defendant requested a deposition date for late April 2026. Plaintiff's counsel rejected and is unwilling to move the deposition outside January or February 2026.

Plaintiff's insistence on taking deposition before the witness's due date demonstrates a lack of good faith and is unduly burdensome to Defendant. Fact discovery deadline is June 30, 2026. Defendant believes taking deposition of two months prior to the fact discovery deadline is reasonable and would not prejudice Plaintiff.

Therefore, Defendant requests that Rule 30(b)(6) deposition of Defendant be conducted in late April 2026, subject to the health condition of the witness, Ms. Lijun Zheng.

Defendant intends to await the Court's ruling on Defendant's Second Motion for Summary Judgment before determining whether deposition of Plaintiff is necessary.

### III. Settlement Discussions

**<u>Plaintiff's Statement</u>**

Plaintiff has invited Defendant to participate in a settlement conference with Judge Weisman, as well as making a counter settlement offer. Defendant refused both alternatives to resolve this case.

Plaintiff has made a Rule 68 offer of judgement regarding all pending claims by all parties in this case. Defendant rejected Plaintiff's offer of judgement.

Plaintiff requests an *in-person* settlement conference with Judge Weisman. There appears to exist a greater chance for settlement, because both parties have now received at least some discovery response from the other side.

**<u>Defendant's Statement</u>**

On December 11, 2025, Plaintiff served Defendant with an "offer of judgment." Defendant declined Plaintiff's "offer of judgement."

Defendant believes a settlement conference would not be productive at this time. However, Defendant defers to the Court's decision as to whether a settlement conference should be held.

### IV. Amending Pleadings and Adding Parties

**<u>Plaintiff's Statement</u>**

Plaintiff requests to replace defendant's alias with its true name Dongguan Xianghuo Trading Co., Ltd. (dba Xianghuo) in all documents and dockets in this case.

Plaintiff may also amend its complaint to add Denghao Qing, the sole shareholder, corporate officer, and director of Defendant company. See Dkt. 66.

The mutually agreeable deadline for amending complaint is June 26, 2026.

**<mark>Defendant's Statement</mark>**

Defendant may amend its counterclaims to add Plaintiff's licensee(s) as counterdefendant.

Respectfully submitted,

DATED: January 19, 2026

By: _____/s/_____

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and counter defendant*

CONG TAN

**SHM LAW FIRM**

DATED: January 19, 2026

By: _/s/ Qianwu Yang_____

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +86 13925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW
FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern
Service
Industry Cooperation Zone, Nanshan,
Shenzhen, China 518052
Telephone: +86 135 2872 3799

*Attorneys for Defendant and counterclaimant*
XIANGHUO

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the

Court's electronic filing system, which will serve all counsel of record.

Dated: January 19, 2026 _____

Oscar Lam

1