IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG TAN, <br><br> Plaintiff, <br><br> v. <br><br> XIANGHUO, <br><br> Defendants. | Case No. 1:25-cv-05003 <br><br> Judge: Hon. John J. Tharp Jr. <br><br> Magistrate Judge David Weisman |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO**
**(i) ADD DEFENDANT'S ALTER EGO ENTITY; AND**
<u>**(ii) REPLACE DEFENDANT'S ALIAS WITH ITS TRUE LEGAL NAME**</u>

**I. PRELIMINARY STATEMENT**

Because the stipulated deadline to amend complaint is June 26, 2026, under the liberal pleading standard, the Court should grant Plaintiff leave to file a First Amended Complaint to (1) replace Defendant's alias with its true legal name, and (2) add Defendant's alter ego entity as a defendant.

As background, Plaintiff Patent Owner sued to stop Defendant Chinese Reseller's infringement of his patented design. Because of that urgency, at the time of the filing of the complaint, Plaintiff Patent Owner was uncertain of Defendant Chinese

1

Reseller's true identity, but knew only its alias: Xianghuo, which was Defendant's Amazon store name.

Through recent discovery and the ensuing investigation, however, Plaintiff Patent Owner has identified the true legal name of Defendant Chinese Reseller: Dongguan Xianghuo Trading Co., Ltd. Thus, the docket and pleadings should be amended to reflect Defendant's true name.

Next, through recent discovery and the ensuing investigation, Plaintiff Patent Owner has also identified the alter ego of Defendant company: Mr. Denghao Qing—the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company. Thus, Plaintiff should be allowed to amend the Complaint to add alter ego allegations and Mr. Qing as a defendant.

## II. LEGAL STANDARD

"Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). That rule provides that courts 'should freely give leave when justice so requires.'" *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (citing *Soltys v. Costello*, 520 F.3d 737, 742-43 (7th Cir. 2008) (discussing the standard)).

"[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Childress v. Walker* (7th Cir. 2015) 787 F.3d 433, 441. (citing

*Bausch v. Stryker Corp.* (7th Cir. 2010) 630 F.3d 546, 562.)

### III. DISCUSSIONS

When the deadline for amending a complaint has not expired, the leave to amend should be granted "unless there is a good reason not to, such as "futility, undue delay, prejudice, or bad faith.'" *Law Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022) (quoting *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020)).

Here, the stipulated deadline to amend complaint is June 2026. Dkt. 56. The Court has not imposed an earlier deadline. See Dkt. 61. Thus, leave to amend should be granted "unless there is a good reason not to, such as 'futility, undue delay, prejudice, or bad faith.'" *Law Offs. of David Freydin, P.C.*, 24 F.4th at 1133.

### A. The Proposed Amendment Would Not Be Futile.

As a threshold matter, futility at the amendment of pleadings stage is a high hurdle. *Schaefer-LaRose v. Eli Lilly & Co.*, No. 1:07-cv-1133-SEB-TAB, 2008 U.S. Dist. LEXIS 25293, 2008 WL 746399, at *1 (S.D. Ind. Feb. 25, 2008). Proposed allegations are futile only if they would fail to state a claim upon which relief could be granted. *Wallace v. Free Software Found., Inc.*, No. 1:05-cv-0618-JDT-TAB, 2006 U.S. Dist. LEXIS 53003, 2006 WL 2038644, at *4 (S.D. Ind. Mar. 20, 2006).

Alter ego liability is well recognized in patent infringement cases. "It has long

been held that 35 U.S.C. § 271 allows patent owners to bring suit against both corporations and officers of corporations for direct infringement and inducing infringement. Officers of corporations may be held personally liable for direct patent infringement if the corporation was merely an alter ego of its officers or if a court decides that equity requires piercing the corporate veil. An officer may be held liable for inducing infringement if that officer possessed specific intent to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement." *Davila v. Arlasky* (N.D.Ill. 1994) 857 F.Supp. 1258, 1265 (citing *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990)).

     Here, the proposed amendments (Declaration of Zheng Liu, Exhibit C) would plausibly state at least a claim of direct infringement against Mr. Qing under the alter ego theory. The proposed amendments allege that Mr. Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company; that no other corporate officer, director, or shareholder exists in Defendant company, and that no one else other than Mr. Qing controls Defendant company. These allegations are supported by both verified public records (Exhibits A-B) and Defendant company's own judicial admission (Dkt. 66[1]). Thus, the proposed amendments against Mr. Qing

---

[1] Dkt. 66, Notification of Affiliate filed by Defendant stats that "Defendant Xianghuo has no parent corporation, and no publicly held corporation owns 10% or more of its stock. Mr. Denghao Qing, is the sole affiliate of Defendant Xianghuo that owns 5% or more of the company."]

4

under the alter ego theory would not be futile.

### B. The Proposed Amendment Would Not Unduly Prejudice Defendant.

"An amended pleading is less likely to cause prejudice if it comes without delay or asserts claims related to allegations asserted in prior pleadings." *Allen v. Brown Advisory, LLC* (7th Cir. 2022) 41 F.4th 843, 853. "Nearly every amendment results in some prejudice. Therefore, the test is whether *undue* prejudice will result." *Ash v Theros Int'l Gaming, Inc.*, 2001 U.S. Dist. LEXIS 10952, No. 99 C 5140, 2001 WL 869621, at *3 (N.D. Ill. Aug. 1, 2001)(emphasis added). Here, the proposed alter ego amendments would not unduly prejudice either Mr. Qing or Defendant Company.

#### a. The proposed amendments are "related to allegations asserted in prior pleadings."

Here, the proposed amendments track the existing direct patent infringement claim as stated in the original complaint. The proposed amendments do not add unrelated state law causes of action, nor unrelated third parties (for example, a user of the infringing device, a different infringing reseller, or a third-party online marketplace).

#### b. The proposed alter ego defendant Mr. Qing has long had notice of this lawsuit and his potential liability.

As the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company, Mr. Qing cannot credibly argue that he does not know about this lawsuit. Indeed, Mr. Qing knew about this lawsuit and his potential

5

liability since its inception.

### c. The amendments are proposed without delay.

Here, Plaintiff proposes the alter ego amendments within one week after receiving verified discovery responses from Defendant company. Namely, in the evening of January 9, 2025, Defendant company responded to some of Plaintiff's Requests for Admissions, which ascertained Defendant company's true legal name. Between January 10, 2025, and January 17, 2025, Plaintiff investigated the ownership, officership, directorship of Defendant company through government-operated search engine (e.g., National Enterprise Credit Information Publicity System, https://www.gsxt.gov.cn/index.html) and open-source information.

On January 17, 2025, Plaintiff obtained documentary proof that Mr. Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company. See Exhibits B-C.

There is no undue delay. This motion is being made in less than 10 days after Defendant company verified that Mr. Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company.

In sum, the proposed alter ego amendments would not unduly prejudice either Mr. Qing or the Defendant Company.

///

## C. The Proposed Amendment Was Not Made In Bad Faith.

Bad faith may be found when proposed amendments lack factual or legal foundation. *See Figgie Int'l, Inc. v. Miller* (7th Cir. 1992) 966 F.2d 1178 (denying leave to amend when the proposed amendments lack factual support). When a party promptly seeks leave to amend after acquiring new evidence through discovery, bad faith is usually not found *See Wis. Aluminum Foundry Co., Inc. v. Whipple Indus., Inc.* (E.D.Wis. Sep. 22, 2025, No. 24-CV-1093) 2025 LX 484431) (finding no bad faith when the moving party "acquired new evidence through discovery and then promptly sought leave to amend.")

Here, the proposed alter ego amendments were made in good faith. Plaintiff filed this case to stop Defendant Chinese Reseller's ongoing infringement. Given that urgency, at the time of the filing of the complaint, Plaintiff Patent Owner was uncertain of Defendant Chinese Reseller's true identity, but knew only its alias: Xianghuo, which was Defendant's Amazon store name.

Immediately after Defendant company verified its true legal name and ownership in its discovery responses, Plaintiff investigated the ownership, officership, directorship of Defendant company through government-operated search engine (e.g., National Enterprise Credit Information Publicity System, https://www.gsxt.gov.cn/index.html) and open-source information.

On January 17, 2025, Plaintiff obtained documentary proof that Mr. Qing is the

7

CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company. (Exhibits B-C, the English translation of Defendant company's public disclosure files, and the original documents written in Chinese, respectively.)

Further, the proposed amendments have both factual and legal support. Factually, documentary evidence show that Mr. Qing is the alter ego of the Defendant Company: Mr. Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant company. (Exhibits B-C.) Legally, alter ego liability is well recognized in patent infringement cases. *See infra* at 3-4; *Manville Sales Corp.*, 917 F.2d at 553. ("Officers of corporations may be held personally liable for direct patent infringement if the corporation was merely an alter ego of its officers or if a court decides that equity requires piercing the corporate veil.")

In sum, the proposed alter ego amendments should be allowed because there exists no bad faith.

### III. CONCLUSION

Leave to amend should be granted: Plaintiff's proposed alter ego amendments are brought as soon as the supporting facts were ascertained by discovery and early on under the case scheduling order, and have well-founded legal and factual support.

///

///

Date: January 19, 2026 Respectfully submitted,

_____/s/_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
Tel.: (650) 475-6289
