# EXHIBIT 8

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,535 | 09/22/2025 | D1054752 | Storage Box | 6141 |

7590          11/17/2025
Raymond Yat Chan
108 North Ynez Avenue, Suite 128
Monterey Park, 91754
CANADA

| EXAMINER |
|---|
| LY, DARLINGTON |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2914 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/17/2025 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

KA Filing LLC
2112 W. Marjory Ave
Tampa, FLORIDA 33606

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/015,535* .

PATENT UNDER REEXAMINATION *D1054752* .

ART UNIT *2914* .

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting Request For Ex Parte Reexamination* | Control No. 90/015,535 | Patent Under Reexamination D1054752 | |
|---|---|---|---|
| | Examiner DARLINGTON LY | Art Unit 2914 | AIA (FITF) Status Yes |

***--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

The request for *ex parte* reexamination filed <u>09/22/2025</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments:   a)☐   PTO-892,   b)☒   PTO/SB/08,   c)☐   Other: ____

1. ☒   The request for *ex parte* reexamination is GRANTED.

    RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional):  TWO MONTHS  from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

| /DARLINGTON LY/<br>Primary Examiner, Art Unit 2914 | /BRETT MILLER/<br>Examiner, Art Unit 2918 | /Philip S Hyder/<br>Primary Examiner, Art Unit 2917 |
|---|---|---|

cc:Requester ( if third party requester )

U.S. Patent and Trademark Office
PTOL-471G(Rev. 01-13)                **Office Action in *Ex Parte* Reexamination**                Part of Paper No. 20251116

Application/Control Number: 90/015,535  Page 2
Art Unit: 2914

# Decision Granting Ex Parte Reexamination

**I. Remarks**

A substantial new question of patentability affecting the claim of United States Patent No. D1,054,752 (hereinafter '752 Patent) is raised by the request for Ex Parte reexamination.

The claim in the above patent is directed to a STORAGE BOX. In this request for reexamination, the requester has cited three (3) publicly accessible references for consideration. The cited references have been evaluated on whether there is a substantial likelihood that a reasonable examiner would consider their teachings important in deciding patentability of the claim. A determination as to whether the references raise a new question of patentability has been reached. Further details in the decision to grant an Ex Parte reexamination are set forth below.

**II. References Cited in the Request**

In the request for reexamination of the single claim of the '752 patent, the requestor cited the following:

1) <u>3 Tier Stackable Storage Bins with Lids, 23Qt Plastic Storage Containers with Magnetic Doors & Wheels, Convenient Storage Bins Closet Organizers, Household Organization for Home, Party, Office, Dorm</u> by CTSNSLH. Published 2022, August 25 on Amazon. (Hereinafter, the CTSNSLH product).

2) <u>JONYJ Storage Bins with Lid 23Qt, 3 Packs Stackable Storage Bins with Wheels, Magnetic Door, Leather Handle, Plastic Storage Containers for Bedroom, Living Room</u> by JONJY. Published 2023, February 17 on Amazon. (Hereinafter, the JONYJ product).

3) <u>Chinese Design Patent No. CN307420904</u>. Published 2022, March 12. (Hereinafter, the '904 China Patent).

In the request, the requestor has asserted that the references raise a substantial new question of patentability of the claim in the '752 patent. The requestor argues

that the claimed design in the '752 patent is "unpatentable" as being anticipated and/or rendered obvious by the provided references. The examiner has carefully evaluated the reference and has reach the below determination.

### III.  Claim Construction of the '752 Patent

Design patent D1,054,752 is directed to the ornamental design for a Storage Box, and it has an effective filing date of Marc. 12, 2024.  The Storage Box claimed in D1,054,752 is rectangular prism shaped storage container which is wider than it is deep **(A)**, and is slightly shorter than it is deep. A flip down door **(B)** is located on the front surface, and the door has center panel covered with an arrangement of vertical ribs.  The rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles **(C)**, and a latch **(D)** is positioned adjacent the top edge.  The top surface is flat **(E)** aside from a raised rim **(F)** along all four edges. A coaster **(G)** is located at the base of each of the four corners.



## IV. Substantial New Questions of Patentability

When considering whether a substantial new question of patentability is raised by the reference cited in the request, the reference does not need to demonstrate all of the characteristic features of the claimed design. Reexamination can be warranted if the request demonstrates that one or more teachings in their reference were not aspects given appropriate consideration. Thus, the bar for a grant for reexamination is rather low from the standpoint that the request must only show evidence that a characteristic feature was not sufficiently considered. In this request, each of the references not only fulfills that low bar at identifying at least one relevant teaching that would be considered important, but also presents an article with an overall appearance that is significantly similar as the claimed design of the '752 patent.

### A. <u>CTSNSLH product – SNQ Raised</u>

The CTSNSLH product reference raises a substantial new question of patentability regarding the claim in design patent D1,054,752.

  

Application/Control Number: 90/015,535 Page 5
Art Unit: 2914




56  The CTSNSLH product listing on Amazon discloses a set of three storage bins
57  that are designed to be reconfigurable so they can be used in stacks two or three,
58  or they can even be used individually. The set includes a set of coasters which can
59  be mounted to the base of one of the storage boxes. When configured as a single
60  storage box with wheels mounted at the bottom, this reference presents a design
61  having overall appearance that is so similar to the design in D1,054,752 that it
62  would raise the question of anticipation under 35 U.S.C. 102. If there are any
63  concerns that the reconfiguration to the parts extends beyond the realm of
64  anticipation, this reference may also be employed as single reference in a
65  determination of obviousness under 35 U.S.C. 103. The standard for obvious less
66  stringent than anticipation and merely requires "something in existence having an
67  overall appearance with design characteristics that are visually similar to those of
68  the claimed design" Standard.

The CTSNSLH product is considered to be both strikingly similar and visually similar to the '752 design because it discloses a set of rectangular prism shaped storage container. Any one of the three containers can be used individually, and all three have a flip down door located on its front surface. The door has center panel covered with an arrangement of vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of

concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges, the set includes four coaster wheels which can be mounted to the base on any one of the storage boxes.

This reference was neither considered nor addressed in the prior examination of the patent or in a final holding of invalidity by the Federal Courts. There is a substantial likelihood that a reasonable examiner would consider this reference important in deciding whether or not the claim is patentable. Therefore, this reference is sufficient to raise a substantial new question of patentability.

### B. JONYJ product – SNQ Raised

The JONYJ product reference raises a substantial new question of patentability regarding the claim in design patent D1,054,752.



Application/Control Number: 90/015,535 Page 7
Art Unit: 2914

72   The JONYJ product on Amazon discloses a set of three storage bins that are
73 designed to be reconfigurable so they can be used in stacks two or three, or they
74 can even be used individually. The set includes a set of coasters which can be
75 mounted to the base of one of the storage boxes. When configured as a single
76 storage box with wheels mounted at the bottom, this reference presents a design
77 having overall appearance that is so similar to the design in D1,054,752 that it
78 would raise the question of anticipation under 35 U.S.C. 102. If there are any
79 concerns that the reconfiguration to the parts (moving the wheels from the triple
80 stack to the single bin) extends beyond the realm of anticipation, this reference
81 may also be employed as single reference in a determination of obviousness under
82 35 U.S.C. 103. The standard for obvious less stringent than anticipation and merely
83 requires "something in existence having an overall appearance with design
84 characteristics that are visually similar to those of the claimed design" Standard.

85   The JONYJ product is considered to be both strikingly similar and visually
86 similar to the '752 design because it discloses a set of rectangular prism shaped
87 storage container. Any one of the three containers can be used individually, and all
88 three have a flip down door located on its front surface. The door has center panel
89 covered with an arrangement of vertical ribs, and the rear surface has a similarly
90 ribbed center panel. The two end surfaces have an aesthetic design element of
91 concentric rectangles, and a latch near the top edge. The top surface is flat aside
92 from a raised rim along all four edges, the set includes four coaster wheels which
93 can be mounted to the base on any one of the storage boxes.

94   This reference was neither considered nor addressed in the prior examination
95 of the patent or in a final holding of invalidity by the Federal Courts. There is a
96 substantial likelihood that a reasonable examiner would consider this reference
97 important in deciding whether or not the claim is patentable. Therefore, this
98 reference is sufficient to raise a substantial new question of patentability.

## C. **Chinese Design patent CN 307420904 – SNQ Raised**

The CN 307420904 reference raises a substantial new question of patentability regarding the claim in design patent D1,054,752.

The CN 307420904 storage box does not present an overall appearance that is so similar to the design in D1,054,752 that it would raise the question of anticipation under 35 U.S.C. 102. This storage box lacks coaster wheels so it needs secondary art to address the difference. This reference is sufficient to fill the role of a primary reference in a determination of obviousness under 35 U.S.C. 103. The standard for obvious less stringent than anticipation and merely requires "something in existence having an overall appearance with design characteristics that are visually similar to those of the claimed design".

The CN 307420904 design is considered to be visually similar to the '752 design because it discloses a rectangular prism shaped storage container. The flip down door of the container has center panel covered with vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges. This reference differs from '752 because it lacks coaster wheels and its bottom surface is different. However, the coaster wheels can likely be addressed by a secondary reference, and the differences in the appearance of the bottom surface does not diminish the fact that the appearances of the other five sides of the design are the same, or at least, close to the same.

This reference was neither considered nor addressed in the prior examination of the patent or in a final holding of invalidity by the Federal Courts. There is a substantial likelihood that a reasonable examiner would consider this reference important in deciding whether or not the claim is patentable. Therefore, this reference is sufficient to raise a substantial new question of patentability.

Application/Control Number: 90/015,535 Page 9
Art Unit: 2914



126    **V. Additional Information**

127    Extensions of time under 37 CFR § 1.136(a) will not be permitted in these
128    proceedings because the provisions of 37 CFR § 1.136 apply only to "an applicant"
129    and not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305
130    requires that ex parte reexamination proceedings "will be conducted with special
131    dispatch" (37 CFR § 1.550(a)).  Extensions of time in ex parte reexamination
132    proceedings are provided for in 37 CFR § 1.550(c).

## VI. Litigation Activity

The patent owner is reminded of the continuing responsibility under 37 CFR § 1.565(a), to apprise the Office of <u>any litigation activity, or other prior or concurrent proceeding</u>, involving the '752 Patent throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

## VII. Conclusion

In summary, the reference submitted by the requester raises a substantial new question of patentability affecting the claim of United States Patent Number D1,054,752.

## VIII. Contact Information

**All** correspondence relating to this ex parte reexamination proceeding should be directed:

|  |  |
|---|---|
| By **U.S. Mail** to: | Mail Stop *Ex Parte* Reexam |
|  | Central Reexamination Unit |
|  | Commissioner for Patents |
|  | P.O. Box 1450 |
|  | Alexandria, Virginia 22313-1450 |
| By FAX to: | (571) 273-9900 |
|  | Central Reexamination Unit |
| By hand: | Customer Service Window |
|  | Attn: Central Reexamination Unit |
|  | Randolph Building, Lobby Level |
|  | 401 Dulany Street |
|  | Alexandria, VA 22314 |

Any inquiry concerning this communication should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Application/Control Number: 90/015,535 Page 11
Art Unit: 2914

/DARLINGTON LY/
Primary Examiner, Art Unit 2914

Conferees:

/BRETT MILLER/
Examiner, Art Unit 2918


/Philip S Hyder/
Primary Examiner, Art Unit 2917