UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>        Plaintiff,<br><br>        v.<br><br>XIANGHUO<br><br>        Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |
| XIANGHUO,<br><br>        Counterclaimant,<br><br>        v.<br><br>CONG TAN<br><br>        Counterdefendant. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

III. ARGUMENT .................................................................................................................. 2

    A. No Reasonable Trier of Fact Could Find That Plaintiff's Design Patent Is Valid in Light of Prior Art ................................................................................................................ 2

        1. Storage Bin Product on Sale on Amazon Anticipates the Patent-in-Suit .............. 2

        2. Chinese Design Patent CN307420904S Anticipates the Patent-in-Suit ............... 3

    B. No Reasonable Trier of Fact Could Find That Defendant's Accused Products Infringe Plaintiff's Design Patent ................................................................................................... 6

        1. A Judgment of Invalidity Necessarily Moots the Issue of Infringement ............... 6

        2. Some of the Accused Products Are Not Substantially the Same as the Patent-in-Suit ....................................................................................................................... 6

IV. CONCLUSION ............................................................................................................... 8

TABLE OF AUTHORITIES

Page(s)

CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)......................................................................................................2

*Ateliers de la Haute-Garonne v. Broetje Automation USA Inc.*,
    717 F.3d 1351 (Fed. Cir. 2013).....................................................................................2

*Bordelon v. Chi. Sch. Reform Bd. of Trs.*,
    233 F.3d 524 (7th Cir. 2000).........................................................................................2

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
    543 F.3d 665 (Fed. Cir. 2008)......................................................................................6

*Gordon v. FedEx Freight, Inc.*,
    674 F.3d 769 (7th Cir. 2012).........................................................................................1

*Gorham Mfg. Co. v. White*,
    81 U.S. 511 (1871)........................................................................................................2

*Int'l Seaway Trading Corp. v. Walgreens Corp.*,
    589 F.3d 1233 (Fed. Cir. 2009)....................................................................................2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)......................................................................................................1

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
    374 F.3d 1151 (Fed. Cir. 2004)....................................................................................6

STATUTES

35 U.S.C. § 102(a).................................................................................................................2

RULES

Fed. R. Civ. P. 56(a).............................................................................................................. 1

Defendant Xianghuo ("Defendant" or "Xianghuo"), through its undersigned counsel, hereby respectfully submits this Memorandum of Law in support of its Renewed Motion for Summary Judgment.

## I. INTRODUCTION

Plaintiff's Complaint against Defendant includes one claim: design patent infringement (Count I). Defendant's Counterclaims against Plaintiff includes four claims: declaratory judgment of non-infringement (Count I), declaratory judgment of invalidity (Count II), declaratory judgment of unenforceability (Count III), and tortious interference (Count IV). Defendant respectfully moves the Court for summary judgment of (1) non-infringement of Defendant's Accused Products (on Count I of Plaintiff's Complaint and Count I of Defendant's Counterclaims); and (2) invalidity of the Patent-in-Suit (on Count II of Defendant's Counterclaims).

As discussed in detail below, Plaintiff's claimed design patent is invalid in light of prior art. A judgment of invalidity necessarily moots the issue of infringement. It is worth noting that the USPTO has granted an ex parte reexamination of the Patent-in-Suit on November 17, 2025 (Application No. 90/015,535) because the requester has raised a substantial new question of patentability. See Statement of Facts ("SOF") ¶ 4.

Therefore, because no material facts are in dispute, because Plaintiff's claimed design patent is invalid as a matter of law, and because Defendant's Accused Products do not infringe Plaintiff's claimed design patent as a matter of law, Defendant respectfully requests this Court grant summary judgment in Defendant's favor.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to survive summary judgment, the nonmoving party must

"do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Notably, a court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statements." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

## III. ARGUMENT

**A. No Reasonable Trier of Fact Could Find That Plaintiff's Design Patent Is Valid in Light of Prior Art**

"To invalidate a patent on summary judgment, the moving party must submit such clear and convincing evidence of invalidity that no reasonable trier of fact could find otherwise." *Ateliers de la Haute-Garonne v. Broetje Automation USA Inc.*, 717 F.3d 1351, 1356 (Fed. Cir. 2013).

A patent is invalid if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." See 35 U.S.C. § 102(a).

The test for infringement and anticipation is the same. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009). "[T]hat which infringes, if later, would anticipate, if earlier." *Id.*

The "ordinary observer" test" is adopted in design patent infringement cases: "[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two

2

designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871).

**1. Storage Bin Product on Sale on Amazon Anticipates the Patent-in-Suit**

Storage bin product on Amazon, the "3 Tier Stackable Storage Bins with Lids" (ASIN B0B67PCFLQ), was publicly available on sale on Amazon no later than August 26, 2022. SOF ¶ 9. This prior art reference was neither considered nor addressed during patent prosecution. SOF ¶ 10.

The Patent-in-Suit is substantially the same as Amazon listing with ASIN B0B67PCFLQ. See Exhibit 3 to the SOF. The Amazon listing with ASIN B0B67PCFLQ discloses a set of rectangular prism shaped storage box. Any one of the three boxes can be used individually, and all three have a flip down door located on its front surface. The door has center panel covered with an arrangement of vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges, the set includes four coaster wheels which can be mounted to the base on any one of the storage boxes.

Moreover, Plaintiff asserts that Defendant's Accused Products infringe the Patent-in-Suit, indicating that Plaintiff believes that the Accused Products are substantially the same in all respects relating to the Patent-in-Suit. On the other hand, Accused Products with ASINs B0CHRP96MS, B0CC5YKT2T, B0CFQG78HJ and B0DLNSMWHX have the same design as Amazon listing with ASIN B0B67PCFLQ. See SOF ¶ 11. Thus, Plaintiff implicitly concedes that Amazon listing with ASIN B0B67PCFLQ is identical in overall visual impression to Patent-in-Suit.

Therefore, Amazon listing with ASIN B0B67PCFLQ anticipates the Patent-in-Suit and renders the Patent-in-Suit invalid.

**2. Chinese Design Patent CN307420904S Anticipates the Patent-in-Suit**

Chinese design patent CN307420904S was issued and published on June 28, 2022, before the effective filing date of the Patent-in-Suit. SOF ¶ 13. This prior art reference was neither considered nor addressed during patent prosecution. SOF ¶ 14.

The Patent-in-Suit is substantially the same as Chinese design patent CN307420904S. See Exhibit 7 to the SOF. Chinese design patent CN307420904S discloses a rectangular prism shaped storage container. The flip down door of the container has center panel covered with vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges. The only difference between Chinese design patent CN307420904S and the Patent-in-Suit is that Chinese design patent CN307420904S lacks coaster wheels.

Thus, Chinese design patent CN307420904S anticipates the Patent-in-Suit and renders the Patent-in-Suit invalid.



Patent-in-Suit – Figure 9



CN307420904S - Design 1 Perspective View


Amazon listing - 3 Tier Stackable Storage Bins with Lids   (ASIN B0B67PCFLQ)

Therefore, Amazon listing with ASIN B0B67PCFLQ and Chinese design patent CN307420904S anticipates the Patent-in-Suit. Defendant is entitled to judgment as a matter of law that the Patent-in-Suit is invalid.

**B. No Reasonable Trier of Fact Could Find That Defendant's Accused Products Infringe Plaintiff's Design Patent**

**1. A Judgment of Invalidity Necessarily Moots the Issue of Infringement**

"[A]lthough a judgment of non-infringement does not necessarily moot validity issues on appeal, a judgment of invalidity necessarily moots the issue of infringement ... because a determination of infringement applies only to a specific accused product or process, whereas invalidity operates as a complete defense to infringement for any product, forever." *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004).

As discussed above, no reasonable trier of fact could find that Plaintiff's design patent is valid in light of prior art. Accordingly, Defendant is entitled to judgment as a matter of law that Defendant's Accused Products alleged by Plaintiff do not infringe the Patent-in-Suit.

**2. Some of the Accused Products Are Not Substantially the Same as the Patent-in-Suit**

Summary judgment of non-infringement in a design patent infringement case is appropriate when a court determines "no reasonable fact-finder could find that [the plaintiff] met its burden of showing, by a preponderance of the evidence, that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682 (Fed. Cir. 2008).

"[T]he ordinary observer is deemed to view the differences between the patented design and the accused product in the context of the prior art. When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art. And when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).

Even assuming arguendo that the Patent-in-Suit is valid, Defendant is entitled to judgment as a matter of law that Defendant's Accused Products alleged by Plaintiff do not infringe the Patent-in-Suit. As can be clearly seen in Exhibit 6 to the SOF, the side view of Accused Products B0DK91X37C, B0D6QRMDQ6, B0DRVVDW4V, B0DJTDGDHG, B0DGXMZGKK, and B0DK926KVX do not have an aesthetic design element of concentric rectangles. See SOF ¶ 7. The design of the side view of the Accused Products B0DK91X37C, B0D6QRMDQ6, B0DRVVDW4V, B0DJTDGDHG, B0DGXMZGKK, and B0DK926KVX and the Patent-in-Suit are so different that no reasonable factfinder could find that in the eye of an ordinary observer, the Accused Products are substantially the same as the Patent-in-Suit. Also, Accused Product B0DGXMZGKK has two doors while the Patent-in-Suit has only one

door. See SOF ¶ 8. It clearly cannot be viewed as substantially the same as the Patent-in-Suit in the eye of an ordinary observer.



Defendant's Accused Product - ASIN B0DGXMZGKK

Therefore, summary judgment should be granted in Defendant's favor as to the issue of non-infringement.

### IV. CONCLUSION

For at least the above reasons, Defendant respectfully requests the Court grant summary judgment in Defendant's favor.

Respectfully submitted,

DATED: January 21, 2026   **SHM LAW FIRM**

By:    */s/Qianwu Yang*
      QIANWU YANG
      yang@shm.law
      3000 El Camino Real
      Building 4, Suite 200

8

Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +86 13925212009

*Attorney for Defendant and Counterclaimant*
XIANGHUO

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: January 21, 2026

*/s/Qianwu Yang*

Qianwu Yang
