## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CONG TAN,

                    Plaintiff,

v.

XIANGHUO,

                    Defendants.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge David Weisman

## PLAINTIFFS' *RENEWED* MOTION TO DEFER BRIEFING OF DEFENDANTS' *SECOND* MOTION FOR SUMMARY JUDGMENT TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER

### I. PRELIMINARY STATEMENT

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288,1295 (Fed. Cir. 2010); *Five Star Gourmet*, 2019 WL 1260634, at *3. Fact discovery is thus crucial in a design patent case like this one.

In *Smith v. OSF Healthcare Sys.* (7th Cir. 2019) 933 F.3d 859, the Seventh Circuit reversed the district court's denial of Plaintiff's Fed. R. Civ. P. 56(d) motion to defer briefing on Defendant's summary judgment motion, because Plaintiff's fact discovery was ongoing, because Plaintiff had been diligent in pursuing discovery, and because Plaintiff's discovery would not have been futile.

The Seventh Circuit's holding in *Smith* requires the same conclusion here: the Court should defer briefing and consideration of Defendant's ***second*** premature summary judgment motion. Because Defendant has willfully refused to respond to all Plaintiff's pending discovery requests and because factual issue remains as to the validity to Defendant's purported prior art.

## II. FACTS

Two days after Plaintiff responded to Defendant's discovery requests, and one day after Plaintiff propounded his own discovery requests on Defendant, Defendant filed its first motion for summary judgment. (Dkt. 53) Defendant then withdraw its first motion for summary judgment. (Dkt. 73.)

After a discovery dispute arose because Defendant has produced *zero document and zero interrogatory response*, in addition to insisting that no deposition could take place before April 20, 2026, Defendant filed its second motion for summary judgment. (Dkt. 53) Defendant then withdraw its first motion for summary judgment. (Dkt. 79.) Defendant's Second Summary Judgment Motion is substantially similar to the First Summary Judgment Motion.

Meanwhile, Defendant's repetitive summary judgment motions contradicts Judge Weisman's discovery scheduling order. The Discovery Scheduling Order (Dkt. 50) allows discovery until June 26, 2026, stating as follows:

**Close of fact discovery is 6/26/26. Court will set other dates when**

2

**necessary.** Defendant has issued Rule 26(a)(1) disclosures. Written discovery to issue by 10/31/25. Initial round of discovery requests shall be propounded pursuant to the Federal Rules of Civil Procedure, and any additional requests must be made either by agreement between the parties or with Court approval, which will be granted liberally earlier in the discovery process but only with explanation later in the discovery process. In-person status hearing set for 12/16/25 at 9:15 a.m. Joint status report due by noon 12/12/25 setting forth status of written discovery, a tentative schedule for depositions, and any other issues the parties wish to raise. Mailed notice (ao,)

(Excerpt from Judge Weisman's Discovery Scheduling Order, Dkt. 50.)

Defendant is of course free to file *two summary judgment motions in a row*, five and six months earlier than the deadline set in the agreed-upon schedule for the case. They are not free, however, to game the discovery process and to deprive Plaintiff of the discovery to which he is entitled before such a motion is presented to the Court for decision.

Under the current discovery schedule, Plaintiff has at least five more months to conduct fact discovery and obtain discovery responses from Defendant. To this end, in November 2025, Plaintiff conducted various internal meetings and fixed his discovery strategy; and on December 10, 2025, Plaintiff propounded his first set of interrogatories, first set of requests for admission, and first set of requests for document productions, in addition to noticing Defendant's Rule 30(b)(6) deposition.

Thus far, Defendant has not provided any response to Plaintiff's pending

discovery requests whatsoever. A motion to compel discovery response is pending

before Judge Weisman (Dkt. 72.)

Plaintiff has met and conferred with Defendant to schedule its 30(b)(6)

deposition. Defendant refused to provide any availability of its 30(b)(6) representative.

| Witness available per defendant? | Time period | Defendant's excuses |
|---|---|---|
| No. | January 2026 | Witness is pregnant. |
| No. | February 2026 | Witness and defendant's lawyers must celebrate Chinese holidays. |
| No. | March 2026 | Witness may give birth. |
| No. | April 2026 | Witness may be on maternity leave. |
| **Discovery closes in June 2026.** | | |

## II. DISCUSSIONS

### A. Deferring Ruling On A Summary Judgment Is Appropriate When Fact Discovery Has Not Been Completed.

"In the absence of a local rule or court order stating otherwise, Rule 56(b) allows

a party to move for summary judgment at any time until 30 days after

the close of discovery." *Spierer v. Rossman*, 798 F.3d 502, 506 (7th Cir.

2015) (citing Fed. R. Civ. P. 56(b)). "But moving for pre-discovery summary

judgment does not automatically mean that a court has to entertain the motion." *Id.* To

that point, "[a] district judge may delay consideration of a summary-judgment motion and order additional discovery if the requesting party demonstrates that 'it cannot present facts essential to justify its opposition.'" *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017) (quoting Fed. R. Civ. P. 56(d)); *see also Spierer*, 798 F.3d at 506 ("Rule 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment in order to allow for appropriate discovery to address matters raised by the motion."). [*5]  Specifically, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

This Court's scheduling order plainly contemplates that a comprehensive motion like this would be addressed after the carefully planned discovery is completed. Rule 56(d) allows the nonmoving party to submit an affidavit or declaration requesting the court to defer or deny judgment to allow for appropriate discovery to address matters raised by the motion. *Spierer v. Rossman*, 798 F.3d 502, 506-07 (7th Cir. 2015). In relevant part, Rule 56(d), provides that:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it . . . allow time to obtain affidavits or declarations or

to take discovery; or . . . issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Deferring consideration of a summary judgment motion under Rule 56(d) is a routine practice in this Circuit when a party has made a showing of good cause for their inability to respond to the motion. *See Nat'l Fire & Marine Ins. v. Lindemann*, No. 3:15-CV-910-DRHDGW, 2016 WL 6947066, at *1 (S.D. Ill. Jan. 26, 2016) (denying summary judgment motion with leave to re-file when nonmoving party had insufficient facts to respond and scheduling order provided for an additional eight months for fact discovery).

**B. Defendant Has Refused To Produce Any Discover Responses To Plaintiff.**

So far, Defendant Chinese Reseller has produces *zero document and zero interrogatory response*, in addition to insisting that no deposition could take place before April 20, 2026. A motion to compel Defendant to (1) produce documents; (2) produce interrogatory responses; and (3) make it witness available for a Rule 30 (b)(6) deposition is pending before Judge Weisman (Dkt. 72.)

Perhaps knowing that its defense is lacking, Defendant Chinese Reseller has relied heavily on gaming the discovery process[1]. ***First***, Defendant Chinese Reseller moved for a summary judgment motion (Dkt. 51) more than six months before the discovery was to close,

---

[1] In addition to gaming the discovery process, Defendant Chinese Reseller threatened to have the undersigned criminally prosecuted in China for prosecuting, according to Defendant, this baseless lawsuit. Defendant Chinese Reseller boasted that Plaintiff's previous counsel quit under the same threat of China criminal prosecution.

attempting to steal an undeserved win.

*Second*, Defendant Chinese Reseller refuses to produce—any document whatsoever—responsive to Plaintiff's first set of requests for document production. (**Exhibit A**; Defendant Chinese Reseller's blank response with no document produced.)

*Third*, Defendant Chinese Reseller refuses to respond to any of Plaintiff's first set of amended interrogatories[2]. (**Exhibit B**; Defendant Chinese Reseller's all-objections responses to interrogatories.)

*Fourth*, Defendant Chinese Reseller refuses to arrange a deposition of its Rule 30(b)(6) witness initially until May 20, 2026 (one month before discovery would close) and later April 20, 2026 with varying excuses.

Basically, the holidays and purported witness pregnancy render Defendant Chinese Reseller not able to produce any Rule 30(b)(6) witness. (**Exhibit C**; email thread showing that Defendant Chinese Reseller refuses to make its witness available for deposition.)

*Fifth*, Defendant Chinese Reseller insists that in the off chance that its Rule 30(b)(6) witness is available, the deposition must take place in Hong Kong. To give Defendant Chinese Reseller's fewer excuses to delay, Plaintiff has proposed Macau, because courts in this District have long sanctioned Macau as the "lawful[]" place to depose a 30(b)(6) witness who resides in China. See *Inventus Power v. Shenzhen Ace Battery* (N.D.Ill. 2021) 339 F.R.D. 487 (after examining international laws and treaties, the district court concluded that the depositions of defendant China company's 30(b)(6) witness and employee witnesses can all be lawfully deposed in

---

[2] The interrogatories were amended to correct an informality.

Macau). In fact, even when Plaintiff agreed that a Hong Kong deposition may be arranged, Defendant Chinese Reseller refused to make its witness available until April 20, 2026.

*Sixth*, Defendant Chinese Reseller provided no answer to a large number of Plaintiff's first set of requests for admissions, asserting that the responses were equally known to Plaintiff.

*Seventh*, Defendant Chinese Reseller's asserted reasons for not producing discovery responses are baseless. Initially, Defendant Chinese Reseller asserted that it need not produce discovery responses, because it would prevail on its pending summary judgment motion. Defendant Chinese Reseller's conviction notwithstanding, discovery has not been stayed, nor has Defendant Chinese Reseller even sought a stay; a party's mere belief, sincere or not, that it would prevail in a litigation has never been recognized as granting an automatic stay on discovery.

*Eighth*, the last straw that broke the camel's back, Defendant Chinese Reseller has now blanketly asserted that it need not produce discovery responses, because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in the Court's initial scheduling order, Plaintiff Patent Owner is not entitled to any discovery response in this litigation, period. (**Exhibit D**; Defendant Chinese Reseller insisting that "we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court.") Citing no authority remotely supporting its board assertion of non-discovery-responses, Defendant Chinese Reseller that an order from this Court compelling discovery responses from Defendant is required.

In sum, Defendant Chinese Reseller cannot deprive Plaintiff's right to prove his case and defend against Defendant's counterclaims by (1) refusing to produce discovery responses, and

(2) repeatedly moving for summary judgement well before fact discovery closes.

### C. Several Factual Issues Remaining Disputed, Discovery Is Necessary To Develop The Facts To Establish Infringement.

"Design patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288,1295 (Fed. Cir. 2010); *Five Star Gourmet*, 2019 WL 1260634, at *3 ("Ultimately, determining infringement, and an ordinary observer comparison, are matters for the trier of fact."). Determining whether a design patent is infringed is a two-step process. First, the court must construe the design patent's claim. *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Next, the fact-finder must compare the patented design and the accused design using the "ordinary observer" test. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008) (en banc)

A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016) (internal citation omitted). The hypothetical "ordinary observer" has knowledge of the prior art because the differences between the claimed and accused designs are viewed in light of the prior art. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 677-678). The accused infringer has the burden of production for the comparison prior art. *Egyptian Goddess*, 543 F.3d at 679. "The patented and accused designs do not have to be identical in order for design patent infringement to be found." *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Infringement can be

found literally or through the doctrine of equivalents. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1190 (Fed. Cir. 1988). Thus, the complaint need only allege, such as through visual comparisons, that an ordinary observer would be deceived by the similarity between the accused product and patent at issue. *See Hall*, 705 F.3d at 1363.

*First*, discovery is necessary to develop the facts to establish infringement or, for defendant, non-infringement. For example, the ordinary observer and their knowledge of the prior art must be established, the accused designs must be compared to the patented designs, and both must be compared to the prior art to determine if two designs are substantially the same in light of the prior art.

The scope of the claims must also be determined through claim construction before deciding infringement. *Elmer*, 67 F.3d at 1577; *see also O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("'[C]laim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement.'").

Defendants' Second Summary Judgment Motion on non-infringement is premature. Without the benefit of discovery, claim construction, or prior art as a comparison, Defendant's motion improperly concludes that no ordinary observer could find the accused designs "substantially the same" as the patented designs.

*Second*, facts discovery on whether the purported prior art would constitute

valid prior art. Defendant's Second Summary Judgment Motion relies primarily on several unauthenticated webpages purportedly showing various Amazon storefront. It is well known, however, that Amazon storefront can be edited over time, without changing its creation date. Thus, facts need to be ascertained to determine whether Defendant's purported prior art (webpages showing Amazon storefronts) is even valid prior art.

**Third,** Defendant's Second Summary Judgement Motion improperly analyzes design elements between its alleged prior art and Plaintiff's patented design in isolation.

For example, Defendant's Second Summary Judgement Motion claims that the alleged prior art and the patent design share "a flip down door located on its front surface," "an arrangement of vertical ribs," and "a latch near the top edge." Dkt. 81, at 3.

But Defendant's analysis ignores the black-letter law requiring that "[d]ifferences…be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

These are simply examples, but they suffice to show that, as counsel and the Court contemplated when they worked out the detailed discovery schedule for this case, many factual issues remain to be explored before this case is ripe for adjudication.

Even in the absence of a scheduling order like the one present here, the courts in the Circuit have routinely deferred consideration of motions for summary judgment under Rule 56(d) in settings like this. *See Nat'l Fire & Marine Ins.*, 2016 WL 6947066; *Hartford Cas. Ins. v. Juneau Assocs., Inc.*, No. 14-CV- 0826-MJR-PMF, 2015 WL 5161389, at *2 (S.D. Ill. Sept. 1, 2015). The Court should do so here as well.

### III. CONCLUSION

Defendant having not provided any discovery responses whatsoever and the current scheduling over allows fact discovery until June 26, 2026, Plaintiff urges the Court to enter an order deferring further briefing on the Motion until the completion of discovery under the existing schedule.

Date: January 21, 2026                     Respectfully submitted,

 

_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
Tel.: (650) 475-6289

13