IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG TAN, <br><br> Plaintiff, <br><br> v. <br><br> XIANGHUO, <br><br> Defendants. | Case No. 1:25-cv-05003 <br><br> Judge: Hon. John J. Tharp Jr. <br><br> Magistrate Judge David Weisman |

**DECLARATION OF ZHENG LIU IN SUPPORT OF
PLAINTIFFS'** *RENEWED* **MOTION TO DEFER BRIEFING OF DEFENDANTS'**
*SECOND* **MOTION FOR SUMMARY JUDGMENT
TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER**

Pursuant to 28 U.S.C. § 1746, I, Zheng Liu, submit this Declaration in Support of Plaintiffs' Motion to Defer Briefing and Consideration of Defendants' Motion to compel (1) production of documents; (2) responses to interrogatories; and Rule 30(B)(6) deposition.

1. I am the counsel of record for Plaintiff Cong Tan in the matter captioned Tan v. Xianghuo, No. 25-cv-05003 (N.D. Ill. filed May 6, 2025). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

1

2. Two days after Plaintiff responded to Defendant's discovery requests, and one day after Plaintiff propounded his own discovery requests on Defendant, Defendant filed its first motion for summary judgment. (Dkt. 53) Defendant then withdraw its first motion for summary judgment. (Dkt. 73.)

3. After a discovery dispute arose because Defendant has produced *zero document and zero interrogatory response*, in addition to insisting that no deposition could take place before April 20, 2026, Defendant filed its second motion for summary judgment. (Dkt. 53) Defendant then withdraw its first motion for summary judgment. (Dkt. 79.) Defendant's Second Summary Judgment Motion is substantially similar to the First Summary Judgment Motion.

4. Meanwhile, Defendant's repetitive summary judgment motions contradicts Judge Weisman's discovery scheduling order. The Discovery Scheduling Order (Dkt. 50) allows discovery until June 26, 2026, stating as follows:

> **Close of fact discovery is 6/26/26. Court will set other dates when necessary.** Defendant has issued Rule 26(a)(1) disclosures. Written discovery to issue by 10/31/25. Initial round of discovery requests shall be propounded pursuant to the Federal Rules of Civil Procedure, and any additional requests must be made either by agreement between the parties or with Court approval, which will be granted liberally earlier in the discovery process but only with explanation later in the discovery process. In-person status hearing set for 12/16/25 at 9:15 a.m. Joint status report due by noon 12/12/25 setting forth status of written discovery, a

2

> tentative schedule for depositions, and any other issues the parties wish to raise. Mailed notice (ao,)

(Excerpt from Judge Weisman's Discovery Scheduling Order, Dkt. 50.)

5. Defendant is of course free to file *two summary judgment motions in a row*, five and six months earlier than the deadline set in the agreed-upon schedule for the case. They are not free, however, to game the discovery process and to deprive Plaintiff of the discovery to which he is entitled before such a motion is presented to the Court for decision.

6. Under the current discovery schedule, Plaintiff has at least five more months to conduct fact discovery and obtain discovery responses from Defendant. To this end, in November 2025, Plaintiff conducted various internal meetings and fixed his discovery strategy; and on December 10, 2025, Plaintiff propounded his first set of interrogatories, first set of requests for admission, and first set of requests for document productions, in addition to noticing Defendant's Rule 30(b)(6) deposition.

7. Thus far, Defendant has not provided any response to Plaintiff's pending discovery requests whatsoever. A motion to compel discovery response is pending before Judge Weisman (Dkt. 72.)

8. Plaintiff has met and conferred with Defendant to schedule its 30(b)(6) deposition. Defendant refused to provide any availability of its 30(b)(6)

representative.

| Witness available per defendant? | Time period | Defendant's excuses |
|---|---|---|
| No. | January 2026 | Witness is pregnant. |
| No. | February 2026 | Witness and defendant's lawyers must celebrate Chinese holidays. |
| No. | March 2026 | Witness may give birth. |
| No. | April 2026 | Witness may be on maternity leave. |
| **Discovery closes in June 2026.** | | |

9. So far, Defendant Chinese Reseller has produces *zero document and zero interrogatory response*, in addition to insisting that no deposition could take place before April 20, 2026. A motion to compel Defendant to (1) produce documents; (2) produce interrogatory responses; and (3) make it witness available for a Rule 30 (b)(6) deposition is pending before Judge Weisman (Dkt. 72)

10. Perhaps knowing that its defense is lacking, Defendant Chinese Reseller has relied heavily on gaming the discovery process[1]. ***First***, Defendant Chinese

---

[1] In addition to gaming the discovery process, Defendant Chinese Reseller threatened to have the undersigned criminally prosecuted in China for prosecuting, according to Defendant, this baseless

4

Reseller moved for a summary judgment motion (Dkt. 51) more than six months before the discovery was to close, attempting to steal an undeserved win.

11. *Second*, Defendant Chinese Reseller refuses to produce—any document whatsoever—responsive to Plaintiff's first set of requests for document production. (**Exhibit A**; Defendant Chinese Reseller's blank response with no document produced.)

12. *Third*, Defendant Chinese Reseller refuses to respond to any of Plaintiff's first set of amended interrogatories[2]. (**Exhibit B**; Defendant Chinese Reseller's all-objections responses to interrogatories.)

13. *Fourth*, Defendant Chinese Reseller refuses to arrange a deposition of its Rule 30(b)(6) witness initially until May 20, 2026 (one month before discovery would close) and later April 20, 2026 with varying excuses.

14. Basically, the holidays and purported witness pregnancy render Defendant Chinese Reseller not able to produce any Rule 30(b)(6) witness. (**Exhibit C**; email thread showing that Defendant Chinese Reseller refuses to make its witness available for deposition.)

15. *Fifth*, Defendant Chinese Reseller insists that in the off chance that its Rule 30(b)(6) witness is available, the deposition must take place in Hong Kong. To give Defendant Chinese Reseller's fewer excuses to delay, Plaintiff has proposed Macau, because courts in this District have long sanctioned Macau as the "lawful[]" place to depose a 30(b)(6) witness who resides in China. See *Inventus Power v. Shenzhen Ace Battery* (N.D.Ill. 2021)

---

lawsuit. Defendant Chinese Reseller boasted that Plaintiff's previous counsel quit under the same threat of China criminal prosecution.

[2] The interrogatories were amended to correct an informality.

339 F.R.D. 487 (after examining international laws and treaties, the district court concluded that the depositions of defendant China company's 30(b)(6) witness and employee witnesses can all be lawfully deposed in Macau). In fact, even when Plaintiff agreed that a Hong Kong deposition may be arranged, Defendant Chinese Reseller refused to make its witness available until April 20, 2026.

16. *Sixth*, Defendant Chinese Reseller provided no answer to a large number of Plaintiff's first set of requests for admissions, asserting that the responses were equally known to Plaintiff.

17. *Seventh*, Defendant Chinese Reseller's asserted reasons for not producing discovery responses are baseless. Initially, Defendant Chinese Reseller asserted that it need not produce discovery responses, because it would prevail on its pending summary judgment motion. Defendant Chinese Reseller's conviction notwithstanding, discovery has not been stayed, nor has Defendant Chinese Reseller even sought a stay; a party's mere belief, sincere or not, that it would prevail in a litigation has never been recognized as granting an automatic stay on discovery.

18. *Eighth*, the last straw that broke the camel's back, Defendant Chinese Reseller has now blanketly asserted that it need not produce discovery responses, because Plaintiff Patent Owner did not serve his discovery requests on the exact date fixed in the Court's initial scheduling order, Plaintiff Patent Owner is not

entitled to any discovery response in this litigation, period. (**Exhibit D**; Defendant Chinese Reseller insisting that "we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court.")

19. Discovery is necessary to develop the facts to establish infringement or, for defendant, non-infringement. For example, the ordinary observer and their knowledge of the prior art must be established, the accused designs must be compared to the patented designs, and both must be compared to the prior art to determine if two designs are substantially the same in light of the prior art.

20. Defendant's Second Summary Judgement Motion claims that the alleged prior art and the patent design share "a flip down door located on its front surface," "an arrangement of vertical ribs," and "a latch near the top edge." Dkt. 81, at 3.

21. **Exhibit A** attached to this declaration is a true and correct copy of Defendant Chinese Reseller's blank response with no document produced.

22. **Exhibit B** attached to this declaration is a true and correct copy of Defendant Chinese Reseller's all-objections responses to interrogatories.

23. **Exhibit C** attached to this declaration is a true and correct copy of the email thread showing that Defendant Chinese Reseller refuses to make its witness available for deposition.

24. **Exhibit D** attached to this declaration is a true and correct copy of emails from Defendant Chinese Reseller insisting that "we maintain that Defendant is not required to respond to Plaintiff's untimely served written discovery requests without leave of court."

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed January 21, 2026                      Respectfully submitted,

*(signature: Zheng Liu)*

_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, the foregoing

## DECLARATION OF ZHENG LIU IN SUPPORT OF
## PLAINTIFFS' *RENEWED* MOTION TO DEFER BRIEFING OF DEFENDANTS' *SECOND* MOTION FOR SUMMARY JUDGMENT
## TO PERMIT DISCOVERY PURSUANT TO THE SCHEDULING ORDER

was served upon all counsel of record listed below via email transmission.

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern Service
Industry Cooperation Zone, Nanshan, Shenzhen,
China 518052
Telephone: +86 135 2872 3799

**Attorneys for Defendant and counterclaimant
XIANGHUO**

Dated: January 21, 2026

/s/Oscar Lam
Oscar Lam
*Law Clerk to
Attorneys for Plaintiff*