**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN, | |
| Plaintiff, | Case No. 1:25-cv-05003 |
| v. | Judge: Hon. John J. Tharp Jr. |
| XIANGHUO | Magistrate Judge: David Weisman |
| Defendant. | |
| XIANGHUO, | |
| Counterclaimant, | |
| v. | |
| CONG TAN | |
| Counterdefendant. | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST**

**SET OF REQUESTS FOR PRODUCTION (Nos. 1-31)**

Pursuant to Rules 26 and 34 of the Fed. R. Civ. P., Defendant Xianghuo ("Defendant" or "Xianghuo"), by and through its undersigned counsel, hereby objects and responds to the First Set of Requests for Production served by Plaintiff Cong Tan ("Plaintiff").

## GENERAL OBJECTIONS

Defendant makes the following General Objections, which apply to each individual Request, whether or not specifically restated therein, and shall have the same force and effect as if fully set forth or specifically cited in response to each individual Request.

1. Defendant objects to Plaintiff's First Set of Requests for Production as procedurally improper. Plaintiff served its first set of discovery requests 41 days after the Court-ordered deadline of October 31, 2025 (see Dkt. 50). There is no agreement between the parties to extend the deadline. Defendant hereby contends that Defendant is not required to respond to Plaintiff's untimely served discovery requests without leave of the Court.

2. Defendant objects to each and every Definition, Instruction, and Request to the extent that it attempts to alter the scope of discovery or impose obligations that exceed those required under the Federal Rules of Civil Procedure or any Order entered in this case.

3. Defendant objects to the Requests to the extent they seek documents and information protected by applicable privileges (including, but not limited to, the attorney-client privilege and the joint defense or common interest privilege), protected from discovery under the attorney work product doctrine, or otherwise protected under applicable law. Any disclosure of such protected documents and information in response to these Requests is inadvertent and shall not constitute a waiver of the privilege, doctrine, or other protection.

4. Defendant objects to the Requests to the extent they seek the disclosure of trial preparation or expert documents prior to the dates fixed for such disclosure in this case. Any disclosure of such documents is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other protection.

5.   Defendant objects to the Requests to the extent they are vague, overly broad, unduly burdensome, seeking information not relevant to any claims or defenses, duplicative, cumulative, or not proportional to the needs of the case.

6.   Defendant objects to the Requests to the extent they are unbounded in time, which cause the Requests to be overly broad, unduly burdensome, seek information that is not relevant to any claim or defense, duplicative, cumulative, or not proportional to the needs of the case.

7.   Defendant objects to the Requests to the extent they seek documents that are publicly available or otherwise equally available to Plaintiff from other sources.

8.   Defendant objects to the Requests to the extent that they seek documents not in the possession, custody, or control of Defendant. Defendant's responses are limited to Defendant's own knowledge based upon a reasonable investigation.

9.   Defendant objects to these Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "all," "every," "any," "each," "including," "include," and similar words.

10.  Defendant objects to the Requests to the extent they are premature, and Defendant's responses to these Requests are without prejudice to this objection.

11.  Defendant objects to the Requests to the extent that they call for the production of documents that were created or obtained after the commencement of the suit.

12.  Defendant objects to the "Definitions and Instructions" to the extent they purport to change the common meaning of the English language with regard to any word or phrase.

13.  Defendant objects to these Requests to the extent that they call for information and/or materials which might be obtained only through an extraordinarily costly and time consuming search of Defendant's business and other records, on the grounds that said

discovery requests are unduly burdensome and oppressive.

14. Defendant objects to the terms "concerning," "regarding," "relating to," and the like as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

15. Defendant objects to the definitions of the terms "Defendant," "You," and "Your" to the extent these terms purport to encompass information, documents, or knowledge from agents, consultants, contractors, attorneys, distributors, licensees, entities, or persons other than Xianghuo. Defendant's responses are limited exclusively to the knowledge, information, and documents within the possession, custody, or control of Xianghuo.

16. Defendant objects to the term "communication" as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

17. Defendant objects to the term "document" as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

18. Defendant objects to the term "thing" as vague, ambiguous, overbroad, unduly

burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

19. Defendant objects to producing confidential documents prior to entry of a protective order. Unless otherwise stated, all confidential documents produced prior to the entry of a protective order will be produced as "Attorneys' Eyes Only."

20. Defendant's responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and produced documents and the subject matter thereof as evidence for any purpose in any further proceeding in this action or in any other action; (b) the right to object to the use of any such responses, information, or the subject matter thereof, on any ground in any further proceeding in this action or any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided. Nothing stated herein should be construed as an admission that any document or thing referenced or identified is relevant or admissible in these Proceedings.

21. The following objections and responses reflect Defendant's present knowledge, information, and belief, may be subject to change or modification, and are given without prejudice to Defendant's right to provide amended responses. Defendant accordingly reserves the right to change or amend its responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

**SPECIFIC RESPONSES AND OBJECTIONS**

4

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications and Things considered, relied upon, cited, or referred to in responding to any Interrogatory, Request for Admission, or other discovery request served in this lawsuit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request as duplicative or cumulative with respect to other Requests.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Plaintiff responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications and Things showing Your analysis of Prior Art.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents, Communications and Things showing Your knowledge of the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody,

or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents, Communications and Things showing Your knowledge of the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 3.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents, Communications and Things supporting Your allegation that Plaintiff engaged in inequitable conduct before the USPTO.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents, Communications and Things supporting Your allegation that Prior Art invalidates the Patents-in-suit under 35 U.S.C. § 102.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents, Communications and Things supporting Your allegation that Prior Art invalidates the Patents-in-suit under 35 U.S.C. § 103.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents,

Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents, Communications and Things supporting Your allegation that the Patents-in-Suit is invalid under 35 U.S.C. § 112.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in

Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 9:

All Documents, Communications and Things supporting Your allegation that Plaintiff's claim for damages against You is limited by 35 U.S.C. §§ 286, 287, or 288.9.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome

means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents, Communications and Things supporting Your allegation that Plaintiff failed to properly mark patented articles with the relevant patent numbers.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available,

already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents, Communications and Things supporting Your allegation that the doctrine of prosecution history estoppel would prevent construing the claims of the Patents-in-Suit in a manner that covers any of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal

conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, Communications and Things supporting Your allegation that Plaintiff is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 13:**

The business license of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses

and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 14:**

The shareholder agreements of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 15:**

The articles of incorporation of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 16:**

The bylaws of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information

not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 17:**

Your electronic communications with Amazon.com regarding the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "electronic communications" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search.

Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 18:**

Your electronic communications with Amazon.com regarding the Patents-in-suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "electronic communications" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 17.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 19:**

Your Amazon.com order history showing the sales of the Accused Products in the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 20:**

Your Amazon.com account balance history relating to sales of the Accused Products in the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant objects to this Request to the extent it seeks documents or communications

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 21:**

Your Amazon.com shipping history showing shipment of the Accused Products to a location within the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search.

Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 22:**

Your import history showing the importation of the Accused Products into the United States in the last five years before this lawsuit was filed.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant also objects to this Request to the extent it seeks documents or information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents, Communications and Things supporting Your allegation that the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022, as described in paragraph 22 of your

counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents, Communications and Things supporting Your allegation that Chinese Design Patent CN307420904S discloses a design and structure that anticipates the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not

proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, Communications and Things supporting Your allegation that neither the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) nor the Chinese Design Patent CN307420904S was not substantively considered during the prosecution the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents,

Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is incomprehensible.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents, Communications and Things supporting Your allegation that neither the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) nor the Chinese Design Patent CN307420904S was not substantively considered during the prosecution the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant further objects to this Request to the extent it is incomprehensible.

Defendant further objects to this Request to the extent it is duplicative or cumulative with respect to other Requests, including at least Request No. 25.

Additionally, Defendant objects to this Request to the extent it seeks documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents, Communications and Things supporting Your allegation that Plaintiff knew that the Chinese Design Patent CN307420904S before the Patents-in-suit was issued.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome

means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications and Things supporting Your allegation that Plaintiff knew Xianghuo's " 3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) before the Patents-in-suit was issued.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

### REQUEST FOR PRODUCTION NO. 29:

All Documents, Communications and Things supporting Your allegation that Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed reference, as described in paragraph 26 of Your counterclaim.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Additionally, Defendant objects to this Request to the extent it seeks documents not in Defendant's possession, custody, or control, as well as documents that are publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Request to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant objects to this Request to the extent it seeks documents or communications

protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, Communications and Things showing Your "losses in sales of the Non-Infringing Products and other products," as described in paragraph 31 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses

and additional information becomes available.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications and Things showing Your allegation "that Plaintiff's actions "impact[ed] Xianghuo's product reviews, ratings, and Amazon ranking," as described in paragraph 32 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "All Documents, Communications and Things" without reasonable limitations as to scope or time frame.

Defendant objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing specific and general objections, Defendant responds as follows:

Defendant will produce relevant, non-privileged documents in his possession, custody, or control that are responsive to this Request and located following a reasonable search. Defendant reserves the right to supplement or amend this response as discovery progresses and additional information becomes available.

DATED: January 9, 2026    **SHM LAW FIRM**

          By:  */s/Qianwu Yang*
              QIANWU YANG
              yang@shm.law
              3000 El Camino Real
              Building 4, Suite 200
              Palo Alto, CA 94306
              Telephone: (650) 613-9737
              International: +8613925212009

*Attorney for Defendant and Counterclaimant*
Xianghuo

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served on the following

named person(s) via email.

Zheng Liu
andy.liu@aptumlaw.us; bjliuzheng@gmail.com
Zhan Jin
tinajin666@gmail.com; tina.jin@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*
CONG TAN


Dated: January 9, 2026

*/s/Qianwu Yang*

Qianwu Yang