**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>            Plaintiff,<br><br>            v.<br><br>XIANGHUO<br><br>            Defendant. | Case No.  1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |
| XIANGHUO,<br><br>            Counterclaimant,<br><br>            v.<br><br>CONG TAN<br><br>            Counterdefendant. | |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST**

**SET OF AMENDED INTERROGATORIES (Nos. 1-25)**

Pursuant to Rules 26 and 33 of the Fed. R. Civ. P., Defendant Xianghuo ("Defendant" or "Xianghuo"), by and through its undersigned counsel, hereby objects and responds to the First Set of Amended Interrogatories served by Plaintiff Cong Tan ("Plaintiff").

<u>GENERAL OBJECTIONS</u>

Defendant makes the following General Objections, which apply to each individual Interrogatory, whether or not specifically restated therein, and shall have the same force and effect as if fully set forth or specifically cited in response to each individual Interrogatory.

1.   Defendant objects to Plaintiff's First Set of Amended Interrogatories as procedurally improper. Plaintiff served its first set of discovery requests 41 days after the Court-ordered deadline of October 31, 2025 (see Dkt. 50). There is no agreement between the parties to extend the deadline. Defendant hereby contends that Defendant is not required to respond to Plaintiff's untimely served discovery requests without leave of the Court.

2.   Any responses provided by Defendant are given without prejudice to Defendant using, or relying on at trial, subsequently discovered information omitted from these responses because of mistake, error, oversight, or inadvertence.

3.   Any response provided by Defendant shall in no way constitute or be construed as a waiver of any objection. For any and all information, documents, or things provided in each response, Defendant reserves all objections or other questions regarding the authenticity, competency, relevance, privilege, or admissibility of such information, document, or thing as evidence in this suit or any other proceeding, action, or trial.

4.   Defendant responds to each Interrogatory based on present knowledge, information, and belief, as Defendant presently understands and interprets them. Defendant objects to each Interrogatory to the extent that a complete answer may be impractical or infeasible. These responses and the objections and limitations contained herein are subject to and without waiver of: (a) the right to make additional or supplemental objections to these or other

1

Interrogatories; and (b) the right to revise, correct, amend, or modify these responses upon, among other things, the discovery of additional facts and materials, further investigation, and other developments in this proceeding.

5. Defendant objects to these Interrogatories, including the "Definitions" and "Instructions," to the extent they seek to impose requirements or obligations on Defendant in addition to or different from those required under the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Northern District of Illinois, and Orders of the Court, or any stipulation or agreement between the parties. Defendant further objects to these "Definitions" and "Instructions" to the extent they purport to alter the plain meaning or scope of any Interrogatory on the ground that such alteration renders the Interrogatory vague, ambiguous, overly broad, or unduly burdensome.

6. Defendant objects to each Interrogatory to the extent it is compound and consists of several discrete subparts comprising disjunctive and/or conjunctive questions improperly joined together in one interrogatory in an improper attempt to circumvent the requirements of Fed. R. Civ. P. 33.

7. Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of other discovery, including other interrogatories, requests for production, and/or requests for admission.

8. Defendant objects to each Interrogatory to the extent it seeks information, documents, or things that are more properly addressed by other forms of discovery.

9. Defendant objects to each Interrogatory to the extent it seeks expert opinions or testimony. Any disclosure of such information, documents, or things is inadvertent and shall not constitute a waiver of any privilege or immunity.

10. Defendant objects to each Interrogatory to the extent it mischaracterizes facts or documents. Defendant's response to any Interrogatory is not meant to be, and should not be

construed as, an acknowledgment by Defendant that such facts or documents exist or are accurately characterized.

11.  Defendant objects to each Interrogatory, consistent with Fed. R. Civ. P. 33(d), to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

12.  Defendant objects to each Interrogatory to the extent it is premature, and Defendant's response to the Interrogatory is without prejudice to this objection. Defendant reserves the right to amend, and/or supplement each of its responses, including in response to any Court Order or agreement between the parties.

13.  Defendant objects to each Interrogatory to the extent it is unbounded in time. Defendant will respond for the period relevant to the claims and defenses, subject to proportionality and the Court's orders.

14.  Defendant objects to each Interrogatory to the extent it calls for the disclosure of information, documents, or things that were created or obtained after the commencement of the suit.

15.  Defendant objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent they seek information that is not proportional to the needs of the case, when considering at least the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and/or whether the burden or expense of the proposed discovery outweighs its likely benefit.

16.  Defendant objects to each Interrogatory, and the instructions and definitions provided therewith, to the extent it assumes facts not in evidence and/or requires Defendant to draw legal conclusions and make legal determinations. Defendant's response to any such

Interrogatory shall not be construed as a concession or agreement with any implications or conclusions, factual, legal, or otherwise, that may be drawn from such an Interrogatory.

17.  Defendant objects to these Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "all," "every," "any," "each," "including," "include," and similar words.

18.  Defendant objects to the terms "Identify" and "Describe" as overly broad and unduly burdensome to the extent it seeks to impose an obligation on Defendant to ascertain or provide information that is not within its possession, custody, or control.

19.  Any response provided by Defendant is based on Defendant's present understanding of the Interrogatory. Defendant's response shall in no way constitute or be construed as a waiver of any objection as to undefined terms or phrases, or any other ambiguity, in the language of the Interrogatory.

20.  Defendant objects to these Interrogatories to the extent they seek documents and information protected by applicable privileges (including, but not limited to, the attorney-client privilege and the joint defense or common interest privilege), protected from discovery under the attorney work product doctrine, or otherwise protected under applicable law. Any disclosure of such protected documents and information in response to these Requests is inadvertent and shall not constitute a waiver of the privilege, doctrine, or other protection.

21.  Defendant objects to these Interrogatories to the extent they are vague, overly broad, unduly burdensome, seeking information not relevant to any claims or defenses, duplicative, cumulative, or not proportional to the needs of the case.

22.  Defendant objects to these Interrogatories to the extent they seek information that is publicly available or otherwise equally available to Plaintiff from other sources.

23.  Defendant objects to these Interrogatories to the extent that they seek information not in the possession, custody, or control of Defendant. Defendant's responses are limited to Defendant's own knowledge based upon a reasonable investigation.

24.  Defendant objects to these Interrogatories to the extent that they call for information and/or materials which might be obtained only through an extraordinarily costly and time consuming search of Defendant's business and other records, on the grounds that said discovery requests are unduly burdensome and oppressive.

25.  Defendant objects to the terms "concerning," "regarding," "relating to," and the like as vague, ambiguous, overbroad, unduly burdensome, unreasonable, and not proportional to the needs of the case. Defendant further objects to Plaintiff's use of these terms to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules or otherwise agreed to among the parties, and to the extent it seeks information not in Defendant's possession, custody, or control.

26.  Defendant objects to the definitions of the terms "Defendant," "You," and "Your" to the extent these terms purport to encompass information, documents, or knowledge from agents, consultants, contractors, attorneys, distributors, licensees, entities, or persons other than Xianghuo. Defendant's responses are limited exclusively to the knowledge, information, and documents within the possession, custody, or control of Xianghuo.

27.  Defendant objects to producing confidential documents prior to entry of a protective order. Unless otherwise stated, all confidential documents produced prior to the entry of a protective order will be produced as "Attorneys' Eyes Only."

28.  Defendant's responses are made without waiver of and with preservation of: (a) all questions as to competency, relevancy, materiality, privilege, and admissibility of the responses and produced documents and the subject matter thereof as evidence for any purpose in any further proceeding in this action or in any other action; (b) the right to object

to the use of any such responses, information, or the subject matter thereof, on any ground in any further proceeding in this action or any other action; and (c) the right to object on any ground at any time to a demand or request for further response to these requests or other discovery proceedings involving or related to the subject matter of the discovery to which these responses are provided. Nothing stated herein should be construed as an admission that any document or thing referenced or identified is relevant or admissible in these Proceedings.

29.  The following objections and responses reflect Defendant's present knowledge, information, and belief, may be subject to change or modification, and are given without prejudice to Defendant's right to provide amended responses. Defendant accordingly reserves the right to change or amend its responses herein and/or produce or rely on subsequently discovered documents as additional facts are ascertained, analysis is made, legal research is completed, and contentions are made.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify all prior art that You allege would invalidate Patents-in-Suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege

and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 2:**

Describe all facts supporting Your contention that the prior art identified INTERROGATORY NO. 1 would invalidate Patents-in-Suit under 35 U.S.C. § 102.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing.

Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 3:**

Describe all facts supporting Your contention that the prior art identified INTERROGATORY NO. 1 would invalidate Patents-in-Suit under 35 U.S.C. § 103.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 4:**

Describe all facts supporting Your contention that the Patents-in-Suit is invalid under

35 U.S.C. § 112.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 5:**

Identify all Plaintiff's allegedly inequitable conduct that would invalidate Patents-in-Suit.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not

proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 6:**

Describe all facts supporting Your allegation that Plaintiff's claim for damages against You is limited by 35 U.S.C. §§ 286, 287, or 288.9.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the

answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant also objects to this Interrogatory as premature, as it seeks information that is properly the subject of expert discovery and analysis before the deadlines for expert disclosures and reports.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 7:**

Describe all facts supporting Your allegation that Plaintiff failed to properly mark patented articles with the relevant patent numbers.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

11

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 8:**

Identify all Plaintiff's actions and representations before the USPTO that, under the doctrine of prosecution history estoppel, would prevent construing the claims of the Patents-in-Suit in a manner that covers any of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 9:**

Describe all facts supporting Your contention that that Plaintiff is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing.

Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

### INTERROGATORY NO. 10:

Identify the legal name of the Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

### OBJECTION AND RESPONSE:

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

### INTERROGATORY NO. 11:

Identify all persons owning more than 20% ownership interest in the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District,

Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all persons owning more than 20% ownership interest" without reasonable limitations as to time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 12:**

Identify all corporate officers of the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan,

Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all corporate officers" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 13:**

Identify all directors on the board of directors of the Chinese Company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China, as described in paragraph 3 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all directors" without reasonable limitations as to time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 14:**

Identify all Third Parties located in the United States through which You advertised

the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 15:**

Identify all Third Parties located in the United States through which You sold the Accused Products within the United States.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without

reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 16:**

Identify all Third Parties located in the United States through which You shipped the Accused Products to locations within the United States.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 17:**

Identify all Third Parties located in the United States through which You shipped the Accused Products to locations within the United States.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production and Interrogatory No. 16, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant also objects to this Interrogatory to the extent it seeks information not relevant to any claim or defense in this action or unlikely to lead to the discovery of

admissible evidence.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 18:**

Identify all Third Parties located in the United States through which You collected revenues from the sales of the Accused Products.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Third Parties" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections,

Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 19:**

Describe all facts supporting Your contention that Xianghuo's own product, the "3 Tier Stackable Storage Bins with Lids," (ASIN B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022, as described in paragraph 22 of your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 20:**

Describe all facts supporting Your contention that Chinese Design Patent CN307420904S, published on June 28, 2022, discloses a design and structure that anticipates the Patent-in-Suit, as described in paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 21:**

Describe all facts supporting Your contention that none of these prior art references were substantively considered during the prosecution the Patent-in-Suit, as described in

paragraph 21 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant further objects to this Interrogatory to the extent it is incomprehensible.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 22:**

Describe all facts supporting Your contention that Plaintiff knew that the Chinese Design Patent CN307420904S and Xianghuo's " 3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) were material prior art and made a deliberate decision to withhold it

from the USPTO, as described in paragraph 25 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to this Interrogatory to the extent it is compound and consists of several discrete subparts comprising disjunctive and/or conjunctive questions improperly joined together in one interrogatory in an improper attempt to circumvent the requirements of Fed. R. Civ. P. 33.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Additionally, Defendant objects to this Interrogatory to the extent it seeks information that is publicly available, already in Plaintiff's possession, or equally accessible to Plaintiff through less burdensome means.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 23:**

Describe all facts supporting Your contention that Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids " (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed reference, as described in paragraph 26 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it is directed at a legal conclusion that is beyond the scope of fact discovery.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 24:**

Identify all Xianghuo's "losses in sales of the Non-Infringing Products and other

26

products," as described in paragraph 31 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein. Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly where it seeks "all Xianghuo's losses in sales of the Non-Infringing Products and other products" without reasonable limitations as to scope or time frame.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

**INTERROGATORY NO. 25:**

Describe all facts supporting your contention that Plaintiff's actions "impact[ed] Xianghuo's product reviews, ratings, and Amazon ranking," as described in paragraph 32 of Your counterclaim.

**OBJECTION AND RESPONSE:**

Defendant hereby incorporates its General Objections as if fully set forth herein.

Defendant further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case.

Defendant objects to each Interrogatory to the extent it is cumulative or duplicative of Plaintiff's Requests for Production, and to the extent where the information sought can be derived from documents that will be produced and the burden of deriving or ascertaining the answer will be substantially the same for either party.

Defendant further objects to this Interrogatory to the extent it seeks information that is protected by any form of privilege including, but not limited to, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows:

Defendant's investigation into the subject matter of this Interrogatory is continuing. Defendant reserves the right to supplement or amend its response to this Interrogatory as discovery progresses and additional information becomes available.

DATED: January 9, 2026        **SHM LAW FIRM**

By:    */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
International: +8613925212009

*Attorney for Defendant and Counterclaimant*
Xianghuo

**<u>VERIFICATION</u>**

I, Lijun Zheng, the manager of Xianghuo, a party to this action, am authorized to make this verification on behalf of Xianghuo.

I have read the foregoing document and am informed and believe, and on that ground allege, that the factual matters stated in the responses are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Guangzhou, on January 9, 2025.

*Lijun Zheng*

_____

Lijun Zheng

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be served on the following

named person(s) via email.

Zheng Liu
andy.liu@aptumlaw.us; bjliuzheng@gmail.com
Zhan Jin
tinajin666@gmail.com; tina.jin@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*
CONG TAN


Dated: January 9, 2026


*/s/Qianwu Yang*

Qianwu Yang