UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Dongguan Xianghuo Trading Co., Ltd.<br>d.b.a. XIANGHUO,<br><br>　　　　　　　　　　Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br><br>Magistrate Judge: David Weisman |

## STATUS REPORT

Pursuant to Dkt. 85, the parties submit the following status report.

## I. Nature of the Case

### A. Nature of the Claims

Plaintiff alleges design patent infringement against defendant Chinese re-seller Dongguan Xianghuo Trading Co., Ltd. dba Xianghuo.

Defendant Xianghuo in its Counterclaim, requests declaratory judgment of (1) non-infringement; (2) invalidity; and (3) unenforceability; and asserts a state law claim of (4) tortious interference.

### B. Major Issues

(1) Infringement of the Asserted Patent;

(2) Amount of damages Plaintiff suffered as a result of Defendant's infringement;

(3) Validity of the Asserted Patent;

(4) Enforceability of the Asserted Patent;

(5) Whether Plaintiff's conduct constitutes tortious interference;

(6) Amount of damages Xianghuo may recover from Plaintiff's tortious interference.

**C. Reliefs Sought**

Reliefs sought by Plaintiff include compensatory damages, attorney's fees, and costs of suit for patent infringement.

Reliefs sought by Defendant and Counterclaimant Xianghuo include:

(1) A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Xianghuo's Non-Infringing Products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the D1,054,752 S Patent;

(2) A judgment declaring that U.S. Patent No. D1,054,752 S is invalid;

(3) A judgment declaring that U.S. Patent No. D1,054,752 S is unenforceable;

(4) A permanent injunction enjoining Plaintiff from asserting the D1,054,752 S Patent against Xianghuo's Non-Infringing Products;

(5) An award of compensatory damages sufficient to make Xianghuo whole for the harm caused by Counterdefendant's conduct;

(6) An award of punitive damages in an amount to be determined at trial;

(7) An award of reasonable attorneys' fees, to the extent authorized by law;

(8) An award of Xianghuo's costs in this action;

(9) All such other and further relief as the Court may deem just and proper.

## II. Status Of The Case

### A. Pending Motions

**Plaintiff's Statement**

Plaintiff has filed a motion to defer briefing on Defendant's second MSJ, because Defendant has stalled Plaintiff's discovery and because discovery cutoff is not until June 2026.

**Defendant's Statement**

Defendant will be pursuing its second Motion for Summary Judgment (Dkt. 79).

While the summary judgment that Defendant is seeking involves factual issues, there is no genuine dispute as to material facts regarding the issues of validity and infringement. Defendant contends that the prior art it has submitted is sufficient to resolve both issues as a matter of law. Specifically, no reasonable fact-finder could find that the Patent-in-Suit is valid in view of prior art, and no reasonable fact-finder could find that Defendant's Accused Products infringe the Patent-in-Suit.

Moreover, Defendant's asserted prior art is so clear that the discovery sought by Plaintiff is neither essential nor helpful to Plaintiff in opposing summary judgment.

### B. Progress of Discovery

On January 30, 2026, the parties met and conferred regarding the date and location for the Rule 30(b)(6) deposition of Defendant.

Defendant proposed that the deposition be scheduled in Hong Kong on one of the following dates: May 6, 7, 8, 13, 14, or 15, during Hong Kong business hours.

During the meeting, The parties agreed that the deposition will proceed in Hong Kong during Hong Kong business hours, and Plaintiff will confirm which of the proposed dates will be selected.

Plaintiff is confirming with his court reporter and interpreter regarding dates.

Respectfully submitted,

DATED: February 2, 2026

By: _____*/S/*_____

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and counter defendant*

CONG TAN

DATED: February 2, 2026  **SHM LAW FIRM**

By: _/s/ Qianwu Yang_

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +86 13925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd, Qianhai Shenzhen-Hong Kong Modern Service
Industry Cooperation Zone, Nanshan, Shenzhen, China 518052
Telephone: +86 135 2872 3799

*Attorneys for Defendant and counterclaimant*

XIANGHUO

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: February 2, 2026

_____

Oscar Lam

## ATTESTATION OF SIGNATURE

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 2, 2026

_____

Oscar Lam