# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>   Plaintiff,<br><br>   v.<br><br>XIANGHUO<br><br>   Defendant.<br><br><br>XIANGHUO,<br><br>   Counterclaimant,<br><br>   v.<br><br>CONG TAN<br><br>   Counterdefendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |

## **DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. LEGAL STANDARD ...............................................................................................2

III. ARGUMENT .............................................................................................................3

A. The Disputed Sales Materials Are Confidential Commercial Information Under Rule 26(c)(1)(G) ..........................................................................................................3

B. AEO Treatment Is Warranted Because Disclosure to Plaintiff Would Create a Concrete Risk of Competitive Harm. ................................................................... 3

C. The Requested Protection Is Narrowly Tailored. ..........................................................5

IV. CONCLUSION ..............................................................................................5

Defendant and Counterclaimant Xianghuo ("Defendant" or "Xianghuo"), by and through undersigned counsel, respectfully moves for entry of a protective order maintaining the "Attorneys' Eyes Only" ("AEO") designation applied to Xianghuo's sales data for the accused products.

## I.    INTRODUCTION

On January 22, 2026, Plaintiff served Defendant with Plaintiff's Amended Set of Requests for Production and Interrogatories.

On February 23, 2026, Defendant served Plaintiff with Defendant's Objections and Responses to Plaintiff's Amended Set of Requests for Production and Interrogatories, together with Defendant's Document Production 001 and 002. Defendant's Document Production 002, which includes a single document containing Defendant's sales data, is designated as "Attorneys' Eyes Only" ("AEO").

Plaintiff disputes Defendant's "Attorneys' Eyes Only" designation of Defendant's Document Production 002.

Pursuant to Local Rule 37.2 and the Court Order in ECF No. 94, undersigned counsel certifies that counsel for the parties conferred via Zoom on March 12, 2026 in a good-faith effort to resolve this dispute, but were unable to reach an accord.

The disputed materials consist of Xianghuo's confidential commercial information concerning the accused products, including, to the extent reflected in the production, product-level sales figures, units sold, revenue, pricing, sales timing, and sales by ASIN/SKU (the "Disputed Sales Materials"). See Exhibit 1.[1] Xianghuo designates these materials AEO because disclosure to Plaintiff, Plaintiff's employer(s), or Plaintiff's licensees would reveal competitively sensitive information that could be used to Xianghuo's commercial detriment.

---

[1] Because of the substantial volume of data, Exhibit 1 contains only a limited excerpt, with confidential information redacted, to demonstrate the categories of information included.

Xianghuo respectfully requests that the Court enter an order confirming that the Disputed Sales Materials may remain designated "Attorneys' Eyes Only," and that the use and disclosure of which shall be governed by Local Patent Rule Appendix B[2] paragraph 4(d).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1)(G) authorizes a court, for good cause, to issue an order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

"One seeking a protective order under [Rule 26(c)(1)(G)] must establish that the information sought is confidential." *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987). "Having shown the information sought to be confidential, one seeking a protective order must then demonstrate that disclosure might be harmful." *Id.* "Where a party seeking a protective order has shown that the information sought is confidential and that its disclosure might be harmful, the burden shifts to the party seeking discovery to establish that disclosure of trade secrets and confidential information is relevant and necessary to its case." *Id.* at 741.

To defend an AEO designation, "a party should establish that disclosure of the specific documents at issue, even under non-disclosure and non-use restrictions, presents a risk of disclosure of sensitive competitive information." *K.I.S.S. Pharm LLC v. Becker Pro. Dev. Corp.*, No. 18-CV-07848, 2020 WL 8093507, at *1 (N.D. Ill. Nov. 30, 2020).

The AEO designation should be used on "a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079,

---

[2] Local Patent Rule Appendix B is attached as Exhibit 2. Paragraph 4(d) provides that "Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).
Paragraph 4(b) states "(i) a party's outside counsel of record, including necessary paralegal, secretarial and clericalpersonnel assisting such counsel; . . . (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(e) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only, including electronic discovery vendors; and (vi) the Court and personnel assisting the Court."

1084 (N.D. Ill. 2015) (quoting *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 WL 256476, at *1 (N.D.Ill. Jan. 31, 2005)).

### III. ARGUMENT

### A. The Disputed Sales Materials Are Confidential Commercial Information Under Rule 26(c)(1)(G)

The Disputed Sales Materials fall squarely within Rule 26(c)(1)(G). They are not generalized revenue figures pulled from public sources. They consist of internal, non-public, product-level sales data for the accused products, including information reflecting pricing, discounting, unit volumes, revenue, and performance trends over time and across product listings. The sales data is maintained as strictly confidential commercial information. See Decl. of Lijun Zheng ¶¶ 4-6.

Courts have long recognized that confidential sales information is sensitive commercial material. In *Am. Standard Inc. v. Pfizer Inc.*, the Federal Circuit treated a non-party competitor's confidential sales data as the kind of information entitled to protection absent a sufficient showing of need. 828 F.2d at 742. That principle applies with even greater force here because the data concern the very accused products at issue in the case.

One recent case held that "any sales- or pricing-related documents" be "treated as 'attorneys'-eyes-only'" due to "the competitive sensitivity associated with this data." *DENNIS GROMOV, Plaintiff, v. BELKIN INTERNATIONAL, INC., Defendant.*, No. 22 C 6918, 2023 WL 12248662, at *5 (N.D. Ill. Oct. 10, 2023).

### B. AEO Treatment Is Warranted Because Disclosure to Plaintiff Would Create a Concrete Risk of Competitive Harm

According to Plaintiff's document production, Plaintiff is employed as an operations supervisor and earns a salary of RMB 11,000 per month, approximately USD 1600. In response to Defendant's Interrogatory No. 4, which requests information regarding the design

3

process for the patent-in-suit, Plaintiff stated: "On November 13, 2023, patent owner Cong Tan asked a graphic designer Lian to draw out his inventive design." See Exhibit 5. Plaintiff's interrogatory response, together with Plaintiff's document production, suggests that the asserted design was created on a single date. This raises substantial doubt as to whether Plaintiff is the true inventor. It is therefore reasonable to infer that the patent application, as well as the present lawsuit, may have been initiated at the direction of Plaintiff's employer or a competitor of Xianghuo acting behind the scenes.

It is not unusual in the Amazon seller industry for a party to copy an existing design, obtain a patent on that design, and then use the patent to target and exclude competitors. It is likely that Plaintiff's conduct in this litigation is consistent with that practice. See Decl. of Lijun Zheng ¶ 13.

Xianghuo's product-level sales data would permit Plaintiff to infer, among other things: (1) which accused products sell best and when; (2) what price points generate the strongest demand; (3) whether Xianghuo uses discounts at particular intervals; (4) how strongly specific ASINs or SKUs perform relative to others; (5) whether sales rise or fall in response to platform events, inventory cycles, or litigation events; and (6) how Xianghuo allocates commercial attention across products and channels.

This is not abstract harm. It is actionable competitor intelligence. Although Plaintiff did not produce documents or information concerning any licensees of the Patent-in-Suit in response to Defendant's discovery requests, Plaintiff's First Set of Requests for Admission No. 37 states, "Admit that You knew the product identified by ASIN B0CGZ9ZK4Z for sale on Amazon.com was licensed under the Patents-in-suit." See Exhibit 3 Plaintiff's First Set of Requests for Admission; Exhibit 4 Amazon webpage of product listing with ASIN B0CGZ9ZK4Z. This indicates that Plaintiff grants licenses to sellers who sell competitive products. A rival with access to those data can adjust its own pricing, product targeting,

4

promotional timing, listing strategy, and enforcement strategy accordingly. See Decl. of Lijun Zheng ¶¶ 7-8.

Accordingly, disclosure beyond the AEO tier would risk concrete commercial harm and place Xianghuo at an unfair competitive disadvantage. See Decl. of Lijun Zheng ¶¶ 9-12.

**C. The Requested Protection Is Narrowly Tailored.**

Xianghuo proposes only a limited restriction on who may access the Disputed Sales Materials. Xianghuo proposes that the use and disclosure of the Disputed Sales Materials be governed by Local Patent Rule Appendix B paragraph 4(d). Plaintiff's outside litigation counsel and retained experts can review the information, analyze it, use it in expert work, and litigate with it. That arrangement preserves Plaintiff's ability to prosecute his claims while protecting Xianghuo from the competitive injury that would result if a market rival obtained access to Xianghuo's internal sales intelligence. Forcing Xianghuo to disclose raw, product-level sales intelligence to Plaintiff is unnecessary and disproportionate.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order maintaining the "Attorneys' Eyes Only" designation for Xianghuo's sales data for the accused products (i.e. the Disputed Sales Materials), and that the use and disclosure of which shall be governed by Local Patent Rule Appendix B paragraph 4(d).

Respectfully submitted,

DATED: March 23, 2026        **SHM LAW FIRM**

By:     */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant and Counterclaimant*
XIANGHUO

6

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: March 23, 2026

*/s/Qianwu Yang*

Qianwu Yang