# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>                    Plaintiff,<br><br>                    v.<br><br>XIANGHUO<br><br><br>                    Defendant. | Case No. 1:25-cv-05003 |
| XIANGHUO,<br><br>                    Counterclaimant,<br><br>                    v.<br><br>CONG TAN<br><br>                    Counterdefendant. | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Cong Tan ("Plaintiff") respectfully requests that Defendant and Counterclaimant Xianghuo ("Defendant" or "Xianghuo") respond to the following request for admission separately in writing. Response shall be made within thirty (30) days of service hereof. These Interrogatories are continuing in nature and shall be timely supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

1

## DEFINITIONS

The following definitions apply to these Requests for Admission:

1. The terms "You," "Your," and "Defendant" shall refer to Defendant Xianghuo, and each of Defendant's present or former agents, consultants, experts, representatives, employers, employees, servants, and attorneys, as well as all other Persons and Entities acting on behalf of or in concert with Defendant.

2. The term "Plaintiff" shall refer to Plaintiff Cong Tan and each of its present or former directors, officers, employees, partners, agents, consultants, experts, representatives, and attorneys, as well as all other individuals in the employ of or otherwise acting on behalf of Plaintiff.

3. The term "Third Party" or "Third Parties" means any Person or Entity other than Plaintiff or Defendant.

4. The term "Person" shall mean any natural person or group ofnatural persons.

5. The terms "Entity" or "Entities" shall mean any firm, association, organization, partnership, business, trust, corporation, proprietorship, scientific or academic establishment, governmental agency, or organizational unit thereof, including U.S. and foreign.

6. The term "Patents-in-Suit" shall mean United States Patent No. D1,054,752

("the D'752 Patent").

7. The term "Related Patent" includes (i) any patent that, in whole or in part, claims priority to, or the benefit of the filing date of, any patent-in-suit, including any child, continuation, continuation-in-part, continuing prosecution, divisional, reissue, reexamination, substitution, or extension thereof, (ii) any patent from which any patent-in-suit claims the benefit of priority or otherwise claims the benefit of the filing date thereof, including any and all parent patents of any patent-in- suit, and (iii) any patent that claims the benefit of priority or otherwise claims the benefit of the filing date of any patent described in (ii).

8. The term "Accused Product(s)" means any products that Plaintiff alleges infringe the Patents-in-Suit, including those identified in Exhibit B of Plaintiff's Complaint (Dkt. 1-2), as well as any other products which are accused ofinfringement in this action.

9. The phrase "subject matter," when used in relation to a patent, means all products, processes, services, technology, implementation, uses, and other matter covered by one or more claims of that patent.

10. The terms "infringe," "infringed," and "infringement" mean direct infringement, contributory infringement, inducement of infringement, literal infringement, and infringement under the doctrine of equivalents. See 35 U.S.C. § 271.

11．The term "Prior Art" means anything that constitutes, or has been alleged to be, prior art under any relevant subsection of pre-AIA 35 U.S.C. §§ 102 and 103 or AIA 35 U.S.C. §§ 102 and 103, including any publication, patent, use, sale, offer for sale, prior invention, knowledge, or other activity.

12．The term "Document" is defined broadly to be given the full scope of that term contemplated in the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, and includes all non- identical copies of a document, all drafts of final documents, all other written, typed, printed, recorded, or graphically portrayed matter in any form or embodiment, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in Your actual or constructive custody or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Federal Rule of Evidence 1001. Any document bearing marks, including initials, stamped initials, comments, or notations not part of the original text or photographic reproduction thereof, is a separate document.

13. The term "Thing(s)" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

14．The term "United States" shall be interpreted as the fifty states, the District of Columbia, and Puerto Rico.

15. The terms "relate to," "related to," or "relating to" shall mean, in whole or in part, constituting, containing, embodying, reflecting, describing, analyzing, identifying, mentioning, stating, referring directly or indirectly to, dealing with, or in any way pertaining to.

16. The term "describe," when used in relation to an act, event, instance, occasion, transaction, conversation, or Communication, shall mean: (1) to state the date and place thereof; (2) to identify the individual participants; (3) to summarize separately for each individual participant what s/he said or did; and (4) to identify each Document used or prepared in connection therewith or making any reference thereto.

17. The term "identify," when used with respect to a Person, shall mean to state the Person's full name, present or last known address, the occupation or business in which the Person is engaged, and the Person's present or last-known employer and title or position.

18. The term "identify," when used with respect to a Document, means to state, to the extent known, the (1) type of Document, (2) subject matter, (3) date of the Document, (4) author(s), addressee(s), recipient(s), and (5) Bates number.

19. The term "identify," when used with respect to a Communication, shall mean to state, to the extent known, the (i) means of Communication (e.g., telephone call, meeting, etc.), (ii) date of the Communication, (iii) subject matter of the

5

Communication, and (iv) originator, recipient, and any other party to the Communication.

20. The term "identify," when used with respect to a product, shall mean to state, to the extent known, the product or component name, including cross-references to all trade names and designations, internal names, and names used during development, product or part numbers, item numbers, revisions, trademarks, SKU numbers, date coding, site codes, and manufacturing line codes associated with each such product, and to describe in detail all means for interpreting those identifying descriptions.

21. The terms "use" and "using" shall include without limitation use in testing, use in demonstrating, and use in training.

22. The term "Communication(s)" shall mean all written, electronic, oral, telephonic, fax, or other inquiries, dialogues, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, email, instant messages (such as WeChat messages, WeCom messages, DingTalk messages, and the like), and all other Documents evidencing any verbal or nonverbal interaction between Persons and/or Entities.

23. The term "date" shall mean the exact day, month, year, if ascertainable, or, if not, the best approximation thereof.

24. The use of the plural or singular form of a word herein shall be interpreted to include both the plural and singular forms so as not to exclude any information otherwise within the scope of any discovery request.

25. The terms "and" and "or" as used herein shall be interpreted both conjunctively and disjunctively so as not to exclude any information otherwise within the scope of any Request.

26. As used herein, the present tense of any word shall be interpreted to include the past tense and vice versa.

27. As used herein, the masculine form of any word shall be interpreted to include the feminine and vice versa.

28. Except where the context does not permit, the term "including" means including without limitation.

29. Except where the context does not permit, the terms "each," "all," "every," and "any" mean any and all.

INSTRUCTIONS

The following instructions shall apply to these Requests for Admission:

1. Answer each Request for Admission separately and fully in writing.

2. You are to provide full and complete responses to the following Requests for Admission after conducting a diligent and thorough investigation into all information within Your possession, custody, or control. If You cannot provide a full and complete response to any Request for Admission, You should respond to the

7

Request for Admission to the extent possible, specifying the portion of the Request for Admission You are unable to answer and providing any information You have regarding the unanswered portion.

3. If a Request for Admission seeks information referencing or regarding a Document or Thing that has been lost, discarded, destroyed, or is otherwise unavailable for any reason, it should be identified as completely as possible, by stating without limitation: the date of disposal, the manner of disposal, the reason for disposal, any Person, firm or corporation who has possession, custody, or control of a full, partial, or incomplete copy of such Document, and the identity of all Persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the Document or Thing.

4. Where an objection is made to a Request for Admission, state all grounds upon which Your objection is based. If You object to any Request for Admission in part, respond to the extent that You do not claim the Request for Admission to be objectionable.

5. If any requested information is withheld based on a claim of privilege or immunity, in accordance with Fed. R. Civ. P. 26(b)(5), describe the nature of the documents, communications, or tangible things with sufficient specificity to permit Defendant to assess the veracity of the privilege claim.

8

6．In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response.

7．In the even that You object to any Request on the ground that it is vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such Request vague and/or ambiguous.

8. These Requests for Admission are continuing, and if You obtain or become aware of any further information responsive to this First Set of Requests for Admission after responding, You are required to supplement Your responses and production and provide Defendant with such additional information as required under Federal Rules of Civil Procedure 26(e).

REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1:

Admit that Xianghuo has never obtained a license from Plaintiff to practice the Patents-in-Suit.

REQUEST FOR ADMISSION NO. 2:

Admit that Xianghuo has never obtained permission from anyone to practice the Patents-in-Suit.

REQUEST FOR ADMISSION NO. 3:

Admit that Xianghuo has sold the Accused Products in the United States.

REQUEST FOR ADMISSION NO. 4:

Admit that Xianghuo has offered for sales of the Accused Products in the United States.

REQUEST FOR ADMISSION NO. 5:

Admit that Xianghuo has shipped the Accused Products to location within the United States.

REQUEST FOR ADMISSION NO. 6:

Admit that Xianghuo has imported the Accused Products into the United States.

REQUEST FOR ADMISSION NO. 7:

Admit that Xianghuo had knowledge of the Patents-in-suit before Plaintiff filed this patent infringement lawsuit against Xianghuo.

REQUEST FOR ADMISSION NO. 8:

Admit that Xianghuo had knowledge of the Patents-in-suit before Xianghuo sold the Accused Products in the United States.

REQUEST FOR ADMISSION NO. 9:

Admit that Xianghuo had knowledge of the Patents-in-suit before Xianghuo shipped the Accused Products to location within the United States.

REQUEST FOR ADMISSION NO. 10:

Admit that Xianghuo had knowledge of the Patents-in-suit before Xianghuo imported the Accused Products into the United States.

REQUEST FOR ADMISSION NO. 11:

Admit that Xianghuo knows that Plaintiff has licensed the Patents-in-Suit to at least one Third Party.

REQUEST FOR ADMISSION NO. 12:

Admit that Xianghuo knows that at least one Third Party has sold products protected by the Patents-in-suit on Amazon.com.

REQUEST FOR ADMISSION NO. 13:

Admit that before this lawsuit was filed, Xianghuo knew that the Third Party or Third Parties referred to in Request 12 were selling products protected by the Patents-in-suit on Amazon.com.

REQUEST FOR ADMISSION NO. 14:

Admit that Xianghuo knows that by selling the Accused Products, Xianghuo would compete with the Third Party or Third Parties referred to in Request 12.

REQUEST FOR ADMISSION NO. 15:

Admit that Xianghuo knows that by selling the Accused Products, Xianghuo would decrease the **revenue** of the Third Party or Third Parties referred to in Request 12.

REQUEST FOR ADMISSION NO. 16:

Admit that Xianghuo knows that by selling the Accused Products, Xianghuo would decrease the **gross profit** of the Third Party or Third Parties referred to in Request 12.

REQUEST FOR ADMISSION NO. 17:

Admit that Xianghuo knows that by selling the Accused Products, Xianghuo would decrease the **net profit** of the Third Party or Third Parties referred to in Request 12.

REQUEST FOR ADMISSION NO. 18:

Admit that after this lawsuit was filed, Xianghuo sold the Accused Products in the United States.

REQUEST FOR ADMISSION NO. 19:

Admit that after this lawsuit was filed, Xianghuo offered for sales of the Accused Products in the United States.

REQUEST FOR ADMISSION NO. 20:

Admit that after this lawsuit was filed, Xianghuo has shipped the Accused Products to location within the United States.

REQUEST FOR ADMISSION NO. 21:

Admit that after this lawsuit was filed, Xianghuo has imported the Accused Products into the United States.

REQUEST FOR ADMISSION NO. 22:

Admit that before this lawsuit was filed, Plaintiff advised You that Plaintiff contended that the Accused Products infringed the Patents-in-suit.

REQUEST FOR ADMISSION NO. 23:

Admit that after this lawsuit was filed, Plaintiff advised You that Plaintiff contended that the Accused Products infringed the Patents-in-suit.

REQUEST FOR ADMISSION NO. 24:

Admit that Your legal name is Dongguan Xianghuo Trading Co., Ltd.

REQUEST FOR ADMISSION NO. 25:

Admit that the Accused Products include products identified by the following Amason Standard Identification Numbers (ASINs):

B0CHRP96MS, B0CC5YKT2T, B0CFQG78HJ, B0DK91X37C, B0D6QRMDQ6, B0DRVVDW4V, B0DJTDGDHG, B0DLNSMWHX, B0DGXMZGKK, B0DK926KVX.

REQUEST FOR ADMISSION NO. 26:

Admit that the Accused Products include products identified by the following ASINs are of the same design but different colors:

B0CHRP96MS, B0CC5YKT2T, B0CFQG78HJ, B0DK91X37C, B0D6QRMDQ6, B0DRVVDW4V, B0DJTDGDHG, B0DLNSMWHX, B0DGXMZGKK, B0DK926KVX.

REQUEST FOR ADMISSION NO. 27:

Admit that the Accused Products include four wheels.

13

REQUEST FOR ADMISSION NO. 28:

Admit that the Accused Products include a buckle.

REQUEST FOR ADMISSION NO. 29:

Admit that the Accused Products include a door.

REQUEST FOR ADMISSION NO. 30:

Admit that the Accused Products include a door that can extend outward.

REQUEST FOR ADMISSION NO. 31:

Admit that the Accused Products include a pattern on their bottom.

REQUEST FOR ADMISSION NO. 32:

Admit that the Accused Products include a locking buckle allowing Accused

Products to be stacked on top of each other.

REQUEST FOR ADMISSION NO. 33:

Admit that before this lawsuit was filed, You knew the patent number of the

Patents-in-suit.

REQUEST FOR ADMISSION NO. 34:

Admit that before this lawsuit was filed, the patent number of the Patents-in-

suit was shown on Plaintiff's licensed product.

REQUEST FOR ADMISSION NO. 35:

Admit that before this lawsuit was filed, the patent number of the Patents-in-

suit and Plaintiff's licensed product are shown on the same webpage.

14

REQUEST FOR ADMISSION NO. 36:

Admit that before this lawsuit was filed, the patent number of the Patents-in-suit and Plaintiff's licensed product are shown on the same webpage.

REQUEST FOR ADMISSION NO. 37:

Admit that You knew the product identified by ASIN B0CGZ9ZK4Z for sale on Amazon.com was licensed under the Patents-in-suit.

REQUEST FOR ADMISSION NO. 38:

Admit that You knew the webpage on which product identified by ASIN B0CGZ9ZK4Z was for sale included the patent number of the Patents-in-suit.

REQUEST FOR ADMISSION NO. 39:

Admit that in 2025, You accused of patent infringement in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 40:

Admit that in 2025, You were accused of willful patent infringement in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 41:

Admit that in 2025, You were accused of willful patent infringement in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 42:

Admit that You were a defendant in the case number 2:25-cv-04573 filed in in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 43:

Admit that You paid money to the Plaintiff in the case number 2:25-cv-04573 filed in in the United States District Court for the Central District of California to settle the patent infringement claim against You.

REQUEST FOR ADMISSION NO. 44:

Admit that You paid between $250,000 and $350,000 to the Plaintiff in the case number 2:25-cv-04573 to settle the patent infringement claim against You.

REQUEST FOR ADMISSION NO. 45:

Admit that You were accused of infringing a utility patent in the case number 2:25-cv-04573 filed in in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 46:

Admit that You were accused of infringing a utility patent in the case number 2:25-cv-04573 filed in in the United States District Court for the Central District of California.

REQUEST FOR ADMISSION NO. 47:

Admit that in the case number 2:25-cv-04573 filed in in the United States District Court for the Central District of California, the Accused Products were accused of patent infringement.

REQUEST FOR ADMISSION NO. 48:

Admit that the Accused Products were accused of patent infringement by the plaintiff in the case number 2:25-cv-04573 to Amazon.com.

REQUEST FOR ADMISSION NO. 49:

Admit that Amazon.com delisted the Accused Products as a result of a patent infringement claim made by the plaintiff in case number 2:25-cv-04573 to Amazon.com.

REQUEST FOR ADMISSION NO. 50:

Admit that You were accused of infringing U.S. Patent Nos. 12,275,446 and 12,304,546.

Dated: December 10, 2025                    Respectfully submitted,


                                            /s/ Zheng Liu
                                            Zheng "Andy" Liu (SBN: CA 279327)
                                            Aptum Law
                                            1660 S Amphlett
                                            Blvd., Suite 315
                                            San Mateo, CA 94402
                                            Andy.Liu@AptumLaw.us

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

to be served on the following named person(s) via email.

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern Service
Industry Cooperation Zone, Nanshan, Shenzhen,
China 518052
Telephone: +86 135 2872 3799

### Attorneys for Defendant and counterclaimant
### XIANGHUO

Dated: December 10, 2025                    Respectfully submitted,


/s/ Zheng Liu
Zheng "Andy" Liu (SBN: CA 279327)
Aptum Law
1660 S Amphlett
Blvd., Suite 315
San Mateo, CA 94402
Andy.Liu@AptumLaw.us

18