# EXHIBIT 5

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

   Plaintiff,

 v.

XIANGHUO,

   Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

**PLAINTIFF'S RESPONSE TO DEFENDANT FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY: CONG TAN

RESPONDING PARTY: XIANGHUO

SET NUMBER: ONE (1)

   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cong Tan ("Responding Party") hereby responses to Defendant Xianghuo's ("Propounding Party") First Set of Interrogatories for Admission ("Interrogatory"):

### PRELIMINARY STATEMENT

   Discovery in this action and Responding Party's investigation and development of the facts relating to this action are ongoing. These responses are made without prejudice to, and are not a waiver of, Responding Party's right to use or rely upon facts, information, or documents not disclosed herein, including without limitation, any subsequently discovered facts, information, or documents

1

or any facts, information, or documents that are presently known to the Responding Party, but the specific relevance, significance, or applicability of which to the subject matter of this lawsuit has not yet been ascertained; any such facts, information, or documents may be introduced and used by Responding Party at trial of this matter, in any other evidentiary proceeding in this action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

Responding Party's responses are made in good faith based upon information presently known to Responding Party. To the extent that further discovery or investigation uncovers new facts, information, or documents, leads to the development of additional facts, information, or documents, adds meaning to known facts, information, or documents, or establishes entirely new legal or factual contentions, Responding Party reserves the right to amend, supplement, clarify, revise, and correct its responses herein, and to assert additional proper objections or privileges, in one or more subsequent supplemental responses. Moreover, Responding Party reserves the right to amend or supplement its responses in the event it discovers any mistake, oversight, or omission, or if Responding Party discovers that its responses are in any way incomplete or incorrect.

To the extent that Responding Party produces documents in response to the interrogatories, Responding Party does not waive any proper objection to the use

of or introduction into evidence of any facts, information, or documents provided thereby, including, without limitation, all proper objections as to competency, relevance, materiality, admissibility, and any and all other proper objections and grounds that would require the exclusion of facts, information, or documents disclosed in connection with Responding Party's responses herein if any interrogatory were asked of, or if any statement set forth herein were made by, any witness testifying in court, either in person or by way of deposition. To the extent that Responding Party identifies documents or delineates certain facts contained within any document, it does so without prejudice to establish at a later date any additional facts which may be contained within or discovered as a result of subsequent review of such document or as the result of any additional investigation, legal research, or discovery.

Moreover, reference to, or inadvertent disclosure or production of, proprietary, confidential, or privileged documents or information by Responding Party or its attorneys does not and shall not constitute a waiver of any applicable privilege, nor should production or disclosure of any document or information be construed to waive any proper objection to the admission of such documents or information in evidence, including without limitation that of competency, relevancy, materiality, and admissibility. Responding Party hereby reserves all such grounds for proper objections and further reserves the right to interpose such proper objections at trial of this matter, in any other evidentiary proceeding in this

action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

## GENERAL OBJECTIONS

Responding Party incorporates by reference each of the following General Objections into each of its specific responses set forth below. A specific response may repeat a general objection, but the failure to include a general objection in any specific response does not waive any general objections to that Interrogatory. Each response herein is made subject to and without waiving the following General Objections:

Responding Party objects to these Interrogatories to the extent that they attempt to impose any obligations on Responding Party greater than those imposed or permitted by the Federal Rules of Civil Procedure, or any other applicable rules or statutes.

Responding Party objects to each of Propounding Party's Interrogatories as overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

4

Responding Party objects to each of Propounding Party's Interrogatories to the extent any such interrogatory is vague, ambiguous, unclear, overbroad, uncertain, or unintelligible, or does not describe the document, documents, or category of documents sought with reasonable particularity, thereby subjecting Responding Party to undue burden in responding.

Responding Party objects to these Interrogatories to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or equally available to the Propounding Party.

Responding Party objects to the Interrogatories to the extent they seek information within the exclusive knowledge or possession of third parties over whom Responding Party has no control, and thus Responding Party is not in a position to produce the documents sought.

Responding Party objects to the Interrogatories to the extent they call for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other applicable laws or privileges. Responding Party will produce responsive,

non-privileged documents only after complying with all applicable laws and following the entry of a mutually agreeable protective order by the Court.

Responding Party objects to each of Propounding Party's Interrogatories to the extent any such interrogatory seeks documents irrelevant to the parties' respective claims and defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES**

Responding Party incorporates fully the foregoing Preliminary Statement and General Objections into each of the following specific responses:

**INTERROGATORY NO.1:**

Describe in details all facts and circumstances relating to the first disclosure of the claimed design to another, including the first written description, first manufacture, first use, first public use, first public disclosure, first offer for sale, and/or first sale of the claimed design, and identify the date on which each such event occurred, the identity of each person with knowledge of each such event, the price of any such offers for sale or sales, and identify by Bates number all Documents, Communications and Things showing the foregoing information.

**RESPONSE TO INTERROGATORY NO. 1.**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to

this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "reviewed in connection with the prosecution by anyone who participated in the prosecution" is confusing. (3) Responding Party objects to this Request because the sought-after material is protected by the attorney-client privilege. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5) Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

Please see documents produced, for example, Tan_92 to Tan_1567.

## INTERROGATORY NO.2:

For the Patent-in-Suit, identify all Prior Art known to You and/or that has ever been asserted to You as Prior Art, and identify by Bates number all Documents, Communications and Things showing the foregoing information.

## RESPONSE TO INTERROGATORY NO. 2.

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "prior art" is confusing. (3) Responding Party objects to this Request as calling for legal conclusion. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5)

7

Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

All relevant references are identified in the IDS filed in the patent in suit. Tan_92-Tan-1567.

**INTERROGATORY NO.3:**

Separately identify each person knowledgeable about, or in any way involved in, the conception, reduction to practice, design, development, prototyping, commercialization, marketing, and any other work that led to or was based on the subject matter described or claimed in the Patent-in-Suit, and fully describe each person's knowledge and/or involvement, also identifying the dates and locations of conception and reduction to practice; whether the alleged reduction to practice was actual or constructive; and each Document, Thing, and witness that You allege can substantiate or corroborate such conception or reduction to practice or the exercise of diligence, if any, in reduction to practice, including a full description of how each Document, Thing, and witness allegedly substantiates or corroborates Your allegations, and identification of the current addresses, telephone numbers, employers, employment positions of each individual, including all named inventors, and identify by Bates number all Documents, Communications and Things showing the foregoing information.

8

**RESPONSE TO INTERROGATORY NO. 3.**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "conception and reduction to practice" is confusing. (3) Responding Party objects to this Request as calling for legal conclusion. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5) Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

On March 12, 2024, patent owner Cong Tan reduced the inventive concept to practice by filing the design patent application in suit. It was witnessed by the patent prosecution attorney of record. See Tan_92-Tan-1567.

**INTERROGATORY NO. 4:**

Describe in detail the design process for the Patent-in-Suit, including: (a) the individuals and entities involved (including but not limited to designers, engineers, consultants); (b) key dates and milestones; (c) the tools/software used; and (d) any third-party design packs, samples, or reference products used, and identify by Bates number all Documents, Communications and Things showing the foregoing information.

9

**RESPONSE TO INTERROGATORY NO. 4.**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "conception and reduction to practice" is confusing. (3) Responding Party objects to this Request as calling for legal conclusion. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5) Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

On November 13, 2023, patent owner Cong Tan asked a graphic designer Lian to draw out his inventive design. See Tan_1-Tan_91.

On March 12, 2024, patent owner Cong Tan reduced the inventive concept to practice by filing the design patent application in suit. It was witnessed by the patent prosecution attorney of record. See Tan_92-Tan-1567.

**INTERROGATORY NO. 5:**

Describe in detail any efforts by You to analyze, inspect, copy, imitate, emulate or otherwise incorporate any feature or component of any Prior Art into the Patent-in-Suit, and identify any Documents relating to such efforts, and

identify by Bates number all Documents, Communications and Things showing the foregoing information.

**RESPONSE TO INTERROGATORY NO. 5.**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "prior art" is confusing. (3) Responding Party objects to this Request as calling for legal conclusion. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5) Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

All relevant references are identified in the IDS filed in the patent in suit. Tan_92-Tan-1567.

**INTERROGATORY NO. 6:**

Identify all licensees related to the Patent-in-Suit, and identify by Bates number all Documents, Communications and Things showing the foregoing information.

11

**RESPONSE TO INTERROGATORY NO. 6.**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. (1) Responding Party objects to this Request as compound. (2) Responding Party objects to this Request as vague, because the phrase "prior art" is confusing. (3) Responding Party objects to this Request as calling for legal conclusion. (4) Responding Party objects to this Request as having impermissible subparts and thus unduly burdensome. (5) Responding Party objects to this Request as having impermissible subparts and thus exceeds the total number of interrogatories allowed under Rule 33(a). Without waiving the above objections, Responding Party responds as follows:

All relevant references are identified in the IDS filed in the patent in suit. See Tan_14-Tan_91.

Dated: December 4, 2025

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

12

## VERIFICATION

My name is Cong Tan. I am the named plaintiff in this case. I declare under penalty of perjury that the foregoing is true and correct except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

On December 4, 2025 executed in China.

_____
Cong Tan

13