**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CONG TAN,

               Plaintiff,

v.

XIANGHUO,

               Defendants.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DESIGNATE INFORMATION AS ATTORNEY'S-EYES-ONLY**

1

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DESIGNATE PUBLIC INFORMATION AS ATTORNEY'S-EYES-ONLY

### A. PRELIMINARY STATEMENT

The single document at issue includes mostly public information currently shown on Chinese Reseller's Amazon store frontpage—Amazon order numbers, Seller's order numbers, order dates, shipment tracking numbers, a single product title, a single ASIN, a single SKU, and sales prices. Designating such mostly-public information as Attorney's-Eyes-Only is abusive.



Dkt. 95-2, page 3.

Factually, Defendant Chinese Reseller falsely asserts that the document at issue "consist[s] of information reflecting pricing, *discounting*, unit volumes, *revenue*, and *performance trends over time and across product listings*" (emphasis added): none of emphasized items was present in the single document. To the contrary, as shown above, the document includes mostly public information either currently or recently shown on Chinese Reseller's Amazon webpage. Public information is never confidential, let alone Attorney's-Eyes-Only.

Legally, Defendant Chinese Reseller misapplied the legal standard. *Am. Std., Inc. v. Pfizer, Inc.* (Fed.Cir. 1987) 828 F.2d 734 cited by Defendant relates to a *non-party's confidential* sales data. But the single document at issue is neither from a non-party, nor

2

does it include *conditional* data.

In sum, Defendant Chinese Reseller's motion to designate public information (e.g., product tile, ASIN, SKU, and sales price) as Attorney's-Eyes-Only is ill-advised and should be denied.

## B. LEGAL STANDARD

As a threshold matter, the burden to justify an Attorney's-Eyes-Only designation rests with the designating party, and this burden is extremely high. The designating party must prove not only that (1) "the information sought is confidential" but also that (2) the disclosure is "harmful." *Am. Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987).

Courts in this District have held that the AEO designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 U.S. Dist. LEXIS 3968, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005).

The standard is high because "discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious." *Global Material Techs., Inc. v. Dazheng Metal Fibre Co.* (N.D.Ill. 2015) 133 F. Supp. 3d 1079, citing *Motorola, Inc. v. Lemko Corp.*, 08 CV 5427, 2010 U.S. Dist. LEXIS 53630, 2010 WL 2179170, at *5 (N.D. Ill. June 1, 2010).

3

### C. DISCUSSIONS

### 1. Public Information Should Not Be Designated As Attorney's-Eyes-Only.

To justify the Attorney's-Eyes-Only designation, Defendant Chinese Reseller must prove that "the information sought is confidential." *Am. Standard*, 828 F.2d at 740. Here, the data in dispute are not confidential and thus the Attorney's-Eyes-Only designation is improper.

Defendant Chinese Reseller asserts that a document it produced includes "internal, non-public, product-level sales data for the accused products, including information reflecting pricing, discounting, unit volumes, revenue, and performance trends over time and across product listings." Dkt. 95, page 3. This assertion is false as it is contradicted by Defendant Chinese Reseller's own exhibit 1 (Dkt. 95-2).



Dkt. 95-2, page 3.

As shown above, the data in dispute include Amazon order numbers, Seller's order numbers, order dates, shipment tracking numbers, a single product title, a single ASIN, a single SKU, and sales prices.

Most of these data are currently or recently shown on Defendant Chinese Reseller's Amazon webpage. For example, the product title, the single ASIN, the single SKU, and the current sales price are still showing on Chinese Reseller's Amazon store. It is false for

4

Defendant Chinese Reseller to claim these are "non-public, product-level sales data."

Next, the order numbers, order dates, and shipment tracking numbers are not relevant to this litigation and were not even sought by Plaintiff in discovery. Defendant Chinese Reseller is not required to produce them but designating them as Attorney's-Eyes-Only without justification is abusive.

### 2. The Disclosure of Already-Public Information Is Not Harmful.

In addition to proving that (1) "the information sought is confidential," Defendant Chinese Reseller must also prove that the (2) the disclosure is "harmful." *Am. Standard*, 828 F.2d at 740.

First, as a threshold matter, the disclosure of already-public information cannot be harmful. Public information is not even confidential, much less for Attorney's-Eyes-Only.

Second, Defendant Chinese Reseller's conspiracy theory is baseless. Defendant Chinese Reseller claims that Plaintiff is somehow conspiring with other sellers to decipher its revenue, discount strategy, inventory, or "commercial attention."

This claim might have merit had Defendant Chinese Reseller also disclosed it true cost, but it has not. Without disclosing it true cost, it is impossible to somehow infer Defendant Chinese Reseller's revenue, discount strategy, inventory, or "commercial attention."

In sum, Defendant Chinese Reseller contradicts itself. On one hand, Defendant Chinese Reseller publishes its product title, SKU, and sale prices to the entire world on at

least Amazon.com; but, on the other hand, Defendant Chinese Reseller claims that the information it is still publishing is so "harmful" that it requires Attorney's-Eyes-Only designation. It makes no sense.

### D. CONCLUSION

The Attorney's-Eyes-Only designation should "only be used on a relatively small and select number of documents where a genuine threat of competitive or other injury dictates such extreme measures." *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 U.S. Dist. LEXIS 3968, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005)

Defendant Chinese Reseller's motion to designate public informational as Attorney's-Eyes-Only is abusive and should be denied.

Dated:  March 31, 2026  Respectfully submitted,


/s/ Zheng "Andy" Liu
Zheng "Andy" Liu
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Counsel for Plaintiff Cong Tan*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the March 31, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E- Filing" to all attorneys of record in this case.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Counsel for Plaintiff Cong Tan*

11