**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS**


Cong Tan,                                                      )
                                                               )
    Plaintiff,                                         )
                                                               )   Case No. 1:25-cv-05003
    v.                                                 )
                                                               )   District Judge: Honorable John J. Tharp Jr.
Dongguan Xianghuo Trading Co., Ltd   )   Magistrate Judge: David Weisman
d.b.a, Xianghuo; and                                 )
                                                               )
Denghao Qing,                                           )
                                                               )
    Defendants.                                      )
                                                               )
                                                               )
_____)


**FIRST AMEDNED COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Cong Tan sues Dongguan Xianghuo Trading Co., Ltd., d.b.a., Xianghuo and Denghao Qing (collectively, "Defendant") and alleges as follows:


**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the

1

Defendant directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating (collectively, the "Defendant Internet Stores"). Specifically, Defendant is reaching out to do business with Illinois residents by operating Defendant's Internet Stores, wherein Illinois residents can purchase products featuring Plaintiff's patented design. Defendant has targeted the sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, sold products featuring Plaintiff's patented design to the residents of Illinois. Defendant commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois and the United States.

## INTRODUCTION

3. The Plaintiff filed this action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1,054,752 S ('752) entitled "Storage Box" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 20241. Defendant individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if

---

[1] Exhibit C shows products from the various Defendants in different colors. The products are the same, and color should not be viewed as making one product different.

2

selling licensed products while actually and knowingly marketing, selling, and/or distributing the same knock-off products. Defendant Internet Stores sell the same knock knock-off products, establishing a logical relationship between **them and suggesting that Defendant's operation arises out of the same series of occurrences. Defendant attempts to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant's actions and seek temporary, preliminary, and permanent injunctive and monetary relief.**

## THE BACKGROUND

4.      Plaintiff Cong Tan, is an individual resident of Zhuzhou, China. Plaintiff is the owner of the '752 Patent, entitled "Storage Box" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 2024.

5.      Plaintiff is associated with a highly professional factory and company that is locally well-known for manufacturing various daily-use products. Plaintiff's factory is recognized for its expertise and commitment to quality production, further enhancing the reputation of the patented product at issue in this case.

6.      The plaintiff and his design team collaboratively created the design for the

"Storage Box" and continuously refined it to achieve both aesthetic appeal and functionality.

7.      Plaintiff is the lawful owner of all rights, title, and interest in Plaintiff's '752 Patent. Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation. An image of the claimed design is shown in the image below:

8.



FIG. 1

9.      Plaintiff has not granted a license or any other form of permission to Defendant with respect to the patent design.

10.     Defendant Dongguan Xianghuo Trading Co., Ltd., d.b.a., Xianghuo (Defendant Company) is a limited company organized under the laws of the People's Republic of China. Defendant Company is headquartered in Dongguan, Guangdong province, China, but conducts substantial business in the State of Illinois and the United States.

4

11. Defendant Denghao Qing is a resident of China and the sole owner and controlling person of Defendant Company. Defendant Qing conducts substantial business in the State of Illinois and the United States, through at least Defendant Company.

**ALTER EGO ALLEGATIONS**

12. Defendant Dongguan Xianghuo Trading Co., Ltd., d.b.a., Xianghuo (Defendant Company) and Defendant Denghao Qing are alter ego of each other. For example, Defendant Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant Company. Defendant Qing and Defendant Qing only controls Defendant Company; no other individual controls Defendant Company.

13. Further, Defendant Company never filed any annual reports with the regulatory agency in China and the United States.  For example, even though Defendant Company does substantial business in the State of Illinois, Defendant Company never applied for authority to transact business in the State of Illinois.

14. Defendant Company never had any officers other than Defendant Qing. Defendant Qing is the CEO, the CFO, and the secretary of Defendant Company. If Defendant Company did have any officer named, any such officer had no duties whatsoever, nor any decision making role, or any role whatsoever.

15. Defendant Company never had any directors other than Defendant Qing.

16. Defendant Company never kept any corporate records or documents, or a

5

corporate book.

17. Defendant Company never observed corporate formalities in any manner. For example, Defendant Qin routinely uses Defendant Company's funds to pay personal expenses.

18. Defendant Company never held any meetings of shareholders, nor any meetings of directors.

19. Defendant Company never held any annual or special meetings of any kind, whether of shareholders, officers, or directors.

20. Defendant Company never issued any stock to anyone, nor paid dividends to anyone.

21. Defendant Company never had adequate capitalization and was at all times insolvent. Defendant Qing never transferred any initial capital into Defendant Company's financial account.

22. Defendant Company never made a payment to anyone on any loan allegedly made to Defendant Company.

23. Defendant Qing was the sole governing and dominating personality of the business enterprise of Defendant Company.

24. Defendant Qing exercised control over the corporation Defendant Company to such a degree that separate personalities of Defendant Company and Defendant Qing did not exist. There was in effect unity of interest and ownership between Defendant Company and Defendant Qing such that separate personalities of the

corporation and individual did not exist.

25. Defendant Company was the alter ego or business conduit of Defendant Qing; Defendant Company was merely an instrumentality to conduct Defendant Qing's business.

26. Defendant Qing maintained Defendant Company for the express purpose of (1) shielding himself from such unlawful activities as patent infringement, e.g., copying Plaintiff's patented design without authorization and (2) hiding his own identity from Plaintiff. For example, Defendant Qing has sold infringing products in the State of Illinois and Cliaornia. To avoid personal liability, however, Defendant Qing used Defendant Company as a shell entity to sell the infringing products and hid between Defendant Company when patent owners like Plaintiff enforces their patent rights. So far, due to Defendant Qing's unlawful conduct, Defendant Company has been sued for patent infringement in at least the Central District of California and this District.

## GENERAL ALLEGATIONS

27. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, by operating the fully interactive, commercial online marketplaces operating under Defendant Internet Stores. Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois.

7

Defendant and their respective knock-off products are shown in Exhibit B and Exhibit C.

28.     Defendant works in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes Plaintiff's '752 Patent in a series of occurrences. Tactics used by Defendant to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant's true identities and the exact interworking of their network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

29.     Plaintiff has not licensed or authorized Defendant to use the invention claimed in Plaintiff's '752 Patent, and none of the Defendant is authorized retailers of Plaintiff.

30.     On information and belief, Defendant regularly creates new online marketplace accounts on various platforms using the identity to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendant to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

31.     Defendant Internet Store uses the same product images, accepted payment methods, checkout methods, metadata, illegitimate SEO tactics, lack of contact

information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

32.     In addition to operating under multiple fictitious names, Defendant in this case and Defendant in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

33.     Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating despite Plaintiff's enforcement efforts, such as takedown notices.

34.     According to the information of the online platform store owner, as shown on the Amazon website, parts of the Defendant can be identified via the Chinese official company registration system. The Defendant is a registered company, and its actual owner is located in China. The Defendant's company only has 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

35. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly Plaintiff's '752 Patent, and continue to do so via the Defendant Internet Stores. The Defendant's Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold knock-off products into the United States, including Illinois.

36. Defendant's infringement of Plaintiff's '752 Patent, in the offering to sell, selling, or importing of the knock-off products was willful.

37. Defendant's infringement of Plaintiff's '752 Patent in connection with the offering to sell, selling, or importing of the knock-off products, including the offering for sale and sale of knock-off products into Illinois, is irreparably harming Plaintiff.

## COUNT I
### DIRECT INFRINGEMENT OF UNITED STATES
### DESIGN PATENT NO. D1,054,752 S
### 35 U.S.C. § 271(a)

38. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

39. Defendant offers for sale, sells, or imports into the United States for subsequent resale or uses knock-off products that directly infringe the ornamental design claimed in Plaintiff's '752 Patent.

10

40.     Defendant has infringed Plaintiff's '752 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

41.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing Plaintiff's '752 Patent, Plaintiff will be significantly and irreparably harmed.

42.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT II
### INDUCEMENT OF INFRINGEMENT OF UNITED STATES
### DESIGN PATENT NO. D1,054,752 S
### 35 U.S.C. § 271(b)

43.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44.     Defendant Qing knew the ornamental design claimed in Plaintiff's '752 Patent.

45.     Defendant Qing actively encouraged Defendant Company's infringement of

11

Plaintiff's '752 Patent. For example, Defendant Qing, through his full control of Defendant Company, enabled and directed Defendant Company to offer for sale, sell, import into the United States for subsequent resale, or use knock-off products.

46.     Defendant Qing knew that Defendant Company's offering for sale, selling, importing into the United States for subsequent resale, or using knock-off products, as Defendant Qing induced, constituted patent infringement.

47.     Defendant Qing also aided and abetted Defendant Company's offering for sale, selling, importing into the United States for subsequent resale, or using knock-off products that infringe the ornamental design claimed in Plaintiff's '752 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1)     That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the Patented Design; and

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

12

c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)      Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors, and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

That Plaintiff be awarded such damages as it shall prove at trial against Defendant that is adequate to compensate Plaintiff for infringement of the Patented Design, and all of the

13

profits realized by Defendant, or others acting in concert or participation with Defendant, from the Defendant's unauthorized use and infringement of the Patented Design;

3)      That Plaintiff be awarded from Defendant, as a result of Defendant's use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

4)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

5)      Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: April 8, 2026                                          Respectfully submitted,

_____/s/_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Attorney for Plaintiff*

14