**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN, | |
| Plaintiff, | Case No. 1:25-cv-05003 |
| v. | |
| XIANGHUO | Judge: Hon. John J. Tharp Jr. |
| | Magistrate Judge: Hon. David Weisman |
| Defendant. | |
| XIANGHUO, | |
| Counterclaimant, | |
| v. | |
| CONG TAN | |
| Counterdefendant. | |

**Defendant's Reply to Plaintiff's Response to Defendant's Motion to Designate Information as AOE**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. PLAINTIFF'S COUNSEL'S REPEATED NONCOMPLIANCE WITH THE COURT'S

EXPRESS DEADLINES SHOULD HAVE CONSEQUENCES, AND THE UNTIMELY

OPPOSITION SHOULD BE STRICKEN .................................................................1

III. THE DISPUTED MATERIALS ARE CONFIDENTIAL COMMERCIAL

INFORMATION ........................................................................................................3

IV. DISCLOSURE WOULD BE HARMFUL..........................................................................4

V. CONCLUSION .........................................................................................................6

CERTIFICATE OF SERVICE........................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                                                                **Page(s)**

*Am. Standard Inc. v. Pfizer Inc.,*

   828 F.2d 734, 740 (Fed. Cir. 1987) ...........................................................................3, 4, 6

*Dennis Gromov v. Belkin Int'l, Inc.,*

   No. 22 C 6918, 2023 WL 12248662, at \*5 (N.D. Ill. Oct. 10, 2023) ...............................4

*Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.,*

   133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) ...................................................................5

*Hoeft v. Clark,*

   401 F. App'x 115 (7th Cir. 2010) ....................................................................................2

*K.I.S.S. Pharm. LLC v. Becker Prod. Dev. Corp.,*

   No. 18-CV-07848, 2020 WL 8093507, at \*1 (N.D. Ill. Nov. 30, 2020).......................5, 6

*Krilich v. Millikin Mortg. Co.,*

   196 Ill. App. 3d 554 (1990)..............................................................................................2

*Land v. International Business Machines, Inc.,*

   485 F. App'x 830 (7th Cir. 2012) .....................................................................................2

*Team Play, Inc. v. Boyer,*

No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005)...................................5


**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(c)(1)(G)......................................................................................................3

Defendant Xianghuo respectfully submits this Reply in support of its Motion for Protective Order maintaining the "Attorneys' Eyes Only" designation for the disputed spreadsheet.

## I. INTRODUCTION

Plaintiff's counsel has repeatedly failed to comply with the Court's express deadlines. This pattern of noncompliance has prejudiced Defendant, imposed unnecessary motion practice, and burdened the orderly resolution of the issues presented. Such repeated noncompliance should have consequences, not tacit encouragement.

Plaintiff's opposition does not undermine the core point raised in Defendant's motion: the disputed spreadsheet is a non-public compilation of historical, order-level commercial data reflecting Xianghuo's operations, strategy, and performance over time. Nor does Plaintiff defeat the required showing of harm. Plaintiff's outside counsel and qualified experts may review and use the material in this litigation, but disclosure beyond the AEO tier may expose competitively sensitive information to unnecessary risk, particularly because Plaintiff is likely acting on behalf of his employer, a competitor of Defendant. Accordingly, the Attorneys' Eyes Only designation for the disputed spreadsheet should be upheld.

## II. PLAINTIFF'S COUNSEL'S REPEATED NONCOMPLIANCE WITH THE COURT'S EXPRESS DEADLINES SHOULD HAVE CONSEQUENCES, AND THE UNTIMELY OPPOSITION SHOULD BE STRICKEN

The Court expressly ordered that any response to Defendant's motion be filed by noon on March 25, 2026, and further stated that no reply would be permitted. Plaintiff nevertheless filed his opposition on March 31, 2026, without leave and in direct disregard of the Court's express deadline.

1

This was not a harmless procedural irregularity. Courts in Illinois and the Seventh Circuit have long recognized that district courts possess broad discretion to enforce court-ordered deadlines and to strike untimely filings, particularly where a party has demonstrated a pattern of noncompliance. See *Land v. International Business Machines, Inc.,* 485 F. App'x 830 (7th Cir. 2012) (affirming order striking untimely response brief where plaintiff exhibited a pattern of delays and holding that district courts are entitled to enforce deadlines to manage their calendars); *Hoeft v. Clark,* 401 F. App'x 115 (7th Cir. 2010) (holding that district court did not abuse its discretion in striking filings submitted after the deadline where the litigant offered no adequate explanation for the delay); *Krilich v. Millikin Mortg. Co.,* 196 Ill. App. 3d 554 (1990) (holding that the trial court did not abuse its discretion in striking a late-filed brief).

Plaintiff's counsel has repeatedly failed to comply with the Court's express deadlines, and such repeated noncompliance should have consequences, not tacit encouragement. As the Seventh Circuit explained in *Land*, a pattern of missed deadlines is more than sufficient grounds for a court to decline yet another deviation from its schedule and to strike the untimely filing. *Land v. International Business Machines, Inc.,* 485 F. App'x 830 (7th Cir. 2012) (holding that repeated delays justified striking the brief).

Permitting Plaintiff to obtain the benefit of an untimely submission without consequence would undermine the orderly administration of this case and prejudice Defendant, who has already been forced to incur additional motion practice as a result. Even apart from that prejudice, a separate showing of prejudice is not required where the record reflects repeated disregard of court-ordered deadlines. See *Land v. International Business Machines, Inc.,* 485 F. App'x 830 (7th Cir. 2012) (affirming striking of untimely filing based on pattern of delays); *Krilich v. Millikin Mortg. Co.,* 196 Ill. App. 3d 554 (1990) (affirming trial court's discretion to strike

2

late-filed brief). Court-ordered deadlines are meaningful only if parties are required to follow them.

## III. THE DISPUTED MATERIALS ARE CONFIDENTIAL COMMERCIAL INFORMATION

Plaintiff's confidentiality argument takes the wrong approach. Plaintiff isolates individual fields in the Disputed Materials—such as product title, ASIN, SKU, and price—and notes that some of that information may also appear, currently or recently, on Amazon product pages. From that premise, Plaintiff argues that the Disputed Materials are not confidential. That is not the relevant inquiry.

Rule 26(c)(1)(G) authorizes the Court, for good cause, to protect a trade secret or other confidential research, development, or commercial information from disclosure or to require that it be disclosed only in a specified manner. Fed. R. Civ. P. 26(c)(1)(G). To obtain that protection, the movant must show that the material at issue is confidential. *Am. Standard Inc. v. Pfizer Inc.,* 828 F.2d 734, 740 (Fed. Cir. 1987). The Disputed Materials readily satisfy that standard.

The Disputed Materials are not publicly available in the form maintained by Xianghuo. They are internal business records and datasets generated through Xianghuo's day-to-day Amazon operations. Zheng Decl. ¶ 4. And although certain individual data points reflected in the Disputed Materials may also appear in some form on public platforms, the Disputed Materials aggregate, organize, and correlate this information in a manner that reflects Xianghuo's proprietary operational know-how and internal strategy. *Id.* ¶ 5.

That distinction is dispositive. The Disputed Materials are not a public-facing product-page capture or a simple snapshot of listing information. As Zheng explains, they reflect relationships between pricing decisions and actual sales performance, including sales volume,

3

sales velocity, and temporal trends. Zheng Decl. ¶ 7. They also contain underlying order-level historical data from which commercially meaningful insights may be derived regarding Xianghuo's pricing practices, marketplace performance, and operational strategy over time. See *id.* ¶¶ 6–8. In short, the Disputed Materials are a non-public, historical, order-level commercial dataset reflecting Xianghuo's actual operations in a form that cannot be fully reconstructed from publicly available information alone.

Courts have recognized that sales and pricing information of this kind is competitively sensitive and appropriately protected. See *Dennis Gromov v. Belkin Int'l, Inc.,* No. 22 C 6918, 2023 WL 12248662, at *5 (N.D. Ill. Oct. 10, 2023) (treating sales- or pricing-related documents as appropriately subject to attorneys'-eyes-only treatment because of the competitive sensitivity associated with this data). The same principle applies here. The Disputed Materials are an internally maintained compilation of historical, order-level commercial data that reveals Xianghuo's operations, strategy, and performance over time in a form not otherwise available to the public. Plaintiff's opposition therefore fails at the threshold. Limited overlap between isolated fields and public-facing information does not strip confidentiality from a non-public commercial dataset of this kind.

### IV. DISCLOSURE WOULD BE HARMFUL

Plaintiff separately argues that disclosure would not be harmful because the Disputed Materials allegedly contain only public information and do not reveal Xianghuo's "true cost." That argument applies too narrow a view of the governing standard.

Once confidentiality is shown, the party seeking protection need only demonstrate that disclosure might be harmful. *Am. Standard Inc. v. Pfizer Inc.,* 828 F.2d 734, 740 (Fed. Cir. 1987). And to sustain an Attorneys' Eyes Only designation, the producing party must show that

4

disclosure of the specific materials at issue—even subject to ordinary non-disclosure and non-use restrictions—poses a risk of disclosure of sensitive competitive information. *K.I.S.S. Pharm. LLC v. Becker Prod. Dev. Corp.,* No. 18-cv-07848, 2020 WL 8093507, at *1 (N.D. Ill. Nov. 30, 2020). That standard is satisfied here.

The harm here is concrete. As Zheng explains, the Disputed Materials reflect how Xianghuo's pricing decisions relate to actual sales performance, including sales volume, sales velocity, and temporal trends. Zheng Decl. ¶ 7. They also contain underlying historical, order-level data from which a competitor could derive commercially valuable insights regarding Xianghuo's pricing practices, promotion timing, marketplace performance, and operational strategy over time. *Id.* ¶¶ 6–8. Access to that information would reduce the trial and error ordinarily required to develop a competing strategy. *Id.* ¶ 12. A competitor could use it to replicate successful pricing models, identify optimal promotion timing, avoid unsuccessful approaches, and otherwise target Xianghuo's market position. *Id.* ¶¶ 12–13.

That is precisely the type of competitive injury for which AEO treatment is reserved. AEO treatment is appropriate for the relatively small set of materials for which a genuine threat of competitive injury warrants heightened protection. *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.,* 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) (quoting *Team Play, Inc. v. Boyer,* No. 03 C 7240, 2005 WL 256476, at *1 (N.D. Ill. Jan. 31, 2005)). Zheng further states that the competitive harm from such disclosure would be substantial because it would erode Xianghuo's competitive advantage, diminish the value of its internally developed strategies, and impair its ability to compete effectively in the marketplace. Zheng Decl. ¶ 14.

The Disputed Materials also present a distinct operational misuse risk. They include sensitive information such as Amazon Order ID, Seller Order ID, and other transaction-specific

data that can reveal non-public details about order processing, fulfillment activity, internal tracking practices, and the seller's underlying business operations. Zheng Decl. ¶ 9. Zheng further explains that disclosure of such information would create a significant risk of misuse, including interference with Xianghuo's operations through Amazon platform mechanisms, complaints, or disruptions to fulfillment and customer relationships. *Id.* ¶ 10. In the Amazon marketplace, misuse of seller- or order-level information can lead to customer confusion, negative feedback, account warnings, listing suppression, or even account suspension. *Id.* ¶ 11.

Plaintiff's focus on the absence of cost data does not alter the analysis. The relevant question is not whether the Disputed Materials contain every possible metric of commercial performance. The question is whether disclosure of these specific materials would provide a market participant with commercially valuable information that could be used to Xianghuo's detriment. Under *Am. Standard*, that showing is satisfied if disclosure might be harmful. 828 F.2d at 740. Under *K.I.S.S. Pharm.*, the inquiry is whether disclosure of the specific materials at issue presents a risk of disclosure of sensitive competitive information even under ordinary confidentiality restrictions. 2020 WL 8093507, at *1. Both standards are met.

Nor does Plaintiff's assertion that some fields are "not relevant" justify removing AEO protection. If anything, it underscores that Plaintiff personally does not need direct access to the Disputed Materials. Plaintiff's outside counsel and qualified experts can review and use those materials in this litigation. Continued AEO treatment is therefore narrowly tailored and does not impair Plaintiff's ability to prosecute his claims. See *K.I.S.S. Pharm.*, 2020 WL 8093507, at *1.

**V. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court strike Plaintiff's untimely opposition. Alternatively, Defendant respectfully requests that the Court disregard

6

Plaintiff's untimely opposition in resolving the present motion. Defendant further respectfully requests that the Attorneys' Eyes Only designation for the Disputed Materials be upheld.

Respectfully submitted,

DATED: April 8, 2026            **SHM LAW FIRM**

By:     _/s/Qianwu Yang_
        QIANWU YANG
        yang@shm.law
        Yi Fang
        Fang.yi@shm.law
        3000 El Camino Real
        Building 4, Suite 200
        Palo Alto, CA 94306
        Telephone: (650) 613-9737
        Telephone: +8613925212009

        _Attorney for Defendant and Counterclaimant_
        XIANGHUO

7

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: April 8, 2026

*/s/Yi Fang*

Yi Fang

8