IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG TAN,<br><br>     Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>     Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br><br>Magistrate Judge David Weisman |

**DECLARATION OF ZHENG LIU RE Dkt. 109**

Pursuant to 28 U.S.C. § 1746, I, Zheng Liu, submit this Declaration concerning Dkt. 109.

1. I am the counsel of record for Plaintiff Cong Tan in the matter captioned Tan v. Xianghuo, No. 25-cv-05003 (N.D. Ill. filed May 6, 2025). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

2. Defendant's attorney Mr. Qianwu Yang's factual assertions are incorrect. Defendant's claimed difficulties are caused by their own abusive practice of using "appearance-only counsels"

3. As background, on **March 12, 2026**, the undersigned and Attorney Aoyu Yang

1

(Counsel for Defendant Xianghuo) conducted a Zoom meet and confer about all then-oustanding discovery issues per dkt. 100. Mr. Qianwu Yang (who signed the reply, dkt. 109) did not attend the meet and confer, because he was "busy with other things."

4. The undersigned and Attorney Aoyu Yang agreed on deposition dates but did not agree on a few other issues, e.g., the specific deposition location, document production, and document designations.

5. Given the mix results, the undersigned and Attorney Aoyu Yang agreed that parties would *notice* any discovery motions they may have for the April 1, 2026 status conference and that the parties would jointly ask the Court to set a briefing schedule on all discovery motions to be filed on or before April 1, 2026.

6. In accordance with that agreement (between the undersigned and Attorney Aoyu Yang), Defendant noticed the motion for PO. Dkt. 96.

7. Before the April 1, 2026 status conference, the deposition location was fixed and that issue went away. Thus, Plaintiff did not file any discovery motion on or before April 1, 2026.

8. On or about March 27, 2026, the undersigned learnt that Attorney Aoyu Yang left the SMH law firm representing Defendant and that the new attorney for Defendant Xianghuo may not honor any agreements Attorney Aoyu Yang

2

made.

9. Upon learning this new development, in one business day, Plaintiff filed their opposition to Defendant's PO motion.

10. Plaintiff's Opposition (dkt. 100) is thus timely and should be considered.

11. First, Defendant suffers no meaningful prejudice. To address Defendant's claimed lack of opportunity to review the opposition, the Court granted Defendant a reply, even though the original order allowed no such reply. Dkt. 84 stating "no reply."

12. Second, Defendant's claimed difficulties are self-inflicted. Defendant's repeated failures to honor their own agreements have caused significant delays in this case including the allegedly delayed opposition. Defendant cannot refuse to honor an agreement it made and then claims it is prejudiced by their later breach of that agreement.

13. Third, Defendant's claimed difficulties are caused by their own abusive practice of using "appearance-only counsels."

14. To date, eight different attorneys have represented Defendant in this case.

   a. appearance-only Attorney Zareefa Flener made a single appearance at a status conference but never participated in any other activities (meet-and-confers or hearings) in this case.

b.  appearance-only Attorney Ying Chen made two status conference appearances but never participated in any other activities (meet-and-confers or hearings) in this case.

c.  appearance-only Attorney James Judge made two status conference appearances but never participated in any other activities (meet-and-confers) in this case.

d.  appearance-only Attorney Yi Yang made a single appearance at a status conference but never participated in any other activities (meet-and-confers or hearings) in this case.

e.  Attorney Qianwu Yang signed all pleadings but never appeared at *zero* any court hearings.

f.  Attorney Jing Chen signed numerous pleadings but never appeared at any court hearings whatsoever, nor attended any meet-and-confers.

g.  Attorney Aoyu Yang conducted most of the meet-and-confers but never participate in any court hearing whatsoever.

15. As shown in the past, none of Defendant's four appearance-only counsels participated in any meet-and-confer meetings, but all but one have made broad assertions about what Defendant has agreed or not agreed during the meet and confers.

4

16. Here, Attorney Qianwu Yang's claim that he and the undersigned never agreed on a joint briefing schedule is misleading and false.

17. True, Attorney Qianwu Yang along with Defendant's four other appearance-only Attorneys never personally agreed to anything. But this was because none of them care to attend any meet and confer meetings.

18. The agreement was made with Defendant's then attorney Mr. Aoyu Yang.

19. In sum, Defendant's assertion that Plaintiff's opposition was late is misleadingly false.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed April 8, 2026                    Respectfully submitted,


_____/s/_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
Tel.: (650) 475-6289