**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>                    Plaintiff,<br><br>                    v.<br><br>XIANGHUO<br><br>                    Defendant. | Case No.  1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. David Weisman<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT XIANGHUO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FED. R. CIV. P. 56(d) MOTION TO DEFER BRIEFING ON DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT IN DKT. 83**

**Table of Contents**

I. Introduction.................................................................................................4

II. Legal Standard .............................................................................................5

III. Argument .....................................................................................................5

    A. Liu's Declaration Fails to Satisfy Rule 56(d) ...................................................5

    B. Additional Discovery Would Be Futile...........................................................7

    C. The Existing Record Already Resolves the Dispositive Invalidity Issue ......................8

IV. Conclusion ..................................................................................................11

CERTIFICATE OF SERVICE...............................................................................14

**TABLE OF AUTHORITIES**

**CASES** **Page(s)**

*Arnold v. Villarreal*,

853 F.3d 384, 389 (7th Cir. 2017)..................................................................................9

*Davis v. G.N. Mortg. Corp.*,

396 F.3d 869, 885 (7th Cir. 2005)..................................................................................5

*Kallal v. CIBA Vision Corp.*,

779 F.3d 443, 446-47 (7th Cir. 2015) ............................................................................6

*Smith v. OSF HealthCare Sys.*,

933 F.3d 859, 865 (7th Cir. 2019)................................................................................10

*Sterk v. Redbox Automated Retail, LLC*,

770 F.3d 618, 625-28 (7th Cir. 2014) .......................................................................5, 10

*Woods v. City of Chicago*,

234 F.3d 979, 990-91 (7th Cir. 2000) .........................................................................5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(d)..................................................................................................... 4-12

Defendant Xianghuo respectfully opposes Plaintiff's renewed motion under Rule 56(d) to defer briefing on Defendant's renewed motion for summary judgment.

## I.    Introduction

Plaintiff's renewed Rule 56(d) motion should be denied because it fails to identify any specific, material facts necessary to oppose Defendant's invalidity-based motion for summary judgment. Defendant's renewed motion for summary judgment turns first on invalidity based on prior art. To obtain Rule 56(d) relief, Plaintiff therefore had to identify specific unavailable facts essential to rebut that invalidity theory. It did not. Instead, Plaintiff relies on generalized assertions that discovery remains ongoing and discusses broad discovery topics, many of them directed to infringement rather than invalidity. That is not enough under Rule 56(d). Even assuming Plaintiff obtained all discovery it seeks, such discovery cannot alter the prior art disclosures or their public availability dates, which are established by objective evidence already before the Court. Rule 56(d) does not permit delay where additional discovery would be futile. Plaintiff still does not explain how any requested discovery would yield facts capable of altering the objective prior-art record already before the Court.

Rule 56(d) does not permit a nonmovant to postpone summary-judgment briefing merely because discovery remains incomplete. The nonmovant must identify specific facts it cannot presently present, explain why those facts remain unavailable despite diligence, and show that

4

those facts are essential to oppose the motion at issue. Generalized assertions that additional discovery may be helpful do not suffice. That defect is dispositive here because Defendant's motion is directed first to invalidity. Plaintiff therefore had to show that specific additional discovery is necessary to contest the prior-art references, their relevant dates, their public availability, or some other element of Defendant's invalidity showing. Plaintiff does not do so.

## II. Legal Standard

Under Fed. R. Civ. P. 56(d), a party opposing summary judgment must show by affidavit or declaration "specific reasons" why it cannot present facts essential to justify its opposition. The rule is not a shield for parties seeking to delay adjudication through vague or speculative discovery requests. See *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014) (holding that the district court did not abuse its discretion in denying additional discovery where plaintiffs "fell far short of meeting their burden to identify material facts needed to oppose summary judgment"). The non-movant must demonstrate that the requested discovery is likely to produce evidence that would defeat summary judgment, not merely support fishing expeditions. See *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). Courts deny Rule 56(d) motions when further discovery will not produce evidence to dispute the material facts. See *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000).

## III. Argument

### A. Liu's Declaration Fails to Satisfy Rule 56(d)

Federal Rule of Civil Procedure 56(d) permits a court to defer consideration of summary judgment only when the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d); *Kallal v. CIBA Vision Corp.*, 779 F.3d 443 (7th Cir. 2015); *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). Liu's declaration fails to make that showing. It fails to identify any particular fact Plaintiff expects to obtain through discovery, fails to explain why that fact is presently unavailable, and fails to explain how that fact would defeat the motion Xianghuo actually filed. That failure is dispositive because Xianghuo's motion presents an invalidity issue grounded in prior art. To obtain Rule 56(d) relief, Plaintiff therefore had to identify specific discovery essential to rebutting Xianghuo's prior-art invalidity showing. Liu failed to do so, and that omission is fatal. Instead, the declaration offers only generalized complaints about document production, interrogatory responses, and Rule 30(b)(6) scheduling. The fact that discovery remains open under the scheduling order does not relieve Plaintiff of Rule 56(d)'s requirement to identify specific, essential facts tied to the motion pending before the Court.

The declaration also shows that Plaintiff is seeking discovery on the wrong issues. As this Court has already explained, the dispositive question is whether earlier prior art anticipates the claimed design or otherwise renders the patent invalid. Dkt. 36 at 1-2. Yet Liu states that discovery is needed to develop facts concerning "infringement" or "non-infringement," the "ordinary observer," and comparisons among the accused design, the patented design, and prior art. Dkt. 84 ¶ 19. Those assertions focus largely on infringement-oriented concepts and still do

not identify any specific unavailable fact necessary to rebut Xianghuo's prior-art invalidity showing. And although Liu notes that Xianghuo's motion identifies certain overlapping features between the claimed design and the prior art, he never identifies any additional discoverable fact that could change what the prior-art references themselves disclose, undermine their publication or public-availability dates, or otherwise create a genuine dispute as to anticipation or obviousness. Dkt. 84 ¶ 20. The prior-art grounds raised by Xianghuo rely on public references and public sales evidence already before the Court; Plaintiff identifies no non-public fact in Xianghuo's possession that is essential to opposing that showing, nor any discovery that could alter the disclosures or public-availability dates reflected in that existing record. Rule 56(d) does not permit a party to postpone summary judgment based on the mere hope that further discovery might uncover something helpful, nor does it authorize discovery on collateral issues unrelated to the motion actually filed. Because Liu's declaration failed to state specified reasons why Plaintiff cannot present facts essential to oppose Xianghuo's prior-art invalidity motion without further discovery, the request to defer briefing should be denied.

## B. Additional Discovery Would Be Futile

Even if Plaintiff obtained all requested discovery, it would not change the objective disclosures of the prior art or their public availability dates. Invalidity here turns on publicly available references and their visual disclosures—facts that are fixed and not subject to alteration through discovery. Accordingly, additional discovery cannot create a genuine dispute of material fact.

Plaintiff's Rule 56(d) motion also relies on a discovery narrative that does not justify deferring briefing on Defendant's renewed motion for summary judgment. Regardless of whether particular materials had been provided to Plaintiff before Plaintiff filed the motion to defer, Defendant has since produced the relevant materials, including substantial document production extending through Bates No. XIANGHUO_215. In other words, to the extent Plaintiff's motion rests on the assertion that Defendant had not yet produced certain materials at the time of filing, that premise no longer provides a basis for Rule 56(d) relief.

In any event, that issue is irrelevant to the motion actually before the Court. Defendant's renewed motion for summary judgment turns first on invalidity based on prior art, and Rule 56(d) therefore required Plaintiff to identify specific unavailable facts essential to opposing that invalidity theory. Plaintiff has not done so. Accordingly, Plaintiff cannot justify deferring briefing on the motion by relying on a generalized discovery narrative, regardless of the timing or volume of Defendant's production. Even now, Plaintiff still does not identify any specific discovery that would materially affect the invalidity analysis presented by Defendant's motion.

## C. The Existing Record Already Resolves the Dispositive Invalidity Issue

Plaintiff's Rule 56(d) showing fails for an additional reason: the existing record already resolves the dispositive invalidity issue. The Court already has before it a developed invalidity record, and Plaintiff still identifies no specific discovery that would rebut Defendant's prior-art-based invalidity position, undermine the relevant dates or public availability of the cited references, or otherwise create a genuine dispute of material fact on invalidity. Because

invalidity is the threshold issue presented, Plaintiff cannot justify deferral by pointing generally to infringement-related discovery.

The Seventh Circuit has made clear that Rule 56(d) does not require delay where the existing record already exposes a dispositive defect in the nonmovant's position. In *Arnold v. Villarreal*, the court affirmed denial of additional discovery because "the undisputed evidence already in the record established beyond question" the flaw in the plaintiff's theory, and because "no amount of discovery would remedy the flaws" in that theory. 853 F.3d 384, 389 (7th Cir. 2017).

That prior record matters in a meaningful way. In Defendant's motion to dissolve the TRO, Xianghuo argued that the asserted patent was highly likely invalid in light of prior art, including earlier design-patent material and Xianghuo's own product offered for sale on Amazon before the patent's issuance. Judge Tharp considered Plaintiff's attempt to discount that prior-art showing—including Plaintiff's Amazon-listing theory—and expressly held that "[t]he Court is not persuaded by this conclusion." Dkt. 36 at 1. The Court further held that Xianghuo "has therefore raised a 'substantial question of invalidity by establishing the ['752 Design Patent] is vulnerable.'" Id. at 2.

That ruling does not itself resolve Defendant's renewed motion for summary judgment. It does, however, bear directly on Rule 56(d) materiality. Having already concluded on the existing record that Defendant raised a substantial question of invalidity, the Court need not defer

briefing on the motion absent a concrete showing that additional discovery is likely to uncover evidence material to that same invalidity analysis. Plaintiff makes no such showing here.

Instead, Plaintiff refers generally to discovery concerning Amazon storefronts, prior art, the ordinary-observer inquiry, and claim construction. But Rule 56(d) requires more than subject-matter labels. Plaintiff must identify the specific discovery sought, explain why it is essential to oppose Defendant's motion, and show how it would create a genuine dispute of material fact on the invalidity issue Defendant actually raises. *Smith*, 933 F.3d at 865. Plaintiff does not identify any specific discovery that would rebut Judge Tharp's conclusion that Xianghuo had already raised a substantial question of invalidity, nor does Plaintiff explain how any particular additional discovery would alter the prior-art analysis already before the Court.

The Seventh Circuit has likewise rejected Rule 56(d) requests where the party seeking additional discovery fails to identify specific, material facts necessary to oppose summary judgment. In *Sterk v. Redbox Automated Retail, LLC*, the court held that the district court did not abuse its discretion in denying plaintiffs additional discovery before ruling on summary judgment because plaintiffs "fell far short of meeting their burden to identify material facts needed to oppose summary judgment." 770 F.3d 618, 628 (7th Cir. 2014). So too here. Plaintiff's motion assumes that any unresolved factual issue relating to prior art or infringement automatically justifies delaying briefing on the motion. It does not. The relevant question is whether Plaintiff has identified specific, material discovery necessary to answer the dispositive invalidity issue advanced by Defendant. Plaintiff has not done so.

Rule 56(d) protects a party that cannot yet present essential facts; it does not entitle a party to postpone briefing merely because additional discovery would be useful, preferable, or strategically advantageous. Plaintiff's showing never crosses that line.

Nor do Plaintiff's generalized references to design-patent infringement or claim construction change the analysis. Even assuming other aspects of the case may involve factual questions, Rule 56(d) still requires Plaintiff to show why specific additional discovery is essential to opposing the motion actually before the Court. Plaintiff has not explained why any unresolved claim-construction issue prevents it from responding to Defendant's invalidity theory, which turns on prior art already identified and record evidence already before the Court. Put differently, Plaintiff cannot avoid briefing by pointing generally to "fact discovery" when the decisive defect identified by Defendant is invalidity established by record prior art.

In short, Rule 56(d) does not authorize postponement of briefing merely because Plaintiff would prefer further discovery before confronting Defendant's invalidity theory. The Court has already considered the prior-art record and concluded that Defendant raised a substantial question regarding invalidity. Plaintiff has identified no specific additional discovery that would materially alter that analysis. Because Defendant's summary-judgment position turns on invalidity established by prior art already before the Court, and because Plaintiff has not shown that further discovery would be material to that issue, Rule 56(d) relief should be denied.

## IV. Conclusion

11

For the foregoing reasons, Plaintiff has not satisfied any requirement of Rule 56(d), including its failure to identify any specific, material facts necessary to oppose Defendant's motion. Because the dispositive invalidity issue is already established by the existing record, and because any further discovery would be futile and incapable of altering that analysis, Plaintiff's motion should be denied.

Respectfully submitted,

DATED: April 22, 2026

**SHM LAW FIRM**

By:     _/s/Qianwu Yang_
QIANWU YANG
yang@shm.law
YI FANG
fang.yi@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +86 139 2521 2009

_Attorney for Defendant and Counterclaimant_
XIANGHUO

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I caused the foregoing to be filed using the

Court's electronic filing system, which will serve all counsel of record.


Dated: April 22, 2026


*/s/Yi Fang*

YI FANG
