IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONG TAN,<br><br>        Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>        Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br><br>Magistrate Judge David Weisman |

**REPLY IN SUPPORT OT PLAINTIFFS' MOTION TO DEFER BRIEFING OF
DEFENDANTS' *SECOND* MOTION FOR SUMMARY JUDGMENT**

**I. PRELIMINARY STATEMENT**

Defendant's chief grievance is why the Court cannot invalidate Plaintiff's patent, immediately, without discovery, based solely on (i) a China Patent or (ii) images they found on an Amazon webpage. According to Plaintiff, both would invalidate the patent-in-suit incautiously, because both show designs that are substantially similar to Plaintiff's patented design.

Defendant, however, fails to appreciate a critical issue—whether a reference is a prior art depends when the reference was published.  Without a publication date, a reference cannot even be relied on as a prior art.

Here, Defendant overlooks the publication date issue completely. First,

1

Defendant takes for granted that the images they found on a webpage must have been published on August 26, 2022, because the webpage contains the phrase "the product was available on Product available on Amazon.com.mx since August 26, 2022." Defendant is simply wrong: fact discovery has revealed that an Amazon webpage is susceptible to manipulation, and images can be replaced at any time after the webpage was first created. Further, a single phrase included on a webpage cannot dictate when a webpage was published.

Second, the same publication date issue plagues Defendant's second purported prior art reference: the China patent. Fact discovery has revealed that certain China Patents are not published when they were granted. Similarly, fact discovery is thus necessary to ascertain when the China patent relied on by Defendant became published, for the purpose of identifying prior art.

In sum, Plaintiff's motion to defer briefing on Defendant's premature summary judgement motion should be granted, because Plaintiff's fact discovery was ongoing, because Plaintiff had been diligent in pursuing discovery, and because Plaintiff's discovery would not have been futile.

## II. DISCUSSIONS

### A. Fact Discovery Is Needed To Ascertain The Publication Date Of Defendant's Alleged Prior Art.

"Whether a reference was published prior to the critical date, and is therefore

2

prior art, is a question of law based on underlying fact questions." *Typeright Keyboard Corp. v. Microsoft Corp.* (Fed. Cir. 2004) 374 F.3d 1151, 1158 (citing *N. Telecom, Inc. v. Datapoint Corp.*, (Fed. Cir. 1990) 908 F.2d 931, 936).

Defendant, however, overlooks the publication date issue completely. First, Defendant takes for granted that because the webpage contains the phrase "the product was available on Product available on Amazon.com.mx since August 26, 2022," the images Defendant found on the webpage after this litigation began must also have been published on August 26, 2022.

Defendant is simply wrong: fact discovery has revealed that an Amazon webpage is susceptible to manipulation, and images can be replaced at any time after the webpage was first created.

Next, "[s]ummary judgment is not appropriate where the opposing party offers specific facts that call into question the credibility of the movant's witnesses." *See Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 628-29 (1944) (reversing summary judgment where the only evidence in support of the movant's contention was the testimony of its experts and there were specific bases for doubting the credibility of that testimony).

Here, the only evidence Defendant offered to support its assertion that the images and the China patent were published before the critical date is a single

3

declaration by Defendant's counsel Mr. Tianwu Yang. Mr. Yang does not claim to have expertise in analyzing Amazon store webpages, nor researching China patents. Thus, fact discovery is needed to explore the credibility of Mr. Yang's assertions about the two cited references' publication dates.

### B. Fact Discovery Is Needed To Develop Infringement Theories.

A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Samsung Electronics Co., Ltd. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016) (internal citation omitted). The hypothetical "ordinary observer" has knowledge of the prior art because the differences between the claimed and accused designs are viewed in light of the prior art. *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 677-678).

Here, Defendant ignores the "ordinary observer" standard altogether, broadly asserting that the entire patented design "clearly" differs from the accused product. Defendant ignore the long established standard that "[d]esign patent infringement is a question of fact." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288,1295 (Fed. Cir. 2010).

Defendant essentially advocates dispose all design patent infringement cases based on (1) a side-by-side visual comparison and (2) counsel's assertion that she believes that the designs are "so different." This is simply not the standard set forth by the Federal Circuit.

In sum, fact discovery is necessary to develop infringement theories.

### III. CONCLUSION

Courts in this Circuit have routinely deferred consideration of motions for summary judgment under Rule 56(d) when fact discovery is necessary to develop case theories, like the one Plaintiff set forth above. *See Nat'l Fire & Marine Ins.*, 2016 WL 6947066; *Hartford Cas. Ins. v. Juneau Assocs., Inc.*, No. 14-CV- 0826-MJR-PMF, 2015 WL 5161389, at *2 (S.D. Ill. Sept. 1, 2015). The Court should do so here as well.

Date: April 29, 2026

Respectfully submitted,

_____/s/_____
Zheng "Andy" Liu (CA # 279327)
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
Tel.: (650) 475-6289

6