QIANWU YANG
yang@shm.law
YI FANG
fang.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant*
*Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>DONGGUAN XIANGHUO TRADING CO., LTD.<br>d/b/a XIANGHUO; and<br>DENGHAO QING,<br><br>Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. David Weisman |

## DEFENDANT DONGGUAN XIANGHUO TRADING CO., LTD.'S UNOPPOSED MOTION FOR LEAVE TO FILE ITS ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT INSTANTER

1

Defendant Dongguan Xianghuo Trading Co., Ltd., d/b/a Xianghuo ("Xianghuo" or the "Company Defendant"), by and through undersigned counsel, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 6(b)(1)(B) for leave to file its Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint instanter. Plaintiff does not oppose this motion and agrees that Xianghuo may file its answer, affirmative defenses, and counterclaims subjects to the courts approval.

In support of this Motion, Xianghuo states as follows:

1. Plaintiff filed the original Complaint on May 6, 2025, asserting a claim for design patent infringement against Xianghuo. (Dkt. 1.)

2. Xianghuo timely appeared in this action and filed its Answer, Affirmative Defenses, and Counterclaims to the original Complaint on August 5, 2025. (Dkt. 23.)

3. In its original responsive pleading, Xianghuo denied infringement and asserted affirmative defenses and counterclaims, including non-infringement, invalidity, unenforceability, and related defenses and claims for declaratory relief.

4. On April 8, 2026, the Court granted Plaintiff's motion to amend and directed Plaintiff to file its amended complaint on the docket. (Dkt. 105.)

5. Plaintiff filed the First Amended Complaint on April 8, 2026. (Dkt. 106.)

6. The First Amended Complaint does not materially alter Plaintiff's infringement allegations against the Company Defendant. The principal change is the addition of Denghao Qing as a newly named individual defendant and related allegations concerning Qing. As to the Company Defendant, the First Amended Complaint continues to assert substantially the same design-patent infringement theory based on the same asserted patent and accused products.

7. Under Federal Rule of Civil Procedure 15(a)(3), unless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

8. Xianghuo did not file its responsive pleading to the First Amended Complaint within the time provided by Rule 15(a)(3).

9. Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court, for good cause, to extend a deadline after it has expired if the party failed to act because of excusable neglect.

10. Good cause exists, and the delay resulted from excusable neglect within the meaning of Rule 6(b)(1)(B). Xianghuo has not failed to appear or failed to defend this action. To the contrary, Xianghuo timely appeared, filed its Answer, Affirmative Defenses, and Counterclaims to the original Complaint, participated in discovery, and has continued to defend this case on the merits.

11. Plaintiff will suffer no unfair prejudice from the requested relief. The First Amended Complaint does not materially change Plaintiff's infringement allegations against the Company Defendant, and Plaintiff has long been on notice that Xianghuo denies infringement and asserts defenses and counterclaims, including non-infringement, invalidity, unenforceability, and related defenses.

12. The failure to file a timely responsive pleading to the First Amended Complaint was inadvertent and resulted from an oversight during coordination with co-counsel concerning the Company Defendant's responsive pleading.

13. Although the First Amended Complaint added a newly named individual defendant, the Company Defendant's substantive position remained unchanged: Xianghuo denies infringement and maintains its previously asserted defenses and counterclaims.

14. The delay was not the result of bad faith, dilatory motive, tactical advantage, or any intent by Xianghuo or its counsel to disregard the Federal Rules of Civil Procedure or this Court's orders.

15. After the Court raised the issue of a responsive pleading at the May 20, 2026 status hearing, Xianghuo promptly prepared its proposed Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint and now seeks leave to file that pleading instanter. (Dkt. 121.)

16. Defendant counsel has requested Plaintiff's position on this motion.

17. Plaintiff' counsel has confirmed that Plaintiff would not oppose this motion.

18. A copy of Xianghuo's proposed Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint is attached as Exhibit A.

19. The Seventh Circuit has recognized that the excusable-neglect inquiry under Rule 6(b)(1)(B) is an equitable one, taking account of all relevant circumstances, including the danger of prejudice, the length of delay and its impact on the proceedings, the reason for delay, and whether the movant acted in good faith. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016).

20. Courts also have allowed untimely answers where the delay was inadvertent, the plaintiff was not prejudiced, and the parties had proceeded on the understanding that the defendant continued to deny the claims. See *Post v. Gilmore*, 91 F. App'x 513, 515-16 (7th Cir. 2004); *Coe v. Sloan*, No. 3:10-cv-311-GPM-DGW, 2011 WL 3328400, at *2 (S.D. Ill. Aug. 2, 2011).

21. The same considerations support leave here. Xianghuo has actively defended this action from the outset, Plaintiff will suffer no unfair prejudice because the core

allegations against the Company Defendant remain materially unchanged, and the proposed pleading is being tendered promptly to cure the issue.

22. This Motion is brought only on behalf of Defendant Dongguan Xianghuo Trading Co., Ltd., d/b/a Xianghuo. Nothing in this Motion or the attached proposed pleading should be construed as an appearance by or on behalf of newly named individual defendant Denghao Qing, as acceptance of service for Denghao Qing, or as a waiver of any service, personal-jurisdiction, Rule 12, or other defenses that may be available to Denghao Qing.

**WHEREFORE**, Defendant Dongguan Xianghuo Trading Co., Ltd., d/b/a Xianghuo respectfully requests that the Court grant this Motion and deem the attached Answer, Affirmative Defenses, and Counterclaims to Plaintiff's First Amended Complaint filed instanter, or alternatively grant Xianghuo leave to file that pleading within such time as the Court deems appropriate.

Respectfully submitted,

DATED: May 27, 2026

**SHM LAW FIRM**

By:  */s/Qianwu Yang*
QIANWU YANG
yang@shm.law
YI FANG
fang.yi@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorney for Defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2026, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: May 27, 2026

*/s/Yi Fang*

Yi Fang