**UNITED STATES DISTRICT COURT**

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>DONGGUAN XIANGHUO TRADING CO., LTD. d/b/a XIANGHUO; and DENGHAO QING,<br><br>Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. David Weisman<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANT DONGGUAN XIANGHUO TRADING CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## GENERAL DENIAL

Defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo ("Xianghuo" or the "Company Defendant") hereby submits its Answer to Plaintiff Cong Tan's First Amended Complaint. Any and all allegations contained in the First Amended Complaint not expressly admitted herein are denied. Xianghuo answers based on its own knowledge as to its own conduct and on information and belief as to all other matters.

This Answer is filed on behalf of Xianghuo. This Answer is not being filed on behalf of defendant Denghao Qing. Nothing in this Answer, Affirmative Defenses, or Counterclaims should be construed as an appearance on behalf of Denghao Qing.

## ANSWER

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

**ANSWER**: To the extent Paragraph 1 asserts legal conclusions, no response is required. To the extent a response is required, Xianghuo does not contest that this Court has subject matter jurisdiction over claims arising under the patent laws of the United States.

2. The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating (collectively, the "Defendant Internet Stores"). Specifically, Defendant is reaching out to do business with Illinois residents by operating Defendant's Internet Stores, wherein Illinois residents can purchase products featuring Plaintiff's patented design. Defendant has targeted the sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept

1

payment in U.S. dollars, and, on information and belief, sold products featuring Plaintiff's patented design to the residents of Illinois. Defendant commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois and the United States.

**ANSWER**: Xianghuo denies that this Court may properly exercise personal jurisdiction over Xianghuo and denies that venue is proper as to Xianghuo. Xianghuo lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

## INTRODUCTION

3.        The Plaintiff filed this action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1,054,752 ('752) entitled "Storage Box" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 2024. Defendant individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products while actually and knowingly marketing, selling, and/or distributing the same knock-off products. Defendant Internet Stores sell the same knock knock-off products, establishing a logical relationship between them and suggesting that Defendant's operation arises out of the same series of occurrences. Defendant attempts to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant's actions and seeks temporary, preliminary, and permanent injunctive and monetary relief.

**ANSWER**: Xianghuo admits that, on its face, U.S. Patent No. D1,054,752 (the "D'752 Patent") is titled "Storage Box" and states that it was filed on March 12, 2024 and issued on

December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A to the First Amended Complaint. Xianghuo denies the remaining allegations in Paragraph 3.

## THE BACKGROUND

4. Plaintiff Cong Tan, is an individual resident of Zhuzhou, China. Plaintiff is the owner of the '752 Patent, entitled "Storage Box" (attached as Exhibit A), filed on March 12, 2024, issued on December 24, 2024.

**ANSWER**: Xianghuo admits that, on its face, the D'752 Patent is titled "Storage Box" and states that it was filed on March 12, 2024 and issued on December 24, 2024. Xianghuo also admits that what purports to be a copy of the D'752 Patent is attached as Exhibit A to the First Amended Complaint. Xianghuo denies the allegation that Plaintiff Cong Tan owns, or otherwise possesses sufficient right, title, or interest in, the D'752 Patent to maintain this action.

5. Plaintiff is associated with a highly professional factory and company that is locally well-known for manufacturing various daily-use products. Plaintiff's factory is recognized for its expertise and commitment to quality production, further enhancing the reputation of the patented product at issue in this case.

**ANSWER**: Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

6. The plaintiff and his design team collaboratively created the design for the "Storage Box" and continuously refined it to achieve both aesthetic appeal and functionality.

**ANSWER**: Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies them.

7. Plaintiff is the lawful owner of all rights, title, and interest in Plaintiff's '752 Patent. Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation. An image of the claimed design is shown in the image below:

3

**ANSWER**: Xianghuo denies that Plaintiff is the lawful owner of all rights, title, and interest in Plaintiff's '752 Patent. Xianghuo lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

8.



FIG. 1

**ANSWER**: Xianghuo admits that Paragraph 8 contains an image that appears to be from the D'752 Patent document.

9. Plaintiff has not granted a license or any other form of permission to Defendant with respect to the patent design.

**ANSWER**: Without admitting that Plaintiff owns or has authority to license the D'752 Patent, Xianghuo admits that Plaintiff has not granted Xianghuo a license or permission with respect to the patent design.

10. Defendant Dongguan Xianghuo Trading Co., Ltd., d.b.a., Xianghuo (Defendant Company) is a limited company organized under the laws of the People's Republic of China.

4

Defendant Company is headquartered in Dongguan, Guangdong province, China, but conducts substantial business in the State of Illinois and the United States.

**ANSWER**: Xianghuo admits that Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo is a limited company organized under the laws of the People's Republic of China and headquartered in Dongguan, Guangdong Province, China. Xianghuo lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

11. Defendant Denghao Qing is a resident of China and the sole owner and controlling person of Defendant Company. Defendant Qing conducts substantial business in the State of Illinois and the United States, through at least Defendant Company.

**ANSWER**: Xianghuo admits that the allegations in Paragraph 11 with respect to Denghao Qing's registered ownership interest and registered position with Xianghuo appear in official Chinese company registration records. As to the allegation that Defendant Qing conducts substantial business in the State of Illinois and the United States, Xianghuo lacks information sufficient to form a belief as to the truth of that allegation and therefore denies it.

## ALTER EGO ALLEGATIONS

12. Defendant Dongguan Xianghuo Trading Co., Ltd., d.b.a., Xianghuo (Defendant Company) and Defendant Denghao Qing are alter ego of each other. For example, Defendant Qing is the CEO, the CFO, the sole shareholder, the sole director, and the sole investor of Defendant Company. Defendant Qing and Defendant Qing only controls Defendant Company; no other individual controls Defendant Company.

**ANSWER**: Xianghuo admits the allegations in Paragraph 12 with respect to Denghao Qing's registered ownership interest, registered management role, and registered investment interest in Xianghuo appear in official Chinese company registration records. Xianghuo denies the remaining allegations in Paragraph 12.

5

13. Further, Defendant Company never filed any annual reports with the regulatory agency in China and the United States. For example, even though Defendant Company does substantial business in the State of Illinois, Defendant Company never applied for authority to transact business in the State of Illinois.

**ANSWER**: Xianghuo has filed all reports required of it under applicable law. Xianghuo denies the remaining allegations in Paragraph 13.

14. Defendant Company never had any officers other than Defendant Qing. Defendant Qing is the CEO, the CFO, and the secretary of Defendant Company. If Defendant Company did have any officer named, any such officer had no duties whatsoever, nor any decision making role, or any role whatsoever.

**ANSWER**: Xianghuo admits that the allegations in Paragraph 14 with respect to Denghao Qing's registered management role with Xianghuo appear in official Chinese company registration records. Xianghuo denies the remaining allegations in Paragraph 14.

15. Defendant Company never had any directors other than Defendant Qing.

**ANSWER**: Xianghuo admits that the allegations in Paragraph 15 with respect to Denghao Qing's registered director or executive-director role with Xianghuo appear in official Chinese company registration records. Xianghuo denies the remaining allegations in Paragraph 15.

16. Defendant Company never kept any corporate records or documents, or a corporate book.

**ANSWER**: Denied.

17. Defendant Company never observed corporate formalities in any manner. For example, Defendant Qing routinely uses Defendant Company's funds to pay personal expenses.

**ANSWER**: Denied.

18.     Defendant Company never held any meetings of shareholders, nor any meetings of directors.

**ANSWER**: Xianghuo has held meetings required of it under applicable law. Xianghuo denies the remaining allegations in Paragraph 18.

19.     Defendant Company never held any annual or special meetings of any kind, whether of shareholders, officers, or directors.

**ANSWER**: Xianghuo has held meetings required of it under applicable law. Xianghuo denies the remaining allegations in Paragraph 19.

20.     Defendant Company never issued any stock to anyone, nor paid dividends to anyone.

**ANSWER**: Xianghuo is not required to issue any stock under applicable law. Xianghuo denies the remaining allegations in Paragraph 20.

21.     Defendant Company never had adequate capitalization and was at all times insolvent. Defendant Qing never transferred any initial capital into Defendant Company's financial account.

**ANSWER**: Xianghuo has complied with applicable Chinese laws with respect to initial capital transfer. Xianghuo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22.     Defendant Company never made a payment to anyone on any loan allegedly made to Defendant Company.

**ANSWER**: Denied.

23.     Defendant Qing was the sole governing and dominating personality of the business enterprise of Defendant Company.

**ANSWER**: Xianghuo admits that the allegations in Paragraph 23 with respect to Denghao Qing's registered ownership interest and registered management role with Xianghuo

7

appear in official Chinese company registration records. Xianghuo denies the remaining allegations in Paragraph 23.

24.     Defendant Qing exercised control over the corporation Defendant Company to such a degree that separate personalities of Defendant Company and Defendant Qing did not exist. There was in effect unity of interest and ownership between Defendant Company and Defendant Qing such that separate personalities of the corporation and individual did not exist.

**ANSWER**: Xianghuo admits that the allegations in Paragraph 24 with respect to Denghao Qing's registered ownership interest and registered management role with Xianghuo appear in official Chinese company registration records. Xianghuo denies the remaining allegations in Paragraph 24.

25.Defendant Company was the alter ego or business conduct of Defendant Qing; Defendant Company was merely an instrumentality to conduct Defendant Qing's business.

**ANSWER**: To the extent Paragraph 25 asserts legal conclusions, no response is required. To the extent a response by Xianghuo is required, denied.

26.     Defendant Qing maintained Defendant Company for the express purpose of (1) shielding himself from such unlawful activities as patent infringement, e.g., copying Plaintiff's patented design without authorization and (2) hiding his own identity from Plaintiff. For example, Defendant Qing has sold infringing products in the State of Illinois and California. To avoid personal liability, however, Defendant Qing used Defendant Company as a shell entity to sell the infringing products and hid between Defendant Company when patent owners like Plaintiff enforces their patent rights. So far, due to Defendant Qing's unlawful conduct, Defendant Company has been sued for patent infringement in at least the Central District of California and this District.

**ANSWER**: To the extent Paragraph 26 asserts legal conclusions, no response is required. To the extent a response by Xianghuo is required, denied.

## GENERAL ALLEGATIONS

27. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, by operating the fully interactive, commercial online marketplaces operating under Defendant Internet Stores. Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell knock-off products to consumers within the United States, including the State of Illinois. Defendant and their respective knock-off products are shown in Exhibit B and Exhibit C.

**ANSWER**: Xianghuo admits that it sells products through the Amazon marketplace. Xianghuo denies the remaining allegations in Paragraph 27, including that it specifically targeted Illinois consumers as alleged.

28. Defendant works in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringes Plaintiff's '752 Patent in a series of occurrences. Tactics used by Defendant to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendant's true identities and the exact interworking of their network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**ANSWER**: Denied.

29. Plaintiff has not licensed or authorized Defendant to use the invention claimed in Plaintiff's '752 Patent, and none of the Defendant is authorized retailers of Plaintiff.

**ANSWER**: Without admitting that Plaintiff owns or has authority to license the D'752 Patent, Xianghuo admits that Plaintiff has not licensed or authorized Xianghuo to use the design claimed in the D'752 Patent. Xianghuo denies the remaining allegations in Paragraph 29.

9

30.     On information and belief, Defendant regularly creates new online marketplace accounts on various platforms using the identity to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendant to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

**ANSWER**: Denied.

31.     Defendant Internet Store uses the same product images, accepted payment methods, checkout methods, metadata, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

**ANSWER**: Denied.

32.     In addition to operating under multiple fictitious names, Defendant in this case and Defendant in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

**ANSWER**: Denied.

33.     Further, infringers such as Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating despite Plaintiff's enforcement efforts, such as takedown notices.

**ANSWER**: Denied.

34.     According to the information of the online platform store owner, as shown on the Amazon website, parts of the Defendant can be identified via the Chinese official company

registration system. The Defendant is a registered company, and its actual owner is located in China. The Defendant's company only has 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

**ANSWER**: Xianghuo admits that it is a registered Chinese company and that its actual owner is located in China. Xianghuo denies the remaining allegations of Paragraph 34.

35. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly Plaintiff's '752 Patent, and continue to do so via the Defendant Internet Stores. The Defendant's Internet Store offers shipping to the United States, including Illinois, and, on information and belief, Defendant has sold knock-off products into the United States, including Illinois.

**ANSWER**: Xianghuo admits it has offered for sale into the United States its products. Xianghuo denies the remaining allegations in Paragraph 35.

36. Defendant's infringement of Plaintiff's '752 Patent, in the offering to sell, selling, or importing of the knock-off products was willful.

**ANSWER**: Denied.

37. Defendant's infringement of Plaintiff's '752 Patent in connection with the offering to sell, selling, or importing of the knock-off products, including the offering for sale and sale of knock-off products into Illinois, is irreparably harming Plaintiff.

**ANSWER**: Denied.

**COUNT I**

**DIRECT INFRINGEMENT OF UNITED STATES**

**DESIGN PATENT NO. D1,054,752 (35 U.S.C. § 271(a))**

38. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Xianghuo incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

39.     Defendant offers for sale, sells, or imports into the United States for subsequent resale or uses knock-off products that directly infringe the ornamental design claimed in Plaintiff's '752 Patent.

**ANSWER**: Denied.

40.     Defendant has infringed Plaintiff's '752 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**ANSWER**: Denied.

41.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing Plaintiff's '752 Patent, Plaintiff will be significantly and irreparably harmed.

**ANSWER**: Denied.

42.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**ANSWER**: To the extent Paragraph 42 asserts legal conclusions, no response is required. To the extent a response by Xianghuo is required, denied.

**COUNT II**

**INDUCEMENT OF INFRINGEMENT OF UNITED STATES DESIGN**

**PATENT NO. D1,054,752 (35 U.S.C. § 271(b))**

43. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**ANSWER**: Xianghuo incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

44. Defendant Qing knew the ornamental design claimed in Plaintiff's '752 Patent.

**ANSWER**: The allegations in Paragraph 44 are directed to Denghao Qing. To the extent a response by Xianghuo is required, denied.

45. Defendant Qing actively encouraged Defendant Company's infringement of Plaintiff's '752 Patent. For example, Defendant Qing, through his full control of Defendant Company, enabled and directed Defendant Company to offer for sale, sell, import into the United States for subsequent resale, or use knock-off products.

**ANSWER**: The allegations in Paragraph 45 are directed to Denghao Qing. To the extent Paragraph 45 alleges that Xianghuo infringed Plaintiff's patent or otherwise engaged in wrongful conduct, denied.

46. Defendant Qing knew that Defendant Company's offering for sale, selling, importing into the United States for subsequent resale, or using knock-off products, as Defendant Qing induced, constituted patent infringement.

**ANSWER**: The allegations in Paragraph 46 are directed to Denghao Qing. To the extent Paragraph 46 alleges that Xianghuo infringed Plaintiff's patent or otherwise engaged in wrongful conduct, denied.

47. Defendant Qing also aided and abetted Defendant Company's offering for sale, selling, importing into the United States for subsequent resale, or using knock-off products that infringe the ornamental design claimed in Plaintiff's '752 Patent.

**ANSWER**: The allegations in Paragraph 47 are directed to Denghao Qing. To the extent Paragraph 47 alleges that Xianghuo infringed Plaintiff's patent or otherwise engaged in wrongful conduct, denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows: (1) that Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the design claimed in the Patented Design, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design, and effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the requested injunction; (2) entry of an order that third-party providers disable and cease services, advertisements, and search links associated with alleged infringing goods; (3) damages adequate to compensate Plaintiff for infringement and all profits realized by Defendant or others acting in concert or participation with Defendant; (4) treble damages and profits pursuant to 35 U.S.C. § 284; (5) reasonable attorneys' fees and costs; and (6) any and all other relief that the Court deems just and proper.

**ANSWER**: Xianghuo denies that Plaintiff is entitled to any of the stated or other relief. Xianghuo denies any other allegations in the Prayer for Relief.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

**ANSWER**: No response is required to Plaintiff's Jury Demand. To the extent a response is required, Xianghuo demands a trial by jury on all claims and issues so triable.

14

## AFFIRMATIVE DEFENSES

In response to Plaintiff's First Amended Complaint and without waiving any prior responses, denials, or objections, Xianghuo alleges the following affirmative defenses based on information and belief. Xianghuo also reserves the right to assert additional defenses that may arise during discovery or become known through further investigation.

## FIRST DEFENSE - LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

1.      This Court lacks personal jurisdiction over Xianghuo, and venue is improper as to Xianghuo.

## SECOND DEFENSE – NO PATENT INFRINGEMENT

2.      Xianghuo's Accused Products do not infringe and have not infringed any valid and enforceable claim of the D'752 Patent.

3.      Xianghuo's accused products do not indirectly infringe and have not indirectly infringed any valid and enforceable claim of the D'752 Patent, for at least the reasons that (1) there is no underlying direct infringement pursuant to 35 U.S.C. § 271(a); (2) Xianghuo lacks and has lacked an intent to induce infringement of the D'752 Patent under 35 U.S.C. § 271(b); and (3) Xianghuo did not sell any product made especially for an infringing use or have knowledge of an infringing use under § 271(c).

## THIRD DEFENSE – NO WILLFUL PATENT INFRINGEMENT

4.      Xianghuo's Accused Products do not willfully infringe and have not infringed, directly or indirectly. Xianghuo is not liable for willful infringement of any valid and enforceable claim of the D'752 Patent.

## FOURTH DEFENSE – PATENT INVALIDITY

5.      The claim of the D'752 Patent is invalid under 35 U.S.C. § 102 because it lacks novelty and is anticipated by prior art.

15

6. The claim of the D'752 Patent is invalid under 35 U.S.C. § 103 because it would have been obvious in light of the prior art at the time of the effective filing date.

7. The claim of the D'752 Patent is invalid for failure to meet the applicable requirements of 35 U.S.C. § 112, including lack of written description, lack of enablement, and/or indefiniteness.

## FIFTH DEFENSE – UNENFORCEABILITY / INEQUITABLE CONDUCT

8. The D'752 Patent is unenforceable due to inequitable conduct committed during prosecution before the United States Patent and Trademark Office, including the intentional omission of material prior art and/or submission of material misrepresentations with the specific intent to deceive the USPTO.

## SIXTH DEFENSE – LIMITATION ON PATENT DAMAGES

9. Plaintiff's claim for damages, if any, against Xianghuo for the alleged infringement of the D'752 Patent is limited by 35 U.S.C. §§ 286, 287, and/or 288.

10. With respect to the marking requirement under 35 U.S.C. § 287, Plaintiff failed to properly mark its allegedly patented articles with the relevant patent number.

## SEVENTH DEFENSE – FAILURE TO STATE A CLAIM

11. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Specifically, Plaintiff has not met the pleading standard required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiff's allegations lack sufficient factual matter to state a plausible claim for relief, as required under Federal Rule of Civil Procedure 8(a).

## EIGHTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

12. Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the D'752 Patent in a manner that covers any of Xianghuo's Accused Products. This

estoppel arises from statements, amendments, and representations made during prosecution of the application that led to the issuance of the D'752 Patent.

## NINTH DEFENSE – NOT AN EXCEPTIONAL CASE

13. If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional under 35 U.S.C. § 285, the Court's inherent authority, or any other basis, and therefore is not entitled to an award of attorneys' fees or costs.

## TENTH DEFENSE – LACK OF STANDING

14. Plaintiff lacks standing under Article III and 35 U.S.C. § 281 because, on information and belief, Plaintiff is not the true owner, beneficial owner, real party in interest, or holder of all substantial rights in the D'752 Patent, including the exclusionary rights necessary to maintain this action. See Exhibits 3 and 3-1.

## ELEVENTH DEFENSE – NO ALTER EGO / CORPORATE SEPARATENESS

15. Xianghuo has a separate legal existence, and no basis exists to disregard Xianghuo's separate legal existence or impose liability under any alter-ego theory.

## RESERVATION OF ADDITIONAL DEFENSES

16. Xianghuo reserves the right to assert any additional defenses or counterclaims that may become available based on discovery or further factual investigation in this case.

## COUNTERCLAIMS BY DEFENDANT/COUNTERCLAIMANT

Defendant/Counterclaimant Dongguan Xianghuo Trading Co., Ltd., d/b/a Xianghuo incorporates herein by reference the admissions, allegations, denials, and defenses contained in its Answer above as if fully set forth herein. These Counterclaims are brought only by Xianghuo and not by or on behalf of Denghao Qing. For its Counterclaims against Plaintiff/Counterdefendant Cong Tan, and upon information and belief, Xianghuo alleges as follows:

Defendant/Counterclaimant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo asserts these Counterclaims subject to and without waiving its defenses and objections, including lack of personal jurisdiction and improper venue. Xianghuo does not consent to personal jurisdiction or venue by asserting these Counterclaims.

## NATURE OF THE ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq. Xianghuo seeks declaratory judgments that U.S. Patent No. D1,054,752 (the "D'752 Patent" or "Patent-in-Suit") is not infringed by Xianghuo's storage-bin products ("Non-Infringing Products").

2.     Xianghuo brings this action in view of the actual controversy created by Counterdefendant under the D'752 Patent.

## THE PARTIES

3.     Counterclaimant Dongguan Xianghuo Trading Co., Ltd., d/b/a Xianghuo is a Chinese company with its principal place of business at Rm 403, No. 22 Zhenhua Rd, Humen District, Humen Town, Dongguan, Guangdong Province, China.

4.     Xianghuo is a leading seller in the storage-box category. Since entering the U.S. market through Amazon in December 2022, Xianghuo has become a top-performing seller in Amazon's "Storage Boxes" category. Xianghuo's storage boxes have earned the "Amazon's Choice" and "No. 1 Best Seller" designations and have accumulated over 5,300 verified customer reviews with average ratings exceeding four stars.

5.     Upon information and belief, Counterdefendant Cong Tan is an individual resident of Zhuzhou, China.

6.     Upon information and belief, Counterdefendant Cong Tan merely holds nominal title to the D'752 Patent on behalf of another person or entity and is not the patent's true beneficial owner. See Exhibit 3 and Exhibit 3-1.

7. Upon information and belief, Counterdefendant does not actually control, direct, or fund this litigation, nor does Counterdefendant bear the economic burden of, or liability arising from, this litigation. Rather, another person or entity that is the real party in interest pays, funds, indemnifies, or otherwise bears the attorneys' fees, litigation costs, potential liabilities, and other expenses associated with this action. See Exhibits 3 and 3-1.

8. Upon information and belief, the WeChat account reflected in Exhibit 3 and its English translation, Exhibit 3-1, belongs to Plaintiff and Counterdefendant Cong Tan. The account identifies the user as "Ricardo.M.Tan," lists the WeChat ID as a958709379, and shows an associated mobile number of 17716799539. The mobile number associated with that WeChat account is consistent with the mobile number listed in Cong Tan's employment certificate. See Exhibit 4 and its English translation, Exhibit 4-1.

9. In the WeChat communications reflected in Exhibits 3 and 3-1, Cong Tan represented that he merely holds title to the D'752 Patent on behalf of another person or entity, and denied that he is the true owner or beneficial owner of the D'752 Patent.

## JURISDICTION AND VENUE

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Act, 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action because Counterdefendant initiated suit for patent infringement.

11. Counterdefendant purposefully directed enforcement activities toward Illinois by initiating a patent infringement lawsuit, targeting Xianghuo's products and causing their removal from the Amazon platform. Counterdefendant's actions were not random or attenuated but were intentionally directed at excluding Xianghuo from the U.S. market, including this

District. Under Federal Circuit precedent, these allegations are sufficient to establish specific personal jurisdiction.

12. In the alternative, if Counterdefendant contends that he is not subject to personal jurisdiction in any individual state and fails to identify an alternative forum where suit could be brought, then jurisdiction is proper under Rule 4(k)(2). Counterdefendant purposefully directed his enforcement conduct at the United States as a whole, and the claims arise from that nationwide conduct. Exercising jurisdiction in this District is consistent with the Constitution and laws of the United States.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and/or 1391(c)(3). A substantial part of the events giving rise to the claims occurred in this District, including the removal of Xianghuo's product listings and the resulting lost sales and reputational harm. Xianghuo markets and sells products in this District and suffered injury here as a direct result of Counterdefendant's conduct.

## FACTUAL BACKGROUND

### A. The Non-Infringing Products

14. On or about July 26, 2025, Xianghuo received notice from Amazon that its products were delisted. The delisted products are identified by ASINs, including B0CHRP96MS ("Accused Products"). See Declaration of Lijun Zheng, ¶ 6.

15. Xianghuo has been selling on Amazon since December 2, 2022. See Declaration of Lijun Zheng, ¶ 8.

16. Upon information and belief, Counterdefendant did not obtain samples of Xianghuo's Non-Infringing Products prior to filing his Complaint alleging Xianghuo's infringement.

### B. The Patent-In-Suit - U.S. Patent No. D1,054,752

20

17.     The D'752 Patent, entitled "Storage Box," was filed with the USPTO on March 12, 2024, and claims priority to the same date. The D'752 Patent was issued on December 24, 2024, and claims "[t]he ornamental design for a storage box, as shown and described."

18.     The D'752 Patent lists Cong Tan as the Applicant and Inventor.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF

### U.S. PATENT NO. D1,054,752

19.     Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

20.     Xianghuo's Non-Infringing Products do not infringe the D'752 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the Non-Infringing Products are the same as the design claimed in the D'752 Patent.

21.     An actual and justiciable case or controversy therefore exists between Xianghuo and Counterdefendant regarding whether the Non-Infringing Products have infringed the claim of the D'752 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, any valid and enforceable claim of the D'752 Patent. Xianghuo is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the D'752 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF

### U.S. PATENT NO. D1,054,752

22.     Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

21

23.     Upon information and belief, the design claimed in the D'752 Patent was copied from preexisting storage-box products and/or prior-art design patents that were publicly available before the alleged priority date of the D'752 Patent.

24.     Numerous prior art references, including widely available commercial products sold on Amazon, render the Patent-in-Suit invalid as anticipated under 35 U.S.C. § 102. Critically, none of these prior art references were substantively considered during prosecution of the Patent-in-Suit.

25.     Numerous prior art references—including the following—individually anticipate the Patent-in-Suit, the priority date of which is March 12, 2024, and the issuance date is December 24, 2024.



Patent-in-Suit – Figure 9

26.     Chinese Design Patent CN307420904S, published on June 28, 2022, constitutes prior art of the asserted patent. It discloses a design and structure that anticipates the Patent-in-Suit. See Exhibit 1 and Exhibit 1-1, the corresponding Google-translated version.



CN307420904S - Stereoscopic image 1 and Change state diagram 1

27.Xianghuo's own product, the "3 Tier Stackable Storage Bins with Lids," (ASIN

B0B67PCFLQ) was publicly available on sale on Amazon no later than August 26, 2022. See

Exhibit 2.



3 Tier Stackable Storage Bins with Lids (ASIN B0B67PCFLQ)

23

28. These prior art references are substantially identical to the D'752 Patent. Therefore, the D'752 Patent is invalid as anticipated by prior art.

## COUNT III
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF
## U.S. PATENT NO. D1,054,752

29. Xianghuo repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

30. Counterdefendant, his agent, and/or the true beneficial owner of the D'752 Patent knew that Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids" (ASIN B0B67PCFLQ) were material prior art and deliberately withheld those references from the USPTO during prosecution of the D'752 Patent.

31. Chinese Design Patent CN307420904S and Xianghuo's "3 Tier Stackable Storage Bins with Lids" (ASIN B0B67PCFLQ) are but-for material because the USPTO would not have issued the D'752 Patent had it been aware of these undisclosed references.

32. Counterdefendant acted with specific intent to deceive the USPTO during prosecution of the D'752 Patent, which therefore constitutes inequitable conduct. Therefore, the D'752 Patent is unenforceable.

## COUNT IV

## TORTIOUS INTERFERENCE

33. Xianghuo repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

34. Xianghuo entered into an "Amazon Services Business Solutions Agreement" along with other agreements with Amazon and conducts business through a storefront on Amazon.com. Thus, Xianghuo enjoyed an economic relationship with Amazon and Xianghuo's existing customers, with probability of future economic benefit to Xianghuo had Xianghuo's Non-Infringing Products not been removed from the Amazon marketplace.

24

35. Counterdefendant, his agent, and/or the true beneficial owner of the D'752 Patent knowingly and intentionally interfered with Xianghuo's valid and existing business relationships and expectancy of sales of its products, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products.

36. As a direct and proximate result of Counterdefendant's bad-faith tortious interference, Xianghuo has suffered damages, including significant losses in sales of the Non-Infringing Products and other products, resulting in lost revenue and profits directly attributable to those lost sales.

37. Counterdefendant's actions have significantly harmed Xianghuo's business operations by substantially reducing product rankings on Amazon, which directly impacts Xianghuo's product reviews, ratings, and Amazon ranking, resulting in lower product visibility in consumer searches and diminished market presence.

38. The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover.

39. These damages extend beyond lost revenue, causing harm to Xianghuo's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Xianghuo prays for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Xianghuo's Non-Infringing Products have not infringed and will not infringe, directly or indirectly, any valid claim of the D'752 Patent;

B. A judgment declaring that U.S. Patent No. D1,054,752 is invalid;

25

C.     A judgment declaring that U.S. Patent No. D1,054,752 is unenforceable;

D.     A permanent injunction enjoining Plaintiff from asserting the D1,054,752 Patent against Xianghuo's Non-Infringing Products;

E.     An award of compensatory damages sufficient to make Xianghuo whole for the harm caused by Counterdefendant's conduct;

F.     An award of punitive damages in an amount to be determined at trial;

G.     An award of reasonable attorneys' fees, to the extent authorized by law;

H.     An award of Xianghuo's costs in this action;

I.     All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Xianghuo demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DATED: June 1, 2026                    **SHM LAW FIRM**

By:      */s/Qianwu Yang*
         QIANWU YANG
         yang@shm.law
         YI FANG
         fang.yi@shm.law
         3000 El Camino Real
         Building 4, Suite 200
         Palo Alto, CA 94306
         Telephone: (650) 613-9737
         Telephone: +8613925212009

         *Attorneys for Defendant and Counterclaimant*
         *Dongguan Xianghuo Trading Co., Ltd. d/b/a*
         *Xianghuo*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: June 1, 2026

/s/Yi Fang

Yi Fang