# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

        Plaintiff,

    v.

Dongguan Xianghuo Trading Co., Ltd.

d.b.a. XIANGHUO; and

Denghao Qing,

        Defendants.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

## STATUS REPORT

Plaintiff Cong Tan and Defendant Xianghuo jointly submit this Status Report pursuant to the Court's Order on May 28, 2026, Dkt. 124.

### I. Status of the Case

#### A. Pending Motions

**<u>Plaintiff's Statement</u>**

Plaintiff agrees that Defendant's motion for summary judgment (Dkt. 79) remains pending and that, pursuant to the Court's order, briefing on that motion is deferred until after the close of fact discovery (Dkt. 119). Plaintiff's motion to strike Defendant's affirmative defenses (Dkt. 39) and motion to dismiss Defendant's counterclaims (Dkt. 41) likewise remain pending and were held in abeyance pending

1

a settlement conference (Dkt. 43). Plaintiff respectfully requests that these motions be resolved or, in the alternative, that the Court set a briefing schedule for them following the close of fact discovery.

Plaintiff respectfully disagrees with Defendant's assertion that a settlement conference would be futile. As Plaintiff has previously advised the Court, Plaintiff disputes the factual premise of Defendant's real-party-in-interest theory. See Dkt. 124. Cong Tan is the named owner of the asserted design patent and the real party in interest in this action.

### Defendant's Statement

Defendant's motion for summary judgment (Dkt. 79) remains pending. The Court granted Plaintiff's motion to defer briefing on Defendant's motion for summary judgment (Dkt. 83), and stated that a briefing schedule for the motion for summary judgment will be set after the close of discovery (Dkt. 119).

Plaintiff's motion to strike Defendant's affirmative defenses (Dkt. 39) and motion to dismiss Defendant's counterclaims (Dkt. 41) remain unresolved and were previously held in abeyance pending the settlement conference. See Dkt. 43. Defendant believes that a settlement conference would be futile at this stage because discovery obtained to date raises material questions as to whether Plaintiff Cong Tan is the true inventor, beneficial owner, or real party in interest with respect to the asserted design patent, rather than merely a nominal holder.

### B. Progress of Discovery

### Plaintiff's Statement

The deposition of Plaintiff Cong Tan and the Rule 30(b)(6) deposition of Defendant proceeded in Hong Kong on June 10 and June 12, 2026, as scheduled.

Plaintiff disputes Defendant's characterization of both the deposition testimony and the so-called real-party-in-interest issue. Cong Tan is the named owner and inventor of record of the asserted design patent and is the real party in interest in this action. Nothing in the deposition testimony establishes that Plaintiff is a "nominal holder," and Defendant's enumerated points mischaracterize, take out of context, or overstate testimony, much of which was given through an interpreter. Plaintiff respectfully submits that these are merits arguments more properly addressed on a developed record than resolved through expanded discovery on the eve of the discovery cutoff.

To the extent Defendant relies on purported inconsistencies regarding inventorship, the role of Shenzhen Haizhenxin Technology Co., Ltd., or licensing and royalties, Plaintiff contends that any apparent discrepancies are the product of translation, the phrasing of Defendant's questions, or witness recollection, and do not contradict the allegations of the First Amended Complaint or Plaintiff's discovery responses. Plaintiff to supply specific factual response on the two points Defendant's motion will focus on: (i) the WeChat-account communications concerning ownership, and (ii) the alleged RMB 3 million in royalties/license fees versus Plaintiff's supplemental interrogatory response. Provide Plaintiff's explanation/reconciliation of each.

Plaintiff disputes Defendant's assertion that Plaintiff's counsel obstructed the examination. Plaintiff's counsel's objections and any instructions not to answer were

limited to the preservation of privilege and were consistent with Federal Rule of Civil Procedure 30(c).

To the contrary, it was Defendant's counsel whose conduct impeded the orderly progress of the depositions. During the June 12, 2026 Rule 30(b)(6) deposition of Defendant, Defendant's counsel interposed near-continuous objections, including speaking objections and objections to nearly every question, that were not permitted under Rule 30(c)(2), frequently lacked any stated or proper basis, and had the effect of coaching the witness and obstructing Plaintiff's examination on ownership, inventorship, prior art, etc. Plaintiff reserves the right to raise this conduct with the Court, including in connection with any deposition-related motion, and to seek appropriate relief.

Plaintiff opposes Defendant's anticipated motion to compel, request for a further deposition of Plaintiff, and request for leave to serve additional written discovery directed to ownership, inventorship, licensing, litigation funding, and real-party-in-interest issues. Fact discovery closes on June 26, 2026. The Court has stated that it is not inclined to extend fact discovery absent extraordinary circumstances (Dkt. 121) and that it is unlikely to permit additional written-discovery motion practice at this late stage (Dkt. 124). Defendant has already deposed Plaintiff and propounded written discovery, and it has not shown good cause for a second deposition or for new categories of discovery on the eve of the discovery cutoff. The requested relief would be untimely, duplicative, and unduly burdensome, and Plaintiff respectfully submits it should be denied.

**Defendant's Statement**

Defendant Xianghuo anticipates filing a motion to compel and seeking leave to conduct a further deposition of Plaintiff Cong Tan. Defendant also anticipates seeking leave to serve additional written discovery concerning ownership, inventorship, licensing, litigation funding, and real-party-in-interest issues. Discovery obtained to date, including Plaintiff's deposition testimony and supplemental discovery responses, raises material questions regarding Plaintiff's claimed ownership and control of the asserted design patent.

First, Plaintiff acknowledged during deposition that the WeChat account associated with communications concerning nominal ownership of the asserted patent was his account and was under his exclusive control. Plaintiff did not deny that the communications originated from his account. These communications are relevant to ownership and control of the asserted patent and raise issues concerning the preservation, authenticity, and completeness of the underlying WeChat records.

Second, Plaintiff's deposition testimony materially contradicted allegations in both the Complaint and the First Amended Complaint, particularly concerning inventorship, ownership, and the origin of the asserted design. These contradictions raise concerns regarding whether Plaintiff reviewed, understood, or confirmed the factual allegations filed in his name.

Third, Plaintiff demonstrated substantial gaps in knowledge regarding key issues directly relevant to his claims, including the asserted design, the accused products, and the factual basis for the infringement allegations. Plaintiff repeatedly deferred to counsel, the patent agent, or other service providers regarding litigation-related matters.

Fourth, Plaintiff's testimony concerning the conception and development of the asserted design appears inconsistent with his pleadings and written discovery responses, including with respect to the role of Shenzhen Haizhenxin Technology Co., Ltd. and the authorization allegedly obtained from the manufacturing facility. Plaintiff was unable to

clearly explain the distinction between the factory's design and his alleged design, or the basis for his claimed modifications to the design.

Fifth, Plaintiff's testimony regarding licenses and royalties materially contradicted his supplemental discovery responses. Although Plaintiff's supplemental response stated that there was only one oral authorization, no monetary consideration, and no other licenses, Plaintiff testified that he received royalties or license fees from two licensees totaling RMB 3 million. Plaintiff further testified that bank records existed to support those payments.

Sixth, Plaintiff's counsel's objections, privilege assertions, speaking objections, and instructions not to answer obstructed Defendant's examination and prevented Defendant from obtaining basic factual testimony concerning Plaintiff's preparation, litigation funding, ownership, inventorship, real-party-in-interest issues, and the factual basis for Plaintiff's pleadings and discovery responses. In particular, Plaintiff's counsel objected to questions seeking to confirm whether Plaintiff had reviewed and approved Plaintiff's response to Defendant's deficiency letter, even though those questions sought basic factual information rather than privileged communications. Defendant contends that this conduct materially obstructed its ability to examine Plaintiff on issues relevant to the parties' claims and defenses.

Accordingly, Defendant respectfully submits that good cause exists to compel Plaintiff to answer deposition questions that Defendant contends were improperly obstructed, permit Defendant to conduct a further deposition of Plaintiff, and allow additional written discovery directed to ownership, inventorship, licensing, litigation funding, and real-party-in-interest issues.

Respectfully submitted,

DATED: June 15, 2026

By:     /s/ Zheng Liu_____
        Zheng Liu
        andy.liu@aptumlaw.us
        Aptum Law

1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*
CONG TAN

DATED: June 15, 2026 **SHM LAW FIRM**

By:   */s/ Qianwu Yang*
    QIANWU YANG
    yang@shm.law
    YI FANG
    Fang.yi@shm.law
    3000 El Camino Real
    Building 4, Suite 200
    Palo Alto, CA 94306
    Telephone: (650) 613-9737
    Telephone: +86 13925212009

    Jing Chen
    chenjingitc@lantai.cn
    LANTAI PARTNERS (QIANHAI) LAW FIRM
    T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
    Qianhai Shenzhen-Hong Kong Modern Service
    Industry Cooperation Zone, Nanshan, Shenzhen,
    China 518052
    Telephone: +86 135 2872 3799

    *Attorneys for Defendant and Counterclaimant*
    XIANGHUO

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: June 15, 2026

_____
Oscar Lam

## ATTESTATION OF SIGNATURE

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 15, 2026

_____
Oscar Lam