# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

     Plaintiff,

v.

Dongguan Xianghuo Trading Co., Ltd.

d.b.a. XIANGHUO; and

Denghao Qing,

     Defendants.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

## AMENDED STATUS REPORT

Plaintiff Cong Tan and Defendant Xianghuo jointly submit this Amended Status Report pursuant to the Court's Order on May 28, 2026, Dkt. 124.

### I. Status of the Case

#### A. Pending Motions

**<u>Plaintiff's Statement</u>**

Plaintiff is filing a motion to strike Defendant's Second Amended Answer and Counterclaims and a motion to dismiss Defendant's counterclaims.

Defendant sought leave to file its First Amended Answer and Counterclaims but later filed a different answer not authorized by the District Court. This unauthorized Second Amended Answer and Counterclaims should be stricken,

because it materially changes Defendant's affirmative and counterclaims—one month before the fact discovery closes.

Defendant's new claim about Plaintiff Tan being not a true owner of the Patent in suit is baseless; if history is any indication, Defendant has been pursuing claims that lack factual and legal bases. Having filed two summary judgment motions with different theories, Defendant now proposes a third summary judgment motion with a completely different theory.

Defendant's inability to state coherent claims and ever-changing case theories unnecessarily prolongs the resolution of this case.

**Defendant's Statement**

Defendant's motion for summary judgment (Dkt. 79) remains pending. The Court granted Plaintiff's motion to defer briefing on Defendant's motion for summary judgment (Dkt. 83), and stated that a briefing schedule for the motion for summary judgment will be set after the close of discovery (Dkt. 119).

Plaintiff's motion to strike Defendant's affirmative defenses (Dkt. 39) and motion to dismiss Defendant's counterclaims (Dkt. 41) remain unresolved and were previously held in abeyance pending the settlement conference. See Dkt. 43. Defendant believes that a settlement conference would be futile at this stage because discovery obtained to date raises material questions as to whether Plaintiff Cong Tan is the true inventor, beneficial owner, or real party in interest with respect to the asserted design patent, rather than merely a nominal holder.

### B. Progress of Discovery

**Plaintiff's Statement**

Plaintiff would like the Court to set a schedule for expert discovery, because the case is ripe for expert discovery and Plaintiff has hired experts and prepared draft expert reports.

Plaintiff objects to extending fact discovery deadlines. As background, having already filed two summary judgment motions, Defendant yet again seeks to extend the fact discovery deadline to pursue a third or fourth summary judgment motion. None of these motions has merit.

Defendant's two already-filed summary judgment motions focus on two alleged prior art references that, according to Defendant, would invalidate the patent-in-suit. After significant fact discovery, it has become clear to both parties that Defendant's theory is infirm at best and invalid at worst.

Defendant's case theory has now shifted to Plaintiff somehow not being a true owner of the patent-in-suit. Defendant's new theory is premised upon three screenshots of instant messages between a third party and supposedly the Plaintiff. The third party supposedly forwarded the screenshots to a fourth party, who in turn forwarded the screenshots to Plaintiff. In its Rule 30(b)(6) deposition, Defendant testified that it knew the third party's name but nothing else, and does not know anything about the fourth party except his nickname being "J."

During the deposition, Defendant spent four hours asking about (1) the fee arrangement between Plaintiff and his counsel and (2) whether Plaintiff has

reviewed every pleading in detail. The former is privileged, and the latter is irrelevant; and neither tends to prove Plaintiff is somehow a nominal owner of the patent-in-suit. Plaintiff's counsel encouraged Defense counsel to ask questions about the patent ownership, but Defense counsel simply would not.

Moreover, Plaintiff denied, under the penalty of perjury, that he is a nominal owner of the patent-in-suit.

In sum, Defendant has no good cause to extend fact discovery deadline.

**Defendant's Statement**

Defendant Xianghuo anticipates filing a motion to compel and seeking leave to conduct a further deposition of Plaintiff Cong Tan. Defendant also anticipates seeking leave to serve additional written discovery concerning ownership, inventorship, licensing, litigation funding, and real-party-in-interest issues. Discovery obtained to date, including Plaintiff's deposition testimony and supplemental discovery responses, raises material questions regarding Plaintiff's claimed ownership and control of the asserted design patent.

First, Plaintiff acknowledged during deposition that the WeChat account associated with communications concerning nominal ownership of the asserted patent was his account and was under his exclusive control. Plaintiff did not deny that the communications originated from his account. These communications are relevant to ownership and control of the asserted patent and raise issues concerning the preservation, authenticity, and completeness of the underlying WeChat records.

4

Second, Plaintiff's deposition testimony materially contradicted allegations in both the Complaint and the First Amended Complaint, particularly concerning inventorship, ownership, and the origin of the asserted design. These contradictions raise concerns regarding whether Plaintiff reviewed, understood, or confirmed the factual allegations filed in his name.

Third, Plaintiff demonstrated substantial gaps in knowledge regarding key issues directly relevant to his claims, including the asserted design, the accused products, and the factual basis for the infringement allegations. Plaintiff repeatedly deferred to counsel, the patent agent, or other service providers regarding litigation-related matters.

Fourth, Plaintiff's testimony concerning the conception and development of the asserted design appears inconsistent with his pleadings and written discovery responses, including with respect to the role of Shenzhen Haizhenxin Technology Co., Ltd. and the authorization allegedly obtained from the manufacturing facility. Plaintiff was unable to clearly explain the distinction between the factory's design and his alleged design, or the basis for his claimed modifications to the design.

Fifth, Plaintiff's testimony regarding licenses and royalties materially contradicted his supplemental discovery responses. Although Plaintiff's supplemental response stated that there was only one oral authorization, no monetary consideration, and no other licenses, Plaintiff testified that he received royalties or license fees from two licensees totaling RMB 3 million. Plaintiff further testified that bank records existed to support those payments.

5

Sixth, Plaintiff's counsel's objections, privilege assertions, speaking objections, and instructions not to answer obstructed Defendant's examination and prevented Defendant from obtaining basic factual testimony concerning Plaintiff's preparation, litigation funding, ownership, inventorship, real-party-in-interest issues, and the factual basis for Plaintiff's pleadings and discovery responses. In particular, Plaintiff's counsel objected to questions seeking to confirm whether Plaintiff had reviewed and approved Plaintiff's response to Defendant's deficiency letter, even though those questions sought basic factual information rather than privileged communications. Defendant contends that this conduct materially obstructed its ability to examine Plaintiff on issues relevant to the parties' claims and defenses.

Accordingly, Defendant respectfully submits that good cause exists to compel Plaintiff to answer deposition questions that Defendant contends were improperly obstructed, permit Defendant to conduct a further deposition of Plaintiff, and allow additional written discovery directed to ownership, inventorship, licensing, litigation funding, and real-party-in-interest issues.

Respectfully submitted,

DATED: June 15, 2026

By: _____/s/ Zheng Liu_____

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

*Attorneys for Plaintiff and Counterdefendant*

CONG TAN

DATED: June 15, 2026

**SHM LAW FIRM**

By:    */s/ Qianwu Yang*       

QIANWU YANG
yang@shm.law
YI FANG
Fang.yi@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +86 13925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW
FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern
Service
Industry Cooperation Zone, Nanshan,
Shenzhen, China 518052
Telephone: +86 135 2872 3799

*Attorneys for Defendant and Counterclaimant*

XIANGHUO

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: June 15, 2026

_____

Oscar Lam

**ATTESTATION OF SIGNATURE**

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 15, 2026

_____

Oscar Lam