UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Dongguan Xianghuo Trading Co., Ltd.<br><br>d.b.a. XIANGHUO; and<br><br>Denghao Qing,<br><br>　　　　Defendants. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br><br>Magistrate Judge: David Weisman |

**STATUS REPORT**

Plaintiff Cong Tan and Defendant Xianghuo jointly submit this Status Report pursuant to the Court's Order on June 17, 2026, Dkt. 129.

### I. Status of the Case

#### A. Pending Motions

**<u>Plaintiff's Statement</u>**

Plaintiff is propounding additional discovery regarding Defendant's assertion that Plaintiff is somehow not the true owner of the patent in suit. Defendant's 30(b)(6) deposition reveals that Defendant's counsel Mr. Tianwu Yang hired an anonymous person who is known only as "Jay" and whose address and phone number Defendant's counsel refused to reveal under purported attorney-client

1

privilege. Plaintiff is entitled to discovery about this Jay person hired by Defendant's counsel Mr. Tianwu Yang

### Xianghuo's Statement

Xianghuo's motion for summary judgment (Dkt. 79) remains pending. The Court granted Plaintiff's motion to defer briefing on Xianghuo's motion for summary judgment (Dkt. 83), and stated that a briefing schedule for the motion for summary judgment will be set after the close of discovery (Dkt. 119).

Plaintiff's motion to strike Xianghuo's affirmative defenses (Dkt. 39) and motion to dismiss Xianghuo's counterclaims (Dkt. 41) remain unresolved and were previously held in abeyance pending the settlement conference. See Dkt. 43. Xianghuo believes that a settlement conference would be futile at this stage because discovery obtained to date raises material questions as to whether Plaintiff Cong Tan is the true inventor, beneficial owner, or real party in interest with respect to the asserted design patent, or merely a nominal holder.

### B. Progress of Discovery

### Plaintiff's Statement

Defendant waited for almost a month before initiating any meet and confer.

On July 7, 2026, Defendant abruptly demanded meet and confer on July 8 or July 9, but Plaintiff was unveiled due to the short-fused notice. Defendant has always insisted a meet and confer based on a 24-hour notice making the process exceptionally difficult.

Despite Defendant's unreasonable 24-hour notice, Plaintiff agreed that to meet Jul 12, 2026 09:00 AM, Pacific Time. Defendant insisted that it must be Jul 12, 2026 09:00 AM, Hong Kong time – which is a *Saturday* evening for Jul 12, 2026 *08:00 PM Central Time*. Plaintiff's counsel has family commitment around *08:00 PM Central Time* on July 12, 2026. Defendant refused to change their proposal.

On Jul 12, 2026 09:00 AM, Pacific Time, Plaintiff's counsel join the Zoom call, but Defendant's counsel failed to attend.

Defendant's counsel has failed to proposed a different time to meet and confer.

Defendant's recent discovery requests are nothing more than what they had failed to do during the original discovery scheduled. Most of their requests related to the alleged prior art and the obviousness issues that were the subject of the original discovery schedule. It is obvious that Defendant is manufactured new grounds to delay the discovery schedule to make up for their failure to complete discovery earlier.

### Xianghuo's Statement

Pursuant to the Court's Minute Entry at Dkt. 129, Xianghuo states as follows.

First, Xianghuo made good-faith efforts to arrange and complete the meet and confer required by the Court's Minute Entry at Dkt. 129. Xianghuo initially offered time slots from July 8 to July 10, 2026, between 5:00 p.m. and 6:00 p.m. Pacific Time. After Plaintiff's counsel proposed another time slot outside the Court-ordered deadline, Xianghuo again offered multiple additional time slots, including

availability from July 9 to July 11, 2026, between 5:00 p.m. and 7:00 p.m. Pacific Time, and further offered availability from July 10 to July 12, 2026, between 9:00 a.m. and 9:00 p.m. Hong Kong Time, so that Plaintiff's counsel could select a mutually convenient time. Plaintiff's counsel responded only: "July 12, 2026 9am." In light of Xianghuo's immediately preceding offer of Hong Kong-time availability through July 12, Xianghuo reasonably understood Plaintiff's counsel to have selected July 12, 2026 at 9:00 a.m. Hong Kong Time. Xianghuo then sent a Zoom invitation that expressly identified the meeting time as "Jul 12, 2026 09:00 AM Hong Kong SAR." There was no ambiguity in Xianghuo's confirmation of the meeting time. Plaintiff's counsel did not appear for the scheduled meet and confer at 9:00 a.m. Hong Kong Time, and Xianghuo remained in the Zoom meeting room for 20 minutes awaiting Plaintiff's counsel's appearance. Plaintiff's counsel's later assertion that the agreed time was 9:00 a.m. Pacific Time is not supported by the email record. The dispute was not resolved. Xianghuo intends to file a motion to compel and believes that the good-faith conference requirement under Local Rule 37.2 has been satisfied because Xianghuo made diligent, good-faith efforts to arrange and complete the meet and confer, and the parties' inability to complete or resolve the dispute was not caused by any lack of diligence by Xianghuo.

Second, Xianghuo has received the final transcript of Plaintiff Cong Tan's June 10, 2026 deposition. Xianghuo intends to proceed with a motion to compel and seek leave to conduct a continued deposition of Mr. Tan. The motion will concern deposition questions that Mr. Tan did not answer due to Plaintiff's counsel's

4

obstruction, including, among others, questions concerning the payment of Plaintiff's attorneys' fees, the conception and development of the asserted design, the source of the design and any prior designs or materials upon which Plaintiff relied, and issues relating to Plaintiff's inventorship, ownership, and real-party-in-interest status. Xianghuo also intends to file a motion to compel regarding deficiencies in Plaintiff's prior written discovery responses.

Third, Xianghuo served additional written discovery on Plaintiff on June 23, 2026, Central Time, including additional interrogatories, requests for production, and requests for admission, pursuant to Rules 33, 34, and 36 and the Court's Minute Entry at Dkt. 129. Plaintiff's responses are due on July 23, 2026. As of the filing of this Joint Status Report, Plaintiff has not yet responded.

Fourth, Xianghuo proposes the following briefing schedule for its motion to compel and for leave to conduct a continued deposition of Mr. Tan: Xianghuo's motion due July 24, 2026; Plaintiff's response due August 7, 2026; and Xianghuo's reply due August 14, 2026.

Respectfully submitted,

DATED: July 14, 2026

By: _____/s/ Zheng Liu_____

Zheng Liu
andy.liu@aptumlaw.us
Aptum Law
1660 S Amphlett Blvd. Suite 315
San Mateo, CA 94402
650-475-6289

5

*Attorneys for Plaintiff and Counterdefendant*

CONG TAN


DATED: July 14, 2026                    **SHM LAW FIRM**


By:   /s/ *Qianwu Yang*

QIANWU YANG
yang@shm.law
YI FANG
Fang.yi@shm.law
1220 W Barkley Ave,
Orange, CA 92868
Telephone: (650) 613-9737
Telephone: +86 13925212009

Jing Chen
chenjingitc@lantai.cn
LANTAI PARTNERS (QIANHAI) LAW
FIRM
T1-702A, Qianhai Kerry Centre, Qianhai Blvd,
Qianhai Shenzhen-Hong Kong Modern
Service
Industry Cooperation Zone, Nanshan,
Shenzhen, China 518052
Telephone: +86 135 2872 3799

*Attorneys for Defendant and Counterclaimant*

XIANGHUO

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I caused the foregoing to be filed using the Court's electronic filing system, which will serve all counsel of record.

Dated: July 14, 2026

_____

Oscar Lam

**ATTESTATION OF SIGNATURE**

The other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 14, 2026

_____

Oscar Lam