# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN, | Case No. 1:25-cv-05003 |
| Plaintiff, | |
| v. | Judge: Hon. John J. Tharp Jr. |
| | Magistrate Judge: David Weisman |
| XIANGHUO, | |
| Defendant. | |

## PLAINTIFFS' MOTION FOR ADDITIONAL DISCOVERY REPONSIVE TO DEFENDANT'S BELATED LACK OF PATENT OWNERSHIP ARGUMENT

### A. INTRODUCTION

"When a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery." *Smith v. OSF Healthcare Sys.* (7th Cir. 2019) 933 F.3d 859, 865.

Here, Plaintiff should be allowed to conduct additional discovery regarding how a surprise witness known only as "J" obtained a three-page screenshots, which, according to Defendant, proves that Plaintiff Patent Owner is not an owner of the Patent-in-suit.

Presently, Plaintiff was deprived of the right to discover the factual foundation of the screenshots at issue. Defendant asserted attorney-client privilege, because its lead counsel Mr. Qianwu Yang affirmed that "J" was "directed" by his law firm to forward the screenshots to Defendant and thus the conduct of "J" is insulated from discovery.

1

The screenshots being the key allegations supporting Defendant's lack of standing defense, however, Plaintiff should be allowed to explore the factual foundation of this defense.

Equitably, Plaintiff should be allowed to conduct additional discovery about the Surprise Witness "J." Defendant raised this defense only in May 2026, one month before the closes was to close; Defendant has blocked Plaintiff's discovery by improperly asserting attorney-client privilege; and Defendant has conducted additional discovery on Plaintiff about this same patent-ownership issue.

In sum, additional discovery (by way additional deposition of Defendant's 30(b)(6) witness and the Surprise Witness "J") should be allowed to test the sufficiency and credibility of Defendant's belated lack of ownership defense.

### B. LEGAL STANDARD

"When a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery." *Smith*, 933 F.3d at 865 (quoting the *Wichita Falls v. Banc One*, 978 F.2d 915, 920 (5th Cir. 1992) [reversing denial of a motion for additional discovery].)

Further, a scheduling order including a discovery deadline may be modified for good cause. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.* (7th Cir. 2021) 994 F.3d 869, 878. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking [the modification]." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## C. LEGAL STANDARD

On July 7, 2025, Defendant appeared in this case.

On September 26, 2025, at the 26(f) conference, Defendant insisted on a June 26, 2026 deadline for close of fact discovery.

On October 16, 2025, the Court adopted Defendant request and fixed the close of discovery at June 26, 2026. Dkt. 50.

In February, 2026, the parties fixed the depositions of their witnesses on June 9 and 11, 2026.

On June 1, 2026, Defendant filed a first amended answer—for the first time—asserting the affirmative defense that Plaintiff is not an owner of the Patent-in-suit. Defendant asserts that several screenshots between an animus person and Plaintiff Patent Owner proved that Plaintiff is not an owner of the Patent-in-suit. During a meet and confer call, Defendant informed Plaintiff that this alleged witness is called "Weizhen Zhang" but refused to provide any other information (e.g. the contact information) of this alleged witness.

During the June 11, 2026 deposition of Defendant's 30(b)(6) representative, Defendant admitted it obtained the screenshots from a third party. But when asked about how it obtained the screenshots from this third party, Defendant first answered that this alleged witness is in fact not "Weizhen Zhang" (as its counsel had previously claimed) but rather is called "J." Defendant then abruptly asserted attorney-client

3

privilege: its lead counsel Mr. Qianwu Yang asserted the person "J" was directed by his law firm to forward the screenshots to Defendant. Exhibit A (excerpt of Defendant's deposition transcript).

Following Mr. Yang's assertion of attorney-client privilege, Defendant refused to answer any questions about the foundation of the screenshots at issue.

Thus far, Plaintiff is unable to located this allege witness first called "Weizhen Zhang" and then "J." Plaintiff is also unable to test the foundation of the screenshots at issue through any other means, because Defendant has refused to release any other information about this "Weizhen Zhang" or "J" witness.

### D. DISCUSSIONS

#### 1. Good Cause Exists For Additional Discovery Regarding Defendant's Surprise Witness "J".

A scheduling order including a discovery deadline may be modified for good cause. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.* (7th Cir. 2021) 994 F.3d 869,

Here, good cause exists for additional discovery regarding Defendant's Surprise Witness "J". First, Defendant did not reveal the true name of this surprise witness until June 11, 2026. In fact, Defendant initially falsely identified this Surprise Witness "J" as a different name, only to change course during the June 11, 2026 deposition.

4

Second, other than the pseudonym "J," Defendant refused to provide any other information of this Surprise Witness. For example, how "J" obtained the screenshots at issue, and how "J" forwarded the screenshots to Defendant's 30(b)(6) witness. In fact, Defendant blanketly asserted attorney-client privilege: its lead counsel Mr. Qianwu Yang asserted the person "J" was directed by his law firm to forward the screenshots to Defendant. Exhibit A (excerpt of Defendant's deposition transcript).

How the surprise witness "J" obtain the screenshots at issue, however, is key to this case. After a diligent search, Plaintiff Patent Owner discovered no such screenshots on his electronic devices. There is thus reason to believe that the screenshots are not authentic. Thus, without the Surprise Witness "J," neither party could properly lay the required foundation for the screenshots. Without the required foundation, neither party could raise or defeat the affirmative defense of lack of patent ownership.

In sum, good cause exists to conduct additional discovery regarding Defendant's Surprise Witness "J". The additional discovery should include written discovery and video deposition. If Defendant refuses discovery regarding its Surprise Witness "J," Defendant should be barred from relying on any evidence purportedly offered by this Surprise Witness "J."

**2. Plaintiff Is Diligent In Asking For Discovery Regarding Defendant's Surprise Witness "J".**

Defendant revealed this Surprise Witness on June 1, 2026; and Plaintiff did not learn about the true name of this Surprise Witness until June 11, 2026.

Plaintiff has promptly raised this issue with the Court, and the Court allowed this motion for additional discovery.

Thus, plaintiff is diligent in asking for discovery regarding defendant's surprise witness "J".

**E. LEGAL STANDARD**

"When a party is seeking discovery that is germane to [the central issue], it is inequitable to pull out the rug from under them by denying such discovery." *Smith v. OSF Healthcare Sys.* (7th Cir. 2019) 933 F.3d 859, 865.

Here, Plaintiff should be allowed additonal discovery into Defendant's Surprise Witness "J," who Defendant belated offered as a witness to support their belated defense of lack of ownership.

July 24, 2026.                                    Respectfully submitted,


                                                     ___/s/ Zheng "Andy" Liu_

                                                     Zheng "Andy" Liu

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

/s/ *Zheng "Andy" Liu*

Zheng "Andy" Liu

Tel.: (650) 475-6289

7