**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>　　　　　　Plaintiff,<br>　　　v.<br>DONGGUAN XIANGHUO TRADING CO.,<br>LTD. d/b/a XIANGHUO; and<br>DENGHAO QING,<br>　　　　　　　Defendants. | Case No. 1:25-cv-05003<br><br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. W. David Weisman |

**DEFENDANT XIANGHUO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**

**MOTION FOR ADDITIONAL DISCOVERY [DKT. 132]**

**I. INTRODUCTION**

Plaintiff's motion turns a simple evidentiary question into a collateral discovery dispute. The relevant evidence is Plaintiff Cong Tan's own WeChat statement that he was merely a nominal holder of the asserted patent. The question is whether Plaintiff made that statement and whether it was true—not who Jam, i.e., Mr. Weizhen Zhang is, or how Mr. Zhang later transmitted screenshots of Plaintiff's own communication to Xianghuo.

It is also worth noting that Plaintiff appears to conflate "J" with "Jam" or "Weizhen Zhang" "J" is the individual who transmitted the WeChat screenshot at issue to Defendant Xianghuo, whereas "Jam" refers to Mr. Weizhen Zhang, who participated in the WeChat communication reflected in that screenshot.

The requested discovery is also not germane to Xianghuo's pending summary-judgment motion, which is principally based on invalidity in view of prior art. Mr. Zhang's identity, background, and transmission of screenshots do not alter any prior-art reference, its date, public

availability, or disclosure. Even as to Xianghuo's separate ownership defense, Plaintiff already had the relevant WeChat evidence before his deposition and was able to testify about it. His testimony—not Mr. Zhang's identity—frames the dispute.

## II. LEGAL STANDARD

A scheduling order may be modified only for good cause, which principally turns on the movant's diligence. Fed. R. Civ. P. 16(b)(4); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Discovery must also be relevant and proportional. Fed. R. Civ. P. 26(b)(1). A second deposition of Xianghuo's Rule 30(b)(6) representative likewise requires leave and must satisfy Rule 26. Fed. R. Civ. P. 30(a)(2)(A)(ii).

The Court also has inherent authority to address bad-faith abuse of the judicial process, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991), and 28 U.S.C. § 1927 permits recovery of excess costs when counsel unreasonably and vexatiously multiplies proceedings.

## III. ARGUMENT

**A. Plaintiff Had the WeChat Evidence and Mr. Zhang's Identifying Information Before Plaintiff's Deposition.**

Plaintiff repeatedly misrepresents that J is a "surprise witness" and that Defendant initially identified that person as "Weizhen Zhang." The record shows otherwise. Xianghuo disclosed the relevant WeChat screenshots to Plaintiff's counsel on May 28, 2026. See Ex. D at 2–3. After the parties' June 2 meet-and-confer, Xianghuo also provided Mr. Zhang's name and WeChat ID. See Ex. E at 3–4. Both disclosures preceded Plaintiff's June 10 deposition. Plaintiff therefore cannot establish good cause by portraying the evidence as something first revealed during Xianghuo's June 11 Rule 30(b)(6) deposition.

More fundamentally, the communication was Plaintiff's own. At deposition, Plaintiff did not simply deny the statement; he testified that he sometimes spoke "in a perfunctory manner" to strangers or persons he considered harassers because "you would not tell them the truth right away." He acknowledged making similar statements to others, yet later testified, "I am the only de facto owner." Ex. A, Tan Dep. Tr. 187:3–14, 20–25; 188:1–13; 188:14–189:1. That credibility issue concerns Plaintiff, and the requested additional discovery cannot change Plaintiff's own words.

**B. Mr. Zhang's Identity and the Transmission Mechanics Are Collateral and Do Not Justify Additional Discovery.**

Whether the recipient was Mr. Zhang, "J," or someone else does not change Plaintiff's statement. Nor does the transmission method bear on its truth. Xianghuo does not rely on any testimony or statement from J; it relies on Plaintiff's own statement reflected in the screenshots. Accordingly, the absence of further discovery concerning J provides no basis to bar Xianghuo from relying on Plaintiff's own statement. Xianghuo's representative, Ms. Zheng, testified that J provided the document to Xianghuo and, if she remembered correctly, forwarded it to her; she then forwarded it to counsel. Ex. C, Zheng Dep. Tr. 31:10–12; 32:4–9. That fact does not justify reopening Ms. Zheng's deposition or taking Mr. Zhang's deposition.

*Smith v. OSF Healthcare System*, 933 F.3d 859, 865 (7th Cir. 2019), does not help Plaintiff because *Smith* concerns discovery germane to summary judgment. Mr. Zhang's identity cannot alter what the prior art discloses or when it became publicly available, the issues presented by Xianghuo's invalidity motion.

**C. Plaintiff Lacks Diligence and Does Not Establish Good Cause.**

Plaintiff lacks diligence. He had the screenshots by May 28, Ex. D at 2–3, and the name and WeChat ID shown in Defendant's email after the June 2 meet-and-confer, Ex. E at 3–4, yet

waited until July 24—after the June 26 discovery cutoff—to file this motion. Dkts. 50, 132. Reopening discovery for two depositions would add expense and delay without producing evidence material to invalidity. Pursuant to the Court's July 29, 2026 Minute Entry [Dkt. 135], Defendant confirms that it has supplemented its Rule 26(a)(1) disclosures with the information concerning J presently known to Defendant, while expressly stating that Defendant does not presently intend to rely on testimony, a declaration, or a statement from J. Plaintiff's unspecified request for additional written discovery likewise fails to identify discovery that is relevant, proportional, and nonduplicative, as required by Rule 26(b)(1) and (b)(2)(C).

Because the request rests on a collateral issue and a material misrepresentation of the record, it should be denied in its entirety. If the Court finds Plaintiff's repeated misrepresentations to the court was made in bad faith, Defendant requests appropriate relief under the Court's inherent authority and 28 U.S.C. § 1927.

### IV. CONCLUSION

Plaintiff has not shown good cause to reopen discovery. His own WeChat statement is the relevant evidence; Mr. Zhang's identity and transmission of the screenshots are collateral to the pending prior-art invalidity motion. Plaintiff's Motion should be denied in its entirety, including Plaintiff's requests for additional written discovery, a deposition of J or Mr. Weizhen Zhang (Jam), a further deposition of Xianghuo's Rule 30(b)(6) representative Ms. Zheng, and the alternative request to bar Defendant from relying on the WeChat evidence.

Respectfully submitted,

Dated: August 7, 2026

**SHM LAW FIRM**

By: */s/ Qianwu Yang*
QIANWU YANG
yang@shm.law

YI FANG
fang.yi@shm.law

1220 W Barkley Ave
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009

*Attorneys for Defendant and Counterclaimant*
XIANGHUO

**<u>CERTIFICATE OF SERVICE</u>**

I, Yi Fang, an attorney, hereby certify that on August 8, 2026, I caused a true and correct copy of the foregoing to be filed and served electronically via the court's CM/ECF system. Notice of this filing was sent via email to the following parties.


Dated: August 7, 2026

*/s/ Yi Fang*
YI FANG
fang.yi@shm.law

1220 W Barkley Ave
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009