**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN<br><br>        Plaintiff,<br><br>        v.<br><br>Dongguan Xianghuo Trading Co., Ltd. d/b/a<br><br>Xianghuo<br><br>        Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. M. David Weisman |

**XIANGHUO'S MOTION TO COMPEL DEPOSITION TESTIMONY, FOR A**

**CONTINUED DEPOSITION, AND FOR SANCTIONS**

**I. INTRODUCTION**

During Mr. Cong Tan's seven-hour deposition, Plaintiff's counsel, Mr. Zheng Liu, made more than 200 objections, invoked attorney-client privilege in approximately 46 separate instances, and repeatedly instructed Mr. Tan not to answer questions concerning nonprivileged facts such as patent ownership and control, litigation authority and funding, document preservation, and Mr. Tan's review and verification of discovery responses served in his name.

That conduct materially impaired examination of threshold issues Plaintiff placed at issue by filing this action in Mr. Tan's name. The questions sought facts, not legal advice or counsel's

mental impressions, and the resulting record remains materially incomplete, including as to design source and inventorship, ownership and control, WeChat communications, and Mr. Tan's pre-filing employment and product exposure.

Xianghuo therefore seeks a limited four-hour continued deposition to complete those inquiries and reasonably related follow-up, together with Rule 30(c)(2) safeguards and the reasonable expenses and attorneys' fees authorized by Rules 30(d)(2) and 37(a)(5).

## II. RELEVANT BACKGROUND

### A. Plaintiff's Pleadings and the WeChat Evidence

Mr. Tan filed this action as the alleged owner of the asserted design patent. The original Complaint alleged that he was "the owner and control person of a highly professional factory and company," collaboratively created the design with his team, and owned all right, title, and interest in the patent. (Ex. 1 ¶¶ 4–7, 9.) The First Amended Complaint changed that allegation to "associated with" a factory and company, but continued to allege inventorship and ownership. (Ex. 2 ¶¶ 4–7, 9.) Those allegations place the source and extent of Mr. Tan's patent rights and his authority concerning the asserted patent directly at issue.

After the filing of this action, Xianghuo obtained WeChat evidence involving an account using the name "Ricardo.M.Tan," WeChat ID a958709379, and telephone number 17716799539. When asked about purchasing the U.S. patent, the account responded: "I'm holding the patent on behalf of someone else; there's an agreement, so it's not up to me to decide. Contacting me won't help." (Exs. 3, 3-1 at 3.) That statement warrants discovery concerning the nature of Mr. Tan's ownership, any agreement allocating beneficial, economic, licensing, enforcement, settlement, or decision-making rights, and the identity of persons controlling decisions concerning the patent.

**B. Mr. Tan's Deposition**

Xianghuo took Mr. Tan's deposition on June 10, 2026, in Hong Kong through a Mandarin interpreter. Xianghuo requested that one counsel from each side handle objections and instructions so the examination could proceed efficiently. Mr. Liu instead repeatedly asserted privilege, work-product, relevance, and other objections to block questions seeking facts concerning patent ownership and control, litigation funding and authority, and persons with relevant knowledge or authority.

Representative examples include instructions not to answer whether Mr. Tan was the only person funding this litigation or personally retained Mr. Liu and his firm; whether he was aware of the contents of a specifically identified email to Mr. Liu; whether anyone had explained the original or amended complaint to him after completion; and whether he had seen Plaintiff's response to Xianghuo's deficiency letter before the deposition. See Ex. 6, Tan Dep. Tr. 49:7–16; 77:19–78:20; 102:6–103:7; 134:19–135:11; 144:1–145:14.

The transcript also reflects sustained objections and colloquy beyond concise objections. See, e.g., Ex. 6, Tan Dep. Tr. 9:2–10:19; 12:9–18:20; 48:8–52:8; 73:13–79:25. Those instructions and interruptions prevented Xianghuo from obtaining answers and pursuing follow-up. See, e.g., id. at 49:7–16; 64:19–65:24; 73:13–74:24; 77:19–78:20; 102:6–103:7; 134:19–136:9; 144:1–145:14.

**III. LEGAL STANDARD**

Rule 26(b)(1) permits discovery of relevant, proportional, nonprivileged matter. Fed. R. Civ. P. 26(b)(1). The party asserting attorney-client privilege bears the burden of establishing it, and the privilege is construed narrowly. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997).

It protects communications, not underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981).

Rule 30(c)(2) requires an objection to be stated "concisely in a nonargumentative and nonsuggestive manner." The examination proceeds subject to the objection, and counsel may instruct the deponent not to answer only when necessary to preserve a privilege, enforce a limitation ordered by the Court, or present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2).

Rule 30(d)(1) requires additional time when needed to fairly examine a deponent or when a person or circumstance impedes or delays the examination. Rule 30(d)(2) permits sanctions, including reasonable expenses and attorneys' fees, for conduct that impedes, delays, or frustrates a fair examination. See *Redwood v. Dobson*, 476 F.3d 462, 467–69 (7th Cir. 2007). Rule 37(a)(3)(B)(i) permits a motion to compel when a deponent fails to answer a question asked under Rule 30, and Rule 37(a)(5)(A) governs the reasonable expenses incurred in making a motion that is granted, including attorneys' fees.

### IV. ARGUMENT

#### A. The Identified Questions Sought Discoverable, Nonprivileged Facts

The questions identified above sought underlying facts concerning Mr. Tan's potential lack of standing, real-party-in-interest status, ownership and control of the asserted patent, including whether Mr. Tan is merely a nominal holder, whether any agreement exists concerning the holding, control, licensing, enforcement, settlement, or proceeds of the asserted patent, and who has authority to make decisions concerning the asserted patent. See Ex. 6, Tan Dep. Tr. 49:7–16; 64:19–65:24; 73:13–79:25; 102:6–103:7. In light of the WeChat statement that Mr. Tan was holding the patent "on behalf of someone else" pursuant to an agreement, Xianghuo was entitled to examine those issues and identify persons with relevant knowledge or authority.

The questions sought historical facts, not what counsel said or what legal advice was given. See Upjohn, 449 U.S. at 395–96. Information concerning a known client's fees is ordinarily not privileged unless disclosure would reveal a confidential communication. In *re Witnesses Before the Special March 1980 Grand Jury*, 729 F.2d 489, 491–95 (7th Cir. 1984). Unlike the broad document-selection request in Africano, Xianghuo asked whether Mr. Tan had seen one identified discovery response submitted on his behalf. Cf. *Africano v. Atrium Medical Corp.*, No. 17 CV 7238, Dkt. 154, at 4–6 (N.D. Ill. Mar. 21, 2019).

### B. Plaintiff's Counsel Prevented a Fair Examination

Mr. Liu's pervasive conduct rendered the deposition materially incomplete on threshold issues Xianghuo was entitled to examine. Mr. Tan's substantive answers were repeatedly interrupted by objections and colloquy, and instructions not to answer blocked both answers and dependent follow-up. See, e.g., Ex. 6, Tan Dep. Tr. 48:8–52:8; 73:13–79:25; 102:6–103:7.

Rule 30(c)(2) required the examination to proceed subject to concise objections unless an instruction not to answer was necessary to preserve privilege, enforce a court-ordered limitation, or present a Rule 30(d)(3) motion. *Redwood* holds that counsel may not repeatedly instruct a witness not to answer outside those limited grounds. 476 F.3d at 467–69.

The prejudice is not cured by compelling isolated answers outside a deposition. The blocked answers prevented necessary follow-up, while objections and colloquy consumed examination time. The testimony obtained also revealed material inconsistencies requiring further examination. Plaintiff's written discovery stated that Haizhenxin had existing design drawings that Mr. Tan reviewed and allegedly modified, yet Mr. Tan testified that the factory's design was not his design and could not identify the other changes he claimed to have made. See Ex. 4 at 1–2; Ex. 6, Tan Dep. Tr. 153:15–154:5, 158:1–10, 163:25–164:2. His testimony also left unresolved the

source of the claimed design concepts and the roles of Zhou Jianhai, Lian, and Deng Haichao. Mr. Tan further acknowledged statements that he held the patent for someone else under an agreement while maintaining that he alone owned it. Id. at 187:3–20, 188:18–189:2. Although Mr. Tan testified that he had disclosed all employment, including part-time employment, he did not identify Shenzhen Hengchuang Home Furnishing Co., Ltd., despite Plaintiff's prior production reflecting that employment relationship. Mr. Tan also admitted using a Hengchuang WeCom account. See Ex. 6, Tan Dep. Tr. 32:4–7, 178:1–15. Plaintiff's subsequent verified response likewise did not resolve the issue and instead declined to describe the requested operations-related duties. These inconsistencies require further examination of design source and inventorship, ownership and control, pre-filing employment and operations duties, and Zhonggang knowledge or procurement.

**C. A Limited Continued Deposition and an Award of Resulting Expenses Are Appropriate**

Rule 30(d)(1) therefore requires additional time for a fair examination. Xianghuo seeks no more than four hours concerning (1) ownership, real-party-in-interest status, nominee or holding arrangements, funding, authority, and control, including the WeChat statements and any related agreement; (2) design source and inventorship, including Haizhenxin's existing design, Mr. Tan's alleged modifications, the source of the claimed design concepts, and third-party contributions; (3) Mr. Tan's actual pre-filing employment and operations duties, including Hengchuang, Henglin, related entities, Hengchuang WeCom, and Zhonggang product knowledge or procurement; and (4) related follow-up.

Courts in this District have permitted limited re-depositions concerning unanswered questions and related follow-up where asserted privilege did not justify refusal to answer, and have shifted resulting court-reporter attendance fees. See *Preston v. Wiegand*, No. 20 CV 4272, Dkt.

130, at 9–10 (N.D. Ill. Nov. 3, 2022). Xianghuo therefore requests appropriate sanctions under Rule 30(d)(2) for conduct that impeded, delayed, or frustrated the fair examination of Mr. Tan, together with the reasonable expenses incurred in making this Motion, including attorneys' fees, as provided by Rule 37(a)(5)(A).

## V. LOCAL RULE 37.2 CERTIFICATION

Pursuant to the Court's order, counsel conducted the required meet-and-confer on August 4, 2026, at 6:00 p.m. Central Time. Qianwu Yang, Yi Fang, and James Judge participated for Xianghuo, and Zheng Liu participated for Plaintiff. Xianghuo identified transcript excerpts reflecting instructions not to answer, explained the follow-up it could not complete, and requested a limited continued deposition. Plaintiff maintained its objections and declined. The parties were unable to resolve the dispute. See N.D. Ill. L.R. 37.2.

## VI. RELIEF REQUESTED

WHEREFORE, Xianghuo respectfully requests that this Court:

(1)     Order that Mr. Tan be made available for a continued deposition of no more than four (4) hours, with all reasonable costs and attorneys' fees occasioned by the continued deposition to be borne by Plaintiff. See Fed. R. Civ. P. 30(a)(2)(A)(ii), 30(d)(1). The continued deposition shall include:

(a)     Xianghuo shall be entitled to inquire as to Mr. Tan's standing, real-party-in-interest status, ownership, beneficial ownership, and control of the asserted patent, including whether Mr. Tan is merely a nominal holder and whether any other person or entity controls, funds, benefits from, licenses, enforces, settles, or otherwise directs rights relating to the asserted patent.

(b)     Xianghuo shall be entitled to inquire as to design source and inventorship, including Haizhenxin's existing design, Mr. Tan's alleged modifications, the source of the claimed design concepts, and third-party contributions; and Mr. Tan's actual pre-filing employment and operations duties, including Hengchuang, Henglin, related entities, Hengchuang WeCom, and his knowledge of or procurement communications concerning Zhonggang foldable storage box products.

(2)     Find that the identified argumentative or suggestive speaking objections and improper instructions not to answer were improper; order that the continued deposition proceed strictly under Rule 30(c)(2), and award Xianghuo its reasonable expenses and attorneys' fees incurred in bringing this motion and completing Mr. Tan's deposition. Such conduct violated Rule 30(c)(2), and the requested expenses are authorized by Rules 30(d)(2) and 37(a)(5).

(3)     Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SHM LAW FIRM**

Dated: August 12, 2026

By: */s/ Qianwu Yang*
QIANWU YANG
yang@shm.law

YI FANG
fang.yi@shm.law

1220 W Barkley Ave
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009

*Attorneys for defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo*

## CERTIFICATE OF SERVICE

I, Yi Fang, an attorney, hereby certify that on August 12, 2026, I caused a true and correct copy of the foregoing to be filed and served electronically via the court's CM/ECF system. Notice of this filing was sent via email to the following parties.


Dated: August 12, 2026

/s/ Yi Fang
YI FANG
fang.yi@shm.law

1220 W Barkley Ave
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009