# EXHIBIT 4

# APTUM LAW

1660 S Amphlett Blvd., Suite 315, San Mateo, CA 94402
Tel: (650) 475-6289

April 21, 2026

**VIA EMAIL**

Qianwu Yang, Esq.
Email: yang@shm.law
Yi Fang, Esq.
Email: fang.yi@shm.law

SHM Law Firm
3000 El Camino Real, Bldg. 4, Ste. 200
Palo Alto, CA 94306

**Re:    Tan v. Xianghuo, Case No. 1:25-cv-05003 (N.D. Ill.) — Plaintiff's Response to Defendant's March 27, 2026 Request for Supplemental Responses to Defendant's First Set of Interrogatories and Requests for Production**

Dear Counsel:

We write in response to your letter dated March 27, 2026 (the "Deficiency Letter") concerning alleged deficiencies in Plaintiff's responses to Defendant's First Set of Interrogatories and Requests for Production. Plaintiff has undertaken a thorough review of the Deficiency Letter and provides the following supplemental information, responses, and document production. Plaintiff's supplemental document production is served concurrently with this letter, bearing Bates numbers continuing from Plaintiff's prior production.

Plaintiff reserves all objections previously asserted and does not waive any objection by providing the supplemental information below.

## I.    Plaintiff's Supplemental Interrogatory Responses

## A.    Interrogatory No. 3 — Conception and Development of the Claimed Design

Plaintiff supplements his response as follows. Cong Tan first encountered the foldable storage box design in or about July 2023 in Shenzhen, Guangdong Province, China, through his collaboration with Shenzhen Haizhenxin Technology Co., Ltd., which had existing design drawings for the product. Mr. Tan reviewed the factory's design and subsequently made a specific modification to the product configuration, changing the grouping from three units per set to four units per set. Mr. Tan then obtained

authorization from the manufacturing facility to file for U.S. design patent protection based on the modified design.

In addition to Mr. Tan, the following individuals had knowledge of or were involved in the design and development process:

(1) Deng Haichao — Mr. Deng served as a product selection and development manager and assisted Mr. Tan in identifying and evaluating the product concept. Mr. Deng did not directly participate in the design of the claimed design. Mr. Deng has since left his position, and Plaintiff has been unable to locate or contact him despite reasonable efforts. Plaintiff does not have Mr. Deng's current address, telephone number, employer, or employment position.

(2) Zhou Jianhai — Mr. Zhou is the principal of Shenzhen Haizhenxin Technology Co., Ltd., which manufactured the product embodying the claimed design. Mr. Zhou's contact information is as follows: telephone 138-2338-7807; address: 7th Building, 2nd Floor, Tianfu'an Industrial Park, Lecujiao, Huangmabu Community, Hangcheng Street, Bao'an District, Shenzhen, China; email: sales08@chnjyx.com. Mr. Zhou was involved in the manufacturing, prototyping, and production process for the claimed design.

(3) "Lian" — "Lian" was a technical drafting designer employed at Mr. Zhou's manufacturing facility, Shenzhen Haizhenxin Technology Co., Ltd. Lian's role was limited to preparing technical drawings and 3D modeling files (using Siemens NX / UG software) based on the design concept and specifications provided by Mr. Tan and Mr. Zhou. Lian did not contribute to the conception of the claimed design. Lian has since left the employ of Shenzhen Haizhenxin Technology Co., Ltd., and Plaintiff has been unable to ascertain Lian's full legal name or current contact information despite reasonable inquiry of Mr. Zhou. Plaintiff is not aware of any written communications with Lian beyond the design files and production communications already produced.

Documents corroborating the conception and development of the claimed design are identified in Plaintiff's prior and supplemental document productions, including: (a) the original design manuscript and sketches (Tan_1594); (b) 3D modeling screenshots (Tan_1595); (c) the native design source file in STP format, created using Siemens NX / UG software, file timestamp August 8, 2025 (Tan_1609); (d) an exported design PDF (Tan_1596–Tan_1608); (e) manufacturing contracts and communications with production partners, Zhou Jianhai/Shenzhen Haizhenxin Technology and Shenzhen Xinhongji Technology (Tan_1614–Tan_1648); (f) the inventor's employment certificate (Tan_1610–Tan_1613); and (g) the prior-art search communications described in Section II.H below (Tan_1666–Tan_1668).

**B.     Interrogatory No. 4 — Design Process**

Plaintiff supplements his response as follows. The design for the Patent-in-Suit was developed through the following process and key milestones:

(i) In or about July 2023, Mr. Tan first encountered the foldable storage box design through his collaboration with Shenzhen Haizhenxin Technology Co., Ltd. (principal: Zhou Jianhai), which had existing design drawings for the product. (ii) Mr. Tan reviewed the factory's design and made a modification to the product configuration, changing the grouping from three units per set to four units per set. (iii) Mr. Zhou's facility assigned a technical drafting designer known as "Lian" to prepare updated 3D modeling files and technical drawings using UG (Siemens NX) software, reflecting the modified four-unit configuration. (iv) On or about November 3, 2023, Mr. Tan entered into a mold and production contract with Shenzhen Xinhongji Technology Co., Ltd. for the plastic components of the storage box. (v) During late 2023 and early 2024, Mr. Tan and the manufacturing partners exchanged quality-control feedback, sample inspection reports, and design refinements. (vi) On or about January 30, 2024, Mr. Tan engaged Fangxin Enterprise Management Group to conduct a prior-art evaluation for a U.S. design patent application. (vii) Mr. Tan obtained authorization from the manufacturing facility to file for U.S. design patent protection. Following the prior-art evaluation, Mr. Tan proceeded to file the design patent application that issued as the Patent-in-Suit.

The design tools and software used were UG (Siemens NX), version NX 4.0, with STEP file export via ST-DEVELOPER v9. Plaintiff is not aware of any third-party design packs, samples, or reference products that were used in or contributed to the conception of the claimed design, other than the similar Amazon product (ASIN B0BQVZ3C6G) identified by the patent agent during the prior-art evaluation, which was identified as a product with certain similarities but distinguishing features from the claimed design.

The individuals involved in the design process are as identified in Plaintiff's response to Interrogatory No. 3 above: Cong Tan (inventor), Zhou Jianhai (manufacturing principal), Deng Haichao (product development, non-design role), and Lian (technical drafting only).

## C.      Interrogatory No. 6 — Licensees

Plaintiff supplements his response as follows. Plaintiff orally authorized Shenzhen Weiteli Technology Co., Ltd. to disclose and sell the product embodying the claimed design on Amazon.com, effective on or about July 5, 2023. Shenzhen Weiteli sold the product through the Amazon store "KoxSmar Store" (ASIN: B0CB643MKB). This authorization was limited to sales and disclosure of the product; it did not include manufacturing rights. No formal written license agreement was executed between the parties. This authorization is reflected in the Affidavit under 37 C.F.R. § 1.130 previously produced (F20240026D-Affidavit 130claim, Bates No. Tan_1665).

The oral authorization was granted without monetary consideration, royalties, or other financial terms. Beyond this oral authorization, no other licenses have been granted with respect to the Patent-in-Suit.

## II. Plaintiff's Supplemental Responses to Defendant's Requests for Production

### A. RFP No. 4 — Documents from Other Proceedings

Plaintiff identifies the following proceedings concerning the Patent-in-Suit: (i) Ex Parte Reexamination No. 90019807, filed January 12, 2025, before Examiner Philip S. Hyder (status: Reexam Terminated — Decision); and (ii) Ex Parte Reexamination No. 90015535 (KA Global IP LLC v. Cong Tan), filed September 22, 2025, before Examiner Ly, Darlington (status: pending, Non-Final Action mailed). The file histories for both reexamination proceedings are publicly available through USPTO Patent Center. To the extent Plaintiff possesses non-privileged documents from these proceedings beyond the publicly available file history, such documents are produced in Plaintiff's supplemental production. The publicly available file histories previously produced as Tan_92 through Tan_1567 include materials from Reexamination No. 90019807.

### B. RFP No. 5 — Documents Related to Licensing or Attempted Sales

As described in Plaintiff's supplemental response to Interrogatory No. 6, Plaintiff orally authorized Shenzhen Weiteli Technology Co., Ltd. to sell the product embodying the claimed design on Amazon.com beginning on or about July 5, 2023. No written license agreement or sales contract exists between the parties. The Affidavit under 37 C.F.R. § 1.130 (F20240026D-Affidavit 130claim, Bates No. Tan_1665), which documents this authorization, has been produced and is the only responsive document in Plaintiff's possession.

### C. RFP No. 6 — Licenses, Contracts, and Settlement Agreements

The only authorization granted with respect to the Patent-in-Suit is the oral authorization to Shenzhen Weiteli Technology Co., Ltd. described in Plaintiff's supplemental response to Interrogatory No. 6 and RFP No. 5 above. No written license, contract, or settlement agreement related to the Patent-in-Suit exists. The § 1.130 Affidavit (Bates No. Tan_1665) documenting this authorization has been produced. No other responsive documents exist or are being withheld.

### D. RFP Nos. 9 and 16 — Prosecution-Related Documents

Plaintiff has previously produced the publicly available file history as Tan_92 through Tan_1567. In his supplemental production, Plaintiff now produces the following non-public, non-privileged prosecution-related documents: (a) the U.S. design patent application contract between Mr. Tan and Fangxin Enterprise Management Group; (b) the patent application confirmation form; (c) patent application communication records

between Mr. Tan and the patent agency; (d) the Micro Entity declaration (F20240026D-MicroEntity); (e) the inventor's declaration (F20240026D-DECLARATION); (f) the Power of Attorney (F20240026D-POA); and (g) the Affidavit / 130 Claim (F20240026D-Affidavit). These documents reflect the factual communications and filings associated with the prosecution of the Patent-in-Suit.

Plaintiff has not withheld any additional prosecution-related communications on the basis of attorney-client privilege or work-product protection. All non-privileged prosecution-related documents in Plaintiff's possession, custody, or control have been produced.

**E.      RFP Nos. 11, 12, 15, and 20 — Conception, Design, Development, and Third-Party Contributions**

Plaintiff provides the following clarifications and supplemental production:

**Ricardo.M.Tan.**   Defendant's Deficiency Letter identifies "Ricardo.M.Tan" as a third party whose communications should be produced. Plaintiff clarifies that Ricardo M. Tan is the inventor and Plaintiff in this action, Cong Tan. No separate third-party production is required on this basis.

**Zhou Jianhai.**   Plaintiff has produced and supplements communications with Mr. Zhou, the principal of Shenzhen Haizhenxin Technology Co., Ltd. Materials produced include: manufacturing contracts (two production contracts), quality-control feedback reports, mold quotations, manufacturing communication records, and chat logs. Plaintiff re-designates these communications as also responsive to RFP Nos. 11, 12, 15, and 20. Plaintiff represents that the communications produced constitute the complete set of communications with Mr. Zhou in Plaintiff's possession, custody, or control.

**Deng Haichao.**   Mr. Deng served as a product selection and development manager and assisted Mr. Tan in identifying and evaluating the product concept. Mr. Deng's role did not involve direct participation in the design of the claimed design. Mr. Deng has since left his position, and Plaintiff has been unable to locate or contact him despite reasonable efforts. Plaintiff does not possess any written communications with Mr. Deng concerning the design of the Patent-in-Suit.

**"Lian".**   As stated in Plaintiff's supplemental response to Interrogatory No. 3, Lian was a technical drafting designer employed at Shenzhen Haizhenxin Technology Co., Ltd. (Mr. Zhou's facility). Lian's role was limited to preparing 3D modeling files and technical drawings using Siemens NX/UG software based on the design concept and specifications provided by Mr. Tan and Mr. Zhou. Lian did not contribute to the conception of the claimed design. Lian has since left the employ of Shenzhen Haizhenxin Technology Co., Ltd. Plaintiff has made reasonable inquiry of Mr. Zhou but has been unable to ascertain

Lian's full legal name or current contact information. Plaintiff is not in possession of any written communications directly between Mr. Tan and Lian; all design-related communications were channeled through Mr. Zhou and the manufacturing facility, and those communications have been produced.

In his supplemental production, Plaintiff also produces the following documents responsive to these requests: (a) original design manuscript/sketches; (b) 3D modeling screenshots; (c) exported design PDF; and (d) the inventor's employment certificate. These documents further corroborate the conception timeline and Mr. Tan's role as the inventor.

### F.	RFP No. 17 — Design Files and Metadata

Plaintiff has produced the native design source file in STP (STEP) format: "小收纳盒设计稿源文件.stp" (approximately 25 MB). The file header contains the following metadata: file timestamp 2025-08-08T14:15:28+08:00; originating system UGS – NX 4.0; preprocessor ST-DEVELOPER v9. The author field in the STP header is blank, which is the default export behavior of Siemens NX when exporting to STEP format; the software does not populate the author field automatically upon STEP export.

In his supplemental production, Plaintiff also produces: (a) the exported design PDF ( approximately 3 MB); and (b) 3D modeling screenshots. The STP file produced is the only native design file in Plaintiff's possession. The design was created in Siemens NX, which stores working files in its proprietary .prt format; however, only the exported STP file was retained by Mr. Tan. Plaintiff does not possess the original .prt file or earlier iterations of the design file. The STP file and associated exports represent the complete set of design files in Plaintiff's possession, custody, or control.

### G.	RFP No. 18 — Communications with Designers, Engineers, and Manufacturers

Plaintiff has produced and supplements communications with the following manufacturers and production partners:

(1) Shenzhen Xinhongji Technology Co., Ltd.: mold quotation and contract for storage box plastic components (dated November 3, 2023), including production specifications, pricing, and mold costs;

(2) Shenzhen Haizhenxin Technology Co., Ltd./Zhou Jianhai: two production contracts, quality-control feedback reports (including the "3.8 Haizhenxing Four-Layer Folding Storage Box Sample Quality Inspection Feedback"), manufacturing communication records, production chat logs, and the four-layer folding storage box production communication form;

(3) Communications with the manufacturer regarding sample inspection, production issues, and design feedback.

With respect to communications with "Lian": as stated in Plaintiff's supplemental responses to Interrogatory No. 3 and RFP Nos. 11, 12, 15, and 20, Lian was a drafting designer at Mr. Zhou's manufacturing facility. Plaintiff is not in possession of any direct written communications between Mr. Tan and Lian. All design-related communications were channeled through Mr. Zhou and the manufacturing facility, and those communications have been produced. Plaintiff has made reasonable inquiry and represents that the communications produced constitute the complete set of communications concerning the design of the Patent-in-Suit in Plaintiff's possession, custody, or control.

## H.     RFP No. 24 — Patentability, Validity, and Prior Art Searches

Plaintiff supplements his response by producing communications between the inventor, Cong Tan, and Li Shuyao of Fangxin Enterprise Management Group, a patent agency, reflecting a prior-art evaluation conducted on or about January 30, 2024. The communications show that the patent agent conducted a search of the WIPO design database using keywords including "Folding Storage Box," "Storage Bins," "Storage Containers," and "Closet Organizer," and identified publicly available designs with certain similarities but also distinguishing features (differences in transparent panel pattern design and side panel configuration). The agent also identified a similar product on Amazon (ASIN B0BQVZ3C6G, JOYBOS brand) listed since approximately December 2022 and assessed potential non-obviousness considerations. The inventor and agent discussed the differences between the similar product and the claimed design, including the distinct door-opening mechanism, and the agent advised that design patent protection was feasible after modification. These communications are produced in Plaintiff's supplemental production.

## III.    Privilege Log

Plaintiff has not withheld any responsive documents on the basis of attorney-client privilege or work-product protection. All responsive documents in Plaintiff's possession, custody, or control have been or are being produced concurrently herewith.

Because no documents have been withheld on privilege grounds, no privilege log is required at this time under Federal Rule of Civil Procedure 26(b)(5)(A). Should Plaintiff identify any privileged documents during the course of ongoing discovery, Plaintiff will promptly provide a privilege log in compliance with Rule 26(b)(5)(A).

## IV.    Conclusion

Plaintiff has made good-faith efforts to address each deficiency identified in Defendant's March 27, 2026 letter and to supplement his interrogatory responses, document production, and related disclosures. Plaintiff's supplemental production, served concurrently herewith, includes the following categories of new materials: (a) original

design manuscripts and sketches; (b) 3D modeling screenshots; (c) exported design PDF; (d) inventor's employment certificate; (e) U.S. design patent application contract with Fangxin Enterprise Management Group; (f) patent application confirmation form; (g) patent application communication records; (h) Micro Entity declaration, inventor's declaration, and Power of Attorney; and (i) prior-art search communications with the patent agency.

Plaintiff remains available to meet and confer regarding any remaining issues. Please do not hesitate to contact us to schedule a call.

Date: April 21, 2026
Sincerely,

Zheng Liu, Esq.
APTUM LAW