**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Dongguan Xianghuo Trading Co., Ltd. d/b/a<br><br>Xianghuo<br><br>　　　　　Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. M. David Weisman |

**XIANGHUO'S MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO
COMPEL ON OUTSTANDING DISCOVERY ISSUES**

Pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), Defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo respectfully moves for a seven-day extension, from August 12 to August 19, 2026, of the deadline set in Dkt. 135 for filing motions to compel on outstanding discovery issues, with the corresponding response deadline extended from August 19 to August 26, 2026. This request is made before the existing deadline expires and is supported by good cause.

**I. INTRODUCTION**

This Motion arises from a narrow timing problem at the end of a Court-supervised discovery process. After Mr. Tan's June 10, 2026 deposition raised additional issues concerning patent ownership, control, and related discovery, the Court expressly authorized Xianghuo to serve additional requests for production by June 23, 2026. Dkt. 129. Xianghuo timely served additional written discovery on June 23. The Court later expressly recognized the additional written discovery served by Xianghuo, directed Plaintiff to serve his responses by the due date,

and required the parties to address all outstanding discovery issues through a Court-ordered meet-and-confer process. Dkt. 131. Those orders placed the additional written discovery squarely within the discovery matters the Court expected the parties to complete before motion practice.

Plaintiff's July 23 responses did not resolve those issues. Each response to Interrogatories Nos. 7 through 22 directed Xianghuo generally to documents "produced or to be produced," while most responses to the additional requests for production stated only that responsive documents would be produced "on a rolling basis," without identifying a completion date. Declaration of Qianwu Yang in Support of Xianghuo's Motion for Extension of Time ("Yang Decl.") ¶¶ 3–4 & Exs. 1–2. At the August 4 Court-ordered conference, Plaintiff requested seven days to provide amended responses and responsive documents. Id. ¶ 5. On August 11, however, Plaintiff advised that the law clerk working on the discovery had unexpectedly become unavailable and that the amended responses would be served the following day—August 12, the same day Dkt. 135 requires motions to compel on outstanding discovery issues to be filed. Id. ¶¶ 7–8 & Ex. 3.

Simply put, Xianghuo does not have sufficient time to receive Plaintiff's promised amendments on the filing deadline, review the amended responses and corresponding production, determine which deficiencies have been cured, and identify which issues, if any, still require Court intervention. Filing a motion to compel before completing that review would either require Xianghuo to present issues that may become moot or risk forfeiting unresolved issues under the Court's deadline. The requested seven-day extension avoids both results, permits Xianghuo to narrow any motion to genuinely unresolved matters, and leaves the September 22, 2026 ruling setting undisturbed.

## II. BACKGROUND AND PROCEDURAL HISTORY

On May 28, 2026, the Court noted Xianghuo's position that information developed in discovery raised a potential real-party-in-interest issue and that Xianghuo intended to seek

further information on that issue at Mr. Tan's June 10 deposition. Dkt. 124. Following that deposition, the Court held a status hearing on June 17, 2026. The Court directed Xianghuo to serve any additional requests for production by June 23, 2026 and required the parties' next status report to state whether Plaintiff had responded to those additional requests and the date of any response. Dkt. 129.

Xianghuo timely served additional written discovery on June 23, 2026, including additional interrogatories and requests for production concerning issues developed through Mr. Tan's deposition and the parties' ongoing discovery. Yang Decl. ¶ 2. At the July 16, 2026 status hearing, the Court expressly referred to the "additional written discovery served by Defendants," directed Plaintiff to serve responses by the due date, and ordered that any and all outstanding discovery issues—including the additional written discovery and disputes concerning Mr. Tan's deposition—be discussed at the parties' meet-and-confer. Dkt. 131. The Court initially set July 31 as the deadline for motions to compel. Id.

Plaintiff served responses on July 23, 2026. Yang Decl. ¶ 3. As to Interrogatories Nos. 7 through 22, Plaintiff's substantive response to each interrogatory was the same: "Please see the documents produced or to be produced." Id. ¶ 4 & Ex. 1. As to most of the additional requests for production, Plaintiff stated that, to the extent responsive documents existed, he would produce them "on a rolling basis," without providing a completion date. Id. & Ex. 2. Thus, as of July 23, Xianghuo did not have complete narrative responses or a completed production from which it could determine which discovery disputes would ultimately require motion practice.

On July 29, 2026, after reviewing the parties' separate status reports, the Court reset the meet-and-confer schedule and ordered the parties to communicate and conduct a call concerning the outstanding discovery issues. Dkt. 135. The same Minute Entry set August 12, 2026 as the deadline for "motions to compel on outstanding discovery issues," responses for August 19, no

reply, and a September 22 ruling setting. Id. The parties conducted the Court-ordered conference on August 4, 2026. Yang Decl. ¶ 5.

During the August 4 conference, Xianghuo identified the deficiencies in Plaintiff's interrogatory responses and document production. Plaintiff's counsel requested seven days to prepare and serve amended responses and responsive documents. Yang Decl. ¶ 5. Plaintiff did not offer an earlier production date or another schedule that would preserve a separate period for Xianghuo to review the amendments before the August 12 motion deadline. Id. Rather than immediately burden the Court with a motion based on responses Plaintiff represented would be amended, Xianghuo awaited the promised supplementation so that the disputes presented to the Court could be narrowed. Id. ¶ 6.

On August 11, as that period expired, Plaintiff's counsel advised that the law clerk working on the discovery had "just become unavailable today, unexpectedly" and stated, "We will serve amended responses tomorrow." Yang Decl. ¶ 7 & Ex. 3. On August 12, Plaintiff's counsel reiterated that the amended responses would be served "by today, PT," stating that the parties had "already agreed" to that timing. Id. ¶ 8 & Ex. 3. August 12, however, is the very deadline imposed by Dkt. 135 for motions to compel on outstanding discovery issues.

Xianghuo promptly advised Plaintiff that service on August 12 would leave no meaningful opportunity to review the amended responses and production, determine whether the identified deficiencies had been cured, and address any remaining issues before the Court's deadline. Yang Decl. ¶ 9 & Ex. 3. Because Plaintiff's notice of the additional delay came only on the eve of the filing deadline, Xianghuo had no practical interval in which to receive and analyze the promised supplementation, separately seek agreement to extend the Court's deadline, await Plaintiff's response, and still file a timely request if agreement could not be reached. Id. ¶ 10. Xianghuo therefore files this Motion before the deadline expires.

### III. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

Rule 6(b)(1)(A) permits the Court, for good cause, to extend a deadline when the request is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Rule 16(b)(4) likewise provides that a court-ordered schedule may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). In evaluating good cause under Rule 16, the primary consideration is the diligence of the party seeking the modification. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Good cause exists here because Xianghuo has acted diligently and the present timetable cannot reasonably be met in light of the timing of Plaintiff's promised supplementation. Xianghuo served the additional discovery on the Court-directed June 23 date, reviewed Plaintiff's July 23 responses, participated in the Court-ordered August 4 conference, identified the deficiencies at issue, and refrained from filing a premature motion while Plaintiff requested time to amend his responses and complete production. Yang Decl. ¶¶ 2–6. When Plaintiff advised on August 11 that the amendments would not be served until the following day, Xianghuo immediately identified the resulting timing problem and is filing this request before the August 12 deadline expires. Id. ¶¶ 7–10. The need for this extension results from the timing of Plaintiff's supplementation, not any lack of diligence by Xianghuo.

The review that remains is substantive, not ministerial. Xianghuo must compare the amended interrogatory answers with the information requested, determine what documents have actually been produced in response to the outstanding requests, assess whether the promised production is complete, and identify which objections, omissions, or production deficiencies remain material after supplementation. Yang Decl. ¶ 11. The Court's existing deadline does not permit that analysis if the amendments are not served until August 12. Filing first and reviewing later would either force Xianghuo to present issues that Plaintiff may cure in the promised

amendments or risk forfeiting issues that remain unresolved. Neither result would promote efficient discovery management.

The requested extension is modest and will not disrupt the Court's September 22 ruling setting. Extending the motion deadline to August 19, 2026 and the corresponding response deadline to August 26, 2026 will allow Xianghuo to determine which, if any, motions to compel remain necessary and to limit any filing to issues actually requiring judicial resolution. Yang Decl. ¶ 12. The requested extension therefore promotes, rather than delays, efficient resolution of the outstanding discovery disputes.

**IV. CONCLUSION**

WHEREFORE, Xianghuo respectfully requests that the Court extend through August 19, 2026 the deadline in Dkt. 135 for filing motions to compel on outstanding discovery issues; correspondingly extend responses to any such motions through August 26, 2026; leave the September 22, 2026 ruling setting unchanged; and grant such other relief as the Court deems appropriate.

Dated: August 12, 2026

Respectfully submitted,

**SHM LAW FIRM**

By: /s/ Qianwu Yang
QIANWU YANG
yang@shm.law

YI FANG
fang.yi@shm.law

1220 W Barkley Ave,
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009

*Attorneys for defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo*

## <u>CERTIFICATE OF SERVICE</u>

I, Qianwu Yang, an attorney, hereby certify that on August 12, 2026, I caused a true and correct copy of the foregoing to be filed and served electronically via the court's CM/ECF system. Notice of this filing was sent via email to the following parties.


Dated: August 12, 2026       */s/ Qianwu Yang*
              Qianwu Yang
              yang@shm.law

              1220 W Barkley Ave
              Orange, CA 92868
              Tel: (650) 613-9737
              Mobile: +86 13925212009