**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

CONG TAN,

                  Plaintiff,

                  v.

XIANGHUO

                  Defendant.

**DECLARATION OF QIANWU YANG IN SUPPORT OF XIANGHUO'S MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO COMPEL ON OUTSTANDING DISCOVERY ISSUES**

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

I, Qianwu Yang, declare as follows:

1.      I am a member of SHM Law Firm and counsel for Defendant and Counterclaimant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo. This Declaration is based upon my personal knowledge of the facts stated herein. If called as a witness, I could and would testify competently to the statements made herein.

2.      On June 17, 2026, following Mr. Tan's June 10 deposition, the Court directed Xianghuo to serve any additional requests for production by June 23, 2026. Pursuant to that schedule, Xianghuo served additional written discovery on June 23, 2026, including additional interrogatories and requests for production.

3.      On July 23, 2026, Plaintiff served responses to Xianghuo's additional interrogatories and requests for production. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Responses to Defendant's Additional Interrogatories. Attached as Exhibit 2 is a true and correct copy of Plaintiff's Responses to Defendant's Additional Requests for Production.

4.      In Plaintiff's July 23 responses, the substantive response to each of Interrogatories Nos. 7 through 22 stated: "Please see the documents produced or to be produced." In most of Plaintiff's responses to the additional requests for production, Plaintiff stated that responsive documents, to the extent they existed, would be produced "on a rolling basis." Those responses did not state a completion date for the promised rolling production.

5.      I participated in the Court-ordered meet-and-confer conducted on August 4, 2026. During that conference, Xianghuo raised the deficiencies in Plaintiff's additional written discovery responses. Plaintiff's counsel requested seven days to prepare and serve amended responses and responsive documents. Plaintiff's counsel did not offer an earlier production date or another schedule that would preserve a separate period for Xianghuo to review the amendments before the

DECLARATION OF QIANWU YANG IN
SUPPORT OF XIANGHUO'S MOTION
FOR EXTENSION OF TIME TO FILE
MOTIONS TO COMPEL ON
OUTSTANDING DISCOVERY ISSUES

1

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

August 12 deadline for motions to compel.

6. Xianghuo did not immediately file a motion to compel concerning those written discovery responses because Plaintiff represented that amended responses and responsive documents would be provided. Xianghuo intended to review the supplementation and narrow any motion practice to issues that remained unresolved.

7. On August 11, 2026, Plaintiff's counsel advised by email that the law clerk working on the discovery had "just become unavailable today, unexpectedly" and stated, "We will serve amended responses tomorrow." Attached as Exhibit 3 is a true and correct copy of the August 11–12, 2026 email thread reflecting those communications.

8. On August 12, 2026, Plaintiff's counsel further stated by email that the parties had "already agreed to serve amended responses by today, PT." As of that communication, August 12 was also the Court-ordered deadline in Dkt. 135 for motions to compel on outstanding discovery issues.

9. Xianghuo advised Plaintiff that service of amended responses on August 12 would leave Xianghuo no meaningful opportunity to review the amended responses and production, determine whether the identified deficiencies had been cured, and address any remaining issues before the Court's deadline.

10. Given the timing of Plaintiff's August 11 notice and the August 12 filing deadline, Xianghuo did not have a practical opportunity to receive and review the promised supplementation, separately seek Plaintiff's agreement to extend the Court's deadline, await Plaintiff's response to such a request, and still file a motion for extension before the deadline expired.

11. To determine what motion practice, if any, remains necessary, Xianghuo must compare any amended interrogatory answers with the information requested, determine what

DECLARATION OF QIANWU YANG IN SUPPORT OF XIANGHUO'S MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO COMPEL ON OUTSTANDING DISCOVERY ISSUES

2

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

documents have been produced in response to the outstanding requests, assess whether the promised production is complete, and identify which objections, omissions, or production deficiencies remain after supplementation.

12. A seven-day extension of the motion deadline, with a corresponding seven-day extension of the response deadline, would permit that review and would not change the September 22, 2026 ruling setting currently set by the Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on August 12, 2026.

*/s/Qianwu Yang*

Qianwu Yang

DECLARATION OF QIANWU YANG IN SUPPORT OF XIANGHUO'S MOTION FOR EXTENSION OF TIME TO FILE MOTIONS TO COMPEL ON OUTSTANDING DISCOVERY ISSUES

3

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737