# EXHIBIT 1

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

CONG TAN,

      Plaintiff,

v.

XIANGHUO,

      Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL INTERROGATORIES**

PROPOUNDING PARTY: XIANGHUO

RESPONDING PARTY: CONG TAN

SET NUMBER: ADDITIONAL

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and Minute Entry [Dkt. 129], Plaintiff Cong Tan ("Responding Party") hereby responds to Defendant Xianghuo's ("Propounding Party") Additional Interrogatories ("Interrogatory"):

## PRELIMINARY STATEMENT

Discovery in this action and Responding Party's investigation and development of the facts relating to this action are ongoing. These responses are made without prejudice to, and are not a waiver of, Responding Party's right to use or rely upon facts, information, or documents not disclosed herein, including

1

without limitation, any subsequently discovered facts, information, or documents or any facts, information, or documents that are presently known to the Responding Party, but the specific relevance, significance, or applicability of which to the subject matter of this lawsuit has not yet been ascertained; any such facts, information, or documents may be introduced and used by Responding Party at trial of this matter, in any other evidentiary proceeding in this action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

Responding Party's responses are made in good faith based upon information presently known to Responding Party. To the extent that further discovery or investigation uncovers new facts, information, or documents, leads to the development of additional facts, information, or documents, adds meaning to known facts, information, or documents, or establishes entirely new legal or factual contentions, Responding Party reserves the right to amend, supplement, clarify, revise, and correct its responses herein, and to assert additional proper objections or privileges, in one or more subsequent supplemental responses. Moreover, Responding Party reserves the right to amend or supplement its responses in the event it discovers any mistake, oversight, or omission, or if Responding Party discovers that its responses are in any way incomplete or incorrect.

To the extent that Responding Party produces documents in response to the interrogatories, Responding Party does not waive any proper objection to the use of or introduction into evidence of any facts, information, or documents provided thereby, including, without limitation, all proper objections as to competency, relevance, materiality, admissibility, and any and all other proper objections and grounds that would require the exclusion of facts, information, or documents disclosed in connection with Responding Party's responses herein if any interrogatory were asked of, or if any statement set forth herein were made by, any witness testifying in court, either in person or by way of deposition. To the extent that Responding Party identifies documents or delineates certain facts contained within any document, it does so without prejudice to establish at a later date any additional facts which may be contained within or discovered as a result of subsequent review of such document or as the result of any additional investigation, legal research, or discovery.

Moreover, reference to, or inadvertent disclosure or production of, proprietary, confidential, or privileged documents or information by Responding Party or its attorneys does not and shall not constitute a waiver of any applicable privilege, nor should production or disclosure of any document or information be construed to waive any proper objection to the admission of such documents or information in evidence, including without limitation that of competency, relevancy, materiality, and admissibility. Responding Party hereby reserves all

such grounds for proper objections and further reserves the right to interpose such proper objections at trial of this matter, in any other evidentiary proceeding in this action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

## **GENERAL OBJECTIONS**

Responding Party incorporates by reference each of the following General Objections into each of its specific responses set forth below. A specific response may repeat a general objection, but the failure to include a general objection in any specific response does not waive any general objections to that Interrogatory. Each response herein is made subject to and without waiving the following General Objections:

Responding Party objects to these Interrogatories to the extent that they attempt to impose any obligations on Responding Party greater than those imposed or permitted by the Federal Rules of Civil Procedure, or any other applicable rules or statutes.

Responding Party objects to each of Propounding Party's Interrogatories as overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and

4

whether the burden or expense of the proposed discovery outweighs its likely benefits.

Responding Party objects to each of Propounding Party's Interrogatories to the extent any such interrogatory is vague, ambiguous, unclear, overbroad, uncertain, or unintelligible, or does not describe the document, documents, or category of documents sought with reasonable particularity, thereby subjecting Responding Party to undue burden in responding.

Responding Party objects to these Interrogatories to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or equally available to the Propounding Party.

Responding Party objects to the Interrogatories to the extent they seek information within the exclusive knowledge or possession of third parties over whom Responding Party has no control, and thus Responding Party is not in a position to produce the documents sought.

Responding Party objects to the Interrogatories to the extent they call for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and

all other applicable laws or privileges. Responding Party will produce responsive, non-privileged documents only after complying with all applicable laws and following the entry of a mutually agreeable protective order by the Court.

Responding Party objects to each of Propounding Party's Interrogatories to the extent any such interrogatory seeks documents irrelevant to the parties' respective claims and defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSES**

Responding Party incorporates fully the foregoing Preliminary Statement and General Objections into each of the following specific responses:

**INTERROGATORY NO. 7:**

Identify every Person who participated in preparing, drafting, reviewing, translating, editing, revising, supplementing, verifying, or responding to any discovery responses, pleadings, or declarations; preparing Plaintiff for deposition or other testimony; or preparing for, attending, any deposition in This Lawsuit. For each Person identified, state the Person's full legal name, all aliases, Chinese name, if applicable, Chinese name in Chinese characters, if applicable, employer, title, relationship to Plaintiff, relationship to Plaintiff's counsel of record, dates of involvement, and the specific activities performed. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and

Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 8:**

Identify each Person or Entity that has any ownership interest, beneficial interest, economic interest, control right, right to receive proceeds, obligation to bear expenses, partnership interest, profit-sharing interest, revenue-sharing interest, investment interest, funding obligation, or other business arrangement

relating to the Patent-in-Suit or This Lawsuit, and for each such Person or Entity, describe the nature, source, duration, and scope of such interest, right, obligation, contribution, funding, control, or arrangement. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

8

**INTERROGATORY NO. 9:**

Describe in detail each written agreement, oral agreement, arrangement, understanding, Communication, or other fact concerning Your holding, owning, controlling, licensing, enforcing, transferring, selling, or otherwise dealing with the Patent-in-Suit on behalf of, for the benefit of, or in concert with any other Person or Entity, including the date, participants, terms, consideration, Documents, Communications, and Things relating thereto. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

9

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 10:**

Describe in detail your job duties and responsibilities in connection with your employment as an operations staff member. Your response shall include, without limitation, (a) all products for which you were responsible; (b) all Amazon stores, seller accounts, or other ecommerce stores for which you were responsible; (c) all ASINs for which you were responsible; (d) the nature and scope of your responsibilities with respect to each such product, store, seller account, and ASIN; (e) the dates during which you performed such responsibilities; and (f) the identity of all persons to whom you reported and who reported to you. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party

specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 11:**

Describe in detail all facts and circumstances concerning any deletion, loss, nonpreservation, unavailability, inability to locate, recovery, attempted recovery, export, backup, or search of any WeChat, WeCom , DingTalk, email, text message, or other Communication relating to the Patent-in-Suit, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, sale or license of the Patent-in-Suit, transfer of the Patent-in-Suit, settlement of This Lawsuit , Chinese Design Patent No. CN 307420904 S, or any foldable storage box product supplied, sold, offered, procured, or discussed by Zhonggang or Persons associated with Zhonggang. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to,

11

evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 12:**

Identify each Person or Entity that has paid, advanced, reimbursed, funded, arranged, facilitated, or agreed to pay, advance, reimburse, fund, arrange, or facilitate the payment of any attorney's fees, litigation expenses, patent application fees, patent prosecution fees, filing fees, service-provider fees, patent attorney fees,

United States counsel fees, mold fees, sample fees, product-development costs, or any other fees or expenses relating to the Patent-in-Suit or This Lawsuit. For each such payment, reimbursement, advance, funding arrangement, or agreement to pay, state the amount, date, payor, recipient, method of payment, purpose of the payment, and identify all Documents, Communications, and Things relating thereto, including their BATES numbers. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

13

Please see the documents produced or to be produced.

**INTERROGATORY NO. 13:**

Describe in detail Your relationship, agreements, Communications, and payments with Guangdong Fangxin Enterprise Management Group Co., Ltd. ("Fangxin") or any other intellectual-property service provider relating to the Patent-in-Suit, including without limitation any services relating to prior-art searches, patentability assessments, patent application, prosecution, reexamination, U.S. counsel, Han Zhi, This Lawsuit , or any payment to or from any U.S. attorney. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this

14

patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 14:**

Describe in detail all Communications involving You, Fangxin, Han Zhi, Robert M. DeWitty, Zheng Liu, Aptum Law, or any other attorney, law firm, patent agent, intellectualproperty service provider, consultant, or Third Party concerning the validity, invalidity, enforceability, inventorship, ownership, standing, prior art, Chinese Design Patent No. CN 307420904 S, Zhonggang, withdrawal of This Lawsuit , settlement of This Lawsuit , or any decision to continue litigating This Lawsuit . In responding to this Interrogatory, identify all nonprivileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 14:**

15

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 15:**

Describe in detail all facts and circumstances relating to Your awareness of Chinese Design Patent No. CN 307420904 S, including when You first became aware of it, how You became aware of it, who informed You of it, whether You reviewed it before filing the application that issued as the Patent-in-Suit, whether You referred to it, relied on it, copied from it, considered it, distinguished it, disclosed it, or discussed it with any Person or Entity, and identify all Documents, Communications and Things relating thereto. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support,

16

relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 16:**

Describe in detail all facts and circumstances relating to any foldable storage box product, original sample, new sample, factory product, reference product, sample, prototype, mold, drawing, 3D model, product image, product listing, e-commerce store, Amazon store, seller account, seller ID, brand, SKU, or

17

ASIN supplied, sold, offered, shown, disclosed, discussed, ordered, purchased, procured, reviewed, considered, operated, managed, or developed by You, Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Shenzhen Taiweis Innovation Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Deng Haichao, Zhonggang, Zhang Weizhen, Shenzhen Xinhongji, or any Person or Entity associated with any of them before the filing date of the application that issued as the Patent-in-Suit, including the dates, participants, product names, product models, suppliers, purchasers, store names, seller IDs, brands, SKUs, ASINs, Communications, Documents, Things, and any modification You contend You made to any such product, sample, prototype, mold, drawing, 3D model, image, listing, or material. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**<u>RESPONSE TO INTERROGATORY NO. 16:</u>**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video

deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 17:**

Describe in detail each license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit, including without limitation any license, authorization, permission, agreement, arrangement, or understanding involving Shenzhen Weiteli Technology Co., Ltd., KoxSmar Store, ASIN B0CB643MKB, any Amazon store, any authorized seller, any manufacturer, or any distributor. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the

19

corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 18:**

Describe in detail all facts and circumstances relating to any RMB 3,000,000 license fee, authorization fee, sale price, purchase price, royalty, or other consideration relating to the Patentin-Suit or any product embodying the design claimed in the Patent-in-Suit, including the payor, recipient, date, amount, payment method, purpose, contract, invoice, receipt, bank record, WeChat Pay

20

record, Alipay record, and Communications relating thereto. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

21

**INTERROGATORY NO. 19:**

Identify each WeChat, WeCom , DingTalk, email, telephone, messaging, payment, social-media, e-commerce, Amazon, or other account used by You to communicate about or conduct transactions relating to: (i) Zhonggang; (ii) the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side"; (iii) holding the Patent-in-Suit on behalf of another Person or Entity; (iv) sale, license, transfer, settlement, or enforcement of the Patent-in-Suit; and (v) payment of attorney's fees, litigation expenses, patent application fees, prosecution fees, license fees, royalties, or other consideration relating to the Patent-in-Suit or This Lawsuit. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery

22

allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 20:**

Describe in detail each Person or Entity that participated in, attended, assisted with, translated for, provided documents for, or otherwise contributed to Your preparation for Your June 10, 2026 deposition, excluding only privileged attorney-client communications solely between You and Your counsel, and identify the dates, locations, participants, categories of documents reviewed, and all non-privileged Documents, Communications and Things relating thereto. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 20:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party

23

specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 21:**

Describe in detail all facts and circumstances relating to any litigation hold, documentpreservation instruction, evidence-preservation instruction, or Communication concerning preservation of Documents, Communications or Things relating to the Patent-in-Suit, This Lawsuit , WeChat Communications, WeCom Communications, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, or Communications with Zhonggang, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side." In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to,

24

evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

**INTERROGATORY NO. 22:**

Identify every individual who attended any deposition in This Lawsuit other than Plaintiff, the witness being deposed, court personnel, deposition personnel, and counsel of record. For each such individual, state the individual's full legal name, Chinese name, Chinese name in Chinese characters, employer,

25

position, relationship to Plaintiff, relationship to Plaintiff's counsel of record, purpose of attendance, dates attended, and employment history from the filing of This Lawsuit to the present. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Please see the documents produced or to be produced.

Dated: July 23, 2026

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

27

## VERIFICATION

My name is Cong Tan. I am the named plaintiff in this case. I declare under penalty of perjury that the foregoing is true and correct except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

On July 23, 2026 executed in China.

_____

Cong Tan

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, the foregoing

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL INTERROGATORIES**

to be served on the following named person(s) via email.

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT

XIANGHUO

Dated: July 23, 2026                          Respectfully submitted,

_____

Oscar Lam

29