# EXHIBIT 2

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONG TAN, | Case No. 1:25-cv-05003 |
| Plaintiff, | |
| v. | Judge: Hon. John J. Tharp Jr. |
| | Magistrate Judge: David Weisman |
| XIANGHUO, | |
| Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY: XIANGHUO

RESPONDING PARTY: CONG TAN

SET NUMBER: ADDITIONAL

Pursuant to Rules 34 of the Federal Rules of Civil Procedure and Minute Entry [Dkt. 129], Plaintiff Cong Tan ("Responding Party") hereby responds to Defendant Xianghuo's ("Propounding Party") Additional Requests for Production ("Request"):

## PRELIMINARY STATEMENT

Discovery in this action and Responding Party's investigation and development of the facts relating to this action are ongoing. These responses are made without prejudice to, and are not a waiver of, Responding Party's right to use or rely upon facts, information, or documents not disclosed herein, including

1

without limitation, any subsequently discovered facts, information, or documents or any facts, information, or documents that are presently known to the Responding Party, but the specific relevance, significance, or applicability of which to the subject matter of this lawsuit has not yet been ascertained; any such facts, information, or documents may be introduced and used by Responding Party at trial of this matter, in any other evidentiary proceeding in this action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

Responding Party's responses are made in good faith based upon information presently known to Responding Party. To the extent that further discovery or investigation uncovers new facts, information, or documents, leads to the development of additional facts, information, or documents, adds meaning to known facts, information, or documents, or establishes entirely new legal or factual contentions, Responding Party reserves the right to amend, supplement, clarify, revise, and correct its responses herein, and to assert additional proper objections or privileges, in one or more subsequent supplemental responses. Moreover, Responding Party reserves the right to amend or supplement its responses in the event it discovers any mistake, oversight, or omission, or if Responding Party discovers that its responses are in any way incomplete or incorrect.

To the extent that Responding Party produces documents in response to the requests, Responding Party does not waive any proper objection to the use of or introduction into evidence of any facts, information, or documents provided thereby, including, without limitation, all proper objections as to competency, relevance, materiality, admissibility, and any and all other proper objections and grounds that would require the exclusion of facts, information, or documents disclosed in connection with Responding Party's responses herein if any request were asked of, or if any statement set forth herein were made by, any witness testifying in court, either in person or by way of deposition. To the extent that Responding Party identifies documents or delineates certain facts contained within any document, it does so without prejudice to establish at a later date any additional facts which may be contained within or discovered as a result of subsequent review of such document or as the result of any additional investigation, legal research, or discovery.

Moreover, reference to, or inadvertent disclosure or production of, proprietary, confidential, or privileged documents or information by Responding Party or its attorneys does not and shall not constitute a waiver of any applicable privilege, nor should production or disclosure of any document or information be construed to waive any proper objection to the admission of such documents or information in evidence, including without limitation that of competency, relevancy, materiality, and admissibility. Responding Party hereby reserves all

3

such grounds for proper objections and further reserves the right to interpose such proper objections at trial of this matter, in any other evidentiary proceeding in this action, or in any other legal proceeding relating to the subject matter at issue in the above-titled action.

## GENERAL OBJECTIONS

Responding Party incorporates by reference each of the following General Objections into each of its specific responses set forth below. A specific response may repeat a general objection, but the failure to include a general objection in any specific response does not waive any general objections to that Request. Each response herein is made subject to and without waiving the following General Objections:

Responding Party objects to these Requests to the extent that they attempt to impose any obligations on Responding Party greater than those imposed or permitted by the Federal Rules of Civil Procedure, or any other applicable rules or statutes.

Responding Party objects to each of Propounding Party's Requests as overbroad, oppressive, unduly burdensome, unnecessarily expensive, and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and

4

whether the burden or expense of the proposed discovery outweighs its likely benefits.

Responding Party objects to each of Propounding Party's Requests to the extent any such request is vague, ambiguous, unclear, overbroad, uncertain, or unintelligible, or does not describe the document, documents, or category of documents sought with reasonable particularity, thereby subjecting Responding Party to undue burden in responding.

Responding Party objects to these Requests to the extent that they seek information obtainable from other sources that are more convenient and less burdensome or equally available to the Propounding Party.

Responding Party objects to the Requests to the extent they seek information within the exclusive knowledge or possession of third parties over whom Responding Party has no control, and thus Responding Party is not in a position to produce the documents sought.

Responding Party objects to the Requests to the extent they call for the disclosure of non-public, private, personal, confidential, proprietary information, or trade secret information that has been maintained in confidence and/or is legally required to be maintained in confidence, including, but not limited to, documents that are shielded from production by statutory or decisional law of the United States and each of its jurisdictions, statutory or decisional law of any foreign country, the right of privacy under the United States Constitution, and all other

applicable laws or privileges. Responding Party will produce responsive, non-privileged documents only after complying with all applicable laws and following the entry of a mutually agreeable protective order by the Court.

Responding Party objects to each of Propounding Party's Requests to the extent any such request seeks documents irrelevant to the parties' respective claims and defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES

Responding Party incorporates fully the foregoing Preliminary Statement and General Objections into each of the following specific responses:

### REQUEST NO. 16:

All Documents, Communications and Things relating to any written agreement concerning Your holding, owning, controlling, licensing, enforcing, transferring, selling, or otherwise dealing with the Patent-in-Suit on behalf of, for the benefit of, or in concert with any other Person or Entity.

### RESPONSE TO REQUEST NO. 16:

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party

6

has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 17:**

All Documents, Communications and Things relating to any agreement, whether written or oral, concerning Your holding, owning, controlling, licensing, enforcing, transferring, selling, or otherwise dealing with the Patent-in-Suit on behalf of, for the benefit of, or in concert with any other Person or Entity.

**RESPONSE TO REQUEST NO. 17:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 18:**

All Documents, Communications and Things relating to any arrangement, understanding, Communication, or other fact concerning Your holding, owning, controlling, licensing, enforcing, transferring, selling, or otherwise dealing with the Patent-in-Suit on behalf of, for the benefit of, or in concert with any other Person or Entity.

**RESPONSE TO REQUEST NO. 18:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the

requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 19:**

All Documents, Communications and Things relating to any ownership interest, beneficial interest, economic interest, control right, right to receive proceeds, obligation to bear expenses, partnership, cooperation, profit-sharing, revenue-sharing, investment, funding, expense-sharing, or other business arrangement relating to the Patent-in-Suit or This Lawsuit.

**RESPONSE TO REQUEST NO. 19:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 20:**

All Documents, Communications and Things relating to any Person or Entity other than You having any right to control the sale, transfer, license, enforcement, assertion, settlement, abandonment, maintenance, prosecution, reexamination, or other disposition of the Patent-inSuit.

**RESPONSE TO REQUEST NO. 20:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 21:**

All Documents, Communications and Things relating to Your WeChat Communications with the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side," Zhang Weizhen, or any Person or Entity associated with Zhonggang.

**RESPONSE TO REQUEST NO. 21:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 22:**

All Documents, Communications and Things relating to any Communication with the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang

11

side," Zhang Weizhen, or any Person or Entity associated with Zhonggang concerning the Patent-in-Suit, any foldable storage box product, Chinese Design Patent No. CN 307420904 S, sale or purchase of the Patent-in-Suit, transfer of the Patent-in-Suit, license of the Patent-in-Suit, settlement of This Lawsuit , or any invalidity proceeding concerning the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 22:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 23:**

All Documents, Communications and Things relating to the deletion, loss, nonpreservation, unavailability, recovery, attempted recovery, search, attempted

12

search, export, backup, or non-production of any WeChat, WeCom , DingTalk, email, text message, or other Communication relating to the Patent-in-Suit, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, sale or license of the Patent-in-Suit, transfer of the Patent-in-Suit, settlement of This Lawsuit , Chinese Design Patent No. CN 307420904 S, Zhonggang, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side."

**RESPONSE TO REQUEST NO. 23:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 24:**

All Documents, Communications and Things relating to any litigation hold, documentpreservation instruction, evidence-preservation instruction, or Communication concerning preservation of Documents, Communications or Things relating to the Patent-in-Suit, This Lawsuit , WeChat Communications, WeCom Communications, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, or Communications with Zhonggang, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side."

**RESPONSE TO REQUEST NO. 24:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

14

**REQUEST NO. 25:**

All Documents, Communications and Things relating to any WeChat, WeCom , DingTalk, email, telephone, messaging, payment, social-media, e-commerce, Amazon, or other account used by You to communicate about or conduct transactions relating to the Patent-in-Suit, This Lawsuit , any foldable storage box product, Chinese Design Patent No. CN 307420904 S, Zhonggang, Shenzhen Haizhenxin Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Fangxin, Robert M. DeWitty, Han Zhi, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side."

**RESPONSE TO REQUEST NO. 25:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the

15

requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 26:**

All Documents, Communications and Things relating to payments, advances, reimbursements, invoices, receipts, bank records, WeChat Pay records, Alipay records, accounting records, agreements, arrangements, or understandings concerning attorney's fees, litigation expenses, expert fees, consulting fees, filing fees, court costs, discovery costs, translation costs, deposition costs, or other expenses incurred in This Lawsuit .

**RESPONSE TO REQUEST NO. 26:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the

requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 27:**

All Documents, Communications and Things relating to any Third Party's payment, advance, reimbursement, arrangement, facilitation, or agreement to pay, advance, reimburse, arrange, or facilitate payment of attorney's fees, litigation expenses, expert fees, consulting fees, filing fees, court costs, discovery costs, translation costs, deposition costs, or other expenses incurred in This Lawsuit .

**RESPONSE TO REQUEST NO. 27:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

17

**REQUEST NO. 28:**

All Documents, Communications and Things relating to any payment made to or received from Fangxin or any of its representatives relating to the Patent-in-Suit, including without limitation payments relating to prior-art searches, patentability assessments, patent application, prosecution, reexamination, U.S. counsel, Robert M. DeWitty, Han Zhi, or This Lawsuit .

**RESPONSE TO REQUEST NO. 28:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 29:**

All Documents, Communications and Things relating to any agreement, arrangement, understanding, Communication, invoice, receipt, payment, or payment record between You and Fangxin relating to the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 29:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 30:**

All Documents, Communications and Things relating to any agreement, arrangement, understanding, Communication, invoice, receipt, payment, or payment

19

record between Fangxin and Robert M. DeWitty relating to the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 30:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 31:**

All Communications between Plaintiff's counsel of record and any Third Party concerning the Complaint, the First Amended Complaint, discovery responses, deposition preparation, inventorship, ownership, licensing, assignment, enforcement of the Patent-in-Suit, or This Lawsuit.

**RESPONSE TO REQUEST NO. 31:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

No document will be produced.

**REQUEST NO. 32:**

All Documents, Communications and Things relating to Han Zhi, including without limitation any Communications with Han Zhi, any Communications involving Han Zhi and Robert M. DeWitty, and any Documents concerning Han Zhi's role in connection with the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 32:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 33:**

All Documents, Communications and Things relating to Robert M. DeWitty, including without limitation any Communications with Robert M. DeWitty, any Communications involving Robert M. DeWitty and Fangxin, and any Documents concerning Robert M. DeWitty's role in connection with the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 33:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

22

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 34:**

All Communications between Plaintiff and any Third Party concerning the Complaint, the First Amended Complaint, inventorship, ownership, licensing, assignment, commercialization, enforcement of the Patent-in-Suit, or This Lawsuit.

**RESPONSE TO REQUEST NO. 34:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

23

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 35:**

All Communications in which Plaintiff, Plaintiff's counsel of record, and one or more Third Parties were participants.

**RESPONSE TO REQUEST NO. 35:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

No document will be produced.

**REQUEST NO. 36:**

All Documents, Communications and Things relating to Chinese Design Patent No. CN 307420904 S, including without limitation any Documents or Communications concerning awareness, review, reference, reliance, copying, consideration, distinction, disclosure, nondisclosure, prior-art search, patentability assessment, validity, invalidity, or comparison with the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 36:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

25

**REQUEST NO. 37:**

For each Document or Communication withheld on the basis of attorney-client privilege, work-product protection, common-interest protection, or any other privilege or protection, produce a privilege log identifying the date, author, sender, recipients, copy recipients, all participants, the subject matter, the privilege or protection asserted, the basis for asserting that the privilege or protection was not waived, and, for any Third Party participant, the Third Party's identity, role, relationship to Plaintiff, relationship to Plaintiff's counsel of record, and whether Plaintiff contends the Third Party participated as a translator, consultant, agent, common-interest participant, or in any other capacity.

**RESPONSE TO REQUEST NO. 37:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 38:**

All Documents, Communications and Things relating to any foldable storage box product, original sample, new sample, factory product, reference product, sample, prototype, mold, product drawing, 3D model, product image, product listing, e-commerce store, Amazon store, seller account, seller ID, brand, SKU, or ASIN supplied, sold, offered, shown, disclosed, discussed, ordered, purchased, procured, reviewed, considered, operated, managed, or developed by You, Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Shenzhen Taiweis Innovation Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Deng Haichao, Zhonggang Plastic Products (Shenzhen) Co., Ltd., Zhang Weizhen, Shenzhen Xinhongji, or any Person or Entity associated with any of them before the filing date of the application that issued as the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 38:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party

27

specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 39:**

All Documents, Communications and Things relating to any procurement, purchase, order, inquiry, quotation, invoice, contract, payment, shipment, sample, photograph, video, listing, product page, catalog, or product specification for any foldable storage box product supplied, sold, offered, or disclosed by Zhonggang or any Person or Entity associated with Zhonggang.

**RESPONSE TO REQUEST NO. 39:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party

28

has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 40:**

All Documents, Communications and Things relating to any Communications through WeCom concerning procurement, purchase, order, inquiry, quotation, invoice, contract, payment, shipment, sample, photograph, video, listing, product page, catalog, or product specification for any foldable storage box product supplied, sold, offered, or disclosed by Zhonggang or any Person or Entity associated with Zhonggang.

**RESPONSE TO REQUEST NO. 40:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video

29

deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 41:**

All Documents, Communications and Things relating to Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., or any of their respective employees, agents, representatives, WeCom accounts, or Communications concerning any foldable storage box product, Zhonggang, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side."

**RESPONSE TO REQUEST NO. 41:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video

30

deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 42:**

All Documents, Communications and Things relating to Shenzhen Haizhenxin Technology Co., Ltd.'s or Shenzhen Xinhongji's design drawings, product drawings, mold drawings, mold procurement agreements, 3D modeling files, technical drawings, sketches, source files, samples, prototypes, physical products, communications, authorizations, or other materials concerning any foldable storage box product or the design claimed in the Patent-inSuit.

**RESPONSE TO REQUEST NO. 42:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video

31

deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 43:**

All Documents, Communications and Things relating to any authorization from Shenzhen Haizhenxin Technology Co., Ltd., Zhou Jianhai, "Lian," any manufacturing facility, or any other Person or Entity authorizing You to file, prosecute, maintain, own, enforce, license, transfer, or otherwise control the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 43:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 44:**

All Documents, Communications and Things relating to any modification, change, revision, addition, deletion, adjustment, or design contribution that You contend You made to any original sample, new sample, factory product, reference product, sample, prototype, mold, drawing, 3D model, technical drawing, source file, product image, product listing, or other material before the filing date of the application that issued as the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 44:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 45:**

All Documents, Communications and Things relating to any license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, authorization fee, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 45:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

34

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 46:**

All Documents, Communications, and Things relating to any license fee, authorization fee, sale price, purchase price, royalty, license payment, assignment payment, transfer payment, or any other form of consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit, including, without limitation, the RMB 3,000,000 fee referenced during Your deposition. This Request includes, without limitation, all agreements, invoices, receipts, purchase orders, bank records, wire-transfer records, WeChat Pay records, Alipay records, accounting records, tax records, correspondence, and other Documents, Communications, and Things relating thereto.

**RESPONSE TO REQUEST NO. 46:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video

35

deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 47:**

All bank records, WeChat Pay records, Alipay records, invoices, receipts, contracts, accounting records, and Communications reflecting or relating to any payment, receipt, transfer, reimbursement, advance, royalty, license fee, authorization fee, sale price, purchase price, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 47:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

36

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 48:**

All Documents, Communications and Things relating to any settlement, attempted settlement, proposed settlement, offer, counteroffer, negotiation, or discussion concerning sale, license, transfer, invalidity, enforcement, withdrawal, dismissal, or resolution of This Lawsuit or any invalidity proceeding concerning the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 48:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional

37

discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 49:**

All non-privileged Documents, Communications and Things relating to each Person or Entity that participated in, attended, assisted with, translated for, provided documents for, or otherwise contributed to Your preparation for Your June 10, 2026 deposition, including without limitation Documents identifying the participants, dates, locations, categories of documents reviewed, and any Third Party's participation.

**RESPONSE TO REQUEST NO. 49:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

38

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 50:**

All non-privileged Documents, Communications and Things reviewed, referenced, shown, provided, discussed, or used in connection with Your preparation for Your June 10, 2026 deposition, including without limitation quality inspection reports, PDF documents, Word documents, electronic documents, paper documents, WeChat screenshots, payment records, authorization letters, patent documents, complaint-related documents, and prior discovery responses.

**RESPONSE TO REQUEST NO. 50:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

39

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

**REQUEST NO. 51:**

All Documents, Communications and Things relating to whether You are the real party in interest, beneficial owner, actual owner, nominee holder, proxy holder, controller, beneficiary, or economic risk-bearer of the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 51:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: to the extent such documents exist, Responding Party will produce the

requested documents on a rolling basis given the sheer volume of discovery requests Propounding Party propounded.

Dated: July 23, 2026

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

41

## VERIFICATION

My name is Cong Tan. I am the named plaintiff in this case. I declare under penalty of perjury that the foregoing is true and correct except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

On July 23, 2026 executed in China.

_____
Cong Tan

42

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, the foregoing

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL REQUESTS FOR PRODUCTION**

to be served on the following named person(s) via email.

QIANWU YANG
yang@shm.law
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009


ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT

XIANGHUO


Dated: July 23, 2026                                    Respectfully submitted,


_____

Oscar Lam

43