**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

CONG TAN,

Plaintiff,

v.

XIANGHUO,

Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.
Magistrate Judge: David Weisman

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION TESTIMONY, ADDITIONAL DEPOSITION, AND FOR SANCTIONS**

## A. INTRODUCTION

Having no consistent defense theory, Defendant Chinese Reseller struggles with discovery, and it shows. After moving for summary judgment *twice*, Defendant now claims additional discovery is critical. Either Defendant needs discovery or it does not.

Defendant blames Plaintiff for its inability to put forth a coherent defense. First, Defendant's chief complaint that Plaintiff's counsel improperly objected to its questions is baseless. The transcript proves that Defendant wasted most of its own 7.5 hours on irrelevant or privileged issues. For one example,

> [Defense counsel] MR. YANG:. Mr. Tan , … were those preparation sessions conducted by telephone or videoconference?
>
> …
>
> [Defense counsel] MR. YANG: Let me finish, Mr. Liu. **We need to discover whether you are coaching your client to perjure himself**.

> [Plaintiff's counsel] MR. LIU: That's completely baseless, and it's simply attorney/client privilege[d]….

For another example,

> [Defense counsel] MR. YANG: The question is: **Are you [Plaintiff's counsel Mr. Zheng Liu] the only party who funds this litigation?**
> MR. LIU: Exactly. How Mr. Tan pays for attorney fees is privileged.
> MR. YANG: You're not the only attorneys, all right? I'm not -- okay.

Second, Defendant's argument does not even support the relief it seeks. Defendant argues that because Plaintiff objected on one issue (how Plaintiff may split fee and settlement payment with his counsel), Defendant must conduct additional discovery on other issues (e.g., patent ownership and prior art design). Not so.

Next, Defendant argues that additional discovery is required because, even if Plaintiff answered its questions under oath, Plaintiff sounded inconsistent with prior informal exchanges between counsels. This is not a ground for additional deposition, however: Defendant already has Plaintiff's testimony under oath.

Having shown no valid ground for additional deposition or compel deposition testimony , Defendant's motion for further discovery is a fishing expedition and should be denied.

**B. DEFENDANT'S MEET AND CONFER WAS A SHAM.**

Defendant's meet and confer efforts were a sham. The undersigned appeared for Plaintiff, and Messrs. James Judge (whose attendance was required by Hon. Weisman), Qianwu Yang, and Yi Fang appeared for Defendant. Liu Decl. ¶ 2

First, Mr. Judge joined the meeting late, claiming that he was on a bus. Mr. Yang insisted that the meeting begin without Mr. Judge, even though Hon. Weisman required Mr. Judge's attendance in all meet and confer meetings. Mr. Yang claimed that Mr. Judge would not draft the motion anyway and is thus optional. Liu Decl. ¶ 3

Next, during the entire meeting, Defendant identified only two specific instances where Plaintiff's privilege assertion and objection were allegedly improper. The first is page 16, lines 7 to 25; the second is page 19, lines 6 to 9. The first issue was raised by Mr. Yang, and the second by Mr. Judge. Plaintiff explained the bases of his privilege assertion and objection: Mr. Yang's question about which other attorney prepared Plaintiff for his deposition was privileged; and Mr. Yang's argument with the witness was argumentative and irrelevant to the claims and defenses in this case. Liu Decl. ¶ 4

Mr. Yang then blanketly claimed that a further deposition is needed and refused to identify any additional specific questions that he needed answers to. Liu Decl. ¶ 6

The Zoom call terminated due to technical reasons on Mr. Yang's part and again resumed without Mr. Judge for another several minutes. Liu Decl. ¶ 7

Shortly after the meeting resumed, Mr. Yang claimed that he did not see any agreement and insisted on filing a motion to compel. Liu Decl. ¶ 8

**C. FACTS ABOUT MR. TAN'S DEPOSITION**

On June 10, 2026, Defendant deposed Plaintiff for more than 7.5 hours, from 9:09 am to 5:47 pm. Liu Decl. ¶ 9 and Ex. A. Tan Dep. Tr., pgs. 4 and 194. Defendant deposed Plaintiff on at least the following subject matters:

1. Plaintiff's patent ownership (Tan Dep. Tr., pgs. 187 -189);
2. Plaintiff's inventorship (Tan Dep. Tr., pgs. 148 -151);
3. the alleged prior art designs (Tan Dep. Tr., pgs. 137 – 138 and 170-174);
4. the alleged WeChat communication between Plaintiff and a witness paid for by Defendant's counsel Mr. Qianwu Yang (Tan Dep. Tr., pgs. 174 -189);
5. how Plaintiff paid the expenses incurred to obtain the patent (Tan Dep. Tr., pgs. 131-142); and
6. how Plaintiff managed the prosecution of the patent-in-suit (Tan Dep. Tr., pgs. 131-142). Liu Decl. ¶ 10

Defendant spent hours asking about who pays the attorney's fee in this litigation (Tan Dep. Tr., pgs. 71-79), how much Plaintiff has paid for his prior and current counsels of record in this case (Tan Dep. Tr., pgs. 48-49, and 71-79), and how Plaintiff communicated with his prior counsel of record, Mr. DeWitty. (Tan Dep. Tr., pgs. 76-79). Liu Decl. ¶ 11

## D. DISCUSSIONS

### A. Defendant Fails To Identify Any Specific Deposition Questions For Which Answers Need To Be Compelled.

Before compelling deposition testimony, a moving party is required to identify the specific questions that were asked but left unanswered during the deposition. See *Catenacci v. Lightfoot (N.D.Ill. Jan. 24, 2022, No. 21 C 2852) 2022 U.S.Dist.LEXIS 65055.* This is to give notice to the other party so that they can fairly respond to the motion to compel.

Here, Defendant broadly claims that additional deposition is needed to explore two issues (ECF. 140, page 4, first complete paragraph) but otherwise identifies no *specific* deposition questions allegedly not answered.

At one place, Defendant did claim that "[t]he questions identified above" (ECF. 140, page 4, first complete paragraph) were unanswered during the deposition. But it is unclear what these "questions identified above" refer to.

Without specifying any questions allegedly unanswered during the deposition, Defendant's motion to compel deposition testimony is too vague to give fair notice to Plaintiff and the Court and thus should be denied. Neither Plaintiff nor the Court can guess what relief Defendant seeks.

With respect to Defendant's argument in passing that attorney fee arrangement is not privileged (ECF. 140, page 5, first complete paragraph), the fee arrangement between a client and an attorney is privileged when it implicates "[a] client's motive for seeking legal advice"— which is "undeniably a confidential communication." *In re Grand Jury Proceeding, Cherney* (7th Cir. 1990) 898 F.2d 565, 568.

Further, Defendant does not explain how whether a fee arrangement is confidential or not could relate to its next argument that asking " whether Mr. Tan had seen one identified discovery response submitted on its behalf" is critical to its discovery.

In sum, Defendant's motion to compel deposition testimony should be denied, because it is unintelligible and fails to specify any question for which answers are being compelled.

///

**B. Plaintiff's Objections Are Valid.**

Defendant conclusorily claims that Plaintiff's objections made during the deposition prevented a fair exemption. But the issues identified by Defendant (Tan Dep. Tr. 48:8–52:8; 73:13–79:25; 102:6–103:7) do not support this conclusion. (ECF. 140, page 5, second complete paragraph)

As a threshold matter, it is already a red flag that Defendant does not even provide these portions of the deposition transcript to the Court: Tan Dep. Tr. 48:8–52:8; 73:13–79:25; 102:6–103:7, because they contradict Defendant's argument.

***First***, Tan Dep. Tr., 48:8–52:8 show that Defendant repeatedly asked Plaintiff how the undersigned was paid in this litigation. For example,

MR. LIU: No. I'm stating my objection. It's attorney -- how Mr. Tan pays me is attorney/client privilege.
MR. YANG: Have I asked that question?
MR. LIU: You just did.
MR. YANG: The question is: Are you the only party who funds this litigation?
MR. LIU: Exactly. How Mr. Tan pays for attorney fees is privileged.
MR. YANG: You're not the only attorneys, all right? I'm not -- okay.

***Second, Tan Dep. Tr. 73:13–79:25 show that*** Defendant repeatedly asked Plaintiff how much money Plaintiff has spent litigating this case and whether Plaintiff is a client of the undersigned. For example,

Q. Mr. Tan, how much have you spent for this case, including -- including attorney fees and litigation cost?
MR. LIU: Objection. Irrelevant. Attorney/client privilege.
THE WITNESS: I'm not in a convenient position to disclose that.
MR. YANG: Mr. Liu, what's your legal basis to --

MR. LIU: Attorney/client privilege, to say the least, how much Mr. Tan has spent on this case.

…

MR. YANG: Mr. Liu, once again, we believe Mr. Tan is even not your client.

MR. LIU: You're entitled to believe a lot of things. I believe your firm is a real party in interest. So tomorrow can I depose your firm?

***Third***, Tan Dep. Tr., 102:6–103:7 show that Defendant asked Plaintiff whether he is "aware of the contents [of a meet and confer email between counsels] before today's deposition." In other words, Defendant asks whether the undersigned has discussed the content of the meet and confer letter with Plaintiff. This question is not only irrelevant but also privileged.

**C. The General Areas of Questions Identified By Defendant Were In Fact Answered.**

Here, Defendant points to Tan Dep. Tr. 153:15–154:5, 158:1–10, 163:25–164:2 and argues that it needs more answers to its own questions.

Once again, it is a red flag that Defendant does not even provide these portions of the deposition transcript to the Court: Tan Dep. Tr. 153:15–154:5, 158:1–10, 163:25–164:2, because they again contradict Defendant's argument.

A cursory review of Tan Dep. Tr. 153:15–154:5, 158:1–10, 163:25–164:2 shows that 99% of Defendant's questions were answered without any objections at all, because they appear legitimate relating to Plaintiff's knowledge of certain alleged prior art designs.

At Tan Dep. Tr. 158:1–10, after receiving satisfactory answers to its numerous questions about the alleged prior art designs, Defendant began other

areas of examination, stating "let's move on." The transcript contradicts Defendant's present assertion that it somehow was not given a fair opportunity to examine Plaintiff during the deposition.

In sum, Defendant's present assertion that it could not fairly examine Plaintiff during the deposition is incorrect.

**D. Mere Desire To Ask More Questions Is Not A Valid Ground For Additional Deposition.**

Here, Plaintiff was not unprepared during the deposition, nor does Defendant allege so. The only ground on which Defendant proposes to reopen deposition is its mere desire to ask additional questions about certain alleged factual inconsistencies.

For example, Defendant alleges that Plaintiff's "testimony also left unresolved the source of the claimed design concepts and the roles of [certain individuals whose name came up during the deposition]" (ECF. 140, page 6, first incomplete paragraph).

Defendant's inability to ask these questions was caused by its own mismanagement of the deposition. First, Defendant deposed Plaintiff for more than 7.5 hours, from 9:09 am to 5:47 pm. Tan Dep. Tr., pgs. 4 and 194. Second, Defendant mislabeled its own numerous exhibits. Tan Dep. Tr. 97:10–20. Third, Defendant spent significant time asking such irrelevant or tangential issues as (1) what is the fee split between Plaintiff and its counsels of record, (2) whether Plaintiff knew he would be prosecuted in China for wrongfully start this lawsuit (Tan Dep. Tr. 84:24–85:18), and (3) how much money Plaintiff paid prosecuting the patent-in-suit (Tan Dep. Tr., pgs. 131-

142). As a result, Defendant ran out of time and only after the deposition claims that it had left other questions "unresolved."

Defendant should be held responsible for its own deposition management (or, here, mismanagement). Having mismanaged its own deposition is not a recognized ground for additional deposition, nor had Defendant provided any authority holding otherwise.

**E. Additional Deposition Is Unwarranted.**

Defendant claims that it would like to conduct additional deposition on the following issues:

(1) ownership, real-party-in-interest status, nominee or holding arrangements, funding, authority, and control, including the WeChat statements and any related agreement;

(2) design source and inventorship, including Haizhenxin's existing design, Mr. Tan's alleged modifications, the source of the claimed design concepts, and third-party contributions;

(3) Mr. Tan's actual pre-filing employment and operations duties, including Hengchuang, Henglin, related entities, Hengchuang WeCom, and Zhonggang product knowledge or procurement; and

(4) related follow-up.

But these questions have already been asked and answered. For example, the June 10, 2026 deposition already covered the following issues:

1. Plaintiff's patent ownership (Tan Dep. Tr., pgs. 187 -189);
2. Plaintiff's inventorship (Tan Dep. Tr., pgs. 148 -151);
3. the alleged prior art designs (Tan Dep. Tr., pgs. 137 – 138 and 170-174);
4. the alleged WeChat communication between Plaintiff and a witness paid for by Defendant's counsel Mr. Qianwu Yang (Tan Dep. Tr., pgs. 174 -189).

At Tan Dep. Tr. 158:1–10, after receiving satisfactory answers to its numerous questions about the alleged prior art designs, Defendant began other areas of examination, stating "let's move on."

In sum, additional deposition is unwarranted—particularly in view of the fact that Defendant has already moved for summary judgment twice and asserted that no additional facts were required.

**F. CONCLUSION**

A party's speculation that the opposing party possesses unspecified additional information is not sufficient grounds to embark upon a virtually boundless fishing expedition. *Todd by Todd v. Merrell Dow Pharmaceuticals, Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991). Additional discovery is not warranted where party made only "vague assertions" that further discovery would develop genuine issues of material fact. *United States v. Bob Stofer Oldsmobile—Cadillac, Inc.*, 766 F.2d 1147, 1153 (7th Cir. 1985).

Additional discovery to a litigant without a coherent legal theory is tantamount to an endless fishing expedition. The transcript proves that Defendant strategically used its 7.5 hours on issues that appeared important to it at the time. Additional deposition is thus unwarranted simply because Defendant now claims buyer's remorse.

Dated: September 2, 2026. Respectfully submitted,

/s/ Zheng "Andy" Liu

Zheng "Andy" Liu

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

*/s/ Zheng "Andy" Liu*

Zheng "Andy" Liu