**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman |

**DECLARATION OF ZHENG LIU IN SUPPORT OF PLINATIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DEPOSITION TESTIMONY, ADDITIONAL DEPOSITION, AND FOR SANCTIONS**

Pursuant to 28 U.S.C. § 1746, I, Zheng Liu, submit this Declaration in Support of Plaintiff's Opposition to Defendant's Motion to Compel Deposition Testimony, Additional Deposition, and for Sanctions.

1. I am the counsel of record for Plaintiff Cong Tan in the matter captioned *Tan v. Xianghuo*, No. 25-cv-05003 (N.D.Ill. filed May 6, 2025). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

**Defendant's Meet and Confer Was a Sham.**

2. Defendant's meet and confer efforts were a sham. I appeared for Plaintiff, and Messrs. Jame Judge (whose attendance was required by Hon. Weisman), Qianwu Yang, and Yi Fang appeared for Defendant.

3. First, Mr. Judge joined the conference late, stating that he was on a bus. Mr. Yang insisted that the conference begin without Mr. Judge, even though Hon. Weisman required Mr. Judge's attendance at all meet and confer conferences. Mr. Yang stated that Mr. Judge would not be drafting the motion anyway and that his attendance was therefore optional.

4. Next, during the entire conference, Defendant identified only two specific instances in which it contended that Plaintiff's privilege assertion and objection were improper: the first at page 16, lines 7 to 25, and the second at page 19, lines 6 to 9, of the transcript of Plaintiff's deposition. Mr. Yang raised the first instance, and Mr. Judge raised the second.

5. I explained to Defendant's counsel the bases for Plaintiff's privilege assertion and objection: Mr. Yang's question about which other attorney had prepared Plaintiff for his deposition called for privileged information; and Mr. Yang's argument with the witness was argumentative and irrelevant to the claims and defenses in this case.

6. Mr. Yang then claimed, in blanket fashion, that a further deposition was needed, and he refused to identify any additional specific question to which he needed an answer.

7. The Zoom call then terminated due to technical problems on Mr. Yang's part. It resumed several minutes later, again without Mr. Judge.

8. Shortly after the conference resumed, Mr. Yang stated that he did not see any agreement and insisted on filing a motion to compel.

**<u>Facts About Mr. Tan's Deposition.</u>**

9. On June 10, 2026, Defendant deposed Plaintiff Cong Tan for more than 7.5 hours, from 9:09 a.m. to 5:47 p.m. I appeared and defended the deposition. Attached hereto as Exhibit A are true and correct copies of relevant excerpts of the transcript of Plaintiff's June 10, 2026 deposition ("Tan Dep. Tr."). See Tan Dep. Tr., pgs. 4 and 194.

10. During that deposition, Defendant examined Plaintiff on at least the following subject matters: (a) Plaintiff's patent ownership (Tan Dep. Tr., pgs. 187–189); (b) Plaintiff's inventorship (Tan Dep. Tr., pgs. 148–151); (c) the alleged prior art designs (Tan Dep. Tr., pgs. 137–138 and 170–174); (d) the alleged WeChat communication between Plaintiff and a witness paid for by Defendant's counsel Mr. Qianwu Yang (Tan Dep. Tr., pgs. 174–189); (e) how Plaintiff paid the expenses incurred to obtain the patent (Tan Dep. Tr., pgs. 131–142); and (f) how Plaintiff managed the prosecution of the patent-in-suit (Tan Dep. Tr., pgs. 131–142).

11. Defendant also spent hours asking about who pays the attorney's fees in this litigation (Tan Dep. Tr., pgs. 71–79), how much Plaintiff has paid his prior and current counsel of record in this case (Tan Dep. Tr., pgs. 48–49 and 71–

79), and how Plaintiff communicated with his prior counsel of record, Mr. DeWitty (Tan Dep. Tr., pgs. 76–79).

12. Attached hereto as **Exhibit A** is a true and correct copy of the Deposition transcript of Plaintiff's June 10, 2026 deposition.

13. Attached hereto as **Exhibit B** is a true and correct copy of the Deposition transcript of Defendant's representative, Ms. Lijun Zheng's June 12, 2026 morning session deposition.

14. Attached hereto as **Exhibit C** is a true and correct copy of the Deposition transcript of Defendant's representative, Ms. Lijun Zheng's June 12, 2026 afternoon session deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 2, 2026.

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

*/s/ Zheng "Andy" Liu*

Zheng "Andy" Liu

Tel.: (650) 475-6289