**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONG TAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 5003 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| XIANGHUO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, Plaintiff's motion for additional discovery [132] is granted as set forth herein. Defendant's motion for an extension of time to file a motion to compel [141] is granted as set forth herein.

Plaintiff's Motion for Additional Discovery. On June 1, 2026, Defendant filed a first amended answer asserting the affirmative defense that Plaintiff is not an owner of the patent-in-suit. In support, Defendant points to a WeChat screenshot (the "Screenshot") purportedly from Plaintiff, which states that he is merely a nominal owner of the patent. Defendant states that "'J' is the individual who transmitted the WeChat screenshot at issue to Defendant Xianghuo, whereas 'Jam' refers to Mr. Weizhen Zhang, who participated in the WeChat communication." (Def.'s Resp., Dkt. # 138, at 1.) According to Defendant, it disclosed the relevant WeChat Screenshot to Plaintiff's counsel on May 28, 2026. (Def.'s Resp., Dkt. # 138, at 2.) Defendant's representative, Ms. Zheng, testified that an individual referred to as "J" provided the document to Defendant, and, if she remembered correctly, forwarded it to her, and she then forwarded it to counsel. (Zheng Tr., Def.'s Ex. C, at 31:10-12; 32:4-9).[1]

In the instant motion, Plaintiff seeks to amend the scheduling order to allow for additional discovery, stating that he is unable to locate "J" and is therefore "unable to test the foundation of the screenshots at issue." (Pl.'s Mot.. Dkt. # 132, at 4.) Plaintiff moves for leave to take an additional deposition of Defendant's 30(b)(6) witness and a deposition of "J" to "test the sufficiency and credibility of Defendant's belated lack of ownership defense." (*Id.* at 2.) According to Plaintiff, good cause exists to amend the scheduling order because: first, Defendant

[1] Plaintiff states that the at the deposition of Ms. Zheng, Defendant's Rule 30(b)(6) deposition witness, Defendant asserted attorney-client privilege when Plaintiff sought information about "J" because, according to defense counsel, "J" had been directed by this law firm to forward the Screenshot to Defendant. Defendant, however, no longer appears to be relying on an assertion of privilege as to "J"'s identity.

did not reveal the true name of this "surprise" witness until June 11, 2026 and initially falsely identified "J" as Weizhen Zhang; and second, other than the pseudonym "J," Defendant refused to provide any other information on this person. Plaintiff asserts that additional discovery is required because Plaintiff, the purported recipient of the WeChat Screenshot, "discovered no such screenshots on his electronic devices." (Pl.'s Mot. Dkt. # 132, at 5.) Thus, Plaintiff contends, there is reason to believe the Screenshot is not authentic and neither side currently could lay the foundation required for the Screenshot. Plaintiff asserts that without the additional discovery, the appropriate foundation could not be laid by Defendant to support its defense of lack of ownership or by Plaintiff to refute it. In a supplemental filing, Plaintiff clarifies that he is seeking depositions of both "J" and to Mr. Weizhen Zhang.

Defendant responds that the only relevant question is "whether Plaintiff made that statement [about holding the patent for someone else] and whether it was true—not who Jam, i.e., Mr. Weizhen Zhang is, or how Mr. Zhang later transmitted screenshots of Plaintiff's own communication to Xianghuo." (Def.'s Resp., Dkt. # 138, at 1.)

The Court need not get into the details of the parties' conversations over the past two months regarding the Screenshot. The relevant point is that on June 1, 2026, Defendant amended its answer to assert the affirmative defense that Plaintiff is not an owner of the patent-in-suit, based on the Screenshot. Plaintiff asserts no such screenshot exists on his phone and contends that the Screenshot may not be authentic. Given the importance of the Screenshot to Defendant's affirmative defense, Plaintiff is entitled to explore the foundation and authenticity of the Screenshot in anticipation of a motion for summary judgment on the issue or trial.[2]

Accordingly, the Court grants in part Plaintiff's motion for additional discovery in order to take the depositions of 'J" and Mr. Weizhen Zhang. Plaintiff's request to take an additional deposition of Defendant's 30(b)(6) witness is denied without prejudice. No later than 9/15/26, Defendant shall provide Plaintiff with the contact information for both "J" and Weizhen Zhang, if it has not already done so. Plaintiff shall complete all necessary depositions by 10/23/26. To be clear, the extension of discovery is limited to the discrete issues identified herein.

<u>Defendant's Motion for Extension to File Motion to Compel</u> [141]. The Court previously directed that any motion to compel regarding Plaintiff's responses to Defendant's supplemental discovery requests be filed by 8/12/26 [135]. Defendant requests additional time to file any motion to compel, asserting that at the August 4, 2026 court-ordered Rule 37.2 conference, Plaintiff requested seven days to provide amended responses and responsive documents. On August 11, 2026, however, Plaintiff advised Defendant that the law clerk working on the discovery had

---

[2] Defendant also argues that the information Plaintiff seeks about "J" is irrelevant generally and is not germane to Defendant's summary-judgment motion [83], as to which the district court has deferred briefing, which is principally based on invalidity due to prior art. But assuming the district court allows the currently pending summary judgment motion to proceed to ruling, if it is denied, then Defendant's affirmative defense regarding ownership of the patent, and the related evidence on ownership, *i.e.*, the Screenshot, remains and could be the basis for a potential second summary judgment motion, by either Plaintiff or Defendant. Thus, the issues regarding foundation and authenticity of the Screenshot remain relevant.

unexpectedly become unavailable and the amended responses would be served the following day, on August 12, 2026, the same day that any motion to compel was due. Defendant's motion is granted. Presuming that Plaintiff timely served amended responses on 8/12/26, any motion to compel is due 9/18/26.

As an aside, the Court has reviewed Plaintiff's original responses to the supplemental discovery, which Defendant attached to its motion for an extension of time. While the Court acknowledges that Plaintiff will have amended his responses by the time this order is issued, to the extent that Plaintiff's amended responses to the discovery continue to rely on general objections, repeated for each response, those responses will not be permitted. As noted by another court:

> General Objections so expansive and labyrinthine that they effectively obscure whether the answers to interrogatories and documents produced are complete and fully responsive serve only to frustrate the discovery regime established by rule. This is why Courts regularly overrule General Objections and deem them waived. When a party raises objections to discovery requests, the objecting party bears the burden to explain precisely why its objections are proper given the broad construction of the federal discovery rules. Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely General Objections so expansive and labyrinthine that they effectively obscure whether the answers to interrogatories and documents produced are complete and fully responsive serve only to frustrate the discovery regime established by rule. This is why Courts regularly overrule General Objections and deem them waived. When a party raises objections to discovery requests, the objecting party bears the burden to explain precisely why its objections are proper given the broad construction of the federal discovery rules. Thus, general objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such.

*Barron v. Paycor, Inc.*, No. 3:20-CV-264-DWD, 2026 WL 1477808, at *2 (S.D. Ill. May 27, 2026). (internal citations omitted).

In addition, if Plaintiff's amended interrogatory responses continue to include answers directing Defendant to "see the documents produced to be produced [sic]," this response, cut and pasted (scrivener's error included) for each interrogatory, without reference to a specific Bates-number range, is inappropriate and will not be allowed. *See, e.g.*, *Remy Inc. v. Tecnomatic, S.P.A.*, No. 1:11-CV-00991-SEB, 2013 WL 1331002, at *3 (S.D. Ind. Mar. 28, 2013) (on the defendant's motion to compel, noting that the plaintiff "failed to identify specific documents when referencing Rule 33(d) in response to" interrogatories and directing the plaintiff "to provide specific Bates

numbers of the documents that are identified in response to all interrogatories to which [the plaintiff's] response references Rule 33(d); *White v. Am. Water Works Serv. Co., Inc.*, No. 06-974-GPM, 2007 WL 2746613, at *1 (S.D. Ill. Sept. 18, 2007) (striking interrogatory responses that generally referred to documents produced in response to interrogatories and other requests for production because they were vague and confusing and requiring the defendant to clarify the supporting documentation that was responsive to the relevant discovery requests). Accordingly, if Plaintiff submitted amended responses that include the deficiencies set forth above, as set forth here, Defendant need not file a voluminous motion to compel, and shall simply file a brief statement noting the deficiencies and attaching examples of the amended responses. The Court will then direct Plaintiff to try again.

**Date**: September 9, 2026

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**