**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CONG TAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 25 C 5003 |
| | ) | |
| | ) | Magistrate Judge M. David Weisman |
| XIANGHUO, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons stated below, Defendant's motion to compel deposition testimony of Plaintiff Cong Tan [140] is granted in part. No later than 9/25/26, Defendant may submit 25 written deposition questions (no subparts) to Plaintiff for complete and full responses. *See* Fed. R. Civ. P. 31. If Plaintiff has an appropriate objection based on privilege, he shall so state. Ruling set for 9/22/26 is stricken. Status hearing set for 10/20/26 at 9:30 a.m. Joint status report due by noon on 10/19/26.

Defendant took Plaintiff's deposition, which lasted approximately 7.5 hours, on June 10, 2026 in Hong Kong through a Mandarin interpreter. Defendant contends that during the deposition of Plaintiff Tan, Plaintiff's counsel's ("Mr. Liu") obstructionist conduct "materially impaired examination of threshold issues Plaintiff placed at issue by filing this action in Mr. Tan's name;" that defense counsel's "questions sought facts, not legal advice or counsel's mental impressions;" and that the "resulting record remains materially incomplete, including as to design source and inventorship, ownership and control, WeChat communications, and Mr. Tan's pre-filing employment and product exposure." (Def.'s Mot. Compel, Dkt. # 140, at 1-2.) Defendant asks the Court to compel a limited four-hour continued deposition to complete those inquiries and reasonably related follow-up, together with Rule 30(c)(2) safeguards and the reasonable expenses and attorneys' fees authorized by Rules 30(d)(2) and 37(a)(5).

The Court assumes background knowledge of the case and the relevance of the information Defendant seeks. In short, Defendant was made aware of a WeChat message sent by Plaintiff to a third party ("J") in which Plaintiff stated that he was holding the patent on behalf of someone else. Based on the WeChat message, Defendant sought from Mr. Tan underlying facts concerning his potential lack of standing, real-party-in-interest status, ownership and control of the asserted patent, including whether Mr. Tan is merely a nominal holder, whether any agreement exists concerning the holding, control, licensing, enforcement, settlement, or proceeds of the asserted patent, and who has authority to make decisions concerning the asserted patent. According to Defendant, Plaintiff's counsel repeatedly asserted privilege, relevance, and other objections to

block questions seeking facts concerning patent ownership and control, litigation funding and authority, and persons with relevant knowledge or authority. Defendant asserts that representative examples include instructions not to answer whether Plaintiff was the only person funding this litigation or personally retained Mr. Liu and his firm; whether he was aware of the contents of a specifically identified email to Mr. Liu; whether anyone had explained the original or amended complaint to him after completion; and whether he had seen Plaintiff's response to Defendant's deficiency letter before the deposition. (Def.'s Mot. Compel, Dkt. # 140, at 3) (citing Tan Dep. Tr., Dkt # 140-7, at 49:7–16; 77:19–78:20; 102:6–103:7; 134:19–135:11; 144:1–145:14). Defendant also notes that Mr. Liu made sustained objections and colloquy beyond concise objections. (*Id.*) (citing Tan Dep. Tr., Dkt # 140-7, at 9:2–10:19; 12:9–18:20; 48:8–52:8; 73:13–79:25). According to Defendant, Plaintiff's counsel's instructions to Mr. Tan and interruptions prevented Defendant from obtaining answers and pursuing follow-up. (*Id.*) (citing Tan Dep. Tr., Dkt # 140-7, at 49:7–16; 64:19–65:24; 73:13–74:24; 77:19–78:20; 102:6–103:7; 134:19–136:9; 144:1–145:14).

The party asserting the attorney-client privilege has the burden of establishing the privilege's elements. *In re FICO Antitrust Litigation Related Cases*, 10 C 2114, 2026 WL 1631607, at *4 (N.D. Ill. June 4, 2026) (citation omitted). The elements of attorney-client privilege are: (1) legal advice is sought, (2) from a professional legal adviser, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived. *Id.* (citation omitted).

To the extent Plaintiff asserts that Defendant fails to identify specific questions, this is inaccurate. One exchange regarding payment of attorney's occurred as follows:

> MR. LIU: Exactly. How Mr. Tan pays for attorney fees is privileged.
> MR. YANG: You're not the only attorneys, all right? I'm not -- okay.
> BY MR. YANG:
> Q. First. Mr. Tan, are you the only person who funds this litigation?
> MR. LIU: Objection. Irrelevant. Vague. Attorney/client privilege.
> MR. YANG: Mr. Liu, are you instructing the witness not to answer my question based on --
> MR. LIU: Yes, I am.
> MR. YANG: Based on privilege?
> MR. LIU: Yeah. How Mr. Tan pays for attorney fees is privileged. Why that has anything to do with this case?
> MR. YANG: Because we have sufficient evidence --
> MR. LIU: Okay.
> MR. YANG: -- to show your client is a mere holder of the patent.

(Tan Dep. Tr., Dkt. # 140-7, at 49.)[1]

Another exchange about Plaintiff's representation went as follows:

[1] Defendant provided excerpts of Plaintiff's deposition at Dkt. # 140-7.

Q. Mr. Tan, you just represent – you just -- you just answered that you didn't retain Mr. DeWitty. Instead, you retained Fang Xin and then Fang Xin retained Mr. DeWitty; is that correct?
MR. LIU: Objection. Misstatement.
THE WITNESS: I only know that I have engaged Fang Xin.
BY MR. YANG:
Q. Okay. Did you -- did you retain directly any other professional firms, other than Fang Xin?
MR. LIU: Objection. Vague. It's also vague as to what's professional, and also as to the time period.
MR. YANG: Mr. Liu, you are wasting your client's money. Do you know that?
MR. LIU: I think you are.
BY MR. YANG:
Q. Okay. Please answer my question, Mr. Tan.
A. Can I have that one more time.
MR. YANG: The translation?
THE INTERPRETER: (Reinterprets.)
BY MR. YANG:
Q. For this case.
A. Yes, I did.
Q. What are those professional firms?
A. I have engaged lawyer Mr. Liu.
Q. So do you mean you personally directly engage Mr. Liu and Mr. Liu's firm for this case?
MR. LIU: Objection. Irrelevant. Attorney/client privilege.
MR. YANG: Mr. Liu, are you instructing the witness not to answer the question?
MR. LIU: Yeah. How Mr. Tan came to my firm, how he was introduced –
MR. YANG: Okay. It's preserved there, it's preserved. Okay, don't waste available time.
MR. LIU: No, you asked me a question. I need to answer it.
MR. YANG: For the -- let the record reflect opposing counsel, Mr. Zheng Liu, instructed – just instructed his client not to answer another question relevant to the standing and the real party in interest issues. And the question is a straightforward question, can be answered "yes" or "no."
MR. LIU: My response is the question is simply irrelevant, and it goes to attorney/client privilege information. How Mr. Tan became -- sorry. How Mr. Tan engaged my firm is attorney/client privilege and has no bearing on any issues in this case. He could have been introduced to me through a friend or --
MR. YANG: Mr. Liu, I think it's more than enough.
MR. LIU: It's has nothing to do with this case.
. . .
BY MR. YANG:
Q. Okay. Mr. Tan, other than Mr. Zheng Liu, have you retained any other lawyers, including Chinese lawyers that are not licensed in the U.S., for this case?
MR. LIU: Objection. Irrelevant. Attorney/client privilege.

> MR. YANG: Mr. Liu, if Mr. Tan retains a Chinese lawyer who is not licensed to practice law in the U.S., why is that information privileged?
> MR. LIU: Because, for example, Mr. Tan engaged me. I engaged a Chinese patent expert to analyse your prior art, which is a Chinese patent. So it is attorney/client privilege information. Which expert I engage to analyze your --
> MR. YANG: Okay, keep it short.

(*Id*. at 76-79.) Other exchanges are similar.

As an initial matter. "information of a known client's fees appears far less likely to reveal confidential communications than would the revelation of an unknown client's identity." *Matter of Grand Jury Proceeding, Cherney*, 898 F.2d 565, 568 (7th Cir. 1990).[2] "In the absence of any evidence of legal advice, documents relating to the payment of fees are only incidental to the attorney-client relationship." *Thompson v. United States*, No. 21-2082, 2024 WL 6861604, at *3 (C.D. Ill. Mar. 7, 2024). Plaintiff fails to demonstrate that disclosing who is paying Mr. Tan's legal fees would involve disclosing protected communications regarding legal advice from a professional legal adviser that were made in confidence. Moreover, Plaintiff's counsel's objection based on relevance, irrespective of its merits, is not a basis to instruct the witness not to answer the question posed. "[R]elevance is rarely an appropriate grounds for instructing a deponent not to answer." *Chapsky v. Baxter V. Mueller Div., Baxter Healthcare Corp.*, No. 93 C 6524, 1994 WL 327348, at *1 (N.D. Ill. July 6, 1994).[3] Thus, to the extent Plaintiff's counsel's direction to Plaintiff to not answer a question was based on relevance, this was an improper instruction.

Regarding objections, Rule 30(c)(2) requires an objection to be stated "concisely in a nonargumentative and nonsuggestive manner." Counsel may instruct the deponent not to answer only when necessary to preserve a privilege, enforce a limitation ordered by the Court, or present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2). For reasons unknown to this Court, this case has been riddled with petty exchanges between counsel and unprofessional conduct on both sides. Plaintiff's counsel's objections were often more than concise objections stated in a nonargumentative manner. For example,

> MR. LIU: Okay. For the record, if Mr. Yang can identify to which defense or counterclaim this question is relevant, then Mr. Tan should answer. But other than

---

[2] While Plaintiff notes that the *Cherney* court stated that the fee arrangement between a client and an attorney is privileged when it implicates "[a] client's motive for seeking legal advice"— which is "undeniably a confidential [c]ommunication," (Pl.'s Resp., Dkt. # 146, at 5) (citation omitted), Plaintiff points to no such circumstances here.

[3] Moreover, unlike other types of objections, objections as to relevance are generally not waived by not asserting them at the deposition. See Fed. R. Civ. P. 32(d)(3)(A) ("Objections to the . . . relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time"). Thus, given the circumstances here, the repeated objections on relevance grounds lodged at questions seemingly directed to a relevant issue – who is the real owner-in-interest of the patent – are clearly misplaced.

> that, I will instruct Mr. Tan not to answer because it has nothing to do with any defense or counterclaim in this case.
> MR. YANG: Mr. Liu, I think you are aware the only legal basis you can instruct the witness not to answer under FRCP is about privilege. So on what grounds you are instructing the witness not to answer now?
> MR. LIU: That's not true. Attorney/client privilege is nothing in the ground. There are normal grounds for instructing the witness not to answer.
> MR. YANG: So what ground are you --
> MR. LIU: Those questions is [sic] harassing the witness. It's badgering the witness. What product the witness is developing has nothing to do with this case. That's the key here. Right? What he was developing in terms of product in this case is relevant. But what technology --
> MR. YANG: Counsel, your objection is preserved. Let's move on.
> MR. LIU: Okay. Thank you.

(Tan Dep. Tr., Dkt. # 140-7, at 9-10.)

Another example is as follows:

> Q. Did you meet with your counsel to prepare for today's deposition?
> A. No.
> Q. Then how did you prepare for today's deposition?
> MR. LIU: I mean, objection. Irrelevant. Attorney/client privilege.
> MR. YANG: Counsel, for the record, this question doesn't concern the substance. It's only about the factual background, how did the witness prepare for today's deposition.
> MR. LIU: Okay. My response is the witness has not been shown to be deficient in terms of answering any questions. So whether he's prepared or not is not an issue right now. It might become an issue later, I guess. But it's not an issue right now. And it does implicate how he communicated with counsel, which is privileged information.
> MR. YANG: For the record, opposing counsel is instructing the witness not to answer a relevant question without any legal basis.
> MR. LIU: Okay. For the record, how is this relevant? To which defense or counterclaim this question is relevant?
> MR. YANG: Counsel, you know, this is not for to -- to debate, right?
> MR. LIU: Exactly.
> MR. YANG: Your responsibility today is to make concise objections.
> MR. LIU: Okay.
> MR. YANG: This is not a courtroom, all right.
> MR. LIU: No. You put your statement on the record. I put my statement on the record.
> MR. YANG: Okay. Keep it simple.
> BY MR. YANG:
> Q. Mr. Tan, were those preparation sessions, were those preparation sessions conducted by telephone or videoconference?

> MR. LIU: Objection. Irrelevant. Attorney/client privilege. How he discuss --
> MR. YANG: Stop. Please stop. You cannot make speaking objections. You're very clear about that, right?
> MR. LIU: Okay. I'm trying to explaining [sic] the basis of my question.
> MR. YANG: You are not allowed to make speaking objections.
> MR. LIU: Which speaking objection did I make? I'm trying to put on the record the basis --
> MR. YANG: You are coaching the witness.
> MR. LIU: Not at all.
> MR. YANG: You are violating your ethical obligations.
> MR. LIU: I don't think so. I respectfully disagree. Go ahead.
> MR. YANG: The reason why we ask this question is it's relevant for our preparing -- for the motion for rule 11 section of FRCP.
> MR. LIU: Okay. Is there a pending –
> MR. YANG: We need to finish --
> MR. LIU: Is there a pending --
> MR. YANG: Let me finish, Mr. Liu. We need to discover whether you are coaching your client to perjure himself.
> MR. LIU: That's completely baseless, and it's simply attorney/client privilege. You haven't instructed --
> MR. YANG: What if -- what if the other person -- the other persons were also present in the -- in the preparation sessions? Then you have no --
> MR. LIU: That's not your business.
> MR. YANG: Then you have no privilege.
> MR. LIU: Then as far as you know, is there a third person at all? Do you know that?
> MR. YANG: Are you the witness, Mr. Liu?
> MR. LIU: Exactly. You are assuming things. The questions are improper. I instruct the witness not to answer.
> MR. YANG: Mr. Liu, let me warn you again.
> MR. LIU: You don't need to warn me, okay?
> MR. YANG: You are obstructing this deposition process.
> MR. LIU: Because your question is improper.
> MR. YANG: Why is it improper?
> MR. LIU: Ask a proper question, please.
> MR. YANG: Why is it improper?
> MR. LIU: Because you getting into how counsel communicate with plaintiff, has nothing to do with today's deposition. The witness has not been shown as deficient in terms of answering any questions. So how did he communicate with me about this case has nothing to do with this case, and it is privileged. I talk to him in night, I talk to him in the morning had nothing to do with this case.

(Tan Dep. Tr., Dkt. # 140-7, at 12-16.)

After reviewing Plaintiff's deposition transcript, the Court can only feel sympathy for the witness, the court reporter, and the interpreter. Plaintiff's counsel's objections were generally

substantively improper and plainly improper in their form. No later than 9/25/26, Defendant may submit 25 written deposition questions (no subparts) to Plaintiff for complete and full responses. If Plaintiff has an appropriate objection based on privilege, he shall so state.

The Court implores counsel for both sides to end their antagonistic and unproductive exchanges and get this case over the discovery finish line. This type of behavior must end if the parties are to successfully conclude discovery and reach the next stage of the litigation (dispositive motions/trial). If the unacceptable conduct does not end, the Court will take appropriate remedial action.

**Date**: September 18, 2026

M. David Weisman

**M. David Weisman**
**United States Magistrate Judge**