**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>Dongguan Xianghuo Trading Co., Ltd. d/b/a<br><br>XIANGHUO,<br><br>Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. M. David Weisman |

**DEFENDANT XIANGHUO'S MOTION TO COMPEL WRITTEN DISCOVERY PURSUANT TO DKT. 147**

Defendant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo requests targeted supplementation of Plaintiff's amended written-discovery responses under Dkt. 147 and Federal Rules of Civil Procedure 26, 33, 34, and 37(a)(3)(B)(iii)–(iv). Sections A–D identify discrete unanswered matters and the requested cures. Section E identifies continuing response defects and a privilege-log deficiency. No merits determination is requested.

## I. INTRODUCTION

Following the August 4 meet-and-confer, Plaintiff served amended responses and provided access to documents on August 12, 2026. Ex. D. The Court extended the motion deadline to September 18 and directed a brief statement with examples if the amended responses retained the general objections or nonspecific document references identified in its Order. Dkt. 147 at 2–4. The remaining issues are set out below.

## II. REMAINING DEFICIENCIES AND REQUESTED CURES

**A. The amended answers do not reconcile the RMB 3 million described at deposition (Interrogatories 17–18; RFPs 45–47).**

Interrogatories 17–18 seek the licensing arrangements and details of RMB 3 million in consideration. The amended answers describe a RMB 1 million Weiteli license-fee-to-equity conversion for which no cash was payable. Ex. A at 20–26. Tan testified to two licensees, three RMB 1 million receipts, and supporting bank records. Ex. C, Tan Dep. 42:7–43:8. The answers do not explain the second licensee's arrangement or how the receipts relate to the conversion. The responses to RFPs 46–47 identify only Tan_1–10 and Tan_14–15, described as agreements, rather than the bank records acknowledged at deposition. Ex. A at 22, 25; Ex. B at 33–35.

Rules 33(b)(3) and 37(a)(4) require a complete, nonevasive answer. Tan should identify each licensee and the requested payment details and explain whether, and how, the three receipts relate to the equity conversion, including any correction to the factual account in his testimony. Under RFP 45, relief is limited to records of the second licensee's arrangement; under RFPs 46–47, it is limited to records of the consideration at issue. Ex. B at 32–35. Tan should produce any remaining responsive, nonprivileged records within his possession, custody, or control, identify by Bates number any such records already produced, and state whether any are withheld based on an objection. Fed. R. Civ. P. 34(b)(2)(B)–(C). If reasonable inquiry locates no additional responsive records, he should say so.

**B. Tan must clarify payment responsibility and Fangxin's authority (Interrogatories 12–13; RFPs 26–30).**

The response to Interrogatory 12 states that Tan paid prosecution fees but refuses on privilege grounds to identify responsibility for litigation costs. The response to Interrogatory 13

states only that Fangxin assisted in prosecution. Ex. A at 13–15. Tan testified that he engaged Fangxin and authorized it to select those it engaged. Ex. C, Tan Dep. 69:8–19. The answers do not identify who is responsible for litigation costs or explain the scope of Fangxin's authority to retain or engage others on Tan's behalf. Those nonprivileged facts bear directly on whether any third party has an economic interest in the Patent-in-Suit or this litigation, funds this litigation, or exercises authority or control over either, and therefore bear on ownership, control, agency, and real-party-in-interest issues. Fed. R. Civ. P. 26(b)(1).

Tan should provide the requested nonprivileged information concerning the identities, payment particulars, and scope of authority requested. To the extent responsive material is withheld on privilege grounds, Plaintiff should identify that fact and provide sufficient information to assess the privilege claim. See Fed. R. Civ. P. 26(b)(5)(A), 34(b)(2)(C).

**C. Tan must identify claimed design contributions (Interrogatory 16; RFPs 42-44).**

After objections, the response to Interrogatory 16 states: "This question is too compounded to be answered." Ex. A at 18–20. Xianghuo limits relief to pre-filing design materials Tan personally reviewed before the filing date of the application that issued as the patent-in-suit, their sources and timing, and his claimed modifications. Tan acknowledged reviewing the factory's design but could not recall other claimed changes. Ex. C, Tan Dep. 153:16–154:18, 157:21–158:10. This limited inquiry concerns the source of the claimed design and Tan's asserted contribution, not every third party's products or accounts or an adjudication of inventorship or validity.

Rule 33(b)(3)–(4) requires each interrogatory to be answered separately and fully, subject to specifically stated objections. Tan should answer the limited inquiry. RFPs 42–44 already identify design and authorization records; Plaintiff should clarify whether any responsive material

within the narrowed inquiry was withheld and produce any remaining nonprivileged material within his possession, custody, or control. Ex. B at 29–32; Fed. R. Civ. P. 34(b)(2)(C).

**D. Interrogatory 11 does not explain the search for ownership communications.**

The amended answer states that Tan searched in May and June 2026 without locating the screenshot at issue, but does not identify what accounts or devices were searched, how the searches were conducted, or whether responsive communications were deleted or recovered. Ex. A at 11–13. At his June 10 deposition, Tan testified that he had not searched his WeChat records using the WeChat ID at issue. He further testified that he had not deleted patent-related messages, but ordinarily deleted messages from strangers or harassers. As to the person shown in the screenshot, Tan denied deleting patent-related messages but conditionally stated that, if he had exchanged messages with the person shown in the screenshot, he believed he had deleted those exchanges; he did not clearly recall. Ex. C, Tan Dep. 179:2–12, 180:7–181:7.

Because the screenshot's authenticity remains material, Dkt. 147 at 2, Tan should supplement Interrogatory 11 to identify the accounts or devices searched, approximate dates and methods of the searches, backups considered, and any known deletion, loss, or recovery of responsive communications. Fed. R. Civ. P. 33(b)(3).

**E. Repeated objections, document references, and the privilege log require correction.**

The amended responses repeat general objections without clarifying whether they limit the answers. For example, Interrogatory 18 objects that "present" is ambiguous although the question does not use that term. Ex. A at 23–24. Interrogatories 7–8 refer only to "All court filings," without specific identification. Id. at 7–8. To the extent Plaintiff relies on Rule 33(d), such nonspecific references do not specify the records in sufficient detail to enable Xianghuo to locate and identify

them as readily as Plaintiff could. Fed. R. Civ. P. 33(d). These continuing defects should be corrected as directed in Dkt. 147 at 3–4.

Separately, RFP 37 defers a privilege log to a time and manner "to be agreed upon by the parties." Ex. B at 24–25. For otherwise discoverable material actually withheld within the scope of the requested supplementation, Plaintiff should serve a log satisfying Rule 26(b)(5)(A) and this Court's published procedures for privilege logs, subject to any applicable logging agreement or order. The log should identify the date, document type, authors and recipients and their capacities, including which are lawyers, Bates numbers or other identifying numbers, the protection asserted, and a description sufficient to assess that claim without disclosing protected information. If no such material is withheld, Plaintiff should state that fact. Xianghuo seeks substantiation, not automatic waiver.

**III. REQUESTED ORDER**

Xianghuo respectfully requests that the Court enter an order requiring Plaintiff to: (1) serve sworn supplemental answers to Interrogatories 11–13 and 16–18 in the limited respects set forth above; (2) correct the objections and nonspecific document references identified in Section E, including by providing supplemental answers under oath to Interrogatories 7–8, either narratively or through a response satisfying all requirements of Rule 33(d), as applicable; (3) clarify the responses to RFPs 26–30 and 42–47 in the limited respects described above, state whether responsive material is withheld based on an objection, and produce any remaining responsive, nonprivileged materials within Plaintiff's possession, custody, or control; and (4) serve the privilege log identified in RFP 37 for responsive materials withheld on privilege grounds within the scope of the supplementation ordered above. Xianghuo further requests that the Court reserve

any determination of expenses under Rule 37(a)(5). Xianghuo does not seek any additional deposition, merits ruling, or modification of the deposition obligations imposed by Dkt. 147.

**LOCAL RULE 37.2 STATEMENT**

Pursuant to Dkts. 131 and 135 and Local Rule 37.2, counsel conducted the Court-ordered videoconference on August 4, 2026, at 6:00 p.m. Central Time. Qianwu Yang, Yi Fang, and James Judge participated for Xianghuo, and Zheng Liu participated for Plaintiff. The parties conferred in good faith regarding the deficiencies in Plaintiff's July 23 supplemental written-discovery responses. Plaintiff requested seven days to amend and supplement. Dkt. 147 at 2. The promised amendments were served August 12. Ex. D. Those amendments did not resolve the deficiencies identified in this motion, and the parties remain unable to reach accord as to those issues.

Respectfully submitted,

Dated: September 18, 2026

**SHM LAW FIRM**

By: *<u>/s/ Qianwu Yang</u>*
QIANWU YANG
yang@shm.law

YI FANG
fang.yi@shm.law

1220 W Barkley Ave,
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009

*Attorneys for Defendant*
Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo

## CERTIFICATE OF SERVICE

I, Yi Fang, an attorney, hereby certify that on September 18, 2026, I caused a true and correct copy of the foregoing to be filed and served electronically via the court's CM/ECF system. Notice of Electronic Filing was transmitted through CM/ECF to counsel of record.

Zheng "Andy" Liu
APTUM LAW
1660 S Amphlett Blvd., Suite 315
San Mateo, California 94402
Andy.Liu@aptumlaw.us

*/s/ Yi Fang*
YI FANG
fang.yi@shm.law

1220 W Barkley Ave,
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009