**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**
**Cong Tan v. Xianghuo, No. 1:25-cv-05003**

# EXHIBIT A

Revised additional interrogatory responses dated August 11, 2026, with the corresponding requests as reproduced in the response document.

Source PDF pages reproduced: 1, 7-8, 11-15, 18-26, 31-32. All other source pages are omitted. The verification on source PDF page 32 is printed as page 40. No change is made to the source-page content.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN,<br><br>Plaintiff,<br><br>v.<br><br>XIANGHUO,<br><br>Defendant. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: David Weisman<br><br>**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S ADDITIONAL INTERROGATORIES** |

PROPOUNDING PARTY: XIANGHUO

RESPONDING PARTY: CONG TAN

SET NUMBER: ADDITIONAL

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and Minute Entry [Dkt. 129], Plaintiff Cong Tan ("Responding Party") hereby responds to Defendant Xianghuo's ("Propounding Party") Additional Interrogatories ("Interrogatory"):

**PRELIMINARY STATEMENT**

Discovery in this action and Responding Party's investigation and development of the facts relating to this action are ongoing. These responses are made without prejudice to, and are not a waiver of, Responding Party's right to use or rely upon facts, information, or documents not disclosed herein, including

Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**<u>RESPONSE TO INTERROGATORY NO. 7:</u>**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Plaintiff Cong Tan, 谭聪， throughout the case. All court filings.

**<u>INTERROGATORY NO. 8:</u>**

Identify each Person or Entity that has any ownership interest, beneficial interest, economic interest, control right, right to receive proceeds, obligation to bear expenses, partnership interest, profit-sharing interest, revenue-sharing interest, investment interest, funding obligation, or other business arrangement

relating to the Patent-in-Suit or This Lawsuit, and for each such Person or Entity, describe the nature, source, duration, and scope of such interest, right, obligation, contribution, funding, control, or arrangement. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**<u>RESPONSE TO INTERROGATORY NO. 8:</u>**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Plaintiff Cong Tan, 谭聪，throughout the case. All court filings.

this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

As far as Plaintiff understands, his job tile was not operations staff member at any relevant time.

**INTERROGATORY NO. 11:**

Describe in detail all facts and circumstances concerning any deletion, loss, nonpreservation, unavailability, inability to locate, recovery, attempted recovery,

export, backup, or search of any WeChat, WeCom , DingTalk, email, text message, or other Communication relating to the Patent-in-Suit, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, sale or license of the Patent-in-Suit, transfer of the Patent-in-Suit, settlement of This Lawsuit , Chinese Design Patent No. CN 307420904 S, or any foldable storage box product supplied, sold, offered, procured, or discussed by Zhonggang or Persons associated with Zhonggang. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**<u>RESPONSE TO INTERROGATORY NO. 11:</u>**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

This is a compound question which Plaintiff is unable to answer. In May and June 2026, Plaintiff searched the WeChat screenshot provided by Defendant, but was unable to find anything like the screenshots.

**INTERROGATORY NO. 12:**

Identify each Person or Entity that has paid, advanced, reimbursed, funded, arranged, facilitated, or agreed to pay, advance, reimburse, fund, arrange, or facilitate the payment of any attorney's fees, litigation expenses, patent application fees, patent prosecution fees, filing fees, service-provider fees, patent attorney fees, United States counsel fees, mold fees, sample fees, product-development costs, or any other fees or expenses relating to the Patent-in-Suit or This Lawsuit. For each such payment, reimbursement, advance, funding arrangement, or agreement to pay, state the amount, date, payor, recipient, method of payment, purpose of the payment, and identify all Documents, Communications, and Things relating thereto, including their BATES numbers. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Plaintiff Cong Tan paid fees relating to the prosecution of the patent-in-suit. Who is responsible for the litigation costs of this lawsuit is attorney-client privileged and will not be answered.

**INTERROGATORY NO. 13:**

Describe in detail Your relationship, agreements, Communications, and payments with Guangdong Fangxin Enterprise Management Group Co., Ltd. ("Fangxin") or any other intellectual-property service provider relating to the Patent-in-Suit, including without limitation any services relating to prior-art searches, patentability assessments, patent application, prosecution, reexamination, U.S. counsel, Han Zhi, This Lawsuit , or any payment to or from

any U.S. attorney. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Plaintiff Cong Tan received assistance from Guangdong Fangxin in prosecuting the patent in suit.

**INTERROGATORY NO. 14:**

has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

Plaintiff became aware of the Chinese Design Patent No. CN 307420904 S after this lawsuit was filed from reviewing the pleadings filed in this case by Defendant.

**INTERROGATORY NO. 16:**

Describe in detail all facts and circumstances relating to any foldable storage box product, original sample, new sample, factory product, reference product, sample, prototype, mold, drawing, 3D model, product image, product listing, e-commerce store, Amazon store, seller account, seller ID, brand, SKU, or ASIN supplied, sold, offered, shown, disclosed, discussed, ordered, purchased, procured, reviewed, considered, operated, managed, or developed by You, Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Shenzhen Taiweis Innovation Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Deng Haichao, Zhonggang, Zhang Weizhen, Shenzhen Xinhongji, or any Person or

Entity associated with any of them before the filing date of the application that issued as the Patent-in-Suit, including the dates, participants, product names, product models, suppliers, purchasers, store names, seller IDs, brands, SKUs, ASINs, Communications, Documents, Things, and any modification You contend You made to any such product, sample, prototype, mold, drawing, 3D model, image, listing, or material. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

This question is too compounded to be answered.

**INTERROGATORY NO. 17:**

Describe in detail each license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit, including without limitation any license, authorization, permission, agreement, arrangement, or understanding involving Shenzhen Weiteli Technology Co., Ltd., KoxSmar Store, ASIN B0CB643MKB, any Amazon store, any authorized seller, any manufacturer, or any distributor. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this

patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

(a) Authorization to Shenzhen Weiteli Technology Co., Ltd. (July 5, 2023). Responding Party, the inventor and owner of the Patent-in-Suit, authorized Shenzhen Weiteli Technology Co., Ltd. ("Weiteli") to disclose, offer for sale, and sell products embodying the claimed design on Amazon.com through Weiteli's store "KoxSmar Store," including the listing "Plastic Storage Bins Organizer, 15.35″ × 11.00″ × 32.87″, White Plus Light Brown," ASIN B0CB643MKB, beginning on or about July 5, 2023. This authorization was memorialized in Responding Party's Affidavit or Declaration of Attribution or Prior Public Disclosure Under 37 C.F.R. § 1.130(a), executed March 11, 2024 and filed in the prosecution of the application that issued as the Patent-in-Suit. (Tan_31; Tan_19–20; Tan_36–1237.)

(b) Patent License Agreement (发明人授权费转投资协议) dated June 1, 2024. Responding Party (as licensor) and Weiteli (as licensee, legal representative Wang Yujie) entered into a written Inventor Authorization Fee Conversion to Investment Agreement, under which

Responding Party granted Weiteli a non-exclusive (普通许可) license to practice the Patent-in-Suit, limited in scope to the Amazon e-commerce platform, U.S. site, for a term of three years from June 1, 2024 through May 31, 2027. The parties agreed to a total license fee of RMB 1,000,000. No cash license fee was or is payable; pursuant to Article 2 of the agreement, the entire RMB 1,000,000 license fee was converted, by agreement of the parties, into a capital contribution to Weiteli, in exchange for which Responding Party acquired a 10% equity interest in Weiteli. (Tan_1–10.)

(c) Nominee Shareholding Agreement (股权代持协议) dated June 1, 2024. In connection with the agreement described in subsection (b), Responding Party (as actual contributor) and Wang Yujie (as nominee) entered into a written nominee shareholding agreement under which Wang Yujie holds the 10% equity interest in Weiteli in her name on Responding Party's behalf; all economic benefits of the shareholding (including dividends) belong to Responding Party, and Responding Party may at any time require the registration of the equity into his own name or that of his designee. (Tan_14–15.)

(d) Patent Agency Engagement Contract dated January 31, 2024, Contract No. FX2024013125. Responding Party engaged Shenzhen Fangxin Intellectual Property Agency Co., Ltd. to prepare and prosecute the U.S.

design patent application that issued as the Patent-in-Suit, for an agency fee of RMB 14,224 (RMB 15,077 including tax) paid by Responding Party. (Tan_11–13; Tan_16–18; Tan_19–20.)

**INTERROGATORY NO. 18:**

Describe in detail all facts and circumstances relating to any RMB 3,000,000 license fee, authorization fee, sale price, purchase price, royalty, or other consideration relating to the Patentin-Suit or any product embodying the design claimed in the Patent-in-Suit, including the payor, recipient, date, amount, payment method, purpose, contract, invoice, receipt, bank record, WeChat Pay record, Alipay record, and Communications relating thereto. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery

allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

(e) Authorization to Shenzhen Weiteli Technology Co., Ltd. (July 5, 2023). Responding Party, the inventor and owner of the Patent-in-Suit, authorized Shenzhen Weiteli Technology Co., Ltd. ("Weiteli") to disclose, offer for sale, and sell products embodying the claimed design on Amazon.com through Weiteli's store "KoxSmar Store," including the listing "Plastic Storage Bins Organizer, 15.35″ × 11.00″ × 32.87″, White Plus Light Brown," ASIN B0CB643MKB, beginning on or about July 5, 2023. This authorization was memorialized in Responding Party's Affidavit or Declaration of Attribution or Prior Public Disclosure Under 37 C.F.R. § 1.130(a), executed March 11, 2024 and filed in the prosecution of the application that issued as the Patent-in-Suit. (Tan_31; Tan_19–20; Tan_36–1237.)

(f) Patent License Agreement (发明人授权费转投资协议) dated June 1, 2024. Responding Party (as licensor) and Weiteli (as licensee, legal representative Wang Yujie) entered into a written Inventor Authorization Fee Conversion to Investment Agreement, under which Responding Party granted Weiteli a non-exclusive (普通许可) license to

practice the Patent-in-Suit, limited in scope to the Amazon e-commerce platform, U.S. site, for a term of three years from June 1, 2024 through May 31, 2027. The parties agreed to a total license fee of RMB 1,000,000. No cash license fee was or is payable; pursuant to Article 2 of the agreement, the entire RMB 1,000,000 license fee was converted, by agreement of the parties, into a capital contribution to Weiteli, in exchange for which Responding Party acquired a 10% equity interest in Weiteli. (Tan_1–10.)

(g) Nominee Shareholding Agreement (股权代持协议) dated June 1, 2024. In connection with the agreement described in subsection (b), Responding Party (as actual contributor) and Wang Yujie (as nominee) entered into a written nominee shareholding agreement under which Wang Yujie holds the 10% equity interest in Weiteli in her name on Responding Party's behalf; all economic benefits of the shareholding (including dividends) belong to Responding Party, and Responding Party may at any time require the registration of the equity into his own name or that of his designee. (Tan_14–15.)

(h) Patent Agency Engagement Contract dated January 31, 2024, Contract No. FX2024013125. Responding Party engaged Shenzhen Fangxin Intellectual Property Agency Co., Ltd. to prepare and prosecute the U.S. design patent application that issued as the Patent-in-Suit, for an agency

fee of RMB 14,224 (RMB 15,077 including tax) paid by Responding Party. (Tan_11–13; Tan_16–18; Tan_19–20.)

**INTERROGATORY NO. 19:**

Identify each WeChat, WeCom , DingTalk, email, telephone, messaging, payment, social-media, e-commerce, Amazon, or other account used by You to communicate about or conduct transactions relating to: (i) Zhonggang; (ii) the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side"; (iii) holding the Patent-in-Suit on behalf of another Person or Entity; (iv) sale, license, transfer, settlement, or enforcement of the Patent-in-Suit; and (v) payment of attorney's fees, litigation expenses, patent application fees, prosecution fees, license fees, royalties, or other consideration relating to the Patent-in-Suit or This Lawsuit. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party

deposition, (2) the term "present" is ambiguous, (3) the Request is irrelevant to this patent infringement litigation, (4) the Request is outside the additional discovery allowed regarding patent ownership, (5) the Request is compound, (6) the Request implicates attorney-client privileged.

Without waiving the above objections, Responding Party responds as follows:

The counsel of record; plaintiff does not know the true name of the person who assisted the counsel of record during the June 10, 2026 deposition.

Dated: August, 11, 2026

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*

**VERIFICATION**

My name is Cong Tan. I am the named plaintiff in this case. I declare under penalty of perjury that the foregoing is true and correct except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

On August 11, 2026, executed in China.

Cong Tan

Cong Tan