**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**
**Cong Tan v. Xianghuo, No. 1:25-cv-05003**

# EXHIBIT B

Revised additional requests for production and responses dated August 11, 2026, including the cited Bates references.

Source pages reproduced: 1, 14-19, 24-25, 29-35, 39. All other source pages are omitted. No change is made to the source-page content.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

CONG TAN,

Plaintiff,

v.

XIANGHUO,

Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.

Magistrate Judge: David Weisman

**PLAINTIFF'S RESPONSE TO DEFENDANT'S ADDITIONAL REQUESTS FOR PRODUCTION**

PROPOUNDING PARTY: XIANGHUO

RESPONDING PARTY: CONG TAN

SET NUMBER: ADDITIONAL

Pursuant to Rules 34 of the Federal Rules of Civil Procedure and Minute Entry [Dkt. 129], Plaintiff Cong Tan ("Responding Party") hereby responds to Defendant Xianghuo's ("Propounding Party") Additional Requests for Production ("Request"):

**PRELIMINARY STATEMENT**

Discovery in this action and Responding Party's investigation and development of the facts relating to this action are ongoing. These responses are made without prejudice to, and are not a waiver of, Responding Party's right to use or rely upon facts, information, or documents not disclosed herein, including without limitation, any subsequently discovered facts, information, or documents or any facts, information, or documents that

Ltd., Henglin Home Furnishings Co., Ltd., Fangxin, Robert M. DeWitty, Han Zhi, Zhang Weizhen, or the Person who identified himself as "Jam" and "A-Zhen from the Zhonggang side."

**RESPONSE TO REQUEST NO. 25:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_16–18, Tan_1356–1357, Tan_1361, Tan_1362–1369

**REQUEST NO. 26:**

All Documents, Communications and Things relating to payments, advances, reimbursements, invoices, receipts, bank records, WeChat Pay records, Alipay records, accounting records, agreements, arrangements, or understandings concerning attorney's fees,

litigation expenses, expert fees, consulting fees, filing fees, court costs, discovery costs, translation costs, deposition costs, or other expenses incurred in This Lawsuit .

**RESPONSE TO REQUEST NO. 26:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership,

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party has identified no documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to amend or supplement this response.

**REQUEST NO. 27:**

All Documents, Communications and Things relating to any Third Party's payment, advance, reimbursement, arrangement, facilitation, or agreement to pay, advance, reimburse, arrange, or facilitate payment of attorney's fees, litigation expenses, expert fees, consulting fees, filing fees, court costs, discovery costs, translation costs, deposition costs, or other expenses incurred in This Lawsuit .

**RESPONSE TO REQUEST NO. 27:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party has identified no documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to amend or supplement this response.

**REQUEST NO. 28:**

All Documents, Communications and Things relating to any payment made to or received from Fangxin or any of its representatives relating to the Patent-in-Suit, including without limitation payments relating to prior-art searches, patentability assessments, patent application, prosecution, reexamination, U.S. counsel, Robert M. DeWitty, Han Zhi, or This Lawsuit .

**RESPONSE TO REQUEST NO. 28:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding

Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_11–13, Tan_16–18.

**REQUEST NO. 29:**

All Documents, Communications and Things relating to any agreement, arrangement, understanding, Communication, invoice, receipt, payment, or payment record between You and Fangxin relating to the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 29:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound,

(3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_11–13, Tan_16–18, Tan_19–20.

**REQUEST NO. 30:**

All Documents, Communications and Things relating to any agreement, arrangement, understanding, Communication, invoice, receipt, payment, or payment record between Fangxin and Robert M. DeWitty relating to the Patent-in-Suit or This Lawsuit .

**RESPONSE TO REQUEST NO. 30:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party has identified no

documents responsive to this Request. Discovery is ongoing and Responding Party reserves the right to amend or supplement this response.

**<u>REQUEST NO. 31:</u>**

All Communications between Plaintiff's counsel of record and any Third Party concerning the Complaint, the First Amended Complaint, discovery responses, deposition preparation, inventorship, ownership, licensing, assignment, enforcement of the Patent-in-Suit, or This Lawsuit.

**<u>RESPONSE TO REQUEST NO. 31:</u>**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

No document will be produced.

**<u>REQUEST NO. 32:</u>**

All Documents, Communications and Things relating to Han Zhi, including without limitation any Communications with Han Zhi, any Communications involving Han Zhi and

Tan_32–33, Tan_34–35, Tan_36–1237, Tan_1238–1250, Tan_1251–1255, Tan_1256–1336, Tan_1337.

**REQUEST NO. 37:**

For each Document or Communication withheld on the basis of attorney-client privilege, work-product protection, common-interest protection, or any other privilege or protection, produce a privilege log identifying the date, author, sender, recipients, copy recipients, all participants, the subject matter, the privilege or protection asserted, the basis for asserting that the privilege or protection was not waived, and, for any Third Party participant, the Third Party's identity, role, relationship to Plaintiff, relationship to Plaintiff's counsel of record, and whether Plaintiff contends the Third Party participated as a translator, consultant, agent, common-interest participant, or in any other capacity.

**RESPONSE TO REQUEST NO. 37:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound,

(3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: To the extent any responsive Documents or Communications have been withheld on the basis of the attorney-client privilege, work-product protection, or any other applicable privilege or protection, Responding Party will serve a privilege log at a time and in a manner to be agreed upon by the parties.

**REQUEST NO. 38:**

All Documents, Communications and Things relating to any foldable storage box product, original sample, new sample, factory product, reference product, sample, prototype, mold, product drawing, 3D model, product image, product listing, e-commerce store, Amazon store, seller account, seller ID, brand, SKU, or ASIN supplied, sold, offered, shown, disclosed, discussed, ordered, purchased, procured, reviewed, considered, operated, managed, or developed by You, Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Shenzhen Taiweis Innovation Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Deng Haichao, Zhonggang Plastic Products (Shenzhen) Co., Ltd., Zhang Weizhen, Shenzhen Xinhongji, or any Person or Entity associated with any of them before the filing date of the application that issued as the Patent-in-Suit.

(3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1361.

**REQUEST NO. 42:**

All Documents, Communications and Things relating to Shenzhen Haizhenxin Technology Co., Ltd.'s or Shenzhen Xinhongji's design drawings, product drawings, mold drawings, mold procurement agreements, 3D modeling files, technical drawings, sketches, source files, samples, prototypes, physical products, communications, authorizations, or other materials concerning any foldable storage box product or the design claimed in the Patent-inSuit.

**RESPONSE TO REQUEST NO. 42:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound,

(3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1338–1396.

**REQUEST NO. 43:**

All Documents, Communications and Things relating to any authorization from Shenzhen Haizhenxin Technology Co., Ltd., Zhou Jianhai, "Lian," any manufacturing facility, or any other Person or Entity authorizing You to file, prosecute, maintain, own, enforce, license, transfer, or otherwise control the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 43:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1356, Tan_1362–1369.

**REQUEST NO. 44:**

All Documents, Communications and Things relating to any modification, change, revision, addition, deletion, adjustment, or design contribution that You contend You made to any original sample, new sample, factory product, reference product, sample, prototype, mold, drawing, 3D model, technical drawing, source file, product image, product listing, or other material before the filing date of the application that issued as the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 44:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_16–18, Tan_1338–1355, Tan_1358–1359.

**REQUEST NO. 45:**

All Documents, Communications and Things relating to any license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, authorization fee, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 45:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the

documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1–10, Tan_14–15, Tan_31, Tan_1397, Tan_1398.

**REQUEST NO. 46:**

All Documents, Communications, and Things relating to any license fee, authorization fee, sale price, purchase price, royalty, license payment, assignment payment, transfer payment, or any other form of consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit, including, without limitation, the RMB 3,000,000 fee referenced during Your deposition. This Request includes, without limitation, all agreements, invoices, receipts, purchase orders, bank records, wire-transfer records, WeChat Pay records, Alipay records, accounting records, tax records, correspondence, and other Documents, Communications, and Things relating thereto.

**RESPONSE TO REQUEST NO. 46:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1–10, Tan_14–15.

**REQUEST NO. 47:**

All bank records, WeChat Pay records, Alipay records, invoices, receipts, contracts, accounting records, and Communications reflecting or relating to any payment, receipt, transfer, reimbursement, advance, royalty, license fee, authorization fee, sale price, purchase price, or other consideration relating to the Patent-in-Suit or any product embodying the design claimed in the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 47:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the documents in his possession, custody or control responsive to this Request. The documents produced in response to this request that bears the following Bates numbers: Tan_1–10, Tan_14–15.

**REQUEST NO. 48:**

All Documents, Communications and Things relating to any settlement, attempted settlement, proposed settlement, offer, counteroffer, negotiation, or discussion concerning sale, license, transfer, invalidity, enforcement, withdrawal, dismissal, or resolution of This Lawsuit or any invalidity proceeding concerning the Patent-in-Suit.

**RESPONSE TO REQUEST NO. 48:**

Responding Party incorporates herein its Preliminary Statement and General Objections as though expressly set forth herein. Responding Party specifically objects to the request on the following grounds: (1) Propounded Party has asked and Responding Party has answered this request during his video deposition, (2) the Request is compound, (3) the Request is outside the additional discovery allowed regarding patent ownership, (4) the Request implicates attorney-client privilege.

Without waiving the above objections, Responding Party responds as follows: After performing a reasonable inquiry and diligent search, Responding Party produced the

Dated: August 11, 2026

/s/Zheng Liu
Zheng "Andy" Liu (SBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*