**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

CONG TAN,

Plaintiff,

v.

XIANGHUO,

Defendant.

Case No. 1:25-cv-05003

Judge: Hon. John J. Tharp Jr.
Magistrate Judge: David Weisman

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL WRITTEN DISCOVERY UNDER DKT. 147**

## A. INTRODUCTION

"If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table." Defendant Chinese Reseller has neither, so it pounds discovery motions instead.

Having no consistent defense theory, Defendant Chinese Reseller struggles with discovery, and it shows. After moving for summary judgment *twice* on grounds of patent invalidity, Defendant now claims patent ownership is in fact the most critical. Which is it? If patent ownership is the key issue now, why Defendant Chinese Reseller still maintains its second summary judgment motion based on patent invalidity.

No defense theory means not knowing which facts it needs. Thus, Defendant Chinese Reseller bombasts Plaintiff with mile-long interrogatories. For example, Defendant Chinese Reseller's Interrogatory No. 14 reads as follows:

*Describe in detail all Communications involving You, Fangxin, Han Zhi, Robert M. DeWitty, Zheng Liu, Aptum Law, or any other attorney, law firm, patent agent, intellectual property service provider, consultant, or Third Party concerning the validity, invalidity, enforceability, inventorship, ownership, standing, prior art, Chinese Design Patent No. CN 307420904 S, Zhonggang, withdrawal of This Lawsuit , settlement of This Lawsuit , or any decision to continue litigating This Lawsuit . In responding to this Interrogatory, identify all nonprivileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing*

All alleged discovery deficiencies resulted from Defendant's lack of expertise in conducting orderly discovery. As seen above, all Defendant Chinese Reseller's interrogatories and document requests are better described as "explain to me everything about everyone, and produce every document about everything and about everyone." Discovery requests like the ones Defendant Chinese Reseller propounds are incapability of being answered.

In any event, Plaintiff has served amended responses to address Defndant's alleged deficiency. The Court should deny the instant motion in favor of meet and confer among the parties.

///

///

///

**B. PROCEDURAL HISTORY**

On June 17, 2026, the Court authorized "discovery on Defendant's request for discovery as to whether Plaintiff is the actual owner of the patent." Dkt. 129. Discovery on all other issues were otherwise closed.

On September 9, 2026, the Court, while granting Plaintiff's motion to compel deposition by Defendant's surprise witnesses "J" and Weizhen Zhang, also asked parties to remove generic objections to their discovery responses and specify which documents respond to which document requests. So far, Defendant has refused to produce either witness "J" or Weizhen Zhang for deposition.

On September 18, 2026, the Court authorized Defendant to "submit 25 written deposition questions (no subparts) to Plaintiff for complete and full responses." Defendant has submitted no such written deposition question.

On September 19, 2026 (September 18, Pacific Time Zone), Plaintiff served amended responses, which among other things addressed the Court's concern regarding (1) removing generic objections and (2) specifying which documents respond to which document requests).

Hourly before Plaintiff's amended response, Defendant fired away this motion to compel.

**C. DISCUSSIONS**

All alleged discovery deficiencies resulted from Defendant's lack of expertise in conducting orderly discovery.

**1. Interrogatories 17–18; RFPs 45–47.**

Defendant's chief complaint here is that it believes Plaintiff has provided inconsistent answers to his various questions asked at different time in different ways.

First, everyone is naturally confused if you ask them mile-long questions including countless subparts. Here, Defendant's Interrogatories 17–18 are one and half pages long, asking about two hundred subjects, including "license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, or other consideration" which "involv[e] Shenzhen Weiteli Technology Co., Ltd., KoxSmar Store, ASIN B0CB643MKB, any Amazon store, any authorized seller, any manufacturer, or any distributor" and "include[e] the payor, recipient, date, amount, payment method, purpose, contract, invoice, receipt, bank record, WeChat Pay record, Alipay record, and Communications relating thereto.

Not to be outmatched, Defendant's RFPs 45–47 ask about "any license, authorization, permission, agreement, arrangement, understanding, sale, offer for sale, royalty, license fee, authorization fee, or other consideration" (RFP 45), which "include[], without limitation, all agreements, invoices, receipts, purchase orders, bank records, wire-transfer records, WeChat Pay records, Alipay records, accounting records, tax records, correspondence," (RFP 46), and "relat[e] to any payment, receipt, transfer, reimbursement, advance, royalty, license fee, authorization fee, sale price, purchase price, or other consideration" (RFP 47).

Here, no one can answer Defendant's Interrogatories 17–18 and RFPs 45–47.

to Defendant's satisfaction. Because Defendant itself probably does not understand what it is asking.

In his amended response, Plaintiff rightfully "objects to this request as overbroad, compound, and not proportional to the needs of the case. Specifically, it asks for every document "relating to" any WeChat, WeCom, DingTalk, email, telephone, messaging, payment, social-media, e-commerce, Amazon, "or other account" that Responding Party used to communicate about or conduct transactions relating to any of fifteen listed subjects, and Propounding Party defines "relating to" to mean "in any way pertaining to." Read literally, the request calls for the entire contents and records of each such account, including Responding Party's personal telephone and payment accounts, nearly all of which are private and have nothing to do with any party's claim or defense."

Plaintiff nevertheless produced responsive documents and specified 图哈特 "documents produced in response to this Request bear the following Bates numbers: TAN 0016–0018, TAN 1356–1357, TAN 1361, TAN 1362–1369, TAN 1413– 1415.

There is nothing to be compelled for.

**2. Interrogatories 12–13; RFPs 26-30.**

It is even worse here. Defendant's Interrogatories 12–13 are almost two-page long, asking

*each Person or Entity that has paid, advanced, reimbursed, funded, arranged, facilitated, or agreed to pay, advance, reimburse, fund, arrange, or facilitate the payment of any attorney's fees, litigation expenses, patent application fees, patent prosecution fees, filing*

*fees, service-provider fees, patent attorney fees, United States counsel fees, mold fees, sample fees, product-development costs, or any other fees or expenses relating to the Patent-in-Suit or This Lawsuit. For each such payment, reimbursement, advance, funding arrangement, or agreement to pay, state the amount, date, payor, recipient, method of payment, purpose of the payment, and identify all Documents, Communications, and Things relating thereto, including their BATES numbers. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing* (**Interrogatory 12**); and

*Your relationship, agreements, Communications, and payments with Guangdong Fangxin Enterprise Management Group Co., Ltd. ("Fangxin") or any other intellectual-property service provider relating to the Patent-in-Suit, including without limitation any services relating to prior-art searches, patentability assessments, patent application, prosecution, reexamination, U.S. counsel, Han Zhi, This Lawsuit , or any payment to or from)* (**Interrogatory 13**).

Once again, no one can answer questions having countless subparts like Interrogatories 12–13; RFPs 26-30. Defendant cannot pose question which in essential are "tell me everything about everyone, and produce every document about everything and

about everyone." No one can answer such questions to Defendant's satisfaction, because Defendant itself does not appear to know what it is asking.

Next, these Interrogatories 12–13; RFPs 26-30 are simply outside the discovery the Court has authorized in Dkt. 129—"discovery on Defendant's request for discovery as to whether Plaintiff is the actual owner of the patent." Discovery on all other issues were otherwise closed on June 17, 2026.

**3. Interrogatories 16; RFPs 42-44.**

Defendant's Interrogatory 16 is, by itself, one and half page long, read as follows:

> *Describe in detail all facts and circumstances relating to any foldable storage box product, original sample, new sample, factory product, reference product, sample, prototype, mold, drawing, 3D model, product image, product listing, e-commerce store, Amazon store, seller account, seller ID, brand, SKU, or ASIN supplied, sold, offered, shown, disclosed, discussed, ordered, purchased, procured, reviewed, considered, operated, managed, or developed by You, Shenzhen Hengchuang Home Furnishing Co., Ltd., Henglin (Hangzhou) E-Commerce Co., Ltd., Henglin Home Furnishings Co., Ltd., Shenzhen Taiweis Innovation Technology Co., Ltd., Shenzhen Weiteli Technology Co., Ltd., Deng Haichao, Zhonggang, Zhang Weizhen, Shenzhen Xinhongji, or any Person or Entity associated with any of them before the filing date of the application that issued as the Patent-in-Suit, including the dates, participants, product names, product models, suppliers, purchasers, store names, seller IDs, brands, SKUs,*

*ASINs, Communications, Documents, Things, and any modification You contend You made to any such product, sample, prototype, mold, drawing, 3D model, image, listing, or material. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to, evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.*

Defendant complained that Plaintiff objected to Defendant's Interrogatory 16 as being compound, which nevertheless produce documents Defendants need responsive to RFPs 42-44.

The compound objection to Defendant's Interrogatory 16 is rather self-explanatory: Defendant's Interrogatory 16 is just another "tell me everything about everyone, and produce every document about everything and about everyone" question that no one can answer to Defendant's satisfaction, and Defendant itself does not appear to know what it is asking.

Next, these discovery requests are simply outside the discovery the Court has authorized in Dkt. 129—"discovery on Defendant's request for discovery as to whether Plaintiff is the actual owner of the patent." Discovery on all other issues were otherwise closed on June 17, 2026.

**4. Interrogatories 11.**

Defendant's Interrogatory 11 is another mile-long question and reads as follows:

*Describe in detail all facts and circumstances concerning any deletion, loss, nonpreservation, unavailability, inability to locate, recovery, attempted recovery, export, backup, or search of any WeChat, WeCom , DingTalk, email, text message,or other Communication relating to the Patent-in-Suit, ownership of the Patent-in-Suit, holding the Patent-in-Suit on behalf of another Person or Entity, sale or license of the Patent-in-Suit, transfer of the Patent-in-Suit, settlement of This Lawsuit , Chinese Design Patent No. CN 307420904 S, or any foldable storage box product supplied, sold, offered, procured, or discussed by Zhonggang or Persons associated with Zhonggang. In responding to this Interrogatory, identify all non-privileged Documents, Communications, and Things that support, relate to evidence, contradict, refer to, reflect, memorialize, or otherwise concern Your response, including the corresponding BATES numbers for each such Document, Communication, or Thing.*

Here, Defendant complaints that Plaintiff's answer is not what it is looking for. But that is what happens when a propounding party spills 132 words over half a page, without any origination whatsoever.

Plaintiff cannot nor should it guess or is compelled to guess what Plaintiff is asking and Plaintiff wants exactly what. Plaintiff needs to write better discovery requests so that opposing party can understand them.

**5. Alleged "repeated objections"**

On September 19, 2026 (September 18, Pacific Time Zone), Plaintiff served amended responses, which among other things addressed the Court's concern regarding

(1) removing generic objections and (2) specifying which documents respond to which document requests).

Thus far, Defendant has not voiced any concern.

**D. CONCLUSION**

"If you have the facts on your side, pound the facts; if you have the law on your side, pound the law; if you have neither the facts nor the law, pound the table." Defendant Chinese Reseller pounds discovery motions because it has no defense theory whatsoever, as proven by Defendant Chinese Reseller's mile-long interrogatories and document product requests.

The motion to compel should be dined, because no party can answer Defendant Chinese Reseller's mile-long discovery requests to Defendant's satisfaction. Defendant itself also cannot.

Dated: October 2, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu

Zheng "Andy" Liu

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn sent notice to all counsel of record.

*/s/ Zheng "Andy" Liu*

Zheng "Andy" Liu