**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONG TAN<br><br>*Plaintiff*,<br><br>v.<br><br>Dongguan Xianghuo Trading Co., Ltd. d/b/a<br><br>Xianghuo<br><br>*Defendant*. | Case No. 1:25-cv-05003<br><br>Judge: Hon. John J. Tharp Jr.<br>Magistrate Judge: Hon. M. David Weisman |

**DEFENDANT XIANGHUO'S MOTION TO STAY PROCEEDINGS PENDING EX PARTE REEXAMINATION AND FOR AN INTERIM STAY OF DISCOVERY**

Defendant and Counterclaimant Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo ("Xianghuo") moves to stay this entire action pending final resolution of Ex Parte Reexamination No. 90/015,535 ("EPR") of U.S. Design Patent No. D1,054,752 (the "D'752 Patent"), or further order. The requested stay encompasses proceedings referred to Magistrate Judge Weisman, including pending discovery matters and ECF No. 151, with its briefing preserved. Because the Court-ordered October 16 and 19 reports and October 20 proceedings are imminent, Xianghuo also requests a prompt ruling, in advance of those deadlines if practicable, temporarily staying those obligations and proceedings while this Motion is considered. The interim request is made in this same Motion to avoid duplicative filings.

The USPTO's September 29, 2026 Final Office Action maintained two independent anticipation rejections under 35 U.S.C. § 102(a)(1) of the D'752 Patent's sole claim after considering Tan's substantive response. Ex. A at 2, 4–9, 12–24. Because that claim underlies both

infringement counts and Xianghuo's patent-validity dispute, continuing the overlapping litigation now risks discovery and merits work that the EPR may substantially narrow or eliminate. ECF No. 106 ¶¶ 38–47; ECF No. 126, Counterclaim Count II.

## I. RELEVANT FACTS AND PROCEDURAL POSTURE

### A. The USPTO Has Maintained Rejections of the Sole Asserted Design-Patent Claim

Tan asserts direct and induced infringement of the D'752 Patent's sole claim. ECF No. 106 ¶¶ 38–47. Xianghuo contests that claim's validity in its answer and counterclaims. ECF No. 126, Fourth Defense ¶ 5; Counterclaim Count II. The EPR relies on CTSNSLH and JONYJ, whereas Xianghuo's pleaded invalidity positions identify CN307420904S and Amazon ASIN B0B67PCFLQ. The prior-art references are not identical; the material overlap is the patentability of the same sole asserted claim.

Xianghuo disclosed the EPR in January 2026. ECF No. 80, Ex. 8. The USPTO thereafter considered Tan's June 9 response and, on September 29, maintained both anticipation rejections. Ex. A at 12–24. That concrete development materially increases the potential for administrative review to simplify the patent issues before further judicial and party resources are committed.

### B. Specific Discovery Orders, Disputes, and Merits Proceedings Remain

Significant work remains. Judge Tharp deferred briefing on Xianghuo's renewed summary-judgment motion (ECF No. 79) until after discovery closes. ECF No. 119. Magistrate Judge Weisman stated that expert-discovery dates would be set after resolution of written-discovery issues. ECF No. 124. Thus, additional discovery rulings and any resulting expert proceedings precede dispositive briefing and trial.

The outstanding work is concrete. ECF No. 147 permitted specified additional depositions concerning evidence relevant to patent ownership; ECF Nos. 149–150 authorized twenty-five Rule 31 written deposition questions; and Xianghuo's motion to compel supplemental written discovery (ECF No. 151) remains opposed (ECF No. 153). The Court and parties would otherwise continue addressing discovery directed substantially to patent ownership, validity, and related merits issues while the USPTO examines the same sole patent claim.

The immediate schedule warrants action before the full stay can be briefed: ECF No. 152 requires a status report by October 16 and sets a ruling on ECF No. 151 for October 20; ECF No. 149 requires a joint report by October 19 and sets a status hearing for October 20. ECF No. 147 also sets an October 23 deadline for authorized depositions. Xianghuo requests a prospective interim suspension of these still-operative requirements pending disposition of this Motion. Filing the Motion does not itself suspend any order.

## II. LEGAL STANDARD

Federal courts possess inherent authority to stay patent litigation pending USPTO reexamination. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341–42 (Fed. Cir. 1983); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Courts in this District consider (1) simplification of the issues, (2) reduction of litigation burdens, and (3) undue prejudice or tactical disadvantage to the nonmoving party. *Marvellous Day Electric (S.Z.) Co. v. ACE Hardware Corp.*, 900 F. Supp. 2d 835, 847–48 (N.D. Ill. 2012); *Kove IO, Inc. v. Amazon Web Services, Inc.*, No. 18 C 8175, ECF No. 515, at 2–3 (N.D. Ill. Mar. 8, 2022); *JAB Distributors, LLC v. London Luxury, LLC*, No. 09 C 5831, ECF No. 89, at 1–2 (N.D. Ill. May 11, 2010). The Court retains discretion to consider additional case-management burdens. *Murata Machinery USA, Inc. v. Daifuku Co.*, 830

F.3d 1357, 1362 (Fed. Cir. 2016). The movant bears the burden of establishing the need for a stay. *JAB*, ECF No. 89, at 2.

## III. THE FACTORS FAVOR A STAY OF THE ENTIRE ACTION

### A. Simplification Favors a Stay Because EPR Reaches the Only Asserted Claim

In *Marvellous Day*, Judge Tharp granted the defendants' motion to stay design-patent infringement claims pending ex parte reexamination, even though the USPTO had issued only a non-final rejection. 900 F. Supp. 2d at 847–48. Here, the examiner has maintained two independent rejections after considering the patent owner's substantive response, and the EPR concerns the D'752 Patent's sole asserted claim. The potential to simplify Tan's infringement claims is therefore particularly substantial.

Final cancellation of an asserted claim can eliminate infringement causes of action in litigation that is not sufficiently final. *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013). Even if the claim survives, the USPTO's expert analysis may assist resolution of the validity dispute. *Gould*, 705 F.2d at 1342. In *Kove*, the court found that review encompassing all asserted claims favored simplification without requiring certainty as to the EPR's ultimate result. *Kove*, ECF No. 515, at 5–6.

### B. Staying Interconnected Discovery Proceedings Will Avoid Duplicative Motion Practice

Absent a stay, the Court and parties face further Rule 31 testimony and depositions (ECF Nos. 147, 149–150), additional proceedings concerning ECF No. 151, expert scheduling after written-discovery disputes (ECF No. 124), and deferred summary-judgment briefing (ECF No. 119). These are identifiable remaining costs tied to the asserted patent claim. Administrative resolution may substantially change the need for, or scope of, that work.

*Kove* granted an EPR stay notwithstanding extensive completed fact discovery and prior court involvement, emphasizing that expert discovery, dispositive motions, and trial remained. *Kove*, ECF No. 515, at 1–2, 5–7. Unlike the multiple-claim dispute in *Kove*, EPR here reaches the only asserted design-patent claim. The Court may consider these prospective litigation costs in exercising its docket-management discretion. *Murata*, 830 F.3d at 1362.

Xianghuo's separate tortious-interference counterclaim (ECF No. 126, Count IV) would not automatically be resolved by cancellation of the patent claim. Nevertheless, the outstanding discovery and deferred merits proceedings are closely connected to the asserted patent and the parties' related claims and defenses. Staying the entire action would avoid fragmented proceedings and allow the Court to determine what further litigation, if any, remains necessary after the EPR.

**C. A Supervised Stay Mitigates Prejudice and Preserves the Existing Record**

The stay would preserve completed discovery, existing rulings, and evidence-preservation obligations, and either party could seek narrowly tailored relief upon a concrete showing of prejudice. Judge Tharp dissolved Tan's earlier TRO. ECF No. 36. *Marvellous Day* and *Kove* evaluated whether EPR-related delay would cause undue prejudice rather than treating delay alone as dispositive. *Marvellous Day*, 900 F. Supp. 2d at 847–48; *Kove*, ECF No. 515, at 4–5. Periodic status reports would allow the Court to reassess the stay if circumstances materially change.

**D. The September 29 Final Office Action Justifies This Request Now**

The EPR was already identified in January 2026. ECF No. 80, Ex. 8. The intervening development is the September 29 Final Office Action maintaining both anticipation rejections after the examiner considered Tan's substantive response. Ex. A at 12–24. Xianghuo promptly seeks to avoid further discovery rulings, expert scheduling, and dispositive briefing that may be materially affected by that development.

## IV. THE STAY SHOULD EXPRESSLY REACH REFERRED DISCOVERY MATTERS AND ALL OPERATIVE DEADLINES

Xianghuo seeks one order staying this action, including proceedings referred to Magistrate Judge Weisman, and prospectively suspending (1) remaining depositions and discovery obligations under ECF No. 147; (2) Rule 31 proceedings under ECF Nos. 149–150; (3) further proceedings on ECF No. 151, held in abeyance with existing briefing preserved; (4) still-operative reports, hearings, conferences, and deadlines under ECF Nos. 147, 149, and 152; and (5) expert scheduling and further merits proceedings, including briefing on ECF No. 79 as governed by ECF No. 119. This prospective relief would not excuse any prior noncompliance with a court order.

*JAB* illustrates that a request for a full EPR stay and interim discovery relief may be presented in a single motion. *JAB*, ECF No. 78, at 1–2; ECF No. 80, at 1–2. The parties subsequently stipulated to a temporary stay, which the court approved pending resolution of the stay motion. *JAB*, ECF No. 82, at 1–2; ECF No. 83; see also ECF No. 89, at 2. *Kove* likewise confirms that a court granting an EPR stay may address pending motions in the same order, striking them without prejudice in that case. *Kove*, ECF No. 515, at 10. This Court has itself held pending motions in abeyance. ECF No. 43 (holding ECF Nos. 39 and 41 in abeyance pending settlement proceedings). Applying that approach to ECF No. 151 would preserve the existing briefing and avoid duplicative motion practice if the litigation resumes.

## V. PROMPT INTERIM RELIEF IS WARRANTED PENDING RESOLUTION OF THIS MOTION

The Court-ordered October 16 and 19 status reports, and the October 20 hearing and anticipated ruling, will come due before this Motion can reasonably be fully briefed. Xianghuo therefore respectfully requests a prompt interim order, if practicable before October 16, suspending

those requirements under ECF Nos. 149 and 152, together with the October 23 deposition deadline under ECF No. 147 and any other still-operative discovery obligations under ECF Nos. 147 and 149–150, pending resolution of this Motion. This narrowly tailored relief would avoid potentially unnecessary discovery proceedings and related judicial work while preserving the existing record. No adjudication of ECF No. 151 on its merits is requested.

## VI. GOOD-FAITH CONFERRAL AND BRIEFING

Counsel previously exchanged correspondence concerning outstanding discovery disputes, including depositions and supplemental written discovery. After Plaintiff's counsel proposed October 12 or 13 for a meet-and-confer, Xianghuo proposed October 13 at 5:00 p.m. Pacific Time to address both those disputes and its intended motion to stay in light of the USPTO's September 29 Final Office Action. In that email, Xianghuo expressly requested Plaintiff's position on (1) a stay of the entire action pending final resolution of EPR No. 90/015,535 or further Court order and (2) an interim discovery stay pending resolution of this Motion. Plaintiff's counsel did not confirm the proposed conference, which did not take place. Fang Decl. ¶¶ 3–5; Ex. B at 1–5, 9–10.

Xianghuo followed up and renewed its requests for Plaintiff's position on both forms of relief, citing the imminent Court-ordered deadlines. Plaintiff's counsel responded that he needed time to consult with Plaintiff regarding the proposed stays and requested a further conference. Xianghuo reiterated its intent to file promptly while remaining willing to confer and subsequently sent a Zoom invitation. As of the filing of this Motion, Plaintiff's counsel had not stated whether Plaintiff agreed to or opposed either the requested full stay or the interim discovery stay. The parties had not reached an agreement on either request or on a briefing schedule. Fang Decl. ¶¶ 6–7; Ex. B at 6–10.

Judge Tharp's published motion procedures provide that contested motions should, if possible, include an agreed briefing schedule; otherwise, the Court determines whether a response is required and sets the schedule. Xianghuo requests prompt consideration of the interim relief, with further briefing on the full stay as the Court deems appropriate. No notice of presentment is required.

## VII. STATUS REPORTING AND FURTHER PROCEEDINGS

Xianghuo proposes joint status reports every 120 days and notice within seven business days of any material USPTO development affecting the asserted claim. The stay would remain in effect pending final disposition of EPR No. 90/015,535 or further order of this Court.

After final EPR disposition, the parties should promptly advise the Court of its effect on the asserted claim and identify the remaining issues, if any, requiring judicial action, including ECF Nos. 79 and 151 and the counterclaims. The Court may then determine an appropriate schedule or disposition without duplicating proceedings that the stay has preserved.

## VIII. CONCLUSION

For these reasons, Xianghuo respectfully requests that the Court: (1) promptly, and if practicable before October 16, 2026, enter interim relief suspending the still-operative October 16 and 19 reporting deadlines, October 20 ruling and status proceedings, and related discovery deadlines, including October 23, pending determination of this Motion; (2) stay the entire action, including proceedings referred to Magistrate Judge Weisman, pending final resolution of EPR No. 90/015,535 or further order; (3) hold ECF No. 151 in abeyance with its completed briefing preserved, and prospectively suspend remaining discovery, expert, and dispositive proceedings and deadlines; and (4) adopt the limited status-reporting and resumption procedures described above.

Dated: October 14, 2026

Respectfully submitted,

**SHM LAW FIRM**

By: *<u>/s/ Qianwu Yang</u>*
QIANWU YANG
yang@shm.law

YI FANG
fang.yi@shm.law

1220 W Barkley Ave,
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009

*Attorneys for defendant*
Dongguan Xianghuo Trading Co., Ltd. d/b/a Xianghuo

## CERTIFICATE OF SERVICE

I, Yi Fang, an attorney, hereby certify that on October 14, 2026, I caused a true and correct copy of the foregoing to be filed and served electronically via the court's CM/ECF system. Notice of Electronic Filing was transmitted through CM/ECF to counsel of record.

Zheng "Andy" Liu
APTUM LAW
1660 S Amphlett Blvd., Suite 315
San Mateo, California 94402
Andy.Liu@aptumlaw.us

*/s/ Yi Fang*
YI FANG
fang.yi@shm.law

1220 W Barkley Ave,
Orange, CA 92868
Tel: (650) 613-9737
Mobile: +86 13925212009