UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/015,535 | 09/25/2025 | D1054752 | Storage Box | 6141 |

7590 09/29/2026

Raymond Yat Chan
108 North Ynez Avenue, Suite 128
Monterey Park, CA 91754

| EXAMINER | |
|---|---|
| LY, DARLINGTON | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2962 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/29/2026 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

# Ex Parte Reexamination Final Office Action

## I. REMARKS

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA.

The merits of this case have been carefully examined again in light of Patent Owner's response and request for reconsideration (after Non-Final Rejection) received 9 June 2026. Upon careful consideration, it is the examiner's position that Patent Owner's arguments are not sufficient so that the rejections of record under 35 U.S.C. 102(a)(1) should also be withdrawn. Consequently, the rejections under 35 U.S.C. 102(a)(1) are repeated herein and made FINAL.

Accordingly, this application has been examined again with the same following effect set forth herein.

## II. CLAIM CONSTRUCTION OF THE '752 PATENT

The claimed design in U.S. Design Patent No. D1,054,752 (hereinafter, the '752 PATENT) is embodied in a *STORAGE BOX* having the following main characteristic features:

- Rectangular prism shaped storage container which is wider than it is deep **(A)**, and is slightly shorter than it is deep.
- A flip down door **(B)** is located on the front surface, and
- The door has center panel covered with an arrangement of vertical ribs.
- The rear surface has a similarly ribbed center panel.
- The two end surfaces have an aesthetic design element of concentric rectangles **(C)**, and
- A latch **(D)** is positioned adjacent the top edge.

- The top surface is flat **(E)** aside from a raised rim **(F)** along all four edges.
- A coaster **(G)** is located at the base of each of the four corners.




***Claimed Design of '752 PATENT***

## III. FINAL REJECTION

The following is a quotation of paragraph 35 U.S.C. § 102(a)(1), which forms the basis for the rejection under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention...

### A. Non-Final Rejection - 35 U.S.C. § 102(a)(1) to CTSNSLH

The claim in the '752 Patent is AGAIN AND FINALLY rejected under 35 U.S.C. § 102(a)(1) as being anticipated by the CTSNSLH product reference, which was published 25 August 2022. Therefore, the CTSNSLH product reference was described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

The CTSNSLH product is substantially the same to the '752 design because it discloses a rectangular prism shaped storage container on caster wheels. The CTSNSLH product reference has numerous visual similarities to the claimed design of the '752 PATENT. The CTSNSLH product on Amazon discloses a set of three storage bins that are designed to be reconfigurable so they can be used in stacks two or three, or they can even be used individually.

Any one of the three containers disclosed can be used individually, and all three have a flip down door located on its front surface. The door has center panel covered with an arrangement of vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges, the set

includes four coaster wheels which can be mounted to the base on any one of the storage boxes.

In view of the numerous similarities in features, their proportions, and placement, the overall appearance of the CTSNSLH product reference is substantially the same as that of the '752 patent in accordance to the test for anticipation. Given the preponderance of similarities, shared features, exactness in proportions, and scaling between parts, the appearance of the claimed design would be deceptive to the extent that it would induce an ordinary observer to purchase it supposing it to be the CTSNSLH product reference.







Stackable design
All in one 3 Tier
Easy to Assemble




Easy to assemble & stack


Easy to assemble & stack



**B. Non-Final Rejection - 35 U.S.C. § 102(a)(1) to JONYJ**

The claim in the '752 Patent is AGAIN AND FINALLY rejected under 35 U.S.C. § 102(a)(1) as being anticipated by the JONYJ product reference, which was published 17 February 2023. Thererfore, the JONYJ product reference was described in a printed publication, or in public use, on sale or otherwise available to the public before the effective filing date of the claimed invention.

The JONYJ product is substantially the same to the '752 design because it discloses a rectangular prism shaped storage container on caster wheels. The JONYJ product reference has numerous visual similarities to the claimed design of the '752 PATENT. The JONYJ product on Amazon discloses a set of three storage bins that are designed to be reconfigurable so they can be used in stacks two or three, or they can even be used individually.

Any one of the three containers disclosed can be used individually, and all three have a flip down door located on its front surface. The door has center panel covered with an arrangement of vertical ribs, and the rear surface has a similarly ribbed center panel. The two end surfaces have an aesthetic design element of concentric rectangles, and a latch near the top edge. The top surface is flat aside from a raised rim along all four edges, the set includes four coaster wheels which can be mounted to the base on any one of the storage boxes.

In view of the numerous similarities in features, their proportions, and placement, the overall appearance of the JONYJ product reference is substantially the same as that of the '752 patent in accordance to the test for anticipation. Given the preponderance of similarities, shared features, exactness in proportions, and scaling between parts, the appearance of the claimed design would be deceptive to the extent that it would induce an ordinary observer to purchase it supposing it to be the JONYJ product reference.






## IV. STANDARD FOR ANTICIPATION

While there may be some slight deviations and differences in the overall aspect ratios between the conflicting designs, these minor deviations are not significant to the extent that they would render one design visually distinguishable from the other. The designs are extremely similar to the extent that their overall appearances are the substantially the same. Looking at the designs from an overall viewpoint, they are the same and share the same inventive concept in appearance.

The standard for a finding of anticipation relies on whether an ordinary observer would be able to distinguish between the designs. Any deviation and differences that may exist are purely mechanical and would require a skilled designer to identify and appreciate, which is not expected or demanded from an ordinary observer. For these reasons, the claim of the '752 PATENT is anticipated by the each of the references above.

For anticipation to be found, the two designs must be substantially the same.[1] The ordinary observer test is the sole test for anticipation.[2]

> Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other.[3]

> The mandated overall comparison is a comparison taking into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another. Just as 'minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement,' so too minor differences cannot prevent a finding of anticipation.[4]

---

[1] Gorham Co. v. White, 81 U.S. 511, 528 (1871)

[2] International Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1237-38, 1240, 93 USPQ2d 1001 (Fed. Cir. 2009)

[3] Door-Master Corp. v. Yorktowne Inc., 256 F.3d 1308, 1313 (Fed. Cir. 2001) (citing Gorham Co. v. White, supra

[4] Int'l Seaway, supra (citing Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984))

## V. REBUTTAL TO PATENT OWNER'S ARGUMENTS

Patent Owner's arguments have been fully considered but are not persuasive. The claim remains rejected under 35 U.S.C. 102(a)(1) over each of the CTSNSLH and JONYJ references. The rejection does not rest on a checklist of isolated characteristics or a combination of separate references. Rather, each cited Amazon listing constitutes a single electronic publication directed to a modular storage box product and discloses identified configurations of that product, including an individual bin and use of the supplied casters with the modular storage system. The claimed design and each cited reference have been compared as a whole from the viewpoint of an ordinary observer familiar with the prior art.

### A. The Rejection Applies the Required Holistic Ordinary-Observer Comparison

Patent Owner argues that the Office improperly reduced the claimed design to a checklist of generalized components.

Patent Owner Response, page 4, states:

> *"Because the claimed design is defined visually, a construction that abstracts the claim into a checklist of generalized components and then compares only those generalized components against the prior art does not perform the holistic visual comparison that controls the anticipation inquiry."*

This argument is not persuasive.

The Federal Circuit held that "the ordinary observer test must logically be the sole test for anticipation."[5] Under that test, the overall appearance of the

---

[5] International Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1240 (Fed. Cir. 2009).

design is considered rather than ornamental characteristics viewed in isolation.[6]

Here, the identification of prominent visual characteristics does not replace the required comparison of the designs as a whole. Section II of this Office Action, the claim construction, identifies the rectangular proportions, ribbed front and rear panels, concentric side-panel treatment, latch, top rim, and corner casters to explain the visual basis for the rejection. Those characteristics are not treated as separate claim limitations or as a verbal substitute for the drawings of the claim. Rather, their relative proportions, placement, and visual interaction are considered together in determining the resulting overall appearances. Accordingly, the rejection does not employ the type of element-by-element analysis rejected in Crocs, Inc. v. International Trade Commission.[7]

### B. Public Accessibility of the CTSNSLH and JONYJ Amazon Listings

Patent Owner argues that the Office has not established that the CTSNSLH and JONYJ listings qualify as printed publications or that the relied-upon disclosures were publicly accessible before the 12 March 2024 effective filing date.

Patent Owner Response, page 2, states:

> *"The Office has not established that the CTSNSLH and JONYJ Amazon product listings are qualifying 'printed publications' available to the public before the March 12, 2024 effective filing date of the '752 Patent."*

---

[6] Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665, 676–80 (Fed. Cir. 2008) (en banc); MPEP § 1504.02.

[7] Crocs, Inc. v. International Trade Commission, 598 F.3d 1294, 1302–04 (Fed. Cir. 2010).

Patent Owner Response, page 15, further states:

> *"As in Vectair and Next Step Group, that evidence does not establish when the specific photographs, dimensional drawings, product configurations, or listing content relied upon in the Office Action were publicly accessible."*

These arguments have been fully considered but are not persuasive on the present examination record.

A reference constitutes a printed publication when it has been "made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it."[8] MPEP § 2128, subsection II, provides that an electronic publication, including an Internet publication, may qualify as a printed publication when it was accessible to persons concerned with the pertinent art.[9] Thus, the controlling inquiry is whether the relied-upon disclosures were made available to the interested public before the critical date. Proof that a particular person actually viewed the publication is not required once public accessibility has been established.[10]

The retained CTSNSLH listing identifies a specific commercial product and displays a "Date First Available" entry of 25 August 2022. The retained JONYJ listing likewise identifies a specific commercial product and displays a "Date First Available" entry of 17 February 2023. Both dates precede the 12 March 2024 critical date. From the displayed dates and associated commercial listing information, the Office infers that the respective product listings were

---

[8] In re Wyer, 655 F.2d 221, 226 (CCPA 1981)

[9] Voter Verified, Inc. v. Premier Election Solutions, Inc., 698 F.3d 1374, 1380–81 (Fed. Cir. 2012).

[10] Jazz Pharmaceuticals, Inc. v. Amneal Pharmaceuticals, LLC, 895 F.3d 1347, 1355–56 (Fed. Cir. 2018).

publicly accessible before the critical date. There is no indication that the product had changed over time.

The Office acknowledges that a "Date First Available" entry does not conclusively establish that every subsequently retrieved photograph appeared on the webpage in precisely the same form on that date. Accordingly, the Office does not treat either date as creating an irrebuttable presumption concerning every item of content appearing in the retained listings.

Patent Owner relies on Vectair Systems Inc. v. Fresh Products, Inc., IPR2024-00824, Paper 9 at 14–15 (PTAB Nov. 12, 2024), and Next Step Group, Inc. v. Deckers Outdoor Corp., IPR2024-00525, Paper 16 at 14, 18 (PTAB Aug. 6, 2024). In those nonprecedential institution decisions, the Board concluded (based on the particular records presented) that an Amazon "Date First Available" entry did not sufficiently establish that later-retrieved photographs appeared on the webpage by the asserted date. Those decisions do not establish a categorical rule that an Amazon listing cannot qualify as a printed publication or that its stated availability date has no evidentiary value. Printed-publication status remains a "case-by-case inquiry into the facts and circumstances surrounding the reference's disclosure to members of the public."[11]

MPEP § 2128 permits a patent owner to challenge the public availability or the date on which it became publicly accessible, even when the document contains a publication date. The challenge may be supported by a proper affidavit or declaration under 37 CFR 1.132 containing supporting facts and evidence. Patent Owner has challenged the probative value of the displayed dates and identified the general possibility that Amazon webpages may change. Those arguments have been considered. However, Patent Owner has not submitted an affidavit, declaration, archived webpage, and/or other

---

[11] In re Klopfenstein, 380 F.3d 1345, 1350 (Fed. Cir. 2004)

Case: 1:25-cv-05003 Document #: 154-2 Filed: 10/14/26 Page 16 of 26 PageID #:2646



evidence specific to either listing. Nothing submitted establishes that the relied-upon product disclosures were added after 12 March 2024. Nor does the evidence establish that the depicted ornamental configurations concern later-developed products materially different from those identified in the pre-critical-date listings.

On the present record, the displayed availability dates and associated listing information are sufficient to establish a prima facie showing of public accessibility before the critical date. Patent Owner has shown that alteration of an Amazon webpage is possible, but has not shown that the relied upon disclosures in these particular listings were altered or first introduced after the critical date. The determination that the CTSNSLH and JONYJ listings qualify as prior-art printed publications under 35 U.S.C. 102(a)(1) is therefore maintained.

### C. Sufficiency of the References’ Visual Disclosures for an Overall Design Comparison

Patent Owner argues that the Office cannot assume that visual aspects omitted or obscured in the references are the same as the corresponding portions of the claimed design.

Patent Owner Response, page 10, states:

> *"The point is narrower and more fundamental: where the asserted reference omits or obscures surfaces, proportions, underside structures, interior/open-door appearances, and wheel/base relationships that are visible in the claimed drawings, the Office cannot assume those undisclosed visual aspects are the same as the claimed design."*

This argument is not persuasive.

MPEP § 2125 provides that drawings and pictures may anticipate when they clearly show the claimed subject matter, including the pertinent characteristics and how they are arranged. This general principle concerns what may reasonably be understood from a reference's visual disclosure. Design-patent anticipation is then determined under the ordinary-observer test by comparing the claimed design and the prior-art design as a whole.[12]

The Office agrees that a characteristic that is neither shown nor reasonably disclosed cannot be assumed to be identical to the corresponding portion of the claimed design. The rejection does not rely on such an assumption. Rather, the photographs, graphics, and video frames within each listing are considered collectively as the visual disclosure of that reference.

The retained materials disclose the body proportions, top and perimeter treatment, flip-down ribbed door, side ornamentation, latch placement, individual-bin configuration, open-door condition, bottom region, and relationship between the storage box and caster components. These disclosures provide sufficient visual information for the overall appearance of each prior-art design to be understood and compared with all visibly claimed portions of the claimed design.

A prior-art reference need not reproduce the same number or orientation of views as the patent drawings. The pertinent inquiry is whether its visual disclosure is sufficient to perform the ordinary-observer comparison. Here, the retained images and video frames provide that disclosure. Accordingly, the absence of a separately corresponding patent-style view does not preclude anticipation.

---

[12] International Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1239–43 (Fed. Cir. 2009); Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1313 (Fed. Cir. 2001); MPEP § 1504.02.

### D. Disclosure of the Individual-Bin and Caster Configuration Within a Single Reference

Patent Owner argues that the Office improperly combined alternative product configurations within a three-tier stackable system rather than relying on a single disclosure of the claimed design as a whole.

Patent Owner Response, page 19, states:

> *"At most, the Office Action relies on alternative product configurations within a three-tier stackable system and a functional assertion that wheels may be mounted to a bin. That is not the same as a single visual disclosure of the claimed design as a whole within the four corners of the asserted reference."*

This argument is not persuasive.

MPEP § 2131 provides that anticipation requires the claimed subject matter to be disclosed in a single reference, with the pertinent characteristics arranged as required by the claim. For a design claim, the resulting appearance must be substantially the same as the claimed design under the ordinary-observer test.[13]

The present rejection does not combine characteristics from separate references or unrelated products. Each Amazon listing constitutes a single publication directed to one modular storage product system. Each publication discloses the storage boxes, the use of an individual box, the supplied caster components, and the intended attachment of those casters to the base of a storage box.

The CTSNSLH listing states that the bins may be used individually, and its video shows an individual unit being handled before stacking. The JONYJ

---

[13] International Seaway, 589 F.3d at 1239–43; MPEP § 1504.02.

listing expressly identifies the dimensions of a "single bin/box" and shows the box in individual and stacked configurations. Each listing also discloses that the casters may be mounted to the base of one of the storage boxes.

Thus, the Office does not infer the individual-bin configuration merely from the physical possibility of separating the stack or relocating the casters. The individual box and the caster relationship are expressly disclosed within each asserted reference. Evaluating the storage box in that disclosed configuration requires no substitution of components, alteration of the box, or ornamental redesign.

Accordingly, the rejection does not construct a new design from separate teachings. It compares the claimed design with an expressly disclosed configuration of the modular product shown within each reference.

### E. The CTSNSLH Reference Creates Substantially the Same Overall Visual Impression

Patent Owner argues that CTSNSLH does not disclose substantially the same overall visual impression as the claimed design.

Patent Owner Response, page 25, states:

> *"Taking into account (i) the absence of complete corresponding views of an individual single-bin design in the relied-upon CTSNSLH images, (ii) the dependence of the Office Action's anticipation theory on a mental reconfiguration of the listing's three-tier offering into a single-bin product not actually disclosed within the four corners of the listing, and (iii) the holistic ordinary-observer comparison required for design-patent anticipation, the CTSNSLH listing does not establish that a single reference discloses substantially the same overall visual impression as the claimed '752 design."*

This argument is not persuasive.

As explained above, CTSNSLH discloses the individual storage bin, caster components, and their modular relationship within a single publication. The rejection therefore does not depend on creating a product configuration absent from the reference.

When viewed as a whole, the claimed design and the disclosed CTSNSLH configuration each present the overall appearance of a low, wide rectangular storage box supported at its lower corners. Both include a substantially flat, rimmed upper portion; a front flip-down door dominated by closely spaced vertical ribs; corresponding rear treatment; nested rounded-rectangular side ornamentation; and a small latch positioned near the upper edge. The proportions, placement, and visual relationships of these characteristics substantially coincide and collectively produce substantially the same overall visual impression.

The differences identified by Patent Owner have been considered as part of the overall comparison. They do not alter the overall visual impression to such a degree that an ordinary observer familiar with the prior art would distinguish the claimed design from CTSNSLH rather than regard the two as substantially the same.[14]

Patent Owner's argument that the *"storage-box field is crowded"* is also not persuasive. Although the ordinary observer evaluates the designs in the context of the prior art, Patent Owner has not shown that the particular overall appearance shared by the claimed design and CTSNSLH is commonplace or that the identified differences produce a distinct overall visual impression.[15] Accordingly, the asserted crowded nature of the field does not alter the Office's conclusion.

---

[14] Gorham Co. v. White, 81 U.S. 511, 528 (1871); International Seaway, 589 F.3d at 1239–40; MPEP § 1504.02.

[15] Egyptian Goddess, 543 F.3d at 676–78; International Seaway, 589 F.3d at 1239–40.

### F. The JONYJ Reference Creates Substantially the Same Overall Visual Impression

Patent Owner argues that the JONYJ rejection depends on reconfiguring parts across different product configurations rather than on a single disclosure of the claimed design as a whole.

Patent Owner Response, page 26, states:

> *"The Office Action's express reference to 'moving the wheels' confirms that the anticipation theory depends on reconfiguring parts across product configurations, rather than on a single visual disclosure of the claimed design as a whole within the four corners of the JONYJ listing."*

This argument is not persuasive.

The earlier reference to "moving the wheels" was intended to describe the modular use disclosed by JONYJ. It was not intended to indicate that the Office imported a component from another reference or relied on an undisclosed ornamental modification.

JONYJ expressly identifies the dimensions of a "single bin/box," shows the box in individual and stacked configurations, and discloses the caster components as part of the same modular storage system. The individual box and caster relationship are therefore disclosed within the same publication and concern the same commercial product. As explained in subsection D, the rejection does not assemble an anticipatory design from unrelated references or unrelated product embodiments.

The commercial or dimensional purpose of the listing images does not prevent consideration of what those images reasonably disclose. See MPEP § 2125. Here, the images disclose the appearance and proportions of the individual box, while the listing identifies the caster components and their intended attachment to the storage box. These disclosures are considered together as part of the JONYJ reference.

Under the design-specific anticipation standard, the claimed design and prior-art design must be compared as a whole from the perspective of an ordinary observer familiar with the prior art.[16]

When considered as a whole, JONYJ discloses substantially the same coordinated body proportions, ribbed-panel treatment, side ornamentation, latch relationship, top treatment, and lower support arrangement as the claimed design. The differences identified by Patent Owner have been considered but are insufficient to produce a distinct overall visual impression under the ordinary-observer standard. The rejection over JONYJ is therefore maintained.

### G. Patent Owner's Conditional Obviousness Arguments Are Not Applicable to the Present Rejections

Patent Owner argues that the JONYJ rejection depends on reconfiguring parts across product configurations rather than on a single visual disclosure of the claimed design as a whole.

Patent Owner Response, page 28, states:

> *"To the extent the Office may later construe the current action as including an obviousness ground predicated on either listing, Patent Owner traverses any such ground."*

The present action maintains and makes final the two expressly stated rejections under 35 U.S.C. 102(a)(1). It does not include a rejection under 35 U.S.C. 103.

Patent Owner's discussion of LKQ Corp. v. GM Global Technology Operations LLC, 102 F.4th 1280 (Fed. Cir. 2024) (en banc), motivation to modify, and

---

[16] International Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1239–43 (Fed. Cir. 2009); MPEP § 1504.02.

hindsight therefore does not rebut either anticipation rejection. Each rejection is based on the disclosure of a single reference and does not rely on a motivation to combine or modify separate references. See MPEP §§ 2131 and 1504.02. Patent Owner's conditional arguments directed to 35 U.S.C. 103 are therefore not applicable to the present action.

### H. Correction of the Patent Number and Acknowledgment of the Concurrent Litigation

Patent Owner notes a typographical error concerning the patent number identified in the reminder under 37 CFR 1.565(a).

Patent Owner Response, page 2, states:

> *"Patent Owner respectfully notes that the Office Action at page 9 (Section VI) refers to 'Patent No. D1,057,821' in connection with the § 1.565(a) reminder."*

Patent Owner is correct that the reference to Patent No. D1,057,821 was a typographical error. The reminder under 37 CFR 1.565(a) pertains to U.S. Design Patent No. D1,054,752, the patent under reexamination. The error is corrected and does not affect the merits of either rejection.

The Office also acknowledges Patent Owner's update regarding the concurrent litigation in Cong Tan v. Xianghuo, et al., Case No. 1:25-cv-5003. Under 37 CFR 1.565(a), Patent Owner has a continuing responsibility to apprise the Office of litigation activity and other prior or concurrent proceedings involving the patent throughout the reexamination proceeding. See MPEP §§ 2207, 2282, and 2286. No final court judgment bearing on the patentability issues presented in this reexamination has been identified. Accordingly, the reported litigation does not alter the patentability determinations set forth in this Office action, and the rejections under 35 U.S.C. 102(a)(1) are made final.

## VI. CONCLUSION

In summary, the claim stands rejected under 35 U.S.C. 102(a)(1). **THIS ACTION IS MADE FINAL.**

A shortened statutory period for response to this action is set to expire TWO MONTHS from the mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that reexamination proceedings "will be conducted with special dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR 1.550(c).**

A request for extension of time must specify the requested period of extension and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request for an extension in a third party requested ex parte reexamination must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request will not effect any extension of time. A request for an extension of time in a third party requested ex parte reexamination will be granted only for sufficient cause, and for a reasonable time specified.

Any request for extension in a patent owner requested ex parte reexamination (including reexamination ordered under 35 U.S.C. 257) for up to two months from the time period set in the Office action must be filed no later than two months from the expiration of the time period set in the Office action. A request for an extension in a patent owner requested ex parte reexamination for more than two months from the time period set in the Office action must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request for an extension for more than two months will not affect the extension. The time for taking action in a patent owner requested ex parte reexamination will not be

extended for more than two months from the time period set in the Office action in the absence of sufficient cause or for more than a reasonable time.

The filing of a timely first response to this final rejection will be construed as including a request to extend the shortened statutory period for an additional two months. In no event, however, will the statutory period for response expire later than SIX MONTHS from the mailing date of the final action. See MPEP § 2265.

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving U.S. Patent No. D1,054,752 throughout the course of this reexamination proceeding. The third-party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

## VII. CONTACT INFORMATION

**All** correspondence relating to this ex parte reexamination proceeding should be directed:

By U.S. Postal Service Mail to:

Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By FAX to: (571) 273-9900

Central Reexamination Unit
By hand: Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street

Alexandria, VA 22314

Any inquiry concerning this communication should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

/DARLINGTON LY/

Primary Examiner, Art Unit 2962

Conferees:

/Philip S Hyder/
Primary Examiner, Art Unit 2924

/BRETT MILLER/
Examiner, Art Unit 2934