**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cong Tan,<br><br>Plaintiff,<br><br>v.<br><br>Dongguan Xianghuo Trading Co. d/b/a Xianghuo,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 25 CV 5003<br><br>Judge John J. Tharp, Jr. |

## ORDER

The motion of defendant/counter-claimant Dongguan Xianghuo Trading Co. d/b/a Xianghuo to stay proceedings [154] is granted. The parties are directed to file a status report within 7 days of any action in the reexamination proceeding (such as the filing of an appeal). In addition, the parties shall file status reports every 90 days from the date of this order (beginning 1/21/2027) until the reexamination proceeding concludes.

## STATEMENT

In this patent-infringement case, the plaintiff alleges that the defendant operates internet stores selling products that feature the plaintiff's patented design. Plaintiff's patent—U.S. Patent US D1,054,752 S (the "D'752 patent")—is entitled "STORAGE BOX" and was issued on December 24, 2024. The defendant, Xianghuo, answered the first amended complaint and filed affirmative defenses and a counterclaim disputing the validity of the patent. The defendant moved for summary judgment before fact discovery closed but the Court deferred briefing per the plaintiff's request under Fed. R. Civ. P. 56(d). Discovery is ongoing.

Now, the defendant has moved to stay the action pending the final resolution of Ex Parte Reexamination No. 90/015,535 ("EPR") of U.S. Design Patent No. D1,054,752 (the "D'752 Patent"), or pending further order. The motion represents that defendant conferred with plaintiff but "[a]s of the filing of this Motion, Plaintiff's counsel had not stated whether Plaintiff agreed to or opposed either the requested full stay or the interim discovery stay." This Court gave the plaintiff until October 19, 2026, to file a statement of position, but the plaintiff did not respond.

The United States Patent Office may reconsider the validity of issued patents through a procedure known as ex parte reexamination, which can be requested by any person at any time, or initiated by the Director. 35 U.S.C. §§ 301-307. If the Patent Office concludes that prior art raises "a substantial new question of patentability," the agency may reexamine the patent and, if warranted, cancel the patent or some of its claims. *Id.* §§ 303(a), 304–307; *Return Mail, Inc. v. United States Postal Serv.*, 587 U.S. 618, 623 (2019). The purpose of the proceeding is to "determine whether the claimed subject matter should have been allowed in the first place." *Dome Patent L.P. v. Lee*, 799 F.3d 1372, 1379 (Fed. Cir. 2015).

The defendant submits the September 2026 Final Office Action in EPR No. 90/015,535, in which the patent examiner issued a final rejection of the D'752 Patent under 35 U.S.C. § 103(a)(1), which disallows a patent if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." Two product references were found to predate plaintiff's storage box patent, precluding a showing of novelty. Now the plaintiff has the right to appeal to the Patent Trial and Appeal Board. 35 C.F.R. § 134(b); 37 C.F.R. 41.31(a)(3). Plaintiff can do this within a maximum of sixth months from September 29, 2026 (the mailing date of the Final Office Action), using the greatest available extensions and fees. The defendant does not say whether an appeal is anticipated, and, as noted, the plaintiff did not file any response to the motion.

A district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation. *See Landis v. North American Co.*, 299 U.S. 248, 254, (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Specifically, courts can stay proceedings during a patent reexamination, although they are not required to do so. *See Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). Relevant considerations include whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; whether a stay will simplify the issues in question and trial of the case; and whether discovery is complete and whether a trial date has been set. *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).

Based on the totality of the circumstances, the Court finds it prudent to stay the current action pending the finality of any appeal of the Final Office Action. Patent validity is an issue in this case and it makes sense to use PTAB's specialized expertise to reduce costly litigation and eliminate the trial of validity issues here. And even if the patent claim is not ultimately canceled, the process could still provide valuable analysis to this Court on the validity of the patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988). Although plenty of fact discovery has been completed, there remain opportunities to save the parties' resources: expert discovery, the Markman hearing, the filing of pre-trial order, and trial all remain ahead. Further, the plaintiff has forfeited any argument that a stay would be unduly prejudicial, though, in any case, the Court does not see any obvious prejudice resulting from the inevitable delay a stay will cause. (The delay itself does not suffice to show undue prejudice, because a stay will always entail some delay.) Plaintiff has not, for example, sought a preliminary injunction to prevent infringing sales during this litigation.

In sum, where a substantial question has been raised with respect to the validity of the patent at issue here, the Court will not require the parties and particularly the magistrate judge supervising discovery to continue investing resources on the litigation of an infringement action.

Date: October 23, 2026

John J. Tharp, Jr.
United States District Judge